2016 WL 1253533
Only the Westlaw citation
is currently available.
United States District
Court, E.D. Virginia,
Norfolk Division.

Nader ASGHARI–KAMRANI and
Kamran Asghari–Kamrani, Plaintiffs,
v.
UNITED SERVICES AUTOMOBILE
ASSOCIATION, Defendant.

CIVIL NO. 2:15cv478
|
Signed March 22, 2016

**Attorneys and Law Firms**

Krystyna Colantoni, Reece Werner Nienstadt, Laurence Michael Sandell, Mei & Mark LLP, Washington, DC, for Plaintiffs.

Matthew Carl Berntsen, David Bruce Kuznick, Fish & Richardson, P. C., Boston, MA, Ahmed Jamal Davis, Fish & Richardson PC, Washington, DC, David Richard Francescani, Michael T. Zoppo, Fish & Richardson, P. C., New York, NY, for Defendant.

**ORDER**

Robert G. Doumar, Senior United States District Judge

*1 This is a suit for patent infringement under 35 U.S.C. § 271. First Am. Compl. ¶ 1, ECF No. 19. Plaintiffs Nader Asghari–Kamrani and Kamran Asghari–Kamrani ("Plaintiffs") have alleged that the United Services Automobile Association ("USAA" or "Defendant") has infringed several claims of United States Patent No. 8,266,432 ("the '432 patent"). Id. USAA has filed a Motion to Dismiss Plaintiffs' First Amended Complaint. ECF No. 20. For the reasons set forth hereinafter, the Court **GRANTS** the Motion, **DISMISSES** Plaintiffs First Amended Complaint **WITHOUT PREJUDICE,** and **GRANTS** Plaintiffs **LEAVE TO AMEND** their complaint within twenty-one (21) days. ECF No. 20.

### I. BACKGROUND

#### A. PROCEDURAL HISTORY

On October 30, 2015, Plaintiffs filed their initial complaint for patent infringement pursuant to 35 U.S.C. § 271. ECF No. 1. On December 1, 2015, USAA filed a Motion to Dismiss for Failure to State a Claim. ECF No. 15. Before the Court heard argument on this Motion Plaintiffs filed an Amended Complaint on December 21, 2015, ECF 19. USAA then filed the instant Motion to Dismiss for Failure to State a Claim on January 7, 2016. ECF No. 20. Plaintiffs filed their Opposition on January 21, 2016, and USSA filed its Reply to the Opposition on January 28, 2016. ECF Nos. 26, 28. On March 8, 2016, the Court held a hearing on the Motion to Dismiss. ECF No. 52. The same day USAA filed an answer asserting several counterclaims. ECF No. 44.

#### B. PATENT–IN–SUIT

Plaintiffs allege that USAA infringes "*at least* claims 1–13, 16–42, and 42–55" of

the Plaintiffs' patent, ⚑ United States Patent No. 8,266,432 ("the '432 patent"). First Am. Compl. ¶ 1 (emphasis added). According to the Summary of the Invention, "[t]he invention relates to a system and method provided by a Central–Entity for centralized identification and authentication of users and their transactions to increase security in e-commerce." ⚑ '432 patent 2:52–55, ECF No. 19–1, Ex. A. The patent identifies three entities that perform the patent's methods: (1) a "Central–Entity" which "centralizes user's personal and financial information in a secure environment in order to prevent the distribution of the user's information in e-commerce;" (2) a "user" which "represents both a typical person consuming goods and services as well as a business consuming goods and services, who needs to be identified in order to make online purchases or gain access to restricted web sites. The user registers at the Central–Entity to receive his digital identity, which is then provided to the External–Entity for identification;" and (3) an "External–Entity" which "is any party offering goods or services in e-commerce and needs to authenticate the users based on digital identity." ⚑ '432 patent at Summary of Invention, 2:56–3:6.

Initially, the user signs-up at the Central–Entity and provides his "personal or financial information." *Id.* at 3:7–8. The Central–Entity gives the user a UserName and Password that he will utilize when interacting with the Central–Entity. *Id.* at 3:8–13. When requested by the user, the Central–Entity also gives the user a SecureCode, which is "dynamic, non-predictable and time-dependent." *Id.* at 3:13–16. The user may then provide his UserName and SecureCode to the External–Entity. *Id.* at

3:19–21. The External–Entity then sends the UserName and SecureCode to the Central–Entity, which will validate the information and confirm the identity of the user and inform the External–Entity of the result. *Id.* at 3:21–26.

