## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

SAVVY DOG SYSTEMS, LLC, and
POM of PENNSYLVANIA, LLC,

      Plaintiffs,

      v.

PENNSYLVANIA COIN, LLC, and
PA COIN HOLDINGS, LLC

      Defendants.

CIVIL ACTION NO: 3:19-cv-01470-JPW

Honorable Jennifer P. Wilson

## JOINT CASE MANAGEMENT PLAN

Having complied with the meet and confer requirements set forth in the LOCAL RULES, or with any orders specifically modifying their application in the above-captioned matter, the parties hereby submit the following Joint Case Management Plan.

## 1.  Principal Issues

1.1   Separately for each party, please give a statement summarizing this case:

By plaintiffs:

Plaintiffs brought this action against their competitors in the electronic gaming industry, alleging that Defendants have infringed and continue to infringe U.S. Patent No. 7,736,223 (the "223 Patent") by selling and offering to sell certain accused electronic gaming terminal equipment comprising a specially-configured game processor.   Plaintiffs seek all available relief to compensate for this infringement, including but not limited to the recovery of lost profits and other damages including, at a minimum, a reasonable royalty.

Defendants have moved to dismiss this action on the grounds that the '223 patent claims patent-ineligible subject matter and the Amended Complaint fails to state a claim for infringement.   [Dkt. 31].   In response, Plaintiffs allege that the

claims of the 223 Patent are patent eligible under 35 U.S.C. § 101 and *Alice Corp. Pty. Ltd. v. CLS Bank Intl'l*, 573 U.S. 208 (2014), and the operative Amended Complaint [Dkt. 25] states a claim for patent infringement under the relevant pleading standard.

By defendants:

Plaintiffs have alleged that Defendants infringe U.S. Patent No. 7,736,223 (the "'223 patent"). Plaintiffs' operative amended complaint alleges that Defendants' purported infringement is willful. Defendants have moved to dismiss this action because (1) the '223 patent claims patent-ineligible subject matter and (2) the operative Complaint fails to state a claim for infringement, willful or otherwise, under the applicable *Iqbal/Twombly* pleading standards. *See* Dkt. 31. Defendants deny that the '223 patent is valid and that Defendants infringe the '223 patent.

1.2    The facts the parties <u>dispute</u> are as follows:

Facts surrounding: (1) validity of the '223 patent, (2) infringement of the '223 patent, and (3) all facts not identified as undisputed herein.

<u>agree</u> upon are as follows:

The fact that: (1) the '223 patent was issued by the United States Patent and Trademark Office ("PTO") on June 15, 2010, and lists on its face that the "inventor" and "assignee" is Michael Pace and (2) in their Opposition to Defendants' Motion to Dismiss, Plaintiffs have stipulated to withdrawal of their allegations of willful infringement (*see* Dkt. 37 at 19).

1.3    The legal issues the parties <u>dispute</u> are as follows:

(1) infringement of the '223 patent; (2) validity of the '223 patent; (3) the sufficiency of Plaintiffs' claims as pled; and (4) the amount of damages to which Plaintiffs are entitled, if any.

<u>agree</u> upon are as follows:

(1) venue and (2) personal jurisdiction.

1.4    Identify any unresolved issues as to service of process, personal jurisdiction, subject matter jurisdiction, or venue:

None at this time.

1.5    Identify any named parties that have not yet been served:

None.

1.6    Identify any additional parties that:

plaintiff(s) intends to join:

None at this time.

defendant(s) intends to join:

None at this time.

1.7    Identify any additional claims that:

plaintiff(s) intends to add:

None at this time.

defendant(s) intends to add:

Defendants may file counterclaims for declaratory judgment of non-infringement and invalidity of the '223 patent.

## 2.0    Disclosures

The undersigned counsel certify that they will make the initial disclosures required by Federal Rule of Civil Procedure 26(a)(1) by February 5, 2020.

2.1    Separately for each party, list by <u>name and title/position</u> each person whose identity has been disclosed.

Disclosed by <u>Plaintiff</u>:

None to date; will be disclosed in accordance with the timing set forth above.

Disclosed by <u>Defendant</u>:

None to date; will be disclosed in accordance with the timing set forth above.

