## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SAVVY DOG SYSTEMS, LLC, and POM OF PENNSYLVANIA, LLC, | : | Civil No. 3:19-CV-01470 |
| | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | |
| PENNSYLVANIA COIN, LLC, and PA COIN HOLDINGS, LLC, | : | |
| | : | |
| | : | |
| Defendants. | : | Judge Jennifer P. Wilson |

## <u>CASE MANAGEMENT ORDER</u>

**AND NOW**, on this 26th day of February, 2020, the court having conducted a

Rule 16 case management conference on February 25, 2020, and the parties having

determined after discussion that the matter cannot be resolved at this juncture by

settlement, voluntary mediation, or binding arbitration;

**IT IS ORDERED** that:

1.      **Rule 26(a)(l) Initial Disclosures.**  Unless otherwise agreed to by the parties,

the parties shall make their initial disclosures pursuant to Federal Rule of Civil

Procedure 26(a)(1) within 5 days of the date of this order.

2.      **Joinder of Other Parties and Amendment of Pleadings.**  All motions to

join other parties, and to amend or supplement the pleadings, shall be filed on or

before **May 8, 2020**.

**3.** **Application to Court for Protective Order.** Should counsel find it will be necessary to apply to the court for a protective order specifying terms and conditions for the disclosure of confidential information, counsel should confer and attempt to reach an agreement on a proposed form of order and submit it to the court within 10 days from the date of this order. Should counsel be unable to reach an agreement on a proposed form of order, counsel must follow the provisions of Paragraph 7(g) below.

Any proposed protective order must include the following paragraph:

Other Proceedings. By entering this order and limiting the disclosure of information in this case, the court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated "confidential" [the parties should list any other level of designation, such as "highly confidential," which may be provided for in the protective order] pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

**4.** **Papers Filed Under Seal.** The parties shall follow Local Rule 5.8 for filing documents under seal. Should any party intend to request to seal or redact all or any portion of a transcript of a court proceeding (including a telephone conference), such party should expressly note that intent at the start of the court proceeding. Should the party subsequently choose to make a request for sealing or redaction, it must, promptly after the completion of the transcript, file with the

court a motion for sealing/redaction, and include as attachments: (1) a copy of the complete transcript highlighted so the court can easily identify and read the text proposed to be sealed/redacted; and (2) a copy of the proposed redacted/sealed transcript.  With their request, the party seeking redactions must demonstrate why there is good cause for the redactions and why disclosure of the redacted material would work a clearly defined and serious injury to the party seeking redaction.

5.    **ADR Process.**  This matter may be referred to a magistrate judge or mediator to explore the possibility of alternative dispute resolution after the court issues its claim construction ruling.

6.    **Disclosures.** Absent agreement among the parties, and approval of the court:

    a.    By **April 6, 2020**, Plaintiffs shall identify the accused product(s), including accused methods and systems, and its damages model, as well as the asserted patent(s) that the accused product(s) allegedly infringe(s).  Plaintiffs shall also produce the file history for each asserted patent.

    b.    By **May 6, 2020**, Defendants shall produce core technical documents related to the accused product(s), sufficient to show how the accused product(s) work(s), including but not limited to non-publicly available operation manuals, product literature, schematics, and specifications. Defendants shall also produce sales figures for the accused product(s).

    c.     By **April 6, 2020**, Plaintiffs shall produce an initial claim chart relating each known accused product to the asserted claims each such product allegedly infringes.

    d.     By **June 4, 2020**, Defendants shall produce its initial invalidity contentions for each asserted claim, as well as the known related invalidating references.

**7.**    **Discovery.**  Unless otherwise ordered by the court, the parties shall follow the Federal Rules of Civil Procedure and Local Rules for discovery.

    a.     Fact Discovery Cut Off.  All fact discovery in this case shall be completed on or before **May 31, 2021**.

    b.     Document Production.  The parties agree that no document production requests will be served.

    c.     Requests for Admission.  The parties agree that no requests for admission will be served.

    d.     Interrogatories.

       i.   A maximum of 25 interrogatories, including contention interrogatories, are permitted for each side.

      ii.   The court encourages the parties to serve and respond to contention interrogatories early in the case. In the absence of agreement among the parties, contention interrogatories, if filed, shall first be

addressed by the party with the burden of proof. The adequacy of all interrogatory answers shall be judged by the level of detail each party provides; i.e., the more detail a party provides, the more detail a party shall receive.

e.    Depositions.

    i.    Number of Depositions.  A maximum of 10 deposition are permitted for each side.

