*SAVVY DOG SYSTEMS, LLC, and POM OF PENNSYLVANIA, LLC*
*v.*
*PENNSYLVANIA COIN, LLC, et al.*

**Hearing on Motion to Dismiss**

**Plaintiffs' Presentation**

**March 17, 2020**

# Slide 2



Ex. A, Cover sheet

CONFIDENTIAL BUSINESS INFORMATION SUBJECT TO PROTECTIVE ORDER

# Slide 3

(54)  **ELECTRONIC GAMING METHOD AND SYSTEM HAVING PREVIEW SCREEN**

(75)  Inventor:  **Michael R. Pace**, 735 Champions Club Dr., Alpharetta, GA (US) 30004

(73)  Assignee:  **Michael R. Pace**, Alpharetta, GA (US)

( * )  Notice:  Subject to any disclaimer, the term of this patent is extended or adjusted under 35 U.S.C. 154(b) by 579 days.

(21)  Appl. No.:  **11/428,026**

(22)  Filed:  **Jun. 30, 2006**

(65)  **Prior Publication Data**

US 2007/0232384 A1      Oct. 4, 2007

**Related U.S. Application Data**

(63)  Continuation-in-part of application No. 11/430,770, filed on May 9, 2006.

(60)  Provisional application No. 60/788,363, filed on Mar. 31, 2006.

Ex. A, Cover sheet

CONFIDENTIAL BUSINESS INFORMATION SUBJECT TO PROTECTIVE ORDER

# Slide 4

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

SAVVY DOG SYSTEMS, LLC, and
POM of PENNSYLVANIA, LLC,

Plaintiffs,

v.

PENNSYLVANIA COIN, LLC, and
PA COIN HOLDINGS, LLC

Defendants.

CIVIL ACTION NO: 3:19-cv-01470-JPW

Honorable Jennifer P. Wilson

**DEFENDANTS' BRIEF IN SUPPORT OF THEIR MOTION TO DISMISS**

John V. Gorman (PA 80631)
Kenneth J. Davis (PA 87944) (to be admitted *pro hac vice*)
Amy M. Dudash (PA 311898) (admitted *pro hac vice*)
Morgan, Lewis & Bockius LLP
1701 Market Street
Philadelphia, PA 19103
Telephone: 215.963.5000
Fax: 215.963.5001
john.gorman@morganlewis.com
kenneth.davis@morganlewis.com
amy.dudash@morganlewis.com

*Attorneys for Defendants Pennsylvania Coin, LLC and PA Coin Holdings, LLC*

Dated: November 15, 2019

Def. Brief, Cover Page

CONFIDENTIAL BUSINESS INFORMATION SUBJECT TO PROTECTIVE ORDER

# Slide 5



Whoever invents or discovers any new and useful process, <u>machine</u>, manufacture, or composition of matter, or any new and useful improvement thereof, may obtain a patent therefor, subject to the conditions and requirements of this title.



35 U.S.C. 101 (emphasis added)

CONFIDENTIAL BUSINESS INFORMATION SUBJECT TO PROTECTIVE ORDER

# Slide 6

**TABLE OF CONTENTS**

I.    INTRODUCTION ..................................................................................1

II.   PROCEDURAL HISTORY ....................................................................2

III.  BACKGROUND ....................................................................................3

  A.  The '223 Patent Is Directed to the Abstract Idea of Playing a
      Game.................................................................................................3

  B.  The Amended Complaint Contains Conclusory Allegations
      Regarding Infringement and Willfulness Unsupported by
      Plausible Facts..................................................................................4

IV.   QUESTIONS PRESENTED ...................................................................5

V.    ARGUMENT ..........................................................................................5

  A.  The Court Should Dismiss the Amended Complaint Because
      the '223 Patent Claims Patent-Ineligible Subject Matter....................5

      1.  Courts routinely dismiss infringement claims premised
          on patents claiming invalid subject matter. ............................5

      2.  Claim 44 is representative of all claims of the '223
          patent. ....................................................................................6

      3.  Abstract ideas not linked to an inventive concept are not
          patent-eligible..........................................................................7

