## HILL, KERTSCHER & WHARTON, LLP
A LIMITED LIABILITY PARTNERSHIP

3350 RIVERWOOD PARKWAY
SUITE 800
ATLANTA, GEORGIA 30339
www.hkwlaw.com

TELEPHONE: 770-953-0995                                                                               FACSIMILE: 770-953-1358

March 20, 2020

*__Via CM/ECF__*
The Hon. Jennifer P. Wilson
United States District Judge
United States District Court for the Middle District of Pennsylvania
Courtroom 4, Federal Building
228 Walnut Street
Harrisburg, PA 17108

Re:    *Savvy Dog Systems, LLC et al v. Pennsylvania Coin, LLC et al*,
       CA No. 3:19-cv-01470-JPW

Dear Judge Wilson:

      Plaintiffs submit this letter brief regarding *Ameranth, Inc. v. Genesis Gaming Solutions, Inc.*, 2014 WL 7012391 (C.D. Cal. Nov. 12, 2014), *Maxell Ltd. v. Huawei Device USA Inc.*, 2018 WL 4179107 (E.D. Tex. Mar. 29, 2018), and *CoolTVNetwork.com v. Facebook, Inc.*, 2019 WL 4415283 (D. Del. Sept. 16, 2019), *report and recommendation adopted,* No. CV 19-292-LPS-JLH, 2020 WL 1164224 (D. Del. Mar. 11, 2020).

***Ameranth (Alice* Step One*)*:**  This case is on point to the extent Defendants are changing their contention of the abstract idea to which Claim 44 is allegedly directed, from "playing a game" to something else.  "It is not the Court's role to develop theories for the parties."  2014 WL 7012391, at *4.  The motion plainly identified the abstract idea as one of "playing a game."  Dkt. 22, at 1, 2, 5, 10.

***Maxell (Alice* Step Two*)*:**   In *Maxell*, the asserted patent related to techniques for determining the position of a device using both GPS and cellular signals. At *Alice* Step Two, defendant argued that the asserted claims were "directed to 'generic computer-based technology' and that there are no features beyond what was well-understood, routine, and conventional in the industry." 2018 WL 4179107, at *7 (quoting motion to dismiss).  Specifically, defendant argued that the patent did not invent or improve GPS or cellular technology – the components were "off-the-shelf black boxes and are depicted as black boxes in the patent", and the alleged novel means "do nothing more than spell out what it means to apply conventional activities on GPS and cellular devices." *Id.* (quotations omitted).  <u>Denying</u> the motion, the Court stated that the "pleadings suggest that the claimed invention is directed to an improvement **in** the mobile handset itself, <u>not generic components performing conventional activities</u>." *Id.* at *8 (emphasis added).  The generic components recited in the claim did not preclude a finding of an inventive concept under *Alice* Step Two . *Id.*

Here, Claim 44 of the 223 Patent is not directed to a generic "game processor" merely performing conventional activities, but rather, to a game processor configured to perform unconventional activities as a result of the claimed processor configured for testing and previewing a game before it is played. Such a game processor elevated the level of skill systematically to overcome the "chance" element that plagued prior art game terminals and game processors. Dkt. 25, ¶¶16-23. As the Amended Complaint alleges, this type of game processor constituted a novel and improved game processor **in** the claimed game terminal. *Id*., ¶¶25-26, 28-29. Even *In re Smith*, the case identified by Defendants as most consistent with the instant case regarding *Alice* Step Two, acknowledged that "[w]e could envisage, for example, claims directed to a game using a new or original [game processor] potentially surviving step 2 of *Alice*." *In re Smith*, 815 F.3d 816, 819 (Fed. Cir. 2016).

### *CoolTVNetwork* (Sufficiency of the Complaint's Infringement Allegations):

The Report and Recommendation in *CoolTVNetwork*, adopted by Judge Stark, 2020 WL 1164224, relates to the sufficiency of a complaint for patent infringement. The defendants argued the complaint failed to allege infringement plausibly. Considering *Nalco Co. v. Chem-Mod, LLC*, 883 F.3d 1337 (Fed. Cir. 2018), the Court decided that a complaint sufficiently pleads direct infringement when it puts a defendant "on notice of what activity . . . is being accused of infringement[,]" and that a plaintiff is "entitled to all inferences in its favor on its theory [of infringement]." 2019 WL 4415283, *3-4 (quoting *Nalco*, 883 F.3d at 1349-50). As in the instant case, the operative complaint relied on screenshots of certain features of the accused products. For example, it included screenshots of features allegedly showing the patent's "bid mode" claim limitation. *Id.* at *5. There, as here, defendants argued that the screenshots failed to show "*facts* that articulate *why it is plausible*" that the features satisfied the limitation. *Id.* (emphasis in original). The court denied the motion to dismiss based on the *Nalco* "notice" standard because, inter alia, the complaint named an accused product, and specified a feature of the product alleged to meet the "bid mode" limitation. Further, claim construction had yet to occur, and plaintiff was entitled to inferences in its favor on its infringement theory. *Id.* at *6; *see also id.* at *7 ("Defendants may dispute the viability of CTN's infringement theories, but resolution of that dispute is not appropriate at this time.").

*CoolTVNetwork* distinguished *North Star Innovations*, a case relied upon in Defendants' Reply (Dkt. 38, at 17). The same reasoning warrants denial of the motion to dismiss before the Court. We appreciate the Court's attention to these matters.

Sincerely,

Steven G. Hill

Cc: Counsel of Record (via ECF)