# Morgan Lewis

March 25, 2020

**VIA CM/ECF**

The Honorable Jennifer P. Wilson
Ronald Reagan Federal Building & U.S. Courthouse
228 Walnut Street
Harrisburg, PA 17101

Re:   *Savvy Dog Sys., LLC, et al. v. Pennsylvania Coin, LLC, et al.*, No. 3:19-cv-01470-JPW

Dear Judge Wilson:

Defendants submit this letter in response to Plaintiffs' March 20, 2020 letter (Dkt. 58) regarding cases that Plaintiffs first raised during the motion to dismiss oral argument—*Ameranth, Inc. v. Genesis Gaming Solutions, Inc.*, 2014 WL 7012391 (C.D. Cal. Nov. 12, 2014); *Maxell Ltd. v. Huawei Device USA Inc.*, 2018 WL 4179107 (E.D. Tex. Mar. 29, 2018); and *CoolTVNetwork.com v. Facebook, Inc.*, 2019 WL 4415283 (D. Del. Sept. 16, 2019).  None of these cases change that U.S. Patent No. 7,736,223 (the "'223 patent") claims patent-ineligible subject matter and that Plaintiffs' First Amended Complaint (Dkt. 25) ("FAC") fails to state a plausible claim.

### *Ameranth Does Not Alter the Court's Alice Step 1 Analysis.*

Plaintiffs contend that *Ameranth* is "on point" where a defendant proffers shifting theories regarding what constitutes the abstract idea at *Alice* Step 1.  Dkt. 58 at 1.  But, there has been no shifting of theories in the instant case, and, thus, *Ameranth* is irrelevant.

In *Ameranth*, a court refused to "develop winning theories for" a defendant after the defendant had suggested multiple "candidate[s]" for the abstract idea that were not merely articulated differently—*i.e.*, monitoring a physical casino poker game or a consumer loyalty program.  2014 WL 7012391, at *3, *4.  In contrast, here, Defendants have consistently represented that the '223 patent is directed to a single abstract idea—playing a game (*i.e.*, game play).  *See, e.g.*, Dkt. 32 at 3, 4, 8-9, 12, 13, 15; Dkt. 43-1 at 1, 3, 4, 7, 18.  Indeed, in their Opening Brief and during oral argument, Defendants described how the game play claimed in the '223 patent could be carried out by humans using a deck of cards—something Plaintiffs do not dispute.  *See* Dkt. 32 at 9-11.  Thus, the Court need not develop a "new alternative" abstract idea as the defendants in *Ameranth* invited.  Instead, the Court should find that the '223 patent is directed to the abstract idea Defendants have always represented it is—playing a game.  This abstract game play is present in every claim of the '223 patent unlike the "customer loyalty program" in *Ameranth*.  *See* 2014 WL 7012391 at *3, *4.

### *Maxell Fails to Demonstrate That the '223 Patent is Directed to Anything Inventive.*

Plaintiffs' reliance on *Maxell* and infirm allegations in the FAC fail to salvage the patentability of the '223 patent at *Alice* Step 2.  In *Maxell*, the court held that "where the claims recite 'a specific way of overcoming a problem which plagued prior art systems[,] [t]his specific solution[']" provides an inventive concept.  2018 WL 4179107, at *8.  To reach this conclusion, the *Maxell* Court repeatedly cited to and relied on the specification of the patent-in-suit.  *See, e.g.*, *id.* at * 7.  Unlike the '223 patent specification, the specification of the patent-in-suit in *Maxell* explained specific *technical problems* with the prior art—*e.g.*, that prior geolocation systems lacked the

ability to provide accurate location in certain environments. In order to overcome these express technical problems, one patent in *Maxell* described improvements to the GPS handset itself. *Id.* at *8. In evaluating a second patent, the *Maxell* Court again focused heavily on the patent's specification which articulated specific technical problems with the prior art. *Id.* Then, the Court turned to the claims, which "include[d] detailed and limiting recitations regarding implementation of the specific solution that the [patent] inventors . . . conceived for solving the problems of prior-art techniques." *Id.* at *10.

Unlike the patents in *Maxell*, there is nothing in the specification or claims of the '223 patent that recites any technological problem or technological solution to such a problem. In *Maxell*, the patentee asserted that the claims were "directed to an improvement of computer-related functionality." *Id.* at *4. In contrast, here, Plaintiffs have never asserted (let alone demonstrated) that the '223 patent represents a technological improvement—not in the FAC, not in their briefing, and not at oral argument. Instead, Plaintiffs contend—citing to conclusory allegations in the FAC—that the "processor" mentioned in only select claims of the '223 patent constitutes a "novel" game processor. Dkt. 58 at 2. But, as the *Maxell* Court recognized, the purported "novelty" of any claim element "is of no relevance in determining whether the subject matter of a claim falls within the § 101 categories of possibly patentable subject matter." 2018 WL 4179107, at *8.

### *CoolTV Does Not Salvage Plaintiffs' Inadequate Pleading.*

*CoolTV* reinforces that under the requisite pleading standards, "[a] possibility of relief is not enough"—allegations supporting plausibility are required. 2019 WL 4415283, at *3. The FAC fails to meet this standard. In *CoolTV,* the plaintiff's identification of particular components that practiced claim limitations saved the complaint from dismissal—*i.e.*, a claimed "bid mode" was shown by screen shots of the "Polls function" of an accused IBM product and the "Create Polls function" in a Microsoft product. *Id.* at *5. The court noted that, in contrast, the lack of identification of "specific features of the accused products that allegedly met claim limitations" warranted dismissal of a complaint in *N. Star Innovations, Inc. v. Micro Tech., Inc.*, 2017 WL 5501489, at *2 (D. Del. Nov. 16, 2017). *See CoolTV*, 2019 WL 4415283, at *3.

Here, unlike the complaint in *CoolTV*, the FAC does not point to screen shots of the limitations at issue (44.4 and 44.5) being met. Instead, the FAC includes screen shots reflecting game features that Plaintiffs contend are the purported *result* of a processor performing the claimed steps. But the features displayed in the screen shots do not reflect the processor steps themselves, and, in fact, are inconsistent with a processor carrying out the claimed limitations. *See* Dkt. 43-1 at 15-17. For instance, the "pay table" reflects *all* possible winning combinations for a game, not a "determin[ation]" of "at least one winning combination for each play of the game" as required by step 44.4. Likewise, the "prize viewer" in paragraph 109 displays a result of "$0.00", which shows that "each play of the game" does not result in a "*winning* combination." That the FAC points to features inconsistent with a processor carrying out the claimed limitations makes it implausible that the accused products practice the claim limitations. Thus, dismissal is warranted. *See CoolTV*, 2019 WL 4415283, at *4 (citing *Cumberland Pharm. Inc. v. Sagent Agila LLC*, 2013 WL 5913742, at *3 (D. Del. Nov. 1, 2013) (dismissing infringement claim as product did not practice limitation)).

Respectfully submitted,

*/s/ John V. Gorman*

John V. Gorman