**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| SAVVY DOG SYSTEMS LLC and POM OF PENNSYLVANIA, LLC<br><br>Plaintiffs/Counterclaim Defendants,<br><br>v.<br><br>PENNSYLVANIA COIN, LLC, and PA COIN HOLDINGS, LLC,<br><br>Defendants/Counterclaim Plaintiffs. | Civil Action No. 3:19-cv-01470-JPW<br><br>Honorable Jennifer P. Wilson<br><br>**JURY TRIAL DEMANDED** |

**DEFENDANTS PENNSYLVANIA COIN, LLC AND**
**PA COIN HOLDINGS, LLC'S ANSWER TO PLAINTIFFS'**
**FIRST AMENDED COMPLAINT AND COUNTERCLAIMS**

Defendants Pennsylvania Coin, LLC and PA Coin Holdings, LLC (collectively, "Defendants") hereby respond to the allegations in the First Amended Complaint filed by plaintiffs Savvy Dog Systems LLC and POM of Pennsylvania, LLC (collectively, "Plaintiffs") and state their defenses to the claims asserted against them and their counterclaims against Plaintiffs. To the extent unnumbered headings contained in the First Amended Complaint purport to contain allegations supporting Plaintiffs' claims, they are denied. Unless express admitted herein, all allegations are denied.

1.      Admitted.

2.      Admitted upon information and belief.

3.     Admitted upon information and belief.

4.     Admitted.

5.     Admitted.

6.     Admitted in part; denied in part.  Admitted only that Pennsylvania Coin, LLC and PA Coin Holdings, LLC share certain common owners and office space. The remaining allegations of paragraph 6 are denied.

7.     Admitted.

8.     Denied.

<u>**JURISDICTION AND VENUE**</u>

9.     Admitted in part; denied in part.  Admitted only that this is an action for infringement of a United States patent arising under 35 U.S.C. §§ 271 and 281, and that the Court has subject matter jurisdiction over the action for patent infringement under 28 U.S.C. §§ 1331 and 1338(a).  The remainder of paragraph 9 is denied.

10.     Admitted in part; denied in part.  Admitted only that Defendants have availed themselves of the privilege of doing business in Pennsylvania, including in this judicial District and that Defendants are both Pennsylvania limited liability companies with offices in Pennsylvania from which they conduct business.  The reminder of paragraph 10 is denied.

11.    Denied.   Paragraph 11 contains conclusions of law to which no response is required.  To the extent a further response is required, the allegations of paragraph 11 are denied.

## FACTUAL BACKGROUND

12.    Defendants incorporate by reference the foregoing paragraphs 1-11 as if restated fully herein.

13.    Denied.  Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 13, and they are, therefore, denied.

14.    Admitted in part; denied in part.  It is admitted only that U.S. Patent No. 7,763,223 (the "'223 Patent") is entitled "Electronic Gaming Method and System Having Preview Screen."   Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 14, and they are, therefore, denied.

15.    Denied.

16.    Denied.  Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 16, and they are, therefore, denied.

17.     Denied.  Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 17, and they are, therefore, denied.

18.     Denied.  Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 18, and they are, therefore, denied.

19.     Denied.  Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 19, and they are, therefore, denied.

20.     Admitted in part; denied in part.  Admitted only the paragraph 21 purports to quote language from the '223 Patent.  The '223 Patent speaks for itself, and, therefore, Plaintiffs' characterizations of the '223 Patent are denied.  The remaining allegations of paragraph 20 are denied.

21.     Admitted in part; denied in part.  Admitted only the paragraph 21 purports to quote language from the '223 Patent.  The '223 Patent speaks for itself, and, therefore, Plaintiffs' characterizations of the '223 Patent are denied.

22.     Denied.

23.     Denied.  The '223 Patent speaks for itself, and, therefore, Plaintiffs' characterizations of the '223 Patent are denied.  The remaining allegations of paragraph 23 are denied.

24.    Denied.

25.    Denied.

26.    Denied.

27.    Denied.  Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 27, and they are, therefore, denied.

28.    Denied.  Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 28 regarding the examiner's actions, and they are, therefore, denied.  The remaining allegations of paragraph 28 are denied.

29.    Admitted in part; denied in part.  Admitted only that paragraph 29 purports to quote language from the Examiner's Reason for Allowance.  The Examiner's Reason for Allowance speaks for itself, and, therefore, Plaintiffs' characterizations thereof are denied.  The remaining allegations of paragraph 29 are denied.

