# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SAVVY DOG SYSTEMS, LLC, and POM of Pennsylvania, LLC, <br><br> Plaintiffs, <br><br> v. <br><br> PENNSYLVANIA COIN, LLC, and PA COIN HOLDINGS, LLC <br><br> Defendants. | CIVIL ACTION NO: 3:19-cv-01470-JPW <br><br> Honorable Jennifer P. Wilson |

## <u>DEFENDANTS' BRIEF IN SUPPORT OF THEIR MOTION TO STAY</u>

John V. Gorman (PA 80631)
Kenneth J. Davis (PA 87944) (admitted *pro hac vice*)
Amy M. Dudash (PA 311898) (admitted *pro hac vice*)
Morgan, Lewis & Bockius LLP
1701 Market Street
Philadelphia, PA  19103
Telephone:  215.963.5000
Fax:  215.963.5001
john.gorman@morganlewis.com
kenneth.davis@morganlewis.com
amy.dudash@morganlewis.com

*Attorneys for Defendants Pennsylvania Coin, LLC and PA Coin Holdings, LLC*

Dated:  June 25, 2020

# TABLE OF CONTENTS

**Page**

I.   INTRODUCTION ..................................................................................................1

II.  PROCEDURAL HISTORY .................................................................................3

III. STATEMENT OF FACTS...................................................................................3

IV.  QUESTION PRESENTED...................................................................................5

V.   ARGUMENT.......................................................................................................5

    A.   The CBM Stay Statutory Framework Encourages Courts to
       Stay Litigation Pending CBM Review....................................................5

    B.   Numerous Courts Have Stayed Litigation Prior to CBM
       Institution................................................................................................7

    C.   Each of the Stay Consideration Factors Weighs in Favor of
       Granting a Stay.......................................................................................9

        1.   A Stay Will Simplify—If Not Obviate the Need for—
            Trial. .............................................................................................9

        2.   The Relatively Early Stage of the Instant Action Favors a
            Stay.............................................................................................12

        3.   A Stay Will Not Unduly Prejudice Plaintiffs or Present a
            Clear Tactical Advantage to Defendants. ...............................13

        4.   A Stay Will Reduce—If Not Eliminate—the Burden of
            This Litigation...........................................................................15

VI.  CONCLUSION...................................................................................................16

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Arch Chemicals, Inc. v. Sherwin-Williams Co.*,
   C.A. No. 18-2037-LPS (D. Del. Nov. 5, 2019) (Exhibit B) ................................. 8

*Black & Decker Inc. v. Positec USA, Inc.*,
   No. 13 C 3075, 2013 WL 5718460 (N.D. Ill. Oct. 1, 2013) .............................. 10

*Capial Dynamics AG v. Cambridge Assocs., LLC*,
   No. 13 Civ. 7766, 2014 WL 1694710 (S.D.N.Y. Apr. 1, 2014) ......................... 7

*Checkfree Corp. v. Metavante Corp.*,
   No. 3:12-cv-15-J-34JBT, 2014 WL 466023 ..................................................... 10

*CVI/Beta Ventures, Inc. v. Tura LP*,
   112 F.3d 1146 (Fed. Cir. 1997) ....................................................................... 11

*In re Cygnus Telecomms. Tech., LLC, Patent Litig.*,
   385 F. Supp. 2d 1022 (N.D. Cal. 2005) ........................................................... 11

*E-Watch, Inc. v. Lorex Can., Inc.*,
   No. cv-12-3314, 2013 WL 5425298 (S.D. Tex. Sept. 26, 2013) ....................... 10

*GT Nexus, Inc. v. Inttra, Inc.*,
   Case No: C 11-02145, 2014 WL 3373088 (N.D. Cal. July 9, 2014) ................. 11

*Huvepharma Eood & Huvepharma, Inc. v. Associated British Foods*,
   Civ. No. 18-129-RGA, 2019 WL 3802472 (D. Del. Aug. 13, 2019) ................ 13

*iMTX Strategic LLC v. Vimeo LLC*,
   No. C 15-00592 JSW, 2015 WL 4089911 (N.D. Cal. July 6, 2015) .............. 7, 10

*Market-Alerts Pty. Ltd. v. Bloomberg Finance L.P.*,
   922 F. Supp. 2d 486 (D. Del. Feb. 5, 2013) ................................................*passim*

*Neste Oil OYJ v. Dynamic Fuels, LLC*,
   Civ. No. 12-1744-GMS, 2013 WL 3353984 (D. Del. July 2, 2013) ............ 13, 14

*NST Global, LLC v. SI Sauer Inc.*,
   No. 19-cv-792-PB, 2020 WL 1429643 (D.N.H. Mar. 24, 2020) ....................... 8

*Sightsound Techs., LLC v. Apple, Inc.*,
    No. 11-1292, 2013 WL 2457284 (W.D. Pa. June 6, 2013) ........................7, 9, 16

*Smartflash LLC v. Apple Inc.*,
    621 Fed. App'x. 995 (Fed. Cir. 2015) .........................................................5, 16

*Versata Software, Inc. v. Callidus Software, Inc.*,
    771 F.3d 1368 (Fed. Cir. 2014) ......................................................................15

*Versata, Software, Inc. v. Volusion, Inc.*,
    A-12-CA-893-SS, 2013 WL 6912688 (W.D. Tex. June 20, 2013)..................5, 7

*VirtualAgility Inc. v. Salesforce.com, Inc.*,
    759 F.3d 1307 (Fed. Cir. 2014) .........................................................6, 7, 12, 15

*Zillow, Inc. v. Trulia, Inc.*,
    No. C12-1549JLR, 2013 WL 5530573 (W.D. Wash. Oct. 7, 2013) ........6, 12, 14

**Statutes**

35 U.S.C § 101 ..........................................................................................1, 4, 9, 15

35 U.S.C. § 112..........................................................................................1, 4, 9, 15

35 U.S.C. § 324(c) ...............................................................................................4

35 U.S.C. § 326(a)(11)........................................................................................14

**Other Authorities**

37 C.F.R. § 42.207(b) .........................................................................................4

## I.    INTRODUCTION

Defendants Pennsylvania Coin, LLC and PA Coin Holdings, LLC (collectively, "Defendants") respectfully request that the Court stay the instant patent infringement action pending final resolution of a Covered Business Method Review ("CBM") proceeding before the United States Patent and Trademark Office, Patent and Trial Appeal Board ("PTAB") pertaining to U.S. Patent No. 7,736,223 (the "'223 patent")—the sole asserted patent in this action.  In the CBM proceeding, third-party Banilla Games, Inc. ("Banilla")—the manufacturer of the products accused of infringement in the instant action—requests that the PTAB invalidate all claims of the '223 patent pursuant to 35 U.S.C. §§ 101 and 112.

Granting a stay at this time will allow the CBM process to substantially streamline, if not wholly obviate, the instant action.  A stay is particularly appropriate given the relatively early stage of this case where the close of fact discovery is eleven months away, the claim construction process is just about to begin, the parties have yet to notice or conduct any depositions, and the scheduled trial is over a year and a half away.  It is statistically likely that the PTAB will institute a trial for the CBM proceeding, and a finding by the PTAB that the '223 patent is invalid will end this case.  The CBM proceeding will likely narrow the issues for trial in this case by eliminating any invalid claims from the '223 patent

and providing additional intrinsic evidence for the Court to consider in construing the claims of the '223 patent.

Plaintiffs do not face any prejudice from a stay nor do Defendants gain a tactical advantage from a stay at this phase of the case wherein Plaintiffs have not sought any expedited relief. A stay allows the PTAB to exercise its expertise to avoid conflicting decisions (given that Defendants likely will file motions in this Court based on similar invalidity grounds asserted in the PTAB if this case proceeds), and affords the most efficient means of resolving the invalidity disputes raised in the CBM regarding the '223 patent.

Defendants agree that, if the Court grants the present motion, they will be estopped from raising in the instant litigation any basis for invalidity on which the PTAB grants institution in the CBM proceeding. Thus—as numerous other courts have recognized in granting a stay of litigation prior to institution of a CBM Petition—there is no reason for this Court to expend judicial resources addressing a patent that may well be invalidated (or have its scope altered) by the PTAB. Accordingly, the Court should stay the instant action until the CBM proceeding is complete.

## II.    PROCEDURAL HISTORY

Plaintiffs filed their operative First Amended Complaint on November 1, 2019 alleging that Defendants infringed the '223 patent.  *See* Dkt. No. 25.  After denying Defendants' motion to dismiss, the Court entered a case management order on February 26, 2020.  *See* Dkt. No. 50.  Defendants filed counterclaims seeking a declaratory judgment regarding non-infringement and invalidity of the '223 patent on April 15, 2020, which Plaintiffs answered on May 6, 2020.  *See* Dkt. Nos. 63 & 64.  The parties have exchanged proposed claim constructions, but have yet to submit a joint claim construction chart to the Court or begin claim construction briefing.

Given that a stay will conserve both judicial and party resources, Defendants have moved the Court for a stay of the instant action pending resolution of the CBM proceeding.

## III.    STATEMENT OF FACTS

The instant action is in a relatively early stage.  The parties have exchanged some written discovery and issued third-party subpoenas, but discovery remains on-going.  The scheduled close of fact discovery is nearly a year away—May 31, 2021—with the close of expert discovery to follow in September 2021.  *See* Case Mgmt. Order, Dkt. No. 50, ¶¶ 7(a), 7(f)(ii).  No depositions have been noticed or taken.  The parties are just beginning to make claim construction exchanges, and the Court will not conduct a claim construction hearing until September 15, 2020.  *Id.*,

3

¶ 11.  Final infringement and invalidity contentions are not due to be served until after the Court issues its claim construction ruling.  *Id.*, ¶ 13.  Trial is currently scheduled for over a year and a half from now on March 7, 2022.  *Id.*, ¶ 19.

On May 21, 2020, Banilla filed a CBM Petition with the PTAB challenging the validity of each claim of the '223 patent on numerous grounds.  *See* CBM Petition (Exhibit A) (exhibits to Petition omitted).  Specifically, Banilla has asserted that (1) all claims are invalid pursuant to 35 U.S.C § 101 for failure to claim patent-eligible subject matter; (2) all claims are invalid pursuant to 35 U.S.C. § 112; and (3) select claims are invalid pursuant to 35 U.S.C. § 112, ¶ 6 for indefiniteness.  The patentee's response to the CBM Petition, if not waived, is due on August 21, 2020.  *See* 37 C.F.R. § 42.207(b).  The PTAB's decision regarding whether to institute review of the '223 patent and schedule a trial to assess any of the asserted grounds for invalidity of the '223 patent is expected by November 21, 2020.  *See* 35 U.S.C. § 324(c).

Although not parties to the CBM proceeding, Defendants agree that, if the Court stays the case, Defendants will be estopped from raising in the instant litigation any basis for invalidity on which the PTAB grants institution in the CBM proceeding.  Thus, a stay will obviate for the Court the need to assess invalidity grounds addressed by the PTAB.

## IV.    QUESTION PRESENTED

Should the Court stay the instant action pending final resolution of the CBM proceeding pertaining to the '223 patent, including appeals?

## V.    ARGUMENT

### A.    The CBM Stay Statutory Framework Encourages Courts to Stay Litigation Pending CBM Review.

Recognizing that "[l]itigation over invalid patents places a substantial burden on U.S. courts and the U.S. economy," Congress designed the CBM review process at the PTAB to provide "a cheaper, faster alternative to district court litigation over the validity of business-method patents." *Versata, Software, Inc. v. Volusion, Inc.*, No. A-12-CA-893-SS, 2013 WL 6912688, at *1 (W.D. Tex. June 20, 2013); *see also Smartflash LLC v. Apple Inc.*, 621 Fed. App'x. 995, 1003 (Fed. Cir. 2015) ("Through the enactment of Section 18 of the [Leahy-Smith America Invents Act ("AIA")], Congress sought to [provide] 'a relatively inexpensive administrative alternative to litigation for addressing disputes concerning the validity of [CBM] patents.'"). Courts have recognized Congress' intent in enacting CBM review at the PTAB was to avoid the "unacceptable" practice of "allow[ing] litigation to grind on while a [CBM review] is being conducted." *Market-Alerts Pty. Ltd. v. Bloomberg Finance L.P.*, 922 F. Supp. 2d 486, 490 n.4 (D. Del.  Feb. 5, 2013).  Thus, the statutory test for assessing whether to grant a stay pending a CBM proceeding "places a very heavy thumb on the scale in favor of a stay being granted." *Id.* at 496 n.14.

District courts consider four factors in assessing a request to stay pending a CBM proceeding: (1) whether a stay, or the denial thereof, will simplify the issues in question and streamline the trial; (2) whether discovery is complete and whether a trial date has been set; (3) whether a stay, or the denial thereof, would unduly prejudice the nonmoving party or present a clear tactical advantage for the moving party; and (4) whether a stay, or the denial thereof, will reduce the burden of litigation on the parties and on the Court. *VirtualAgility Inc. v. Salesforce.com, Inc.*, 759 F.3d 1307, 1309 (Fed. Cir. 2014).[1]

The fourth factor was included, in part, to favor the granting of stays of litigation. *See Market-Alerts Pty. Ltd.*, 922 F. Supp. 2d at 489-90 (fourth factor included "to ease the movant's task of demonstrating the need for a stay"); *Zillow, Inc. v. Trulia, Inc.*, No. C12-1549JLR, 2013 WL 5530573, at *3 (W.D. Wash. Oct. 7, 2013) (fourth factor "designed to increase the likelihood that the court will grant a stay when a party initiates a transitional CBM review, as opposed to an ordinary PTO reexamination").

---

[1] Factors 1-3 of this test closely resemble the factors courts use when assessing a motion to stay pending other PTAB administrative review proceedings such as *inter partes* review or *ex parte* reexamination). *See Market-Alerts Pty. Ltd.*, 922 F. Supp. 2d at 489.

**B.    Numerous Courts Have Stayed Litigation Prior to CBM Institution.**

Section 18 of the AIA "authorizes district courts to stay civil proceedings once a party has petitioned the PTAB for review under the CBM program." *Versata Software*, 2013 WL 6912688, at *2 (citing AIA § 18(b)).  The Federal Circuit has confirmed that a stay may be granted even before the PTAB rules on a CBM petition. *See VirtualAgility Inc.*, 759 F.3d at 1316.  Thus, entry of a stay here, prior to the PTAB determining whether to institute trial on the CBM Petition, is not premature.

Indeed, although some courts have opted to wait to stay litigation until after the PTAB decides whether to institute a post-grant review trial, numerous courts have stayed litigation pending CBM review prior to institution.  *See, e.g.*, *iMTX Strategic LLC v. Vimeo LLC*, No. C 15-00592 JSW, 2015 WL 4089911, at *2, *3 (N.D. Cal. July 6, 2015) (finding that pre-institution stay would conserve party and judicial resources); *Market-Alerts Pty. Ltd.*, 922 F. Supp. 3d at 496-97 (same); *Sightsound Techs., LLC v. Apple, Inc.*, No. 11-1292, 2013 WL 2457284, at *3-4 (W.D. Pa. June 6, 2013) (same); *Capial Dynamics AG v. Cambridge Assocs., LLC*, No. 13 Civ. 7766(KBF), 2014 WL 1694710, at *1 (S.D.N.Y. Apr. 1, 2014) (noting that although "it is not this Court's typical practice or inclination to grant stays," given likelihood CBM trial will be instituted and simplify litigation, a pre-institution stay was warranted).

Courts have likewise granted pre-institution stays in favor of other

administrative proceedings before the PTAB based on evaluation of similar factors as this Court evaluates in assessing whether to stay the instant action pending the CBM proceeding. *See, e.g.*, *NST Global, LLC v. SI Sauer Inc.*, Case No. 19-cv-792-PB, 2020 WL 1429643, at *4 (D.N.H. Mar. 24, 2020) (staying litigation pre-PTAB institution and collecting cases holding same). Indeed, Chief Judge Stark of the U.S. District Court for the District of Delaware recently granted a pre-institution stay pending an *inter partes* review proceeding at the PTAB. *See Arch Chemicals, Inc. v. Sherwin-Williams Co.*, C.A. No. 18-2037-LPS (D. Del. Nov. 5, 2019) (D.I. 48) (Exhibit B). Chief Judge Stark opined that "the arguments for a stay pending institution [of PTAB administrative proceedings] have been strengthened by recent changes in the law," including, that "claim construction undertaken by the [PTAB] is now conducted according to the same legal standards [district courts] must apply." *Id.* The Court noted that if the PTAB ultimately denied institution, a stay would be of short duration, whereas, if the PTAB granted institution, the Court could benefit from "additional intrinsic evidence and the PTAB's view on claim construction" which "is likely to simplify the issues" for the Court. *Id.* The same is true here—a stay will be of short duration is the PATB does not institute review, and, if the PTAB institutes, the Court will benefit from the record developed at the PTAB and guidance from the PTAB.

This Court should join the numerous other courts that have entered pre-

8

institution stays to simplify cases and conserve judicial and party resources.

### C. Each of the Stay Consideration Factors Weighs in Favor of Granting a Stay.

#### 1. A Stay Will Simplify—If Not Obviate the Need for—Trial.

Courts have recognized multiple reasons why administrative proceedings at the PTAB may simplify the issues for trial, including that cancellation of all claims would result in resolution of the case, proceedings at the PTAB may effectively relieve the Court from the burden of deciding discovery and other issues relating to prior art, and the record from proceedings at the PTAB would probably be entered at trial, reducing the complexity and length of litigation. *See, e.g.*, *Sightsound Techs.*, 2013 WL 2457284, at *1-2 (listing various ways in which stay pending PTAB review can simplify litigation). In any scenario, a stay pending a determination by the PTAB will simplify issues and streamline trial in the instant action.

In the CBM Petition, Banilla has moved to invalidate all claims of the '223 patent. Institution of trial regarding the CBM Petition is likely. *See* PTAB 2020 Institution Statistics (Exhibit C) at 6-7 (showing 63% institution rate overall, and 68% institution rate for patents in mechanical and business method during fiscal year 2019).

If the PTAB opts to institute review and invalidates the claims of the '223 patent under either § 101 (for failure to claim patent-eligible subject matter) or § 112

9

(for lack of written description), this would dispose of the instant litigation in its entirety and obviate the need for trial. *See Checkfree Corp. v. Metavante Corp.*, No. 3:12-cv-15-J-34JBT, 2014 WL 466023, at *3 ("[I]f a patent claim is found invalid during the reexamination process, 'the patentee's cause of action is extinguished and the suit fails.'"); *see also iMTX*, 2015 WL 4089911, at *2 (finding fact that all claims were challenged in CBM Petition weighed in favor of stay despite fact that PTAB had not yet granted institution).

If the PTAB determines that some of the '223 patent claims are valid, then this "too would simplify the remaining issues and might encourage settlement, because [Defendants] will be estopped from arguing to this court that the claim is invalid" based on grounds that the PTAB institutes review regarding. *See Black & Decker Inc. v. Positec USA, Inc.*, No. 13 C 3075, 2013 WL 5718460, at *1 (N.D. Ill. Oct. 1, 2013).

Moreover, even assuming the unlikely scenario that each of the challenged claims survives review intact, "the USPTO's insight and expertise regarding the validity of the patents would be of invaluable assistance." *E-Watch, Inc. v. Lorex Can., Inc.*, No. cv-12-3314, 2013 WL 5425298, at *2 (S.D. Tex. Sept. 26, 2013) (internal citations omitted); *see iMTX*, 2015 WL 4089911, at *2 ("To the extent claims survive the reexamination process, the reexamination would 'facilitate trial by providing the Court with expert opinion of the PTO and clarifying the scope of

10

the claims'"). The CBM Review process will provide a more detailed record to aid the Court in claim construction, and the additional prosecution history developed during the CBM proceeding could determine, inform, or alter the meaning of claim terms. *See In re Cygnus Telecomms. Tech., LLC, Patent Litig.*, 385 F. Supp. 2d 1022, 1024 (N.D. Cal. 2005) ("For those claims that survive the reexamination, this court may have a richer prosecution history upon which to base necessary claim construction determinations or reconsideration."); *CVI/Beta Ventures, Inc. v. Tura LP*, 112 F.3d 1146, 1158 (Fed. Cir. 1997) ("[T]hrough statements made during prosecution or reexamination an applicant . . . may commit to a particular meaning for a patent term, which meaning is then binding in litigation.").

Further, any modification of claims that may survive review at the PTAB will narrow the issues and streamline any trial before this Court. *See GT Nexus, Inc. v. Inttra, Inc.*, Case No: C 11-02145-SBA, 2014 WL 3373088, at *3 (N.D. Cal. July 9, 2014) ("If the PTAB grants CBM review and finds that one or more of the asserted claims of the patents-in-suit are . . . subject to modification, the Court will have wasted judicial resources and the parties will have unnecessarily expended funds addressing . . . claims modified during CBM review.").

At bottom, it would be wasteful to proceed with litigation over patent claims that are likely to be altered or invalidated in the course of CBM review. Indeed, no matter the outcome of the CBM review, the issues for trial will be streamlined or

eliminated.

### 2.    The Relatively Early Stage of the Instant Action Favors a Stay.

"Staying a case at an early juncture 'can be said to advance judicial efficiency and maximize the likelihood that neither the [c]ourt nor the parties expend their assets addressing invalid claims.'" *Market-Alerts Pty. Ltd.*, 922 F. Supp. 2d at 494. "[T]he time of the motion [to stay] is the relevant time to measure the stage of litigation." *VirtualAgility*, 759 F.3d at 1317.

In the instant action, discovery is in early stages.  The parties have exchanged some written discovery and third-party subpoenas, but have yet to conduct any depositions.  Fact discovery is scheduled to close May 31, 2021, expert discovery is set to close on September 8, 2021, and trial is not scheduled until March 7, 2022. *See* Dkt. No. 50.  The parties are just beginning to engage in the claim construction process, no party has filed a claim construction brief, and the *Markman* hearing will not be held until September 2020.  At similar early stages of litigation, courts find this factor weighs in favor of entry of a stay. *See, e.g.*, *Zillow*, 2013 WL 550573, at *5-6 (case posture favored stay where some discovery had occurred, joint claim construction statement was filed, and a trial date was more than 10 months away).

### 3.    A Stay Will Not Unduly Prejudice Plaintiffs or Present a Clear Tactical Advantage to Defendants.

It is well-established that the potential for delay, by itself, does not establish *undue* prejudice.  *See Market-Alerts Pty Ltd.*, 922 F. Supp. 2d at 494; *see also Neste Oil OYJ v. Dynamic Fuels, LLC*, Civ. A. No. 12-1744-GMS, 2013 WL 3353984, at *4 (D. Del. July 2, 2013) (collecting cases emphasizing that "the mere potential for delay, however, is insufficient to establish *undue* prejudice") (emphasis in original)).  Indeed, as one court observed in granting a stay, "pre-judgment interest generally appears to compensate for any delay in obtaining damages."  *Huvepharma Eood & Huvepharma, Inc. v. Associated British Foods, PLC*, Civ. A. No. 18-129-RGA, 2019 WL 3802472, at *1 (D. Del. Aug. 13, 2019).

In assessing whether a plaintiff might be unacceptably prejudiced by a stay, "the court turns to additional considerations including the timing of the stay request, the timing of the administrative review request, the status of the review proceedings, and the relationship between the parties."  *Id.* at 494.  Various of these considerations weigh in favor of a stay here.

The timing of the stay request and the CBM Petition evidence the lack of prejudice to Plaintiffs and lack of tactical advantage to Defendants.  Banilla filed the CBM Petition approximately a month ago.  Upon learning about the CBM Petition, and determining their willingness to agree to be estopped from raising in the instant litigation any basis for invalidity on which the PTAB grants institution in the CBM

13

proceeding if the Court were to stay the instant action, Defendants promptly sought Plaintiffs' agreement to a stay.  When Plaintiffs would not stipulate to a stay, Defendants promptly filed the present motion.

The stage and duration of the CBM proceeding will not unduly prejudice Plaintiffs or provide Defendants with a tactical advantage.  The governing statute imposes a strict deadline on the PTAB to issue a final written decision within one year of institution (and allows for no more than a six-month extension for good cause).  35 U.S.C. § 326(a)(11).  Therefore, even if the PTAB does not institute until the last possible date of approximately November 21, 2020, the final written decision will likely be issued by November 2021.

The parties' relationship also demonstrates a lack of undue prejudice of tactical advantage.  Where, as here, the non-moving party asserts a competitive relationship, courts look to whether the plaintiff sought a preliminary injunction to assess potential prejudice.  *See Neste Oil OYJ*, 2013 WL 3353984, at *4.  Plaintiffs have not sought preliminary injunctive or otherwise expedited relief, which demonstrates that a mere delay in obtaining monetary damages (if any) does not pose any undue prejudice.  *See Zillow*, 2013 WL 5530573, at *6 ("Many courts have found . . . that attempts by a patentee to argue undue prejudice are undermined if the patentee has elected not to pursue preliminary injunctive relief.").  Indeed, in reversing a district court's denial of a stay pending a CBM, the Federal Circuit

14

emphasized that a "patentee's delays in pursuing suit and seeking preliminary injunctive relief belie its claims that it will be unduly prejudiced by a stay." *VirtualAgility*, 759 F.3d at 1320.

### 4. A Stay Will Reduce—If Not Eliminate—the Burden of This Litigation.

As explained above, this fourth factor was incorporated by Congress to increase the likelihood of stays pending CBM review. *See Market-Alerts Pty Ltd.*, 922 F. Supp. 2d at 496 n.14. District courts must evaluate this factor through a forward-looking lens. *See Versata Software, Inc. v. Callidus Software, Inc.*, 771 F.3d 1368, 1375 (Fed. Cir. 2014), *vacated on other grounds by* 780 F.3d 1134 (Fed. Cir. 2015) ("The correct test is one that focuses *prospectively* on the impact of the stay on the litigation, not on the past actions of the parties.") (emphasis in original). The Federal Circuit has recognized that this factor overlaps substantially with the first factor (simplification of issues) and often may point in the same direction. *See VirtualAgility Inc.*, 759 F.3d at 1313.

As with the first factor, here, the fourth factor favors a stay. A stay in this instance would significantly reduce the burden of litigation on the parties and the Court. Should this litigation proceed in parallel with the CBM proceeding, the parties and the Court will duplicate efforts with respect to various invalidity challenges presented in the CBM—invalidity under Sections 101 and 112. The Court will also be burdened with ruling on potential discovery disputes and proposed

claim constructions for the asserted claims that may very well be found unpatentable during CBM review.  At the very least, the CBM review may narrow the scope of the '223 patent and its claims, therefore potentially affecting issues like claim construction, validity, and intervening rights.

In light of the early posture of this matter, the Court can avoid expending judicial resources on issues that may be conclusively determined before the PTAB by staying this case.  *See Smartflash*, 621 Fed. App'x. at 1005-1006 (reversing denial of motion to stay where stay would reduce burden on court and parties).  Indeed, were this litigation to proceed in parallel to the CBM proceeding, it is likely that the parties, the Court, and the PTAB all would have expended time and resources litigating the same invalidity issues, with the potential of reaching conflicting results in the two fora.  Thus, there can be no doubt that "[t]he parties and Court will expend further substantial resources in this litigation, through completing discovery and trial" such that a stay will conserve these resources temporarily (if not permanently). *See Sightsound Techs.*, 2013 WL 2457284, at *3.  Given these facts and this factor's "heavy thumb" on the scale, the burden of litigation analysis favors a stay.

## VI.    CONCLUSION

For the foregoing reasons, the Court should stay the instant litigation pending conclusion of the CBM proceeding regarding the '223 patent.

16

Dated:  June 25, 2020                    Respectfully submitted,

                                         MORGAN, LEWIS & BOCKIUS LLP

                                         */s/John V. Gorman*
                                         John V. Gorman (PA 80631)
                                         Kenneth J. Davis (PA 87944) (admitted
                                         *pro hac vice*)
                                         Amy M. Dudash (PA 311898) (admitted
                                         *pro hac vice*)
                                         1701 Market Street
                                         Philadelphia, PA  19103
                                         Telephone:  215.963.5000
                                         Fax:  215.963.5001
                                         john.gorman@morganlewis.com
                                         kenneth.davis@morganlewis.com
                                         amy.dudash@morganlewis.com

                                         *Attorneys for Defendants Pennsylvania Coin,*
                                         *LLC and PA Coin Holdings, LLC*