**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

SAVVY DOG SYSTEMS, LLC, a
Wyoming limited liability company, and
POM OF PENNSYLVANIA, LLC a
Wyoming limited liability company,

      Plaintiff,

    v.

PENNSYLVANIA COIN, LLC, a
Pennsylvania limited liability company,
and PA COIN HOLDINGS, LLC, a
Pennsylvania limited liability company,

      Defendants.

Civil Action No. 3:19-cv-01470-JPW

Honorable Jennifer P. Wilson

### PLAINTIFFS' BRIEF IN OPPOSITION TO DEFENDANTS' MOTION TO STAY

# TABLE OF CONTENTS

**PAGE**

TABLE OF AUTHORITIES ........................................................................ iii-v

I.    COUNTERSTATEMENT OF FACTS AND BACKGROUND ........... 2

    A.    This Litigation .............................................................................. 2

    B.    Banilla's Petition for CBM Review ............................................. 5

II.    LEGAL STANDARD ............................................................................ 5

III.    POM WILL SUFFER UNDUE PREJUDICE AND TACTICAL
    DISADVANTAGE IF THE STAY IS GRANTED ............................... 8

IV.    AT THIS JUNCTURE, SIMPLIFICATION OF ISSUES IS
    SPECULATIVE ................................................................................. 14

V.    THE PROCEEDINGS HAVE REACHED A RELATIVELY
    ADVANCED STAGE .......................................................................... 18

VI.    CONCLUSION .................................................................................. 20

## <u>TABLE OF AUTHORITIES</u>

**<u>PAGE</u>**

<u>*Cases*</u>:

*Arch Chemicals, Inc. v. Sherwin-Williams Co.*,
  C.A. No. 18-2037-LPS (D. Del. Nov. 5, 2019) (Dkt. 69-2)………………..2, 14, 15

*Arkema Inc. v. Honeywell Int'l, Inc.*,
  No. 10-CV-2886, 2013 WL 5356844 (E.D. Pa. Sept. 25, 2013) .................. 12

*Bell N. Research, LLC v. CoolPad Techs., Inc.*,
  No. 18-CV-1783-CAB, 2019 WL 3782183 (S.D. Cal. Aug. 12, 2019) ........ 7

*British Telecommunications PLC v. IAC/InterActiveCorp*,
  No. CV 18-366-WCB, 2019 WL 4740156 (D. Del. Sept. 27, 2019) ........... 5

*CDX Diagnostics, Inc. v. U.S. Endoscopy Grp., Inc.*,
  No. 13-CV-05669 NSR, 2014 WL 2854656 (S.D.N.Y. June 20, 2014) ...... 11

*Copy Prot. LLC v. Netflix, Inc.*,
  C.A. No. 14-365-LPS, 2015 WL 3799363 (D. Del. June 17, 2015) ……...7, 10, 11

*Davol Inc. v. Atrium Medical Corp.*,
  C.A. No. 12-958-GMS, 2013 WL 3013343 (D. Del. June 17, 2013) ........... 10, 11

*iMTX Strategic LLC v. Vimeo LLC*,
  No. C 15-00592-JSW, 2015 WL 4089911 (N.D. Cal. July 6, 2015) ............ 14, 15

*Loyalty Conversion Sys. Corp. v. American Airlines, Inc.*,
  C.A. No. 2:13-cv-655, 2014 WL 3736514 (E.D. Tex. Dec. 16, 2014) ........ 7

*Market-Alerts Party, Ltd. v. Bloomberg Finance L.P.*,
  922 F. Supp. 2d 486 (D. Del. 2013) ............................................................. 14, 15

*Murata Mach. USA v. Daifuku Co.*,
  830 F.3d 1357 (Fed. Cir. 2016) ................................................................... 6

*Nasdaq, Inc. v. Miami Int'l Holdings, Inc.*,

C.A. No. 17-6664-BRM, 2018 WL 3814280 (D.N.J. Aug. 10, 2018) ……...*passim*

*Nidec Corp. v. LG Innotek Co.*,
   No. CIV.A. 6:07CV108, 2009 WL 3673433 (E.D. Tex. Apr. 3, 2009) ....... 9

*Norgren Automation Sols., LLC v. PHD, Inc.*,
   No. 14-cv-13400, 2015 WL 1245942 (E.D. Mich. Mar. 18, 2015) ............. 8

*Parallel Networks Licensing, LLC v. Ramquest Software, Inc.*,
   No. 4:19-CV-487, 2020 WL 1236266 (E.D. Tex. Mar. 13, 2020) .............. 7

*Procter & Gamble Co. v. Team Techs., Inc.*,
   No. 1:12-CV-552, 2013 WL 4830950 (S.D. Ohio Sept. 10, 2013) ............. 10

*Realtime Data LLC v. Actian Corporation*,
   No. 6:15-cv-463-RWS, 2016 WL 3277259 (E.D. Tex. June 14, 2016) ....... 12, 13

*Realtime Data, LLC v. Rackspace US, Inc.*,
   No. 6:16-CV-00961, 2017 WL 772654 (E.D. Tex. Feb. 28, 2017) ............. 6

*Shurtape Techs., LLC v. 3M Co.*,
   No. 5:11CV17-RLV, 2013 WL 789984 (W.D.N.C. Mar. 4, 2013) ............. 11

*Sightsound Techs., LLC v. Apple, Inc.*,
   No. 11-1292, 2013 WL 2457284 (W.D. Pa. June 6, 2013) ......................... 15

*Smartflash LLC v. Apple, Inc.*,
   No. 6:13-CV-447, 2014 WL 3366661 (E.D. Tex. Jul. 8, 2014) ................... 8

*TPK Touch Sols., Inc v. Wintek Electro-Optics Corp.*,
   No. 13-CV-02218-JST, 2013 WL 6021324 (N.D. Cal. Nov. 13, 2013) ….9, 11, 12

*Ultratec, Inc. v. Sorenson Commc'ns, Inc.*,
   No. 13-CV-346-BBC, 2013 WL 6044407 (W.D. Wis. Nov. 14, 2013) ....... 11

*Universal Elecs., Inc. v. Universal Remote Control, Inc.*,
   943 F. Supp. 2d 1028 (C.D. Cal. 2013) ...................................................... 6

*Universal Secure Registry, LLC v. Apple Inc.*,
   No. CV 17-585-CFC, 2018 WL 4486379 (D. Del. Sept. 19, 2018) ............ 6, 8

iv

*VirtualAgility Inc. v. Salesforce.com, Inc.*,
   759 F.3d 1307 (Fed. Cir. 2014) ....................................................................*passim*

*Zillow, Inc. v. Trulia, Inc.*,
   No. C12-1549JLR, 2013 WL 5530573 (W.D. Wash. Oct. 7, 2013) ............ 18


## *USPTO, Patent Trial and Appeal Board Proceedings***:**

*Apple, Inc. v. Fintiv, Inc.*,
   IPR2020-00019, Paper 11 (PTAB March 20, 2020) ..................................... 17

*NHK Spring Co, Ltd.. v. Intri-Plex Tech., Inc.*,
   IPR2018-00752, Paper 8 (PTAB Sept. 12, 2018) ......................................... 17


## *Statutes***:**

35 U.S.C. § 101 ............................................................................................. 19

35 U.S.C. § 314(a) ........................................................................................ 17

Plaintiffs Savvy Dog Systems, LLC and POM of Pennsylvania, LLC (collectively, "POM") and Defendants Pennsylvania Coin, LLC and PA Coin Holdings, LLC (collectively, "PA Coin") are competitors in the electronic gaming industry.  PA Coin now seeks an indefinite stay of this action pending the outcome of a petition for Covered Business Method Review ("CBM") that has <u>not</u> yet been instituted, and will only be instituted – if at all – November 21, 2020.

A stay would unduly prejudice POM. Given that the parties are competitors, delay would disadvantage POM in the marketplace, eroding goodwill and subverting opportunities to expand.  This significant risk to POM weighs heavily against a stay.

The progress made in this case to date undermines PA Coin's effort to define this case as one in a "relatively early" stage.  The Court has adjudicated PA Coin's motion to dismiss and entered a Case Management Order (with a trial date) and Protective Order. Consistent with the Court's directives, during the last five months the parties have diligently worked on discovery and completed numerous patent-specific deadlines, including the exchange of substantial infringement, invalidity and claim construction contentions. The parties are already invested in the creation of technical tutorials and opening claim construction briefs, all due on July 16.  This progress in the litigation also weighs against a stay.

PA Coin's suggestion that a stay will simplify issues for trial is speculative. It is too soon to know whether the CBM petition will result in a review, let alone

1

streamline or simplify the issues for trial.  PA Coin emphasizes statistical trends in CBM institution rates, but as Judge Stark noted in the very decision PA Coin relies upon, "every motion for a stay must be evaluated based on the particular facts and circumstances with and in which it arises, and the Court must carefully exercise its discretion in each case[.]" *Arch Chemicals, Inc. v. Sherwin-Williams Co.*, C.A. No. 18-2037-LPS (D. Del. Nov. 5, 2019) (filed as Dkt. 69-2).  The facts and circumstances here weigh against a stay, and outweigh any hypothetical possibility of simplification.

## I.   COUNTERSTATEMENT OF FACTS AND BACKGROUND

### A.   This Litigation

POM and PA Coin are competitors in the electronic gaming industry. [*See* Dkt. 45, at 8 (Defendants describing this action as "between competitors in the gaming products industry")]. Litigation over PA Coin's alleged infringement of U.S. Patent No. 7,736,223 (the "223 Patent") commenced August 23, 2019. [Dkt. 1]. The infringement is pervasive, based on PA Coin's installation of 11 different infringing game terminals to convenience store operators, bars and restaurants.  [*See* April 6, 2020 Infringement Contentions (**Exhibit A**)].

To date, the Court has adjudicated PA Coin's motion arguing that the 223 Patent is directed to patent-ineligible subject matter and the Complaint fails to state a claim, including oral argument on the motion [Dkt. 62], conducted a case

2

management conference and issued a Case Management Order ("CMO") [Dkt. 50], and entered the parties' Stipulated Protective Order [Dkt. 53].

Pursuant to the CMO, the parties served Rule 26 disclosures. [Declaration of Steven G. Hill ("Hill Dec.", **Exhibit B**), ¶ 2]. POM served its Asserted Claims and Infringement Contentions, with 133 pages of related claim charts, in accordance with the CMO. [*Id.* ¶ 3]. PA Coin, in turn, produced damages-related documents and served invalidity contentions with 372 pages of prior art and 339 pages of claim charts. [*See id.*, ¶ 5; June 4, 2020 Invalidity Contentions (**Exhibit C**)].

The parties also exchanged proposed claim constructions, conferred to narrow the number of terms in need of construction, and prepared a joint claim construction statement, to be filed on July 9. [Hill Dec. ¶¶ 6-7]. Work on the tutorials and claim construction briefs (due July 16) is under way. [*Id.* ¶ 8; *see* Dkt. 50, at 10]. The parties and Court will have concluded claim construction briefing and held the *Markman* hearing by September 15, 2020. [*See* Dkt. 50, at 8-9].

Significant discovery is complete. POM responded to 16 interrogatories and 99 document requests, and PA Coin responded to 10 interrogatories and 87 document requests.[1] [*See* Hill Dec. ¶ 9]. To date, POM has produced thousands of pages of documents and PA Coin believes its production is substantially complete.

---

[1] Assuming timely responses, PA Coin will respond to an additional 4 interrogatories and 13 document requests by late July 2020. [Hill Dec. ¶ 10].

[*Id*. ¶¶ 12, 14]. At PA Coin's request, Pace-O-Matic, Inc., an affiliate of POM, has identified significant electronic files, including source code files, which are responsive to PA Coin's requests. [*Id*. ¶ 12]. POM has produced a privilege log and the parties have exchanged no less than a dozen substantive follow-up letters with each other regarding the scope and progress of ongoing discovery. [*Id*. ¶¶ 11, 13].

Third party discovery is also actively underway. On February 28, 2020, POM served a subpoena on Banilla Games, Inc. ("Banilla"), the manufacturer of the gaming boards used in the infringing game terminals. [Dkt. 47-1]. Banilla, also represented by counsel for PA Coin, has refused to produce responsive documents until "entry of an acceptable Protective Order" protecting Banilla's interests. [*See* April 13, 2020 Banilla Responses and Objections to Subpoena (**Exhibit D**)]. Since then, the parties have exchanged three draft third-party protective orders in anticipation of review of source code and other sensitive technical documents. [Hill Dec. ¶¶ 15-17].

To date, PA Coin has issued four subpoenas for the production of documents. [*See* Dkts. 65-1–65-4]. Two of these subpoenaed parties produced approximately 1,700 files. [*See* Hill Dec. ¶ 18].

### B.    Banilla's Petition for CBM Review

In January <u>2019</u>, counsel for POM put Banilla on notice of infringement of the 223 Patent. [*See* January 15, 2019 letter from S. Sudderth to Banilla (**Exhibit

**E**)].  PA Coin and Banilla Games share an outside counsel law firm – the very law firm that prepared and filed the CBM Petition now at issue. [*See* Petitioner's May 14, 2020 CBM Petition Power of Attorney (**Exhibit F**)]. PA Coin knew at least as early as January 2020 that POM would oppose a stay pending any post-grant review. [Dkt. 45, at 4].  Inexplicably, defense counsel waited until May 21, 2020 to file the CBM petition. [Dkt. 69-1]. PA Coin filed this pending motion to stay over 4 weeks later, on June 25, 2020. [Dkt. 68].

## II.    LEGAL STANDARD

Four factors typically govern whether a stay should be granted pending CBM review proceedings:

(A)    whether a stay, or the denial thereof, will simplify the issues in question and streamline the trial;

(B)    whether discovery is complete and whether a trial date has been set;

(C)    whether a stay, or the denial thereof, would unduly prejudice the nonmoving party or present a clear tactical advantage for the moving party; and

(D)    whether a stay, or the denial thereof, will reduce the burden of litigation on the parties and on the court.

*VirtualAgility Inc. v. Salesforce.com, Inc.*, 759 F.3d 1307, 1309 (Fed. Cir. 2014) (quoting AIA § 18(b)(1)).

While these factors provide guidance, each district court retains "discretionary prerogative to balance considerations beyond those captured by the []

stay test," *Murata Mach. USA v. Daifuku Co.*, 830 F.3d 1357, 1362 (Fed. Cir. 2016), and "the Court must decide stay requests on a case-by-case basis." *British Telecommunications PLC v. IAC/InterActiveCorp*, No. CV 18-366-WCB, 2019 WL 4740156, at *4 (D. Del. Sept. 27, 2019) (quotation omitted). "[T]here is no per se rule that patent cases should be stayed pending PTO proceedings, because such a rule would invite parties to unilaterally derail litigation." *Realtime Data, LLC v. Rackspace US, Inc.*, No. 6:16-CV-00961, 2017 WL 772654, at *2 (E.D. Tex. Feb. 28, 2017) (quotation omitted); *see also Universal Elecs., Inc. v. Universal Remote Control, Inc.,* 943 F. Supp. 2d 1028, 1035 (C.D. Cal. 2013) ("If litigation were stayed every time a claim in suit undergoes reexamination, federal infringement actions would be dogged by fits and starts. Federal court calendars should not be hijacked in this manner.") (quotation omitted).

Stays pending <u>instituted</u> PTAB proceedings may be routine.  However, before the PTAB has instituted a CBM or IPR proceeding, courts are less inclined to grant stays, because the likelihood of simplification is so speculative: "[u]nless and until the PTAB institutes [] CBM proceedings based on the petitions, any expected simplification rests on speculation that such institution will occur." *Universal Secure Registry, LLC v. Apple Inc.*, No. CV 17-585-CFC, 2018 WL 4486379, at *2 (D. Del. Sept. 19, 2018) (citation omitted). In these circumstances, courts deny the request to stay without prejudice to renew if the PTAB institutes review. *See, e.g., id.*; *see also*

*Nasdaq, Inc. v. Miami Int'l Holdings, Inc.*, C.A. No. 17-6664-BRM, 2018 WL 3814280, at *1 (D.N.J. Aug. 10, 2018) (denying motion to stay without prejudice and collecting cases from other federal districts, all holding that a stay is premature until the PTAB instituted the petition); *Loyalty Conversion Sys. Corp. v. American Airlines, Inc.*, C.A. No. 2:13-cv-655, 2014 WL 3736514, at *1 (E.D. Tex. Dec. 16, 2014) (deferring ruling until the PTAB decides whether to grant CBM review, and describing this view as the "majority" position); *Copy Prot. LLC v. Netflix, Inc.*, C.A. No. 14-365-LPS, 2015 WL 3799363, at *1 (D. Del. June 17, 2015) (denying motion to stay without prejudice); *Parallel Networks Licensing, LLC v. Ramquest Software, Inc.*, No. 4:19-CV-487, 2020 WL 1236266 (E.D. Tex. Mar. 13, 2020) (same); *Bell N. Research, LLC v. CoolPad Techs., Inc.*, No. 18-CV-1783-CAB, 2019 WL 3782183 (S.D. Cal. Aug. 12, 2019) (same).

## III.   POM WILL SUFFER UNDUE PREJUDICE AND TACTICAL DISADVANTAGE IF THE STAY IS GRANTED

This factor considers whether a stay would unduly prejudice the nonmoving party or present a clear tactical advantage for the moving party. Like all patent owners, POM has an interest in the timely enforcement of its patent rights. While mere potential for delay, by itself, does not establish undue prejudice, this case involves the parties' competitive relationship and the shifting market for the patented and accused games which weigh heavily against a stay.

"In assessing undue prejudice to the non-movant, the court may also consider: (1) the timing of the request for review; (2) the timing of the request for a stay; (3) the status of the review proceeding; and (4) the relationship of the parties." *Universal Secure Registry*, 2018 WL 4486379, at *4 n.7 (citation omitted).

"[C]ompetition between parties can weigh in favor of finding undue prejudice." *VirtualAgility*, 759 F.3d at 1318 (citation omitted). Courts "are generally reluctant to stay proceedings when the parties are direct competitors." *Smartflash LLC v. Apple, Inc.*, No. 6:13-CV-447, 2014 WL 3366661, at *5 (E.D. Tex. Jul. 8, 2014) (denying motion to stay without prejudice) (citing *VirtualAgility*); *see also Nasdaq,* 2018 WL 3814280, at *1 (finding direct competition "weighs highly against" a stay). A stay in a competitor case can allow an accused infringer to increase its market share while precluding the patent owner from enforcing its patent rights.  *See, e.g., Norgren Automation Sols., LLC v. PHD, Inc.* No. 14-cv-13400, 2015 WL 1245942, at *2 (E.D. Mich. Mar. 18, 2015).

Here, the direct competition between the parties is undisputed [*see* Dkt. 45, at 8], and these special circumstances warrant consideration. There are only a handful of competitors in the electronic skill gaming marketplace in Pennsylvania, POM is the market leader in Pennsylvania for electronic skill games, and POM and PA Coin directly compete in that market.  [*See* Declaration of Ryan Wood ("Wood Dec.", **EXHIBIT G**), ¶¶ 8, 11-14].

The market is highly segmented. [*Id.* ¶ 3]. POM is the market leader and PA Coin is along the largest competitors of POM in the Pennsylvania market. [*Id.* ¶¶ 8, 11, 14]. Loss of customer opportunities carry significant adverse consequences to POM that are difficult to quantify, including lost downstream business opportunities as facility owners expand operations to new facilities due to loss of good will. [*Id.* ¶ 12].

Given this, monetary damages would not adequately compensate POM for harm suffered due to a stay. *See TPK Touch Sols., Inc v. Wintek Electro-Optics Corp.*, No. 13-CV-02218-JST, 2013 WL 6021324, at *6 (N.D. Cal. Nov. 13, 2013) (finding the risk of harm to plaintiff weighed heavily against a stay based on the highly segmented, dynamic and rapidly evolving market, with very few competitors other than the parties). This is particularly true here, where POM seeks a permanent injunction. [Dkt. 25, Prayer for Relief; *Nidec Corp. v. LG Innotek Co.*, No. CIV.A. 6:07CV108, 2009 WL 3673433, at *4 (E.D. Tex. Apr. 3, 2009)].

Further, the delay caused by staying this action would create a tactical disadvantage for and cause undue prejudice to POM, given the state of POM's ongoing efforts to discover technical documents proving infringement. More specifically, as outlined above, PA Coin produced no technical documents on the deadline in the CMO [Dkt. 50, at 3], opting instead to assert that all of the technical documents relevant to the dispute are in the possession of Banilla, not PA Coin. [Hill

Dec. ¶ 14]. While POM issued a subpoena to Banilla in late February 2020 seeking technical documents and source code, Banilla has yet to produce a single document. [*Id*. ¶ 15]. Instead, the parties and Banilla have engaged in a protracted negotiation over the form and language of an additional protective order that would satisfy Banilla. [*Id*. ¶¶ 15-17]. Banilla filed its CBM Petition the day after PA Coin circulated the draft supplemental protective order to address Banilla's confidentiality concerns. [*Id*. ¶ 17]. The timing of the CBM petition and motion to stay appears to be a tactical response to POM's push to discover Banilla's technical documentation relating to the infringing systems. Under these circumstances, a stay at this point risks "prolonging the final resolution of the dispute and thereby may result in some inherent prejudice to the plaintiff." *Copy Protection*, 2015 WL 3799363, at *1 (quotation omitted).

POM's decision not to seek a preliminary injunction does not prove a lack of undue prejudice. A preliminary injunction is very rarely granted. Regardless, many courts find that a loss in market share is undue prejudice, including because money damages cannot fully compensate a patent owner for that loss. *See, e.g.*, *Procter & Gamble Co. v. Team Techs., Inc.*, No. 1:12-CV-552, 2013 WL 4830950, at *2 (S.D. Ohio Sept. 10, 2013) (denying stay: noting that competitive harm to plaintiff would be "exacerbated if this action is put on hold pending the outcome of [defendant's] validity challenges."); *Davol Inc. v. Atrium Medical Corp.*, No. Civ.A. 12-958-

10

GMS, 2013 WL 3013343, at *4 (D. Del. June 17, 2013) (denying stay: noting that "while eventual money damages might be sufficient to compensate Davol for lost sales, the prospect of lost market share and price erosion inject an added measure of uncertainty into this action."); *Ultratec, Inc. v. Sorenson Commc'ns, Inc.*, No. 13-CV-346-BBC, 2013 WL 6044407, at *4 (W.D. Wis. Nov. 14, 2013) (denying stay: noting that, as "direct competitors in a small market," "there is a greater likelihood that plaintiffs will lose significant market share to defendants."); *TPK*, 2013 WL 6021324, at *6; *Universal Elecs.*, 943 F. Supp. 2d at 1034 (denying stay: "the Court will not hold against [the patentee] its decision to spare the parties more litigation [in the form of a motion for preliminary injunction].") (quotation omitted); *CDX Diagnostics, Inc. v. U.S. Endoscopy Grp., Inc.*, No. 13-CV-05669 NSR, 2014 WL 2854656, at *4-5 (S.D.N.Y. June 20, 2014) (denying stay: competition between the parties weighed against a stay despite lack of preliminary injunction); *Shurtape Techs., LLC v. 3M Co.*, No. 5:11CV17-RLV, 2013 WL 789984, at *2 (W.D.N.C. Mar. 4, 2013) (same).  Here, a stay would erode POM's market share and good will; monetary damages cannot fully compensate POM for these losses.

The status of the review proceeding also weighs against a stay. PA Coin seeks a stay pending final resolution of the CBM proceeding, including all appeals. [Dkt. 68-2]. Even if a final written decision in the instituted proceeding issued by November 2021, the litigation would nonetheless remain stayed for a lengthy period

while appeals are exhausted. *See Realtime Data LLC v. Actian Corporation*, No. 6:15-cv-463-RWS, 2016 WL 3277259, at *2 (E.D. Tex. June 14, 2016) (noting the "delay could be further exacerbated if Defendants invoke their right to appeal" the PTAB's IPR decision). POM's rights afforded by the 223 Patent are finite. These delays would substantially impact such rights.

Regarding the timing of the CBM petition and motion, courts "expect[] defendants to evaluate whether to file, and then to file, [post-grant review] petitions as soon as possible after learning that a patent may be asserted against them." *TPK*, 2013 WL 6021324, at *4. "[T]he less time that a party waits to file a motion to stay pending reexamination, the less that the movant's conduct gives rise to an inference that the delay in so doing was impermissibly tactical." *Arkema Inc. v. Honeywell Int'l, Inc.*, No. 10-CV-2886, 2013 WL 5356844, at *3 (E.D. Pa. Sept. 25, 2013) (quotation omitted). "[W]hat matters is whether the timing of the stay with respect to the knowledge of the reexaminations may lead to an inference that the moving party is seeking an inappropriate tactical advantage." *Id.* (quotation omitted).

The issue here is troubling given PA Coin's nonsensical statement that it learned about the CBM petition only after it was filed and promptly moved to stay. PA Coin shares counsel with Banilla, and its counsel was responsible for the preparation and timing of both the CBM petition and the motion to stay. Counsel

12

for PA Coin offers no justification for its lengthy delay regarding these filings.  The delay in filing therefore weighs against a stay.

After filing the petition, PA Coin's counsel waited over a month before seeking this stay. During that month alone, the parties engaged in claim construction, third parties produced approximately 1,700 files pursuant to subpoenas issued by PA Coin, and POM made a substantial document production of its own. [Hill Dec. ¶¶ 6, 12, 18; *see Actian Corp.*, 2016 WL 3277259, at *3 (delay in filing petition and motion to stay "demonstrates a lack of diligence . . . and they have not attempted to provide an explanation for this unjustifiable delay.")].

This factor weighs heavily against a stay.

## IV. AT THIS JUNCTURE, SIMPLIFICATION OF ISSUES IS SPECULATIVE

"All [Banilla] ha[s] done is filed [a] CBM petition[], which by itself does not simplify the issues in this case." *Nasdaq,* 2018 WL 3814280, at *3 (denying motion to stay without prejudice).  If the PTAB institutes CBM review, it will not occur until November 2020.  PA Coin's motion should be denied without prejudice, to be renewed if the CBM Petition is instituted.

As Judge Fallon explained in *Universal Secure Registry*:

[I]ssue simplification depends on whether the PTAB institutes or dismisses Apple's petitions[.] . . . Without any certainty as to whether the PTAB will institute review, the extent to which the issues before the court might be simplified remains unknown. As a practical matter, putting the case on hold until the decision to institute is made is likely

13

less efficient than continuing on track through discovery. Delay is not favored in litigation. There is nothing in this record to suggest that engaging in fact discovery and preparation for claim construction for an additional few months pending action by the PTAB, will unusually tax or waste the resources of the parties.

2018 WL 4486379, at *3 (denying stay without prejudice). This rationale holds true here. By the time an institution decision is reached, the parties and Court will have concluded claim construction briefing, the *Markman* hearing (*see* Dkt. 50, at 9), the Court will likely have issued its claim construction order (*see id.*), and the parties will have made additional strides towards completion of fact discovery, including the pending third-party discovery.

While PA Coin concedes that "some courts" – pejorative for "most courts" – wait until CBM or IPR institution to issue a stay, it urges this Court to follow the minority of courts that issued pre-institution stays of litigation. [Dkt. 69, at 7]. As discussed in Section II, *supra*, courts routinely defer ruling on pre-institution motions to stay until an institution decision issues.

Further, PA Coin's cited cases are distinguishable from the present case, where the factors when viewed together weighed against a stay: *iMTX Strategic*, *Market-Alerts*, and *Arch Chemicals* were in their nascent stages – no initial case management conference had taken place in two of the cases (*iMTX* and *Market-Alerts*), and no discovery had been served in the third case (*Arch Chemicals*). *See iMTX Strategic LLC v. Vimeo LLC*, No. C 15-00592-JSW, 2015 WL 4089911, at *2

14

(N.D. Cal. July 6, 2015); *Market-Alerts Party, Ltd. v. Bloomberg Finance L.P.*, 922 F. Supp. 2d 486, 492-93 (D. Del. 2013); *Arch Chemicals*, at 1.  Additionally, these courts and the court in *Sightsound Technologies* found that the parties were not direct competitors – which is exactly the opposite of the case at bar.[2] *See iMTX Strategic*, 2015 WL 4089911, at *3; *Market-Alerts*, 922 F. Supp. 2d at 495; *Arch Chemicals*, at 1; *Sightsound Techs., LLC v. Apple, Inc.*, No. 11-1292, 2013 WL 2457284, at *3 (W.D. Pa. June 6, 2013).

Indeed, while the Federal Circuit in *VirtualAgility* noted that a stay "could be granted" prior to PTAB institution, the court expressly found that it was "not error for the district court to wait until the PTAB made its decision to institute CBM review before it ruled on the motion [to stay]": "a district court is not obligated to 'freeze' its proceedings between the date that the motion to stay is filed and the date that the PTAB decides on the CBM petition." 759 F.3d at 1315-16 (emphasis added).

PA Coin argues that if the asserted claims survive the CBM proceeding, the proceedings are likely to aid the Court in subsequent claim construction. [Dkt. 69, at 10-11]. However, absent a stay this Court is likely to have concluded claim construction before institution of a CBM proceeding, if one is instituted. If the Court denied PA Coin's motion with leave to re-file if institution is granted, the parties and

---

[2] Further, unlike in *Market-Alerts,* PA Coin merely relies on statistics, and has not argued specific facts suggesting that a PTAB proceeding is likely to result in cancellation of asserted claims of the 223 Patent.

Court's work could just as readily aid the PTAB, insofar as trial and decision of any CBM proceeding would not occur until October or November 2021. PA Coin's suggestion that a stay would provide invaluable assistance to the Court is complicated by Banilla's lengthy delay in filing the CBM petition, and PA Coin's concomitant delay of over four weeks in filing this motion. Now, the parties are more than knee-deep in the claim construction process, with tutorials and opening briefs to be filed in only 7 days. [Dkt. 50, at 9].

PA Coin relies upon PTAB institution statistics. [Dkt. 69, at 9]. However, these very institution rates reflect a continued decline in institution, from a high of 87% in 2013 to a low of 63% in 2019, and the 2020 institution rate is down to 56%. [Dkt. 69-3, at 6]. Further, this year the PTAB has increasingly issued discretionary denials of IPR petitions pursuant to 35 U.S.C. § 314(a), due to the advanced state of parallel district court litigation. *See, e.g. NHK Spring Co, Ltd.. v. Intri-Plex Tech., Inc.*, IPR2018-00752, Paper 8 at 19-20 (PTAB Sept. 12, 2018) (denying institution of IPR pursuant to 35 U.S.C. § 314(a) (**Exhibit H**); *Apple, Inc. v. Fintiv, Inc.*, IPR2020-00019, Paper 11 (PTAB March 20, 2020) (setting forth factors for discretionary denial of IPR petition) (**Exhibit I**). Based on the discretionary denial factors at play in these and similar cases, the PTAB may refuse the review of the current CBM petition without any comment on the merits due to the advanced status of this case and the desire to avoid parallel proceedings.

16

This factor weighs against a stay.

For the same reasons, the fourth factor – whether a stay will reduce the burden of litigation on the parties and Court – is speculative. *See, e.g., Nasdaq*, 2018 WL 3814280, at *5 ("Again, because it is speculative whether the petitions for review will be granted, the Court cannot determine at this stage whether staying this matter will reduce the burden of litigation on the parties and on the Court."). To be clear, POM is not advocating that "litigation proceed in parallel with the CBM proceeding" [*see* Dkt. 69, at 15-16], since, right now, there is no instituted CBM proceeding.

## V. THE PROCEEDINGS HAVE REACHED A RELATIVELY ADVANCED STAGE

This factor requires district courts to consider "whether discovery is complete and whether a trial date has been set". While generally such consideration is taken as of the date of the stay motion, "there [is] no error in also taking into account the stage of litigation as of the date that CBM review was granted." *VirtualAgility*, 759 F.3d at 1317 n.6.

As indicated, this case is hardly in its infancy. A trial date is set (March 7, 2022, Dkt. 50), and the Court has denied PA Coin's motion to dismiss pursuant to 35 U.S.C. § 101 and failure to state a claim. [Dkt. 62]. The parties have engaged in significant party and non-party discovery and claim construction work for many months. All told, the parties have sought and/or responded to a combined 26 interrogatories and 186 document requests. [*See* Hill Dec. ¶ 9]. Third party discovery

17

is similarly ongoing, with the parties having issued 5 subpoenas, resulting in production of approximately 1,700 separate files thus far. [*Id.* ¶¶ 15, 18; Dkts. 65-1–65-4]. Furthermore, counsel has made significant progress in identifying third party source code of Pace-O-Matic for review, and drafting a protective order to facilitate review of both Pace-O-Matic and Banilla source code. [*See* Hill Dec. ¶¶ 12, 15-17].

*Zillow, Inc. v. Trulia, Inc.*, No. C12-1549JLR, 2013 WL 5530573 (W.D. Wash. Oct. 7, 2013), *see* Dkt. 69, at 12, is inapposite. While *Zillow* concluded that a stay at a reasonably early juncture was "not unprecedented", it also explicitly found that, unlike this case, the "lion's share of the work" on the defendant's motion to dismiss under 35 U.S.C. § 101 had yet to be completed (as the court deferred a substantive ruling on the motion), and noted that if the stay motion had been filed earlier the factor would weigh more heavily in defendant's favor. 2013 WL 5530573, at *6. Here, the CBM petition and motion to stay were filed nine and ten months after suit was filed, respectively. The substantial delay in seeking CBM review and the significant progress of this case militate against a stay.

/ / /

## VI.   CONCLUSION

POM requests that the Court deny PA Coin's motion to stay pending CBM review, without prejudice.

July 9, 2020                                        **HILL, KERTSCHER, & WHARTON, LLP**

*/s/ Steven G. Hill*
Steven G. Hill, GA Bar No. 354658
*Admitted pro hac vice*
John L. North, GA Bar No. 545580
*Admitted pro hac vice*
Martha L. Decker, GA Bar No. 420867
*Admitted pro hac vice*
3350 Riverwood Parkway
Atlanta, Georgia 30339
Telephone: (770) 953-0995
Fax: (770) 953-1358
sgh@hkw-law.com
jln@hkw-law.com
md@hkw-law.com

-   **and -**

**KLEINBARD LLC**

Matthew H. Haverstick (PA ID No. 85072)
Eric J. Schreiner (PA ID No. 76721)
Paul G. Gagne (PA ID No. 42009)
Shohin H. Vance (PA ID No. 323551)
Three Logan Square, 5th Floor
1717 Arch Street
Philadelphia, PA 19103
Telephone: (215) 568-2000
Fax: (215) 568-0140
mhaverstick@kleinbard.com
eschreiner@kleinbard.com
pgagne@kleinbard.com

19

svance@kleinbard.com

*Counsel for Plaintiffs Savvy Dog Systems, LLC and POM of Pennsylvania, LLC*