# EXHIBIT A

**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| SAVVY DOG SYSTEMS, LLC, a Wyoming limited liability company, and POM OF PENNSYLVANIA, LLC a Wyoming limited liability company,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>PENNSYLVANIA COIN, LLC, a Pennsylvania limited liability company, and PA COIN HOLDINGS, LLC, a Pennsylvania limited liability company,<br><br>　　　　　Defendants. | Civil Action No. 3:19-cv-01470-JPW<br><br>　　Honorable Jennifer P. Wilson<br><br>**JURY TRIAL DEMANDED** |

<u>**PLAINTIFFS' DISCLOSURE OF ASSERTED CLAIMS AND INFRINGEMENT CONTENTIONS**</u>

Pursuant to the Court's Case Management Order in this action [Dkt. 50], Plaintiffs Savvy Dog Systems, LLC and POM of Pennsylvania, LLC ("Plaintiffs") submit this disclosure of asserted claims and infringement contentions to Defendants Pennsylvania Coin, LLC and PA Coin Holdings, LLC ("Defendants"). Plaintiffs identify the accused products, including accused methods and systems, and Plaintiffs' damages model, as well as the claims of the asserted patent that the accused products allegedly infringe. Further, Plaintiffs produce initial claim charts relating each known accused product to which claims of the asserted patent each such product allegedly infringes. Finally, Plaintiffs produce the file history for the asserted patent.

**I.     DISCLOSURE OF ASSERTED CLAIMS AND INFRINGEMENT CONTENTIONS**

a) <u>Asserted claims</u>. Defendants infringe Claims 44, 47, 49-51, 54, 56 and 57 of U.S. Patent No. 7,736,223 (the "223 Patent"), pursuant to 35 U.S.C. § 271(a) or (b).

Plaintiffs reserve the right to supplement their contentions to identify additional claims infringed by Defendants during and after discovery, in response to Defendants' production and disclosures, after claim terms are construed, after any other event leading to discovery of additional information regarding Defendants' infringement, or as permitted by the rules of this Court, the Federal Rules, or otherwise permitted by the Court.

b) <u>Accused Instrumentality</u>. As reflected in charts A-K, attached hereto, Plaintiffs accuse Defendants' Superior Skill: Lightning Edition (Ex. A), Lightning Skill (Ex. B), Superior Skill 1 (Ex. C), Superior Skill 2 (Ex. D), Superior Skill 3 (Ex. E), Choice Skill 1 (Ex. F), Choice Skill 3 (Ex. G), and Choice Skill 4 (Ex. H) games (collectively, the "Preview + Skill" games), and Defendants' Fusion 1 (Ex. I), Fusion 2 (Ex. J), and Fusion 3 (Ex. K) games (collectively, the "Fusion Games") of infringing the foregoing claims of the 223 Patent.

Plaintiffs expect that this disclosure may be subject to amendment or supplementation to identify and accuse additional products identified during discovery, or released, developed, or made available by Defendants after the date on which these contentions are served, or of which Plaintiffs were not aware at the time of these contentions.

c) <u>Charts</u>. Charts A-K, attached hereto, identify specifically where and how each limitation of each asserted claim is found within the Accused Instrumentality, including for each limitation that such party contends is governed by 35 U.S.C. § 112(f), the identity of the structures, acts or materials in the Accused Instrumentality that perform the claimed function. The charts are based on publicly available information currently accessible to Plaintiffs.

d) <u>Direct Infringement</u>. Defendants directly infringed the specified claims in Charts A-K through their manufacture, sales, offers for sale, demonstrations, testing and other use of the Preview + Skill games and Fusion Games ("Accused Products"). Any continued manufacture, sales, offers for sale, demonstrations, testing and other use of the Accused Products further

PLAINTIFFS' DISCLOSURE OF ASSERTED CLAIMS AND INFRINGEMENT CONTENTIONS

constitutes direct infringement by Defendants. Although no discovery has been produced in this case by Defendants, upon information and belief the Defendants also encourage their clients who purchase the Accused Products in question to use them and to make them available to third parties to use, which activity has continued since the time that the Defendants had knowledge of the '223 Patent and notice of the complaint in this case.  These activities include ongoing sales and promotional efforts by Defendants to promote their Accused Products as suitable for customers to operate in their stores during regular business hours, as well as continuing support and maintenance of the games by the Defendants so that the customers can keep the Accused Products up and running at Defendants' customer stores. Therefore, Defendants are also liable for inducing the infringement of the '223 Patent by their customers.

e) <u>Literal Infringement and Doctrine of Equivalents</u>. Charts A-K, attached hereto, expressly state whether a given limitation is literally present or present under the doctrine of equivalents. These charts are based on Plaintiffs' current understanding of the claim language (prior to claim construction) and publicly available information pertaining to the Accused Products, and without notice of any non-infringement position from Defendants. Plaintiffs reserve the right to further assert the doctrine of equivalents, in response to Defendants' production and disclosures, after claim terms are construed, after receiving Defendants' source code and other confidential document production, after receiving Defendants' non-infringement contentions, after any other event leading to discovery of additional information regarding Defendants' infringement, or as permitted under the rules of this Court, the Federal Rules, or otherwise permitted by the Court.

f) <u>File History.</u>  A copy of the 223 Patent file history was produced in this action as POM000021-POM000261.

/ / /

PLAINTIFFS' DISCLOSURE OF ASSERTED CLAIMS AND INFRINGEMENT CONTENTIONS

## II.    DAMAGES MODEL

Plaintiffs refer Defendants to Plaintiffs' Responses to Interrogatory No. 3, served on March 27, 2020, which is incorporated by reference as if fully restated herein.

April 6, 2020

**HILL, KERTSCHER, & WHARTON, LLP**

_/s/ Steven G. Hill_

Steven G. Hill, GA Bar No. 354658
_Admitted pro hac vice_
John L. North, GA Bar No. 545580
_Admitted pro hac vice_
Martha L. Decker, GA Bar No. 420867
_Admitted pro hac vice_
3350 Riverwood Parkway
Atlanta, Georgia 30339
Telephone: (770) 953-0995
Fax: (770) 953-1358
sgh@hkw-law.com
jln@hkw-law.com
md@hkw-law.com

-    **and –**

**KLEINBARD LLC**

Matthew H. Haverstick (PA ID No. 85072)
Eric J. Schreiner (PA ID No. 76721)
Paul G. Gagne (PA ID No. 42009)
Shohin H. Vance (PA ID No. 323551)
Three Logan Square, 5th Floor
1717 Arch Street
Philadelphia, PA 19103
Telephone: (215) 568-2000
Fax: (215) 568-0140
mhaverstick@kleinbard.com
eschreiner@kleinbard.com
pgagne@kleinbard.com
svance@kleinbard.com

_Counsel for Plaintiffs Savvy Dog Systems, LLC and POM of Pennsylvania, LLC_

PLAINTIFFS' DISCLOSURE OF ASSERTED CLAIMS AND INFRINGEMENT CONTENTIONS

## CERTIFICATE OF SERVICE

I hereby certify that Plaintiffs' Disclosure of Asserted Claims and Infringement Contentions was served via electronic mail on counsel of record for Defendants this 6th day of April, 2020.

/s/ Steven G. Hill
Steven G. Hill

---

5

PLAINTIFFS' DISCLOSURE OF ASSERTED CLAIMS AND INFRINGEMENT CONTENTIONS