# EXHIBIT B

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| SAVVY DOG SYSTEMS, LLC, a Wyoming limited liability company, and POM OF PENNSYLVANIA, LLC a Wyoming limited liability company,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>PENNSYLVANIA COIN, LLC, a Pennsylvania limited liability company, and PA COIN HOLDINGS, LLC, a Pennsylvania limited liability company,<br><br>　　　　Defendants. | Civil Action No. 3:19-cv-01470-JPW<br><br>Honorable Jennifer P. Wilson |

**DECLARATION OF STEVEN G. HILL**
**IN SUPPORT OF PLAINTIFFS' BRIEF IN OPPOSITION TO**
**DEFENDANTS' MOTION TO STAY**

I, Steven G. Hill, declare as follows

　　1.　　I am an attorney at law duly licensed to practice in the State of Georgia, and have been admitted to appear *pro hac vice* in the Middle District of Pennsylvania in connection with this litigation. I am a member of the law firm of Hill, Kertscher & Wharton LLP, counsel of record for Plaintiffs Savvy Dog Systems, LLC and POM of Pennsylvania, LLC ("POM"). I have personal

1

knowledge of the facts set forth in this Declaration and, if called as a witness, could and would testify competently to such facts under oath.

2. On February 5, 2020, Defendants Pennsylvania Coin, LLC and PA Coin Holdings, LLC (collective, "PA Coin"). POM served initial disclosures on February 6, 2020, and First Supplemental Rule 26 Disclosures on June 22, 2020.

3. On April 6, 2020, POM served its Asserted Claims and Infringement Contentions, with 133 pages of related claim charts, in accordance with the Case Management Order.

4. The April 6, 2020 Asserted Claims and Infringement Contentions included reference to POM's damages model, previously produced in response to PA Coin Interrogatory No. 3.

5. On May 6, 2020, PA Coin produced certain damages-related documents, and on June 4, 2020 PA Coin served invalidity contentions with 372 pages of prior art and 339 pages of related claim charts.

6. On June 11, 2020, the parties exchanged proposed terms and phrases along with their respective proposed constructions. The parties subsequently conferred to narrow the number of disputed words and phrases in need of construction down to seven.

7. The parties have prepared a joint claim construction statement, which will be filed on July 9, 2020.

8. The preparation of POM's tutorial describing the technology and matters in issue, as well as POM's opening claim construction brief is well under way.

9. To date, POM has responded to 16 interrogatories and 99 document requests, and PA Coin has responded to 10 interrogatories and 87 document requests.

10. Assuming timely responses, PA Coin will respond to an additional 4 interrogatories and 13 document requests by late July 2020.

11. The parties have exchanged no less than a dozen substantive follow-up letters with each other regarding the scope and progress of ongoing discovery.

12. To date, POM has produced 3,019 pages of documents, the majority of which were produced on June 22, 2020. At PA Coin's request, Pace-O-Matic, Inc., an affiliate of POM, has identified significant electronic files, including source code files, which are responsive to PA Coin's requests.

13. On June 22, 2020, POM produced a privilege log.

14. To date, PA Coin has produced 77 pages of discovery, excluding prior art. In May 20, 2020 correspondence, counsel for PA Coin represented that PA

Coin's production is substantially complete, writing that: "PA Coin do not expect future productions to be of significant volume." Counsel for PA Coin also represented that all technical documents relevant to the dispute are in the possession of non-party Banilla Games, Inc. ("Banilla"), the manufacturer of the accused gaming boards used in the PA Coin game terminals.

15.     POM issued a subpoena to Banilla in late February 2020, but Banilla has yet to produce a single document, despite repeated efforts by POM. The parties and Banilla have engaged in a lengthy negotiation over a protective order form that would satisfy Banilla.

16.     More specifically, the parties have actively negotiated the terms of a supplemental protective order protecting the interests of Banilla, including the exchange of three versions of a draft protective order relating to third party production in anticipation of review of source code and other sensitive technical documents. Based on the progress made to date, I anticipate that the parties will file an agreed motion to enter the supplemental protective order in July.

17.     More specifically, on May 20, 2020, PA Coin circulated a draft supplemental protective order for POM's review, to address Banilla's concerns regarding the disclosure of confidential Banilla information in the litigation.  This

was the first version alluded to above in paragraph 16. Since then, the parties have exchanged two additional drafts.

18. In late May and June 2020 (after the CBM petition was filed), two non-parties subpoenaed by PA Coin – Kurt Gearhiser and Steven Heubeck, Ph.D. – produced approximately 1,700 files between them.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 9th day of July, 2020 in Dawson County, Georgia.

>*/s/ Steven G. Hill*
>Steven G. Hill
>*Counsel for Plaintiffs*