**\*2** This process is described in Claim 1 of the patent, which is representative:

A method for authenticating a user during an electronic transaction between the user and an external-entity, the method comprising:

receiving electronically a request for a dynamic code for the user by a computer associated with a central-entity during the transaction between the user and the external-entity;

generating by the central-entity during the transaction a dynamic code for the user in response to the request, wherein the dynamic code is valid for a predefined time and becomes invalid after being used;

providing by the computer associated with the central-entity said generated dynamic code to the user during the transaction;

receiving electronically by the central-entity a request for authenticating the user from a computer associated with the external-entity based on a user-specific information and the dynamic code as a digital identity included in the request which said dynamic code was received by the user during the transaction and was provided to the external-entity by the user during the transaction; and

authenticating by the central-entity the user and providing a result of the authenticating

to the external-entity during the transaction if the digital identity is valid.

The dependent claims build on this basic framework. Independent claim 25 is an apparatus claim version of claim 1. Claim 25 requires that two computers perform the functions of the Central–Entity—one to generate a dynamic code and a second to validate it. Independent claim 48 is another method claim very similar to claim 1. It requires an alphanumeric dynamic code. Independent claim 52 is an apparatus claim version of claim 48 and again uses two computers to perform the functions of the Central–Entity. Critically, all independent and dependent claims of the patent require a Central–Entity, a user, and an External–Entity. *See* '432 patent claims 1–55.

## C. FACTUAL ALLEGATIONS

At the outset of their complaint, Plaintiffs allege that Defendant has infringed *"at least claims 1–13, 16–42, and 45–55* of the '432 patent." First Am. Compl. ¶ 10 (emphasis added). They allege that Defendant, USAA, infringes their patent through its website, http://www.usaa.com. *Id.* Plaintiffs allege that four specific features of Defendant's website infringe "at least claim 1 of the '432 patent." *Id.* ¶¶ 16, 21, 27, 28. Additionally, Plaintiffs add a catch-all allegation in which they claim that "[u]pon information and belief, USAA uses additionally login and authentication technology that infringes at least claim 1 of the '432 patent." *Id.* ¶ 29. Plaintiffs never explain how USAA's website infringes any claim of the patent other than claim 1.

The first feature of USSA's website that Plaintiffs allege infringes at least claim 1 of their patent is USAA's trademarked CyberCode® Text technology. *Id.* ¶ p 14–16. This feature allows users of the website to further protect their accounts from unauthorized access. *Id.* ¶ 14. A user may elect to login to the website with CyberCode® Text rather than with a permanent PIN. *Id.* CyberCode® Text is a dynamic one-time use code that is sent by text message to the user by USAA when the user wants to login to USAA's website. *Id.* ¶ 14–15.

*3 The second feature alleged to infringe at least claim 1 of patent is a method of authenticating users who have forgotten their Passwords or PINs. *Id.* ¶¶ 17–21. When a user has forgotten a Password or PIN, he may elect to be sent a one-time dynamic code through email or text message. *Id.* ¶ 18. The user may then use this code to reset his Password or PIN. *Id.*

The third feature alleged to infringe at least claim 1 of patent is a method of authenticating users who have attempted to login to the website from an "unknown or unrecognized computer or device." *Id.* ¶¶ 22–27. When a user attempts to login from an unknown computer or device, USAA send him a temporary, dynamic code by text message or email. *Id.* 23. The user then uses that code to login. *Id.* 24.

The fourth feature alleged to infringe at least claim 1 of patent is a service USAA calls "Quick Logon." *Id.* ¶¶ 28. Quick Logon allows a user to use his PIN in conjunction with a dynamic code to logon to the website. *Id.*

## II. STANDARD OF REVIEW

All Patent complaints filed after December 1, 2015 are subject to the normal pleading standards of Federal Rule of Civil Procedure 8(a). Order Amending Fed.R.Civ.P. (U.S. Apr. 29, 2010). The function of a motion to dismiss is to test "the sufficiency of a complaint." *Occupy Columbia v. Haley,* 738 F.3d 107, 116 (4th Cir.2013). A court must consider "the complaint in its entirety, as well as documents attached or incorporated into the complaint." *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.,* 637 F.3d 435, 448 (4th Cir.2011). A motion to dismiss "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin,* 980 F.2d 943, 952 (4th Cir.1992). "To survive such a motion, the complaint must allege facts sufficient 'to raise a right to relief above the speculative level' and 'state a claim to relief that is plausible on its face.' " *Haley,* 738 F.3d at 116. When reviewing the legal sufficiency of a complaint, a court must accept "all well-pleaded allegations in the plaintiff's complaint as true" and draw "all reasonable factual inferences from those facts in the plaintiffs favor." *Edwards v. City of Goldsboro,* 178 F.3d 231, 244 (4th Cir.1999). Legal conclusions, on the other hand, are not entitled to the assumption of truth if they are not supported by factual allegations. *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

## III. DISCUSSION

In its Motion to Dismiss, USAA raises two distinct grounds for this Court to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6): (1) that Plaintiffs have failed to plead enough facts to give USAA a "full and fair opportunity to defend itself," and (2) that "Plaintiffs' patent is facially invalid under 35 U.S.C. § 101." Mem. in Supp. of Mot. to Dismiss, ECF No. 21 at 1. Because the Court holds that Plaintiffs have failed to plead with sufficient particularity, it grants the motion to dismiss. It does not reach Defendant's second ground for dismissal.

Plaintiff's complaint is deficient in several respects. First, Plaintiffs fail to specify which features of USAA's website correspond to the Central- and External–Entities that their patent identifies. Every claim of the patent requires these entities. Without knowing what features of their website correspond to these entities, USAA cannot adequately respond to Plaintiffs' allegations of infringement.

**\*4** Second, Plaintiffs fail to identify with sufficient particularity how each allegedly infringing feature of USAA's website infringes the patent. Plaintiffs' catchall allegation is obviously deficient: with this allegation Plaintiffs have not even identified a feature of USAA's website that infringes. Plaintiffs do identify four specific features of the website that infringe: (1) CyberCode® Text; (2) the one-time use dynamic code for users who forget their PIN or passwords; (3) the one-time use dynamic code for users who login in from an unfamiliar computer; and (4) Quick Logon. Contrary to Defendant's contention, Plaintiffs have adequately identified these features. However, there is no information in the complaint that elucidates how these features infringe the patent. What all these features have in common is the use of a one-time dynamic code. However, Plaintiffs'

patent is not for a one-time use dynamic code nor do they have any pretentions to having invented a one-time use dynamic code. In their patent Plaintiffs identify as prior art a patent that utilizes a one-time use dynamic code. '432 patent at Description of Related Art, 1:41–46 (identifying U.S. Pat No. 5,732,137, which utilizes a system and method that "provides for remote authentication using a one-time password scheme...."). As discussed above, every one of the patent's claims contain limitations in addition to the use of a one-time code. Doing no more than identifying features of USAA's website that use a one-time use code does not describe with particularity how USAA's website infringes Plaintiffs' patent.

Lastly, Plaintiffs fail to identify how USAA's website infringes each of the claims they allege have been infringed. Although Plaintiffs identified several infringed claims at the outset of their complaint, they only provide details—themselves insufficient—about how the features of the website infringe claim 1. Plaintiffs must detail how each claim is infringed.

Plaintiffs have already filed an amended complaint. However, they filed this amended complaint, by right, before the Court ruled on the first Motion to Dismiss. Accordingly, the Court will allow Plaintiffs to file another amended complaint so that they may plead their allegations of infringement with sufficient factual particularity.

## IV. CONCLUSION

For the reasons set forth above, **GRANTS** the Motion to Dismiss, **DISMISSES** Plaintiffs First Amended Complaint **WITHOUT PREJUDICE,** and **GRANTS** Plaintiffs **LEAVE TO AMEND** their complaint within twenty-one (21) days so that they may plead with more particularly how Defendant infringes their patent. ECF No. 20.

The Clerk is **DIRECTED** to forward a copy of this Order to all Counsel of Record.

## IT IS SO ORDERED.

## All Citations

Not Reported in Fed. Supp., 2016 WL 1253533

---

**End of Document**                    © 2019 Thomson Reuters. No claim to original U.S. Government Works.

2018 WL 6168615
Only the Westlaw citation
is currently available.
United States District Court, D. Delaware.

GROOVE DIGITAL, INC., Plaintiff,
v.
KING.COM, LTD., King.com Inc.,
and King.com (US) LLC, Defendants.

Civil Action No. 1:18-cv-00836-RGA
|
Entered 11/26/2018

**Attorneys and Law Firms**

Karen L. Pascale, Robert M. Vrana, Young, Conaway, Stargatt & Taylor LLP, Wilmington, DE, Brian S. Seal, Pro Hac Vice, Thomas G. Southard, Pro Hac Vice, for Plaintiff.

Jack B. Blumenfeld, Morris, Nichols, Arsht & Tunnell LLP, Wilmington, DE, for Defendants.

**MEMORANDUM ORDER**

Richard G. Andrews, United States District Judge

*1 Presently before me is Defendants' Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6). (D.I. 10). The Parties have briefed the issues. (D.I. 11, 14, 15). For the reasons set out below, Defendants' motion is **GRANTED-IN-PART.**

Plaintiff filed its Complaint on June 4, 2018. (D.I. 1). It alleges Defendants' *Candy Crush Saga, Candy Crush Soda Saga,* and *Bubble Witch 2 Saga* games ("Accused Products") infringe all the claims of U.S. Patent No. 9,454,762 (" '762 Patent). (*Id.* at ¶ 9). Specifically, Plaintiff alleges that Defendants directly, indirectly, jointly, and willfully infringe the Patent. (*Id.* at ¶¶ 16-29). The '762 Patent covers a "system and method for delivering and serving local content and advertisements to an end user on a network, including wired and wireless networks." ('762 Patent at 1:13-16).

**I. LEGAL STANDARD**

When reviewing a motion to dismiss pursuant to Rule 12(b)(6), the court must accept the complaint's factual allegations as true. *See Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555-56 (2007). Rule 8(a) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." *Id.* at 555. The factual allegations do not have to be detailed, but they must provide more than labels, conclusions, or a "formulaic recitation" of the claim elements. *Id.* ("Factual allegations must be enough to raise a right to relief above the speculative level ... on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."). Moreover, there must be sufficient factual matter to state a facially plausible claim to relief. *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). The facial plausibility standard is satisfied when the complaint's factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* ("Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and

plausibility of entitlement to relief." (internal quotation marks omitted) ).

## II. DISCUSSION

Defendants argue that every claim in the Complaint fails to meet the pleading standard. I largely disagree and find that the Complaint is almost entirely sufficient. However, Defendants are correct that Plaintiff failed to sufficiently plead a claim of willful infringement.

### A. Sufficiency of Allegations Against Each Defendant

The Complaint sufficiently asserts each Defendant's role in the alleged infringement. Defendants argue that the Complaint's use of "King" to refer collectively to the various King entities amounts to a failure to allege individual liability. (D.I. 11 at 6-8). However, a complaint that collectively refers to defendants meets Rule 8's pleading standard if "it can be reasonably inferred that each and every allegation is made against each individual defendant." *Zond, Inc. v. Fujitsu Semiconductor Ltd.*, 990 F. Supp. 2d 50, 53-54 (D. Mass. 2014). Plaintiff specifically identifies Defendant King.com, Ltd. as committing certain allegedly infringing acts in Paragraph 9 of the Complaint. (D.I. 1). Plaintiff goes on to allege specific acts of Defendants King.com, Inc. and King.com (U.S.), LLC in Paragraph 10. (*Id.*). Those factual allegations are sufficient to support an inference that all three King Defendants engaged in the alleged infringing conduct. Thus, Plaintiff has sufficiently pled claims against each of the three defendants.

### B. Direct Infringement

*2 The Complaint adequately alleges direct infringement. To satisfy the *Iqbal* pleading standard in a patent case, "[s]pecific facts are not necessary." *Disc Disease Solutions Inc. v. VGH Solutions, Inc.*, 888 F.3d 1256, 1260 (Fed. Cir. 2018) (quoting *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) ). The Complaint need only give defendant "fair notice of what the [infringement] claim is and the ground upon which it rests." *Id.* In the Complaint, Plaintiff identifies specific Accused Products which it alleges directly infringe the claims of the '762 Patent. (D.I. 1 at ¶¶ 18-19). "[It] describes the overall purpose of the invention and describes the elements of the claims, including the claimed use of push notifications to deliver browser-independent content to a networked device." (D.I. 14 at 7). In the infringement count specifically, Plaintiff identifies the Accused Products, identifies the asserted claims, and explains the basis of the infringement allegation. (*See* D.I. 1 at ¶¶ 16-29). Those allegations, when read with the rest of the Complaint, sufficiently describe how the Defendants' Accused Products allegedly infringe the claims. [1]

[1]    Defendants argue that Plaintiff should have included screenshots and more detailed infringement contentions (D.I. 11 at 10-12). That level of specificity may be helpful at the pleading stage, but it is not what Rule 8 requires.

### C. Induced Infringement

The Complaint plausibly states a claim for induced infringement. Pursuant to 35 U.S.C. § 271(b), "[w]hoever actively induces infringement of a patent shall be liable as an infringer." "To prove induced infringement, the

patentee must show direct infringement, and that the alleged infringer knowingly induced infringement and possesses specific intent to encourage another's infringement." *Toshiba Corp. v. Imation Corp.*, 681 F.3d 1358, 1363 (Fed. Cir. 2012) (internal quotation marks omitted). Pre-suit knowledge is not required to plead a claim of induced infringement. *See Walker Digital, LLC v. Facebook, Inc.*, 852 F. Supp. 2d 559, 565 (D. Del. 2012). To plausibly plead intent, a complaint must contain facts "showing that [the alleged indirect infringer] specifically intended [the direct infringers] to infringe [the patent]." *In re Bill of Lading Transmission & Processing Sys. Patent Lit.*, 681 F.3d 1323, 1339 (Fed. Cir. 2012). Plaintiff's filing of the Complaint is sufficient to establish the requisite knowledge for post-filing indirect infringement liability. Moreover, the Complaint contains sufficient factual allegations to support an inference of specific intent. (*See e.g.*, D.I. 1 at ¶ 25 ("King encourages continued direct infringement of the ... claims of the '762 Patent by at least widely publicizing its Accused Products and providing on its website and in the Accused Products themselves instructions for conducting the directly infringing use.") ). Thus, Plaintiff's allegations are sufficient to support a claim of induced infringement.

### D. Contributory Infringement

The Complaint plausibly states a claim for contributory infringement. A plaintiff sufficiently pleads contributory infringement when it asserts that a defendant: "(1) had knowledge of the patent; (2) sold products especially made for infringing use; (3) had knowledge of the infringing use; (4) sold

products with no substantial noninfringing use; and (5) [others] directly infringed." *Walker Digital, LLC*, 852 F. Supp. 2d at 567. Plaintiff's allegation of contributory infringement reads:

> King contributes to direct infringement of the asserted claims of the '762 Patent by *providing game players with the necessary software* and instructions to operate the Accused Products, including the downloading of applet applications for the delivery and display of browser-independent content. The software and instructions are not staple articles of commerce and have *no substantial noninfringing uses*. They are specifically designed to work with the Accused Products and their *only purpose is to operate in a manner that directly infringes* the asserted claims of the '762 Patent.

*3 (D.I. 1 at ¶ 28 (emphasis added) ). This clearly alleges each of the unique components of a contributory infringement claim. Moreover, knowledge of the patent and of infringing use are sufficiently established via the filing of the complaint. Thus, when read in combination with the rest of the Complaint, this claim is sufficient.

### E. Joint Infringement

"In circumstances where one party performs some of the steps of a patent claim, and another entity performs other of the claimed steps, a theory of joint infringement may establish liability." *EON Corp. IP Holdings LLC v. FLO TV Inc.*, 802 F. Supp. 2d 527, 534 (D. Del. 2011). Plaintiff alleges that the King Defendants acted jointly with their customers: "King induces continued infringement by at least *encouraging and instructing game players to perform some or all of the claimed steps*, while in certain instances *performing certain of the steps itself* in coordination with such performance by game players. (D.I. 1 at ¶ 26 (emphasis added) ). This is sufficient to permit a reasonable inference that Plaintiff has a "plausible claim for relief" with respect to its claim for joint infringement. *See Iqbal*, 556 U.S. 678-79. Thus, I will deny Defendants' request that I dismiss this claim.

### F. Willful Infringement

The Complaint fails to sufficiently state a claim for willful infringement. "[T]o state a claim of willful infringement, the patentee must allege facts in its pleading plausibly demonstrating that the accused infringer had committed subjective willful infringement as of the date of the filing of the willful infringement claim." *Välinge Innovation AB v. Halstead New England Corp.*, 2018 WL 2411218, at *10-12 (D. Del. May 29, 2018) (discussing *Mentor Graphics Corp. v. EVE-USA, Inc.*, 851 F.3d 1275, 1282 (Fed. Cir. 2017), *cert. dismissed*, No. 17-804, 2018 WL 3978434 (U.S. Aug. 17, 2018) ). The complaint alleges only post-filing knowledge of the alleged infringement. (D.I. 1 at ¶ 29). Thus, it fails to meet the pleading standard for willful infringement which requires allegations of willful conduct prior to the filing to the claim. I will grant Defendants' motion to dismiss Plaintiffs willful infringement claims.

### III. CONCLUSION

The Complaint adequately pleads claims of direct infringement, induced infringement, contributory infringement, and joint infringement against each Defendant. However, the Complaint fails to sufficiently plead a claim of willful infringement. Thus, Defendants' Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6) (D.I. 10) is **GRANTED-IN-PART.** Plaintiff's willful infringement claims are dismissed without prejudice.

### All Citations

Slip Copy, 2018 WL 6168615

---

**End of Document**

© 2019 Thomson Reuters. No claim to original U.S. Government Works.