## 3.0   Early Motions

Identify any motion(s) whose early resolution would <u>likely</u> have a significant effect either on the scope of discovery or other aspects of the litigation:

| Nature of Motion | Moving Party | Anticipated Filing Date |
|---|---|---|
| Motion to Dismiss (Dkt. 31) | Defendants | 11/15/19 |
| Request for Oral Argument (Dkt. 39) | Defendants | 12/16/19 |

Defendants may file a motion to stay the instant action pending resolution of their Motion to Dismiss (Dkt. 37). Defendants anticipate that if a proceeding before the PTO is filed challenging the validity of the '223 patent, Defendants may file a motion to stay the case pending the outcome of that proceeding before the PTO.

Plaintiffs anticipate opposing any motions to stay.

4

**4.0   Discovery**

4.1   Briefly describe any discovery that has been completed or is in progress:

By plaintiff(s):

None as of the filing date.

By defendant(s):

Defendants have served first sets of interrogatories and requests for production of documents directed to Plaintiffs.

4.2   Describe any discovery that all parties agree should be conducted, indicating for each discovery undertaking its purpose or what kinds of information will be developed through it (*e.g.*, "plaintiff will depose Mr. Jones, defendant's controller, to learn what defendant's revenue recognition policies were and how they were applied to the kinds of contracts in this case"):

Both parties anticipate deposing 30(b)(6) representative(s) from each party on topics to be determined at a future date.   Both parties also anticipate deposing some or all individuals identified in each other's Rule 26 initial disclosures as necessary to learn information regarding the subjects noted in the initial disclosures.   Further, both parties anticipate serving interrogatories, requests for production of documents, and requests for admission regarding issue bearing on, *inter alia*, inventorship, infringement, validity, prosecution, and enforcement of the '223 patent.

Defendants anticipate conducting extensive third-party discovery regarding, *inter alia*, prior art to the '223 patent, inventorship, and prosecution of the '223

5

patent, including of Pace-O-Matic, Inc., which the '223 patent describes as the developer of the Tic-Tac-Fruit game.

Plaintiffs anticipate conducting third-party discovery, including issuance of a subpoena for the production of documents and one or more follow-up depositions of knowledgeable third-party witnesses regarding Defendants' infringement of the '223 patent, including conducting third party discovery regarding various electronic and firmware components of the accused devices developed by Banilla Games and included in the devices accused of infringement in this case.

Both parties also anticipate conducting depositions of the opposing party's technical and damages experts regarding issues bearing on infringement, validity, and Plaintiffs' claim for damages, respectively.

4.3    Describe any <u>discovery</u> that one or more parties want(s) to conduct but <u>to which another party objects</u>, indicating for each such discovery undertaking its purpose or what kinds of information would be developed through it:

None at this time.

4.4    Identify any <u>subject area limitations on discovery</u> that one or more parties would like imposed, at the first stage of or throughout the litigation:

None at this time.

4.5    For each of the following discovery tools, <u>recommend the per-party or per-side limitation</u> (specify a number) that should be fixed, subject to later modification by stipulation or court order on an appropriate

showing (where the parties cannot agree, set forth separately the limits recommended by plaintiff(s) and by defendant(s)):

The following are per-side limitations:

4.5.1  depositions (excluding experts) to be taken by:

  plaintiff(s): <u>10</u>   defendant(s): <u>10</u>

4.5.2  interrogatories to be served by:

  plaintiff(s): <u>25</u>   defendant(s): <u>25</u>

4.5.3  document production requests to be served by:

  plaintiff(s): <u>None</u>   defendant(s): <u>None</u>

4.5.4  requests for admission to be served by:

  plaintiff(s): <u>None</u>   defendant(s): <u>None</u>

4.6 Discovery of Electronically Stored Information

Counsel certify that they have conferred about the matters addressed in M.D. Pa. LR 26.1 and that they are in agreement about how those matters will be addressed in discovery with the following exceptions:

None.

## 5.0 Protective Order

5.1 If entry of a protective order is sought, attach to this statement a copy of the proposed order.   Include a statement justifying the propriety of such a protective order under existing Third Circuit precedent.

See [Proposed] Stipulated Protective Order attached hereto as Exhibit

C.   The parties have agreed on all provisions of the Protective Order

7

except for whether to include Section 7.3(h).

5.2   If there is a dispute about whether a protective order should be entered, or about certain terms of the proposed order, briefly summarize each party's position below:

Plaintiffs' Position:   Plaintiff does not dispute that a Protective Order should be entered.   The proposed order that the parties agree upon provides for two-tiered confidentiality.   For the highest level of confidentiality – Attorney's Eyes Only – Plaintiff seeks the inclusion of Section 7.3(h) to permit each side the opportunity to share Attorney's Eyes Only information with a single in-house attorney, subject to the "Acknowledgment and Agreement to Be Bound" to the Protective Order, in order to facilitate discussions between outside counsel and in-house counsel relating to the merits of the case and potential settlement.

Defendants' Position:   Defendants anticipate that discovery in the instant action between competitors in the gaming products industry will involve the production of competitively sensitive information including, *inter alia*, sales information and customer identification information.   Courts routinely recognize that information of this type is highly confidential information that should not be disclosed to an individual who is intimately involved in the business of a competitor.

8

Thus, Defendants request the Court not include Plaintiffs' proposed Section 7.3(h) in the Protective Order given that this proposed provision provides blanket authority for a designated in-house individual to view all highly confidential information.   Instead, Defendants propose that should Plaintiffs believe having an in-house counsel view certain documents will help facilitate evaluation of the merits of the case or potential settlement, then Plaintiffs make the request on an as needed basis.

**6.0    Scheduling**[1]

6.1    Final date for joining additional parties:

<u>4/8/2020</u> Plaintiffs

<u>4/8/2020</u> Defendants

6.2    Final date for amending pleadings:

<u>4/8/2020</u> Plaintiff(s)

<u>4/8/2020</u> Defendant(s)

---

[1] For the Court's convenience, Exhibit B hereto contains the parties' complete list of respective suggested Scheduling Order dates.

6.3   All fact discovery commenced in time to be completed by:

11/30/2020 Plaintiffs

5/31/2020*[2]  Defendants

6.4   All potentially dispositive motions and supporting opening briefs should be filed by:

3/31/2021* Plaintiffs

9/30/2021 Defendants

6.5   Reports from retained experts due:

from plaintiff(s) on issues where plaintiffs bear the burden of proof by

12/31/2020 Plaintiffs

6/30/2021 Defendants

from defendant(s) on issues where defendants bear the burden of proof by

12/31/2020 Plaintiffs

6/30/2021 Defendants

responsive expert reports by

2/5/2020 Plaintiffs

---

[2] Inclusion of an * after a date denotes a proposed date that deviates from the date in the Court's 2020-22 Case Management Calendar for the parties' selected trial date.   Alterations related to expert discovery dates do not contain an * consistent with footnote 1 of the Case Management Conference Scheduling Order (Dkt. 40).

7/30/2021 Defendants

reply expert reports by

2/19/2021 Plaintiffs

8/31/2021 Defendants

6.6    Supplementation of damages expert reports only to update calculation of damages figures based on theories in paragraph 6.5 expert reports due by the deadline for final pretrial memoranda.

6.7    All expert discovery commenced in time to be completed by

3/19/2021 Plaintiffs

9/8/2021 Defendants

6.8    This case may be appropriate for trial in approximately:

    ____ 240 Days from the filing of the action in this court

    ___ 365 Days from the filing of the action in this court

    ___Days from the filing of the action in this court:

       670 Days Plaintiffs

       927 Days Defendants

6.9    Suggested Date for the final Pretrial Conference:

5/2021 (month/year) Plaintiffs

2/2022 (month/year) Defendants

11

6.10   Trial

    6.10.1 Suggested Date for Trial:

6/2021 (month/year) Plaintiffs

3/2022 (month/year) Defendants

As noted in Section 10.0, *infra*, the parties request the Court include additional dates (listed in Exhibit A hereto) in the Scheduling Order.

## 7.0    Certification of Settlement Authority (All Parties Shall Complete the Certification)

I hereby certify that the following individual(s) have settlement authority:

For Plaintiffs:

Greg Cline
General Counsel for Plaintiffs

For Defendants:

Albert Ceccoli
Member, Pennsylvania Coin, LLC and PA Coin Holdings, LLC

## 8.0    Alternative Dispute Resolution ("ADR")

8.1    Identify any ADR procedure to which this case already has been assigned or which the parties have agreed to use.

ADR procedure:   Mediation with a magistrate judge or mediator.

Date ADR to be commenced:   No sooner than 90 days from claim construction ruling.

Date ADR to be completed:   1 month prior to trial.

8.2   If the parties have been unable to agree on an ADR procedure, but one or more parties believe that the case is appropriate for such a procedure, identify the party or parties that recommend ADR and the specific ADR process recommended:

8.3   If all parties share the view that no ADR procedure should be used in this case, set forth the basis for that view:

## 9.0   Consent to Jurisdiction by a Magistrate Judge

Indicate whether all parties agree, pursuant to 28 U.S.C. 636(c)(1), to have a magistrate judge preside as the judge of the case with appeal lying to the United States Court of Appeals for the Third Circuit:

All parties agree to jurisdiction by a magistrate judge of this court: <u>N</u>

If parties agree to proceed before a magistrate judge, please indicate below which location is desired for the proceedings:    Not applicable.

      _____ Scranton/Wilkes-Barre
      _____ Harrisburg
      _____Williamsport

## 10.0   Other Matters

Make any other suggestions for the case development process, settlement, or trial that may be useful or necessary to the efficient and just resolution of the dispute.

Because Defendants have filed a dispositive motion the resolution of which may wholly obviate the need for costly and burdensome discovery or which may narrow the scope of discovery, Defendants request that the Court defer entering a schedule until resolution of Defendants' Motion to Dismiss and Request for Oral Argument (Dkts. 31 & 39).  If the Court is going to enter a schedule at this time,

Defendants request that all deadlines and discovery be stayed pending resolution of the Motion to Dismiss.

While the Plaintiffs support the request for oral argument on the Motion to Dismiss, Plaintiffs oppose Defendants' suggestion of a stay of deadlines and discovery pending resolution of the Motion to Dismiss.

To the extent the Court enters a schedule in the instant patent infringement action, the parties propose additional scheduling deadlines are necessary. A list of the additional deadlines the parties have agreed upon are attached hereto as Exhibit A.

## 11.0   Identification of Counsel

Counsel shall be registered users of the court's Electronic Case Files System (ECF) and shall file documents electronically in accordance with the Local Rules of Court and the Standing Order RE: Electronic Case Filing Policies and Procedures. Electronic filing is required unless good cause is shown to the Chief Judge why counsel cannot comply with this policy. Any request for waiver of electronic filing must be filed with the Clerk's Office prior to the case management conference. The Chief Judge may grant or deny such request.

Identify by name, address, and telephone number lead counsel for each party. Also please indicate ECF User status below.

Dated: January 29, 2020        Steven G. Hill
                                              Attorney(s) for Plaintiff(s)
                                        X   ECF User(s)
                                              Waiver requested (as separate document)
                                        X   Fed. R. Civ. P. 7.1 (statement filed if necessary)*

14

Dated: January 29, 2020    <u>John V. Gorman</u>
                           Attorneys(s) for Defendant(s)
            X   ECF User(s)
                Waiver requested (as separate document)
            X   Fed. R. Civ. P. 7.1 (statement filed if necessary)*

\* Fed. R. Civ. P. 7.1 requires a nongovernmental corporate party to file a statement with the initial pleading, first entry of appearance, etc., that identifies any parent corporation and any publicly held corporation that owns 10% or more of its stock, or state there is no such corporation.

| Respectfully submitted, | Dated:   January 29, 2020 |
|---|---|
| KLEINBARD LLC | MORGAN, LEWIS & BOCKIUS LLP |
| /s/ Steven G. Hill | /s/ John V. Gorman |
| Matthew H. Haverstick (PA 85072) | John V. Gorman (PA 80631) |
| Eric J. Schreiner (PA 76721) | Kenneth J. Davis (PA 87944) |
| Shohin H. Vance (PA 323551) | (admitted *pro hac vice*) |
| Three Logan Square, 5th Floor | Amy M. Dudash (PA 311898) |
| 1717 Arch Street | (admitted *pro hac vice*) |
| Philadelphia, PA 19103 | 1701 Market Street |
| Telephone: 215.568.2000 | Philadelphia, PA 19103 |
| Fax: 215.568.0140 | Telephone: 215.963.5000 |
| mhaverstick@kleinbard.com | Fax: 215.963.5001 |
| eschreiner@kleinbard.com | john.gorman@morganlewis.com |
| pgagne@kleinbard.com | kenneth.davis@morganlewis.com |
| svance@kleinbard.com | amy.dudash@morganlewis.com |
| HILL, KERTCHER, & WHARTON, LLP | *Attorneys for Defendants Pennsylvania Coin, LLC and PA Coin Holdings, LLC* |

Steven G. Hill (GA 354658)
(admitted *pro hac vice*)
John L. North (GA 545580)
(admitted *pro hac vice*)
Martha L. Decker (GA 420867)

15

(admitted *pro hac vice*)
3350 Riverwood Parkway
Atlanta, GA   30339
Telephone: 770.953.0995
Fax: 770.953.1358
sgh@hkw-law.com
jln@hkw-law.com
md@hkw-law.com

*Attorneys for Plaintiffs Savvy Dog*
*Systems, LLC and POM of*
*Pennsylvania, LLC*