f.    Disclosure of Expert Testimony.

    i.    Expert Reports.  For the party who has the initial burden of proof on the subject matter, expert reports are due on due on or before **June 30, 2021**.  Any responsive expert reports are due on or before **July 30, 2021**.  Reply expert reports are due on or before **August 31, 2021**. No other expert reports will be permitted without either the consent of all parties or leave of the court.

    ii.    Close of Expert Discovery.  All expert discovery shall be completed by **September 8, 2021**.

    iii.    Along with the submissions of the expert reports, the parties shall advise of the dates and times of their experts' availability for deposition.

iv.   Objections to Expert Testimony.  To the extent any objection to expert testimony is made pursuant to the principles announced in *Daubert v. Merrell Dow Pharmaceuticals., Inc.*, 509 U.S. 579 (1993), as incorporated in Federal Rule of Evidence 702, it shall be made by motion no later than the deadline for dispositive motions set forth herein, unless otherwise ordered by the court.  Briefing on such motions is subject to the page limits set out in connection with briefing of case dispositive motions.

g.   Discovery Matters and Disputes Relating to Protective Orders.

i.   Any discovery motion filed without first complying with the following procedures will be denied without prejudice to renew pursuant to these procedures.

ii.   Should counsel find, after good faith efforts – including verbal communication among counsel for all parties to the dispute – that they are unable to resolve a discovery matter or a dispute relating to a protective order, the parties involved in the discovery matter or protective order dispute shall submit a joint letter in substantially the following form:

> Dear Judge Wilson:
> The parties in the above-referenced matter write to request the scheduling of a discovery teleconference.  The

> following attorneys participated in a verbal meet-and-confer (in person and/or by telephone) on the following date(s): _____
> Plaintiffs' Counsel: _____
> Defendants' Counsel: _____
> The disputes requiring judicial attention are listed below: [provide here a non-argumentative list of disputes requiring judicial attention].

iii.   On a date to be set by separate order, generally not less than 48 hours prior to the conference, the party seeking relief shall file with the court a letter, not to exceed 3 pages, outlining the issues in dispute and its position on those issues. On a date to be set by separate order, but generally not less than 24 hours prior to the conference, any party opposing the application for relief may file a letter, not to exceed 3 pages, outlining that party's reasons for its opposition.

iv.   Should the court find further briefing necessary upon conclusion of the telephone conference, the court will order it. Alternatively, the court may choose to refer the dispute to a magistrate judge or resolve the dispute prior to the telephone conference and will, in that event, cancel the conference.

8.    **Tutorial Describing the Technology and Matters in Issue.**  Unless otherwise ordered by the court, the parties shall provide the court, no later than the

date on which their opening claim construction briefs are due, a tutorial on the technology at issue. In that regard, the parties may separately or jointly submit a DVD of not more than 30 minutes. The tutorial should focus on the technology in issue and should not be used for argument. The parties may choose to file their tutorial(s) under seal, subject to any protective order in effect. Each party may comment, in writing (in no more than 5 pages) on the opposing party's tutorial. Any such comment shall be filed no later than the date on which the answering claim construction briefs are due. As to the format selected, the parties should confirm the court's technical abilities to access the information contained in the tutorial.

9.    **Claim Construction Issue Identification.** By **June 11, 2020**, the parties shall exchange a list of those claim term(s)/phrase(s) that they believe need construction and their proposed claim construction of those term(s)/phrase(s). This document will not be filed with the court. Subsequent to exchanging that list, the parties will meet and confer no later than **June 25, 2020**, to prepare a joint claim construction statement to be submitted on **July 9, 2020**. The parties' joint claim construction statement should identify for the court the term(s)/phrase(s) of the claim(s) in issue, and should include each party's proposed construction of the disputed claim language with citation(s) only to the intrinsic evidence in support of their respective proposed constructions. A copy of the patent(s) in issue as well as

those portions of the intrinsic record relied upon shall be submitted with this joint claim construction statement.  In this joint submission, the parties shall not provide argument.

**10.    Claim Construction Briefing.**  The parties shall contemporaneously submit initial briefs on claim construction issues on **July 16, 2020**.  The parties' responsive briefs shall be contemporaneously submitted on **August 13, 2020**.  No reply briefs or supplemental papers on claim construction shall be submitted without leave of the court.  Local Rule 7.8(b) shall control the page limitations for initial and responsive briefs.

**11.    Hearing on Claim Construction.**  Beginning at **9:30 a.m. on September 15, 2020**, the court will hear argument on claim construction.  The parties shall notify the court, by joint letter submission, no later than the date on which their answering claim construction briefs are due: (i) whether they request leave to present testimony at the hearing; and (ii) the amount of time they are requesting be allocated to them for the hearing.

Provided that the parties comply with all portions of this order, and any other orders of the court, the parties should anticipate that the court will issue its claim construction order within 60 days of the conclusion of the claim construction hearing. If the court is unable to meet this goal, it will advise the par- ties no later than 60 days after the conclusion of the claim construction hearing.

**12.** **Interim Status Conference.**  On **December 23, 2020, at 9:30 a.m.**, the court will convene a telephonic status conference to determine if the parties are prepared to proceed to ADR.  Plaintiffs' counsel shall initiate the call and have all parties on the line before calling chambers at (717) 221-3970.

**13.** **Supplementation.**  Absent agreement among the parties, and approval of the court, no later than 30 days from the date of the court's claim construction order, Plaintiffs must file their final infringement contentions and supplementation of accused products.  Within 30 days from the date Plaintiffs serve their final infringement contentions, Defendants must file their final invalidity contentions and supplementation of invalidity references.

**14.** **Case Dispositive Motions.**  All case dispositive motions, including *Daubert* motions, and supporting briefs shall be filed on or before **September 30, 2021**.  All responsive briefs shall be filed by **October 28, 2021**, and all reply briefs shall be filed by **November 18, 2021**.  For motions for summary judgment, the parties shall follow Local Rules 7.4 and 56.1.

> a. No early motions without leave.  No case dispositive motion under Rule 56 may be filed more than 10 days before the above date without leave of the court.

> b. Page limits combined with *Daubert* motion page limits.  Each party is permitted to file as many case dispositive motions as desired;

provided, however, that each SIDE will be limited to a combined total of 40 pages for all opening briefs, a combined total of 40 pages for all responsive briefs, and a combined total of 20 pages for all reply briefs regardless of the number of case dispositive motions that are filed.  In the event that a party files, in addition to a case dispositive motion, a *Daubert* motion to exclude or preclude all or any portion of an expert's testimony, the total amount of pages permitted for all case dispositive and *Daubert* motions shall be increased to 50 pages for all opening briefs, 50 pages for all responsive briefs, and 25 pages for all reply briefs for each SIDE.[1]

15. **Applications by Motion.**  Except as otherwise specified herein, any application to the court shall be by written motion filed with the Clerk of Court.

16. **Motions in Limine.**  Motions in limine and supporting briefs shall be filed by **January 5, 2022**.

17. **Pretrial Memoranda, Voir Dire, and Jury Instructions**.  Pretrial memoranda, proposed voir dire questions, the joint voir dire fact statement, and proposed jury instructions shall be filed by **February 2, 2022**.  No later than seven

---

[1] The parties must work together to ensure that the court receives no more than a total of 250 pages (i.e., 50 + 50 + 25 regarding one side's motions, and 50 + 50 + 25 regarding the other side's motions) of briefing on all case dispositive motions and *Daubert* motions that are covered by this order.

11

days before this date, counsel shall hold a conference as indicated in Local Rule 16.3.

18.    **Pretrial Conference.**  On **February 16, 2022, at 9:30 a.m.**, the court will hold a pretrial conference in chambers on the Eight Floor of the Federal Building, Third and Walnut Streets, Harrisburg, Pennsylvania.

19.    **Trial.**  The above case is hereby placed on the March 2022 trial list.  Jury selection for trials on this list will commence at **9:30 a.m. on March 7, 2022**, in Courtroom No. 4, Eighth Floor, Federal Building, Third and Walnut Streets, Harrisburg, Pennsylvania.  Counsel are attached for trial.  Trials will commence immediately following the completion of jury selections.  Counsel should note that criminal matters take priority over and may delay the beginning of the civil trial list.

20.    **Judgment on Verdict and Post-Trial Status Report.**  Within 7 days after a jury returns a verdict in any portion of a jury trial, the parties shall jointly submit a form of order to enter judgment on the verdict. At the same time, the parties shall submit a joint status report, indicating among other things how the case should proceed and listing any post-trial motions each party intends to file.

21.    **Post-Trial Motions.**  Unless otherwise ordered by the court, all SIDES are limited to a maximum of 20 pages of opening briefs, 20 pages of opposing briefs,

and 10 pages of reply briefs relating to any post-trial motions filed by that side, no

matter how many such motions are filed.

s/Jennifer P. Wilson
JENNIFER P. WILSON
United States District Court Judge
Middle District of Pennsylvania