      4.  Alice Step One: The '223 patent is directed to the patent-
          ineligible abstract idea of playing a game. .............................8

      5.  Alice Step Two: The '223 patent does not include any
          features that transform that abstract idea into patent-
          eligible subject matter. ...........................................................12

      6.  Courts have routinely rejected similar claims as
          patent-ineligible. ...................................................................15

      7.  The Amended Complaint's allegations cannot salvage the
          patentability of the '223 patent. .............................................17

  B.  The Court Should Dismiss the Amended Complaint Because
      Plaintiffs Have Failed to Plead a Plausible Infringement Claim. ......20

Def. Brief, Table of Contents

CONFIDENTIAL BUSINESS INFORMATION SUBJECT TO PROTECTIVE ORDER

# Slide 7

4.   *Alice* Step One: The '223 patent is directed to the patent-ineligible abstract idea of playing a game.

The '223 patent fails *Alice* Step One. Although not mutually exclusive, the Supreme Court and Federal Circuit have established a number of categories of abstract ideas that, in the absence of claim limitations with a so-called inventive concept, constitute patent-ineligible subject matter. Among those categories are (1)

Distilled to its simplest form, representative claim 44 is just a way to play a game. *See Internet Patents Corp. v. Active Network, Inc.*, 790 F.3d 1343, 1346 (Fed. Cir. 2015) (noting that at *Alice* Step One, courts have "distilled th[e] ineligible concept from the claims"); *Dealertrack, Inc. v. Huber*, 674 F.3d 1315, 1333-34 (Fed. Cir. 2012) (distilling claim limitations down to their "simplest form"). Here the

Distilled to its simplest form, representative claim 44 is just a way to play a game. *See Internet Patents Corp. v. Active Network, Inc.*, 790 F.3d 1343, 1346 (Fed. Cir. 2015) (noting that at *Alice* Step One, courts have "distilled th[e] ineligible concept from the claims"); *Dealertrack, Inc. v. Huber*, 674 F.3d 1315, 1333-34 (Fed. Cir. 2012) (distilling claim limitations down to their "simplest form"). Here the claimed game could just as easily be played by human beings as it could

8

Def. Brief at 8

CONFIDENTIAL BUSINESS INFORMATION SUBJECT TO PROTECTIVE ORDER

# Slide 8

44. An electronic gaming system comprising:

an electronic game terminal including a touch screen display;

a game processor for generating an interactive electronic game on the game terminal, the game processor configured for:

constructing a field having a plurality of elements for the interactive game display wherein each element includes a game symbol from a plurality of predetermined game symbols;

determining at least one winning combination for each play of the game;

testing the game field prior to displaying the game to the player to ensure that a winning combination more valuable than the determined winning combination is not generated inadvertently in completing the field;

automatically displaying an actual game to be played on the touch screen game display to a player prior to initiating activation of game play;

determining if the player has decided to play the displayed game; and

displaying an outcome resulting from play of the displayed game.

Ex. A, Col. 16-17

CONFIDENTIAL BUSINESS INFORMATION SUBJECT TO PROTECTIVE ORDER

# Slide 9

**TABLE OF CONTENTS**

I.     INTRODUCTION ..........................................................................................................1

II.    PROCEDURAL HISTORY ...........................................................................................2

III.   BACKGROUND ............................................................................................................3

       A.    The '223 Patent Is Directed to the Abstract Idea of Playing a
             Game..................................................................................................................3

       B.    The Amended Complaint Contains Conclusory Allegations
             Regarding Infringement and Willfulness Unsupported by
             Plausible Facts...................................................................................................4

IV.    QUESTIONS PRESENTED ...........................................................................................5

V.     ARGUMENT..................................................................................................................5

       A.    The Court Should Dismiss the Amended Complaint Because
             the '223 Patent Claims Patent-Ineligible Subject Matter...................................5

             1.    Courts routinely dismiss infringement claims premised
                   on patents claiming invalid subject matter. ..............................5

             2.    Claim 44 is representative of all claims of the '223
                   patent...........................................................................................6

             3.    Abstract ideas not linked to an inventive concept are not
                   patent-eligible...............................................................................7

             4.    *Alice* Step One: The '223 patent is directed to the patent-
                   ineligible abstract idea of playing a game. ................................8

             5.    *Alice* Step Two: The '223 patent does not include any
                   features that transform that abstract idea into patent-
                   eligible subject matter.................................................................12

             6.    Courts have routinely rejected similar claims as
                   patent-ineligible. ........................................................................15

             7.    The Amended Complaint's allegations cannot salvage the
                   patentability of the '223 patent. ................................................17

       B.    The Court Should Dismiss the Amended Complaint Because
             Plaintiffs Have Failed to Plead a Plausible Infringement Claim. ......20

i

Def. Brief, Table of Contents

CONFIDENTIAL BUSINESS INFORMATION SUBJECT TO PROTECTIVE ORDER

9



Slide 10

# Slide 11

1. *A data processing system* for designing, creating, and importing data into, a viewable form viewable by the user of the data processing system, comprising:

(a) a form file that models the physical representation of an original paper *1124 form and establishes the calculations and rule conditions required to fill in the viewable form;

(b) a form file creation program that imports a background image from an original form, allows a user to adjust and test-print the background image and compare the alignment of the original form to the background test-print, and creates the form file;

(c) a *data file* containing data from a user application for populating the viewable form; and

(d) a form viewer program operating on the form file and the data file, to perform calculations, allow the user of the data processing system to review and change the data, and create viewable forms and reports.

Fact Issue?  Yes

***Aatrix Software v. Green Shade Software***, 882 F3d 1121, 1123-1124 (Fed. Cir. 2018).

CONFIDENTIAL BUSINESS INFORMATION SUBJECT TO PROTECTIVE ORDER

# Slide 12

1289, they do not constitute an "inventive concept." We have explained that the second step of the *Alice/Mayo* test is satisfied when the claim limitations "involve more than performance of 'well-understood, routine, [and] conventional activities previously known to the industry.' " *Content Extraction*, 776 F.3d at 1347–48 (quoting *Alice*, 134 S.Ct. at 2359); *see also Affinity Labs of Tex., LLC v. DIRECTV, LLC*, 838 F.3d 1253, 1262 (Fed. Cir. 2016) (holding that the features constituting the inventive concept in step two of *Alice/Mayo* "must be more than 'well-understood, routine, conventional activity' " (quoting *Mayo*, 566 U.S. at 79–80, 132 S.Ct. 1289)); *Intellectual Ventures I LLC v. Erie Indem. Co.*, 850 F.3d 1315, 1328 (Fed. Cir. 2017) (same); *BASCOM*, 827 F.3d at 1350 ("[I]t is of course now standard for a § 101 inquiry to consider whether various claim elements simply recite 'well-understood, routine, conventional activit[ies].' " (quoting *Alice*, 134 S.Ct. at 2359)). Whether the claim elements or the claimed combination are well-understood, routine, conventional is a question of fact. And in this case, that question cannot be answered adversely to the patentee based on the sources properly considered on a motion to dismiss, such as the complaint, the patent, and materials subject to judicial notice.

> the second step of the *Alice/Mayo* test is satisfied when the claim limitations "involve more than performance of 'well-understood, routine, [and] conventional activities previously known to the industry.' "

> " (quoting *Alice*, 134 S.Ct. at 2359)). Whether the claim elements or the claimed combination are well-understood, routine, conventional is a question of fact. And in this case, that question cannot be answered adversely to the patentee based on the sources properly considered on a motion to dismiss, such as the complaint, the patent, and materials subject to judicial notice.



*Aatrix Software*, 882 F.3d 1121, 1128

CONFIDENTIAL BUSINESS INFORMATION SUBJECT TO PROTECTIVE ORDER

# Slide 13



CONFIDENTIAL BUSINESS INFORMATION SUBJECT TO PROTECTIVE ORDER

# Slide 14

881 F.3d 1360
United States Court of Appeals, Federal Circuit.

Steven E. BERKHEIMER, Plaintiff-Appellant

v.

HP INC., fka Hewlett-Packard
Company, Defendant-Appellee

2017-1437
|
Decided: February 8, 2018

642. Whether something is well-understood, routine, and conventional to a skilled artisan at the time of the patent is a factual determination. Whether a particular technology is well-understood, routine, and conventional ==goes beyond what was simply known in the prior art==. The mere fact that something is disclosed in a piece of prior art, for example, does not mean it was well-understood, routine, and conventional.



*Berkheimer*, 881 F.3d at 1369

CONFIDENTIAL BUSINESS INFORMATION SUBJECT TO PROTECTIVE ORDER

# Slide 15

| | |
|---|---|
| **Game Processor** | a game processor for generating an interactive electronic game on the game terminal |
| **Configuration** | configured for: |

**Construction**

**Predetermined Game Symbols**

**Determining winning combination**

**Test** — testing the game field prior to displaying the game to the played to ensure that a winning combination no more valuable than the determined winning combination is not generated inadvertently in completing the field

**Preview** — automatically displaying an actual game to be played on the touch screen game display to a player prior to initiation of game play

**Determining if the game will be played**

**Display Outcome**

Ex. A, 5:23-38; Amended Complaint, par. 18-30

CONFIDENTIAL BUSINESS INFORMATION SUBJECT TO PROTECTIVE ORDER

# Slide 16

(10) **Patent No.:**     US 7,736,223 B2
(45) **Date of Patent:**     Jun. 15, 2010

(56)     **References Cited**

**U.S. PATENT DOCUMENTS**

| | | | |
|---|---|---|---|
| 6,028,604 A * | 2/2000 | Matthews et al. | 715/821 |
| 7,040,985 B2 * | 5/2006 | Vancura | 463/20 |
| 2005/0003883 A1 * | 1/2005 | Muir et al. | 463/16 |
| 2005/0202385 A1 * | 9/2005 | Coward et al. | 434/307 R |

**OTHER PUBLICATIONS**

Turner, "Tic-Tac-Fruit: An Analysis," Nov. 15, 2004.
Farley, "Report on the Review and Analysis of the Tic-Tac-Fruit Game," Letter to Kurt O. Gearhiser, Esq., Mar. 7, 2005.

* cited by examiner

*Primary Examiner*—John M Hotaling, II
*Assistant Examiner*—Adetokunbo Torimiro
(74) *Attorney, Agent, or Firm*—Womble Carlyle Sandridge & Rice, PLLC

Complaint, Ex. A, Cover sheet

CONFIDENTIAL BUSINESS INFORMATION SUBJECT TO PROTECTIVE ORDER

# Slide 17



"[Claim 44] distinguishes over the prior art in that **the prior arts do not teach a system and method of playing an electronic game of … testing the game field prior to displaying the game** to the player to ensure that a winning combination more valuable than the determined winning combination is not generated inadvertently in creating the field."

Prosecution History of the '223 Patent, Examiner Statement of Allowance, as stated in Amended Complaint, par. 29.

CONFIDENTIAL BUSINESS INFORMATION SUBJECT TO PROTECTIVE ORDER

# Slide 18

44. An electronic gaming system comprising:

an electronic game terminal including a touch screen display;

a game processor for generating an interactive electronic game on the game terminal, the game processor configured for:

constructing a field having a plurality of elements for the interactive game display wherein each element includes a game symbol from a plurality of predetermined game symbols;

determining at least one winning combination for each play of the game;          ← Issue #1

testing the game field prior to displaying the game to the player to ensure that a winning combination more valuable than the determined winning combination is not generated inadvertently in completing the field;          ← Issue #2

automatically displaying an actual game to be played on the touch screen game display to a player prior to initiating activation of game play;

determining if the player has decided to play the displayed game; and

displaying an outcome resulting from play of the displayed game.

Ex. A, Col. 16-17

CONFIDENTIAL BUSINESS INFORMATION SUBJECT TO PROTECTIVE ORDER

# Slide 19



Amended Complaint, par.68-69, 100-101

CONFIDENTIAL BUSINESS INFORMATION SUBJECT TO PROTECTIVE ORDER

# Slide 20



Amended Complaint, par. 55

CONFIDENTIAL BUSINESS INFORMATION SUBJECT TO PROTECTIVE ORDER