30.    Denied.  Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 30, and they are, therefore, denied.

31.    Denied.

32.    Denied.

33.    Admitted in part; denied in part.  Admitted only the paragraph 33 purports to quote language from the '223 Patent.  The '223 Patent speaks for itself, and, therefore, Plaintiffs' characterizations of the '223 Patent are denied.  The remaining allegations of paragraph 33 are denied.

34.    Admitted in part; denied in part.  Admitted only the paragraph 34 purports to quote language from the '223 Patent.  The '223 Patent speaks for itself, and, therefore, Plaintiffs' characterizations of the '223 Patent are denied.  The remaining allegations of paragraph 34 are denied.

35.    Denied.

36.    Admitted in part; denied in part.  Admitted only the paragraph 36 purports to quote language from the '223 Patent.  The '223 Patent speaks for itself, and, therefore, Plaintiffs' characterizations of the '223 Patent are denied.  The remaining allegations of paragraph 36 are denied.

37.    Denied.

38.    Denied.  Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 38, and they are, therefore, denied.

39.    Admitted in part; denied in part.  It is admitted only that a copy of U.S. Patent No. 9,530,282 (the "'282 Patent") entitled "Video Game Gaming System" is attached as Exhibit B to the First Amended Complaint.  The '282 Patent speaks for

itself, and, therefore, Plaintiffs' characterizations of the '282 Patent are denied. Defendants lack knowledge or information sufficient to form a belief about the truth of the remaining allegations in paragraph 39, and they are, therefore, denied.

40.    Denied.  Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 40, and they are, therefore, denied.

41.    Denied.

42.    Denied.

43.    Admitted in part; denied in part.  Admitted only the paragraph 43 purports to quote language from the '223 Patent.  The '223 Patent speaks for itself, and, therefore, Plaintiffs' characterizations of the '223 Patent are denied.

44.    Denied.

45.    Denied.  Banilla Games, Inc. ("Banilla")'s website speaks for itself, and, therefore, Plaintiffs' characterizations of Banilla's website are denied.  The remaining allegations of paragraph 45 are denied.

46.    Denied.  Banilla's website speaks for itself, and, therefore, Plaintiffs' characterizations of Banilla's website are denied.  The remaining allegations of paragraph 46 are denied.

47.    Denied.  Banilla's website speaks for itself, and, therefore, Plaintiffs' characterizations of Banilla's website are denied.  The remaining allegations of paragraph 47 are denied.

48.    Denied.  Banilla's website speaks for itself, and, therefore, Plaintiffs' characterizations of Banilla's website are denied.  The remaining allegations of paragraph 48 are denied.

49.    Denied.  Banilla's website speaks for itself, and, therefore, Plaintiffs' characterizations of Banilla's website are denied.  The remaining allegations of paragraph 49 are denied.

50.    Denied.  Banilla's website speaks for itself, and, therefore, Plaintiffs' characterizations of Banilla's website are denied.  The remaining allegations of paragraph 50 are denied.

51.    Denied.  Banilla's website speaks for itself, and, therefore, Plaintiffs' characterizations of Banilla's website are denied.  The remaining allegations of paragraph 51 are denied.

52.    Denied.  Banilla's website speaks for itself, and, therefore, Plaintiffs' characterizations of Banilla's website are denied.  The remaining allegations of paragraph 52 are denied.

53.    Denied.  Banilla's website speaks for itself, and, therefore, Plaintiffs' characterizations of Banilla's website are denied.  The remaining allegations of paragraph 53 are denied.

54.    Denied.

55.    Denied.  The image in paragraph 55 speaks for itself, and, therefore, Plaintiffs' characterizations thereof are denied.  The remaining allegations of paragraph 55 are denied.

56.    Denied.  The image in paragraph 56 speaks for itself, and, therefore, Plaintiffs' characterizations thereof are denied.

57.    Denied.  The images in paragraph 57 speak for themselves, and, therefore, Plaintiffs' characterizations thereof are denied.

58.    Denied.  The images in paragraph 58 speak for themselves, and, therefore, Plaintiffs' characterizations thereof are denied.

59.    Denied.

60.    Denied.

61.    Denied.

62.    Denied.  The image in paragraph 62 speaks for itself, and, therefore, Plaintiffs' characterizations thereof are denied.  The remaining allegations of paragraph 62 are denied.

63.    Denied.

64.    Denied.  The image in paragraph 64 speaks for itself, and, therefore, Plaintiffs' characterizations thereof are denied.

65.    Denied.  The images in paragraph 65 speak for themselves, and, therefore, Plaintiffs' characterizations thereof are denied.

66.    Denied.  The images in paragraph 66 speak for themselves, and, therefore, Plaintiffs' characterizations thereof are denied.

67.    Denied.

68.    Denied.

69.    Denied.

70.    Denied.

71.    Denied.

72.    Denied.

73.    Denied.  The image in paragraph 73 speaks for itself, and, therefore, Plaintiffs' characterizations thereof are denied.

74.    Denied.

75.    Denied.  Banilla's website speaks for itself, and, therefore, Plaintiffs' characterizations thereof are denied.  The remaining allegations of paragraph 75 are denied.

76.    Denied.

77.    Denied

78.    Denied.  The image in paragraph 78 speaks for itself, and, therefore, Plaintiffs' characterizations thereof are denied.  The remaining allegations of paragraph 78 are denied.

79.    Denied.

80.    Denied.  Banilla's website speaks for itself, and, therefore, Plaintiffs' characterizations thereof are denied.  The remaining allegations of paragraph 80 are denied.

81.    Denied.

82.    Denied.

83.    Denied.

84.    Denied.

85.    Denied.  The image in paragraph 85 speaks for itself, and, therefore, Plaintiffs' characterizations thereof are denied.

86.    Denied.  The images in paragraph 86 speak for themselves, and, therefore, Plaintiffs' characterizations thereof are denied.

87.    Denied.

88.    Denied.

89.    Denied.  Banilla's website speaks for itself, and, therefore, Plaintiffs' characterizations thereof are denied.  The remaining allegations of paragraph 89 are denied.

90.    Denied.

91.    Admitted in part; denied in part.  Banilla's website speaks for itself, and, therefore, Plaintiffs' characterizations thereof are denied.  The remaining allegations of paragraph 91 are denied.

92.    Denied.  The image in paragraph 92 speaks for itself, and, therefore, Plaintiffs' characterizations thereof are denied.

93.    Denied.

94.    Denied.

95.    Denied.  The image in paragraph 95 speaks for itself, and, therefore, Plaintiffs' characterizations thereof are denied.

96.    Denied.

97.    Denied.  The image in paragraph 97 speaks for itself, and, therefore, Plaintiffs' characterizations thereof are denied.  The remaining allegations of paragraph 97 are denied.

98.    Denied.  The image referred to in paragraph 98 speaks for itself, and, therefore, Plaintiffs' characterizations thereof are denied.

99.    Denied.

100.  Denied.

101.  Denied.

102.  Denied.

103.   Denied.  Defendants lack knowledge or information sufficient to form a belief regarding any "testing" representatives of POM of Pennsylvania supposedly have done, and, therefore, allegations pertaining to the same are denied.  The remaining allegations of paragraph 103 are denied.

104.   Denied.

105.   Denied.  Banilla's website speaks for itself, and, therefore, Plaintiffs' characterizations thereof are denied.

106.   Denied.  The image speaks for itself, and, therefore, Plaintiffs' characterizations thereof are denied.

107.   Denied.

108.   Denied.

109.   Denied.  The images in paragraph 109 speak for themselves, and, therefore, Plaintiffs' characterizations thereof are denied.  The remaining allegations of paragraph 109 are denied.

110.   Denied.

111.   Denied.

112.   Denied.

113.   Denied.

114.   Denied.  The image in paragraph 114 speaks for itself, and, therefore, Plaintiffs' characterizations thereof are denied.

13

115.   Denied.

## COUNT I – INFRINGEMENT OF THE '223 PATENT

116.   Defendants hereby incorporate paragraphs 1 through 115 of their Answer as though fully set forth herein.

117.   Denied.

118.   Denied.

119.   Denied.

120.   Denied.

121.   Denied.

122.   Denied.

123.   Denied

124.   Denied.  By way of further response, Plaintiffs' prior claim pertaining to willful infringement has been dismissed from the instant action.  *See* Dkt. No. 61 at 7 n.3.

125.   Denied.

126.   Denied.

Plaintiffs' Prayer for Relief does not require a response.  To the extent a response is a required, Defendants deny that Plaintiffs are entitled to any relief in the instant action.

## AFFIRMATIVE DEFENSES

Without conceding or admitting that any of the following affirmative defenses must be pled as an affirmative defense, or that any of the following defenses is not already at issue by virtue of the foregoing denials, without assuming the burden of proof on any matter for which the burden rests upon Plaintiffs, and without prejudice to Defendants' right to plead additional affirmative defenses as discovery into the facts of the instant action warrant, Defendants assert the following affirmative defenses:

### FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim Upon Which Relief Can Be Granted)

The First Amended Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE
### (Non-Infringement)

Defendants do not infringe and have not infringed, literally, or by the doctrine of equivalents, any valid and enforceable claim of the patent-in-suit, either directly, contributorily, by inducement, jointly, willfully, or in any other matter.

### THIRD AFFIRMATIVE DEFENSE
### (Invalidity)

The claims of the patent-in-suit are invalid for failure to comply with the conditions and requirements for patentability specified in, but not limited to 35 U.S.C. §§ 101, 102, 103, and 112.

15

## FOURTH AFFIRMATIVE DEFENSE
### (Limitations on Damages)

Plaintiffs' ability to recover damages under 35 U.S.C. §§ 286-287 is limited.

## FIFTH AFFIRMATIVE DEFENSE
### (Limitations on Costs)

Plaintiffs are precluded from recovering costs under 35 U.S.C. § 288.

## SIXTH AFFIRMATIVE DEFENSE
### (No Entitlement to Attorneys' Fees)

Plaintiffs cannot prove this is an exceptional case and are therefore precluded from seeking recovery of or obtaining recovery of their attorneys' fees under the provisions of 35 U.S.C. § 285.

## DEMAND FOR JURY TRIAL

Defendants hereby demand a jury trial for all issues so triable.

## DEFENDANTS' COUNTERCLAIMS AGAINST PLAINTIFFS

Defendants/Counterclaim Plaintiffs Pennsylvania Coin, LLC and PA Coin Holdings, LLC (collectively, "Defendants") counterclaim against Plaintiffs/Counterclaim Defendants Savvy Dog Systems LLC and POM of Pennsylvania, LLC (collectively, "Plaintiffs") as follows:

1.      This is an action for declaratory judgment of non-infringement, invalidity and unenforceability, as related to U.S. Patent Nos. 7,736,223 ("the '223 Patent") pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, and the United States Patent Laws, 35 U.S.C. § 100 *et seq.*

## THE PARTIES

2.      Defendant/Counterclaim Plaintiff Pennsylvania Coin, LLC is a Pennsylvania limited liability company with its principal place of business in Scranton, Pennsylvania.

3.      Defendant/Counterclaim Plaintiff PA Coin Holdings, LLC is a is a Pennsylvania limited liability company with its principal place of business in Scranton, Pennsylvania.

4.      Plaintiff/Counterclaim Defendant POM of Pennsylvania, LLC is a Wyoming limited liability company with its principal place of business in Duluth, Georgia.

17

5.      Plaintiff/Counterclaim Defendant Savvy Dog Systems, LLC is a Wyoming limited liability company with its principal place of business in Duluth, Georgia.

## JURISDICTION AND VENUE

6.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338, 2201, and 2202, and the Patent Laws of the United States, 35 U.S.C. § 1, *et seq.*

7.      Venue and personal jurisdiction is proper in this District pursuant to 35 U.S.C. §§ 1391(b) and 1400(b) because Plaintiffs submitted to venue and to personal jurisdiction in this District by filing their Complaint in the instant action and voluntarily appearing and consenting to venue in this District.

## COUNT I: DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF U.S. PATENT NO. 7,736,223

8.      Defendants incorporate by reference each and every allegation contained in paragraphs 1 through 7 of their Counterclaims as though fully set forth herein.

9.      Plaintiffs have initiated a civil action in this District by filing a complaint against Defendants alleging that Defendants have infringed at least one claim of the '223 Patent.

18

10.    An actual, justiciable controversy regarding the '223 Patent exists because Plaintiffs assert that Defendants infringe this patent, which Plaintiffs contend is valid and enforceable.

11.    Defendants have not infringed and do not infringe any claim of the '223 Patent.

12.    Defendants thus seek a declaratory judgment, pursuant to Federal Rule of Civil Procedure 57 and 28 U.S.C. §§ 2201 and 2202, declaring the rights and interests of Defendants and Plaintiffs in connection with non-infringement of the '223 Patent.

13.    Defendants request that this Court declare that Defendants have not infringed any claim of the '223 Patent, literally or under the doctrine of equivalents.

## COUNT II: DECLARATORY JUDGMENT OF INVALIDITY OF U.S. PATENT NO. 7,736,223

14.    Defendants incorporate by reference each and every allegation contained in paragraphs 1 through 13 of their Counterclaims as though fully set forth herein.

15.    Plaintiffs have initiated a civil action in this District by filing a complaint against Defendants alleging that Defendants have infringed at least one claim of the '223 Patent.

19

16. An actual, justiciable controversy regarding the '223 Patent exists because Plaintiffs assert that Defendants infringe this patent, which Plaintiffs contend is valid and enforceable.

17. The claims of the '223 Patent are invalid for failure to comply with Title 35 of the United States Code, Sections 101, 102, 103, and/or 112.

18. Each and every claim of the '223 Patent fails to claim patentable subject matter as is required pursuant to 35 U.S.C. § 101 because the claims are directed to the abstract idea of game play and do not contain an inventive concept sufficient to transform this abstract idea into patentable subject matter.

19. Each and every claim of the '223 Patent also fails to satisfy the requirements of 35 U.S.C. § 112, including at least the written description requirement.

20. Each and every claim of the '223 patent requires "testing the game field prior to displaying the game to the player to ensure that a winning combination more valuable than the determined winning combination is not generated inadvertently in completing the field" or program instructions that perform this same step (referred to herein as the "Valuation Testing Limitation"). *See* '223 Patent, claims 1, 13, 25, 37, 44, 51, 58, 64, and 70.

21. Each and every claim of the '223 patent also requires "determin[ing] . . . at least one winning combination for each play of the game" (referred to herein

as the "Determining Limitation"). *See* '223 Patent, claims 1, 13, 25, 37, 44, 51, 58, 64, and 70.

22.    The '223 Patent specification provides insufficient support for the Valuation Testing Limitation and Determining Limitation.  Thus, the '223 Patent fails to demonstrate the named inventor was in possession of these elements of the claimed inventions at the time of filing.

23.    Each and every claim of the '223 Patent is anticipated and/or rendered obvious by virtue of prior art, including at least the Tic-Tac-Fruit game that was on sale more than one year prior to the priority date of the '223 Patent.

24.    Defendants seek a declaratory judgment, pursuant to Federal Rule of Civil Procedure 57 and 28 U.S.C. §§ 2201 and 2202, declaring the rights and interests of Defendants and Plaintiffs in connection with the invalidity and unenforceability of the '223 Patent.

25.    Defendants request that this Court declare that all claims of the '223 Patent are invalid for failure to comply with one or more requirements of 35 U.S.C. §§ 101, 102, 103, and/or 112.

## PRAYER FOR RELIEF AS TO COUNTERCLAIMS

WHEREFORE, Defendants pray for judgment and request that this Court:

(a)    Dismiss, with prejudice, Plaintiffs' claims against Defendants;

(b)    Deny all relief that Plaintiffs seek in their First Amended Complaint;

(c)    Enter judgment in favor of Defendants and against Plaintiffs on each and every one of Defendants' counterclaims;

(d)    Enter judgment declaring that Defendants have not infringed any claim of the '223 Patent;

(e)    Enter judgment declaring that all claims of the '223 Patent are invalid;

(f)    Find this case to be exceptional under 35 U.S.C. § 285 and award Defendants their costs, expenses, interest, and attorneys' fees; and

(f)    Grant such other and further relief as the Court may deem just and proper and to which Defendants are entitled.

## JURY DEMAND

Counterclaim Plaintiffs/Defendants hereby demand a jury trial as to all issues so triable.

22

Dated:  April 15, 2020          Respectfully submitted,

MORGAN, LEWIS & BOCKIUS LLP

*/s/John V. Gorman*
John V. Gorman (PA 80631)
Kenneth J. Davis (PA 87944) (admitted *pro hac vice*)
Amy M. Dudash (PA 311898) (admitted *pro hac vice*)
1701 Market Street
Philadelphia, PA  19103
Telephone:  215.963.5000
Fax:  215.963.5001
john.gorman@morganlewis.com
kenneth.davis@morganlewis.com
amy.dudash@morganlewis.com

*Attorneys for Defendants/Counterclaim Plaintiffs Pennsylvania Coin, LLC and PA Coin Holdings, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that Defendants' Answer and Counterclaims was filed on this 15th day of April, 2020 via the Court's CM/ECF filing system, which will send electronic notice of such filing to all counsel of record.

*/s/ John V. Gorman*
John V. Gorman