# EXHIBIT D

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

SAVVY DOG SYSTEMS, LLC, and
POM of PENNSYLVANIA, LLC,

      Plaintiffs,

      v.

PENNSYLVANIA COIN, LLC, and PA
COIN HOLDINGS, LLC

      Defendants.

CIVIL ACTION NO: 3:19-cv-01470-JPW

Honorable Jennifer P. Wilson

## NON-PARTY BANILLA GAMES, INC.'S RESPONSES AND OBJECTIONS TO SUBPOENA TO PRODUCE DOCUMENTS

Pursuant to Federal Rules of Civil Procedure 26 and 45, non-party Banilla Games, Inc. ("Banilla") hereby provides it responses and objections to the subpoena served by plaintiffs in the above-referenced action, Savvy Dog Systems, LLC and POM of Pennsylvania, LLC (collectively, "Plaintiffs").

Banilla's responses are made based on its present knowledge. Banilla specifically reserves its right to amend, modify, or supplement its responses and objections.

In responding to any enumerated request in the subpoena (the "Requests"), Banilla neither admits the existence of any facts set forth or assumed by the Request, nor concedes the relevance or materiality of the Request or the subject matter thereof. Further, that Banilla responds to part or all of any Request is not (and should not be construed to be) a waiver by Banilla of any objections. Banilla's responses are made subject to and in reliance on the General Objections set forth below, and each General Objection is incorporated into each specific response below as if set forth fully therein. The recitation of one or more specific objections in any particular response is not to be construed as a waiver of any objection.

## GENERAL OBJECTIONS

Banilla generally objects to the Requests as follows:

1.      Banilla—a non-party to the instant litigation—objects to the Requests as unduly burdensome insofar as they purport to require Banilla to engage in document collection and production as if it were a party with claims asserted against it.

2.      Banilla objects to the Requests as well as the Definitions and Instructions contained therein to the extent that they seek to impose upon Banilla any obligations different from, or in addition to, those obligations imposed by the Federal Rules of Civil Procedure, the Local Rules of the Middle District of Pennsylvania, the Local Rules of the Northern District of North Carolina, and/or any applicable local rules, procedures, or Orders of the Court.

3.      Banilla objects to the Requests to the extent that they seek information protected from discovery by the attorney-client privilege, the work product doctrine, Fed. R. Civ. P. 26(b)(4)(B), (C) & (D), and/or any other applicable privilege or immunity.  Nothing in these responses is intended to be, nor should it be considered, a waiver of the attorney-client privilege, work product doctrine, immunity under Fed. R. Civ. P. 26(b)(4)(B), (C) & (D), or other applicable privileges or immunities.

4.      Banilla objects to the Requests to the extent that they seek the disclosure of information that is confidential to Banilla in the absence of an appropriate Protective Order. Banilla is aware that there has been a Protective Order entered in the instant litigation between Plaintiffs and Defendants, *see* C.A. No. 3:19-cv-01470-JPW, Dkt. No. 53, which provides that a "non-party" may designate documents as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  However, to the extent that this existing Protective Order is insufficient to provide adequate protections for highly sensitive and confidential proprietary

information, Banilla objects to any production in the absence of entry of a supplemental protective order sufficient to protect its interests.

5.     Banilla objects to the Requests to the extent that they call for information that is the subject of confidentiality or secrecy obligations to one or more non-parties, the disclosure of which would violate either the letter or spirit of such confidentiality or secrecy obligations.  If Banilla objects to these Requests solely on third-party confidentiality grounds, Banilla will notify Plaintiffs' counsel of that fact and confer with Plaintiffs' counsel to determine whether and how such information can be disclosed.

6.     Banilla objects to the Requests as overly broad, unduly burdensome, and beyond the permissible scope of Fed. R. Civ. P. 26 to the extent that they seek information that is not reasonably calculated to lead to the discovery of admissible evidence relevant to the claims or defenses of any party.

7.     Banilla objects to the Requests to the extent that they seek information that is (a) not in the possession, custody, or control of Banilla, (b) publicly available, and/or (c) otherwise obtainable by more practical or inexpensive means.

8.     Banilla objects to the Requests as overly broad and unduly burdensome to the extent that the Requests seek documents that could be obtained through discovery directed to the one or more of the parties in the instant action.

9.     Banilla objects to the Requests to the extent that they seek information or documents without regard to a time frame or scope relevant to the issues in dispute in the instant action.

3

10.    Banilla objects to Instruction No. 1 as overly broad, unduly burdensome, and disproportionate to the needs of the instant action insofar as it demands production of documents outside of Banilla's possession, custody, or control.

11.    Banilla objects to Instruction No. 2 as overly broad, unduly burdensome, and disproportionate to the needs of the instant action.

12.    Banilla objects to Instruction No. 3 as vague, overly broad, unduly burdensome, and disproportionate to the needs of the instant action.

13.    Banilla objects to Instruction No. 4 as overly broad, unduly burdensome, and disproportionate to the needs of the instant action insofar as it purports to require production of a privilege log with certain requirements that extend beyond that which would be necessary to reasonably assess the validity of a claim of privilege, including instruction 4(c) and the statement that "[t]he failure to produce such a log may be deemed a waiver of privilege or work product."

14.    Banilla objects to Instruction No. 6 as unduly burdensome and disproportionate to the needs of the instant action insofar as it purports to require production in a certain format.

15.    Banilla objects to Instruction No. 8 as unduly burdensome to non-party Banilla insofar as it purports to impose obligations on Banilla under Rule 34 of the Federal Rules of Civil Procedure, which pertains solely to parties.

16.    Banilla objects to the definition of "Accused Products" as overly broad and unduly burdensome insofar as it encompasses products that Banilla never sold, distributed, or provided to Pennsylvania Coin, LLC and PA Coin Holdings, LLC.  In answering these Requests Banilla will construe Accused Products to mean (1) Banilla electronic video gaming terminals equipped with gaming (circuit) boards preloaded with any of the following games:  Lightning Skill, Super Skill 1, Super Skill 2, Super Skill 3, Superior Skill:  Lightning Edition, Choice Skill

4

1, Choice Skill 2, Choice Skill 3, Choice Skill 4 and (2) electronic video gaming terminals equipped with gaming (circuit) boards supplied by Banilla that have preloaded thereon Fusion 1, Fusion 2, and/or Fusion 3.

17.     Banilla objects to the definition of "you," "your," and "Banilla" as overly broad and unduly burdensome.  For purposes of its responses to the Requests, Banilla will construe "Banilla" to refer to itself, a non-party to the instant action.

18.     Banilla objects to the definition of "Defendants" as overly broad and unduly burdensome.  For purposes of its responses to the Requests, Banilla will construe "Defendants" to refer to Pennsylvania Coin, LLC and PA Coin Holdings, LLC, defendants in the instant action.

19.     Banilla objects to the definition of the term "person" or "party" as overly broad and unduly burdensome.  For purposes of its responses to the Requests, Banilla will construe "person" or "party" to refer to the name individual or entity.

20.     Banilla objects to the definitions of "document" and "communication" to the extent that the definitions: (a) alters the scope of a Request beyond the proportional needs of the case; (b) requires production of electronically stored or archived information that is not reasonably accessible because of undue burden or cost; and/or (c) expands the scope of a Request to exceed the scope or limits of any Protective Order to be entered regarding Banilla's production.

21.     Banilla objects to the Requests insofar as they purport to require Banilla to produce documents within an unreasonable time period.  Banilla will produce any documents in response to the Requests in accordance with timing to be agreed upon with Plaintiffs in the instant action.

22.     Banilla objects to the Requests as overbroad and unduly burdensome to the extent they purport to impose an obligation on Banilla to log documents withheld on the grounds of privilege for an unreasonable period of time.  Banilla will not log documents withheld on privilege, attorney work product, or other discovery immunities generated after August 23, 2019, the date on which the original complaint was filed in the instant action.

## RESPONSES AND OBJECTIONS TO REQUESTS

**1.     Documents sufficient to identify all sales of the Accused Products to Defendants, including documents sufficient to identify: (a) date of sale; (b) product(s) sold; (c) the game(s) installed on each Accused Product sold; (d) the sales price for each Accused Product; (d) shipping costs associated with each sale; and (e) the purchasing entity.**

**RESPONSE:**  Banilla hereby incorporates its objections made in its General Objections. Banilla further objects to this Request as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence relevant to the claims or defenses of any party.  Banilla further objects to this Request as overly broad and unduly burdensome to the extent that the Request seeks documents that could be obtained through discovery directed to the parties in the instant action.  Banilla further objects to this Request as overly broad and unduly burdensome insofar as it uses the term "Accused Products"—a term that includes products that Banilla never sold, distributed, or provided to Defendants.  Banilla further objects to this Request insofar as it requests information in a format that is not kept by Banilla in the ordinary course of business.

Subject to and without waiver of the foregoing objections and subject to the confidentiality protections set forth in the Protective Order in the instant action (Dkt. 53), Banilla will produce documents sufficient to show sales (if any) by Banilla to either Defendant of Banilla electronic video gaming terminals equipped with gaming (circuit) boards preloaded with any of the following games:  Lightning Skill, Super Skill 1, Super Skill 2, Super Skill 3, Superior

Skill:  Lightning Edition, Choice Skill 1, Choice Skill 2, Choice Skill 3, Choice Skill 4 and electronic video gaming terminals equipped with gaming (circuit) boards supplied by Banilla that have preloaded thereon Fusion 1, Fusion 2, and/or Fusion 3 to the extent such documents exist and can be located and produced after a reasonable search and without undue burden or expense. Banilla will conduct a reasonable search for documents regarding these sales reflecting the date of sale, product(s) sold, which of the game(s) listed in this response were installed on the device, the price paid, and the purchasing entity, will produce documents sufficient to show this information to the extent such documents exist and can be located and produced after a reasonable search and without undue burden or expense.

**2.      All contracts, purchase orders, sales agreements and other documents relating to the sale, transfer, distribution, lease, possession, advertisement, use or any other payment associated with Defendants' acquisition of any Accused Product.**

**RESPONSE**:  Banilla hereby incorporates its objections made in its General Objections. Banilla further objects to this Request as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence relevant to the claims or defenses of any party.  Specifically, Banilla objects to this Request as overly broad and unduly burdensome insofar as it uses the term "Accused Products"—a term that includes products that Banilla never sold, distributed, or provided to Defendants.  Banilla further objects to this Request as overly broad and unduly burdensome to the extent that the Request seeks documents that could be obtained through discovery directed to the parties in the instant action.  Banilla further objects to this Request to the extent that it seeks documents that are protected by the attorney-client privilege, the work product doctrine, and/or any other applicable privilege or protection.  Banilla further objects to this Request insofar as it seeks information which is confidential to Banilla or that is the subject of confidentiality or secrecy obligations to one or more non-parties, the

7

disclosure of which would violate either the letter or spirit of such confidentiality or secrecy obligations.

Subject to and without waiver of the foregoing objections and subject to the confidentiality protections set forth in the Protective Order in the instant action (Dkt. 53), Banilla responds that it will produce contracts or agreements between Banilla and either Defendant regarding the following products and payments received by Banilla from either Defendant for the following products: Banilla electronic video gaming terminals equipped with gaming (circuit) boards preloaded with any of the following games:  Lightning Skill, Super Skill 1, Super Skill 2, Super Skill 3, Superior Skill:  Lightning Edition, Choice Skill 1, Choice Skill 2, Choice Skill 3, Choice Skill 4 and electronic video gaming terminals equipped with gaming (circuit) boards supplied by Banilla that have preloaded thereon Fusion 1, Fusion 2, and/or Fusion 3 to the extent such documents exist and can be located and produced after a reasonable search and without undue burden or expense.

**3.      All documents, including correspondence and agreements, concerning any agreement to indemnify relevant to this litigation.**

**RESPONSE**:  Banilla hereby incorporates its objections made in its General Objections. Banilla further objects to this Request as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence relevant to the claims or defenses of any party.  Banilla objects to this Request as overly broad and unduly burdensome to the extent that the Request seeks documents that could be obtained through discovery directed to the parties in the instant action.  Banilla further objects to this Request insofar as it seeks information which is confidential to Banilla or that is the subject of confidentiality or secrecy obligations to one or more non-parties, the disclosure of which would violate either the letter or spirit of such confidentiality or secrecy obligations.  Banilla further objects to this Request to the extent that it

8

seeks documents that are protected by the attorney-client privilege, the work product doctrine, and/or any other applicable privilege or protection. Banilla further objects to this Request insofar as it uses the term "relevant" and therefore calls for a legal conclusion.

Subject to and without waiver of the foregoing objections, Banilla responds that it will not produce documents in response to this Request.

**4.     All documents and correspondence with Defendants regarding this action.**

**RESPONSE**:  Banilla hereby incorporates its objections made in its General Objections. Banilla further objects to this Request as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence relevant to the claims or defenses of any party.  Banilla objects to this Request as overly broad and unduly burdensome to the extent that the Request seeks documents that could be obtained through discovery directed to the parties in the instant action.  Banilla further objects to this Request to the extent that it seeks documents that are protected by the attorney-client privilege, the work product doctrine, and/or any other applicable privilege or protection.

Subject to and without waiver of the foregoing objections, Banilla responds that it will not produce documents in response to this Request.

**5.     All documents and correspondence with Defendants regarding the Accused Products.**

**RESPONSE**:  Banilla hereby incorporates its objections made in its General Objections. Banilla further objects to this Request as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence relevant to the claims or defenses of any party.  Banilla further objects to this Request as overly broad and unduly burdensome insofar as it uses the term "Accused Products"—a term that includes products that Banilla never sold, distributed, or provided to Defendants.  Banilla objects to this Request as overly broad and

9

unduly burdensome to the extent that the Request seeks documents that could be obtained through discovery directed to the parties in the instant action. Banilla further objects to this Request insofar as it seeks information which is confidential to Banilla or that is the subject of confidentiality or secrecy obligations to one or more non-parties, the disclosure of which would violate either the letter or spirit of such confidentiality or secrecy obligations. Banilla further objects to this Request to the extent that it seeks documents that are protected by the attorney-client privilege, the work product doctrine, and/or any other applicable privilege or protection.

Subject to and without waiver of the foregoing objections, Banilla responds that it will not produce documents in response to this Request.

**6.      All documents and correspondence referring to the 223 Patent, Plaintiffs, Pace-O-Matic, Inc., Michael Pace, or any Pace-O-Matic, Inc. product.**

**<u>RESPONSE</u>**:      Banilla hereby incorporates its objections made in its General Objections. Banilla further objects to this Request as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence relevant to the claims or defenses of any party. Banilla further objects this Request as overly broad and unduly burdensome insofar as it seek information regarding products that are not at issue in the instant action. Banilla further objects to this Request to the extent that it seeks documents that are protected by the attorney-client privilege, the work product doctrine, and/or any other applicable privilege or protection.

Subject to and without waiver of the foregoing objections, Banilla responds that it will not produce documents in response to this Request.

**7.    All source code used, implemented or operating the Accused Products, including an identification of all documentation or software versions, updates and/or bug fixes.**

**RESPONSE**:  Banilla hereby incorporates its objections made in its General Objections. Banilla further objects to this Request as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence relevant to the claims or defenses of any party.  Banilla further objects to this Request as overly broad and unduly burdensome insofar as it uses the term "Accused Products"—a term that includes products that Banilla never sold, distributed, or provided to Defendants.  Banilla further objects to this Request as vague, ambiguous, and overbroad insofar as it uses the vague and undefined terms "used, implementing, or operating."  Banilla further objects to this Request as overbroad, vague, ambiguous, and disproportionate to the needs of the instant action insofar as it requests "identification of all documentation or software versions, updates and/or bug fixes."  Banilla further objects to this Request insofar as it seeks information which is confidential to Banilla or that is the subject of confidentiality or secrecy obligations to one or more non-parties, the disclosure of which would violate either the letter or spirit of such confidentiality or secrecy obligations.

Subject to and without waiver of the foregoing objections, Banilla responds that the Protective Order in the instant action (Dkt. 53) is insufficient to provide adequate protections for disclosure of Banilla proprietary source code.  Banilla is willing to meet and confer with Plaintiffs in order to reach agreement regarding a Supplemental Protective Order.  Should a supplemental protective order be entered that provides adequate protections to non-party Banilla, Banilla will produce game layer source code for the following products insofar as Banilla sold, distributed, or provided these products to Defendants: Banilla electronic video gaming terminals equipped with gaming (circuit) boards preloaded with any of the following games:  Lightning

11

Skill, Super Skill 1, Super Skill 2, Super Skill 3, Superior Skill: Lightning Edition, Choice Skill 1, Choice Skill 2, Choice Skill 3, Choice Skill 4 and electronic video gaming terminals equipped with gaming (circuit) boards supplied by Banilla that have preloaded thereon Fusion 1, Fusion 2, and/or Fusion 3 to the extent such source code exist and can be located and produced after a reasonable search and without undue burden or expense.

**8.     All documents concerning the Accused Products' software.**

**RESPONSE**: Banilla hereby incorporates its objections made in its General Objections. Banilla further objects to this Request as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence relevant to the claims or defenses of any party. Banilla further objects to this Request as overly broad and unduly burdensome insofar as it uses the term "Accused Products"—a term that includes products that Banilla never sold, distributed, or provided to Defendants. Banilla further objects to this Request insofar as it seeks information which is confidential to Banilla or that is the subject of confidentiality or secrecy obligations to one or more non-parties, the disclosure of which would violate either the letter or spirit of such confidentiality or secrecy obligations.

Subject to and without waiver of the foregoing objections, Banilla responds that the Protective Order in the instant action (Dkt. 53) is insufficient to provide adequate protections for disclosure of Banilla proprietary software. Should a supplemental protective order be entered that provides adequate protections to non-party Banilla, Banilla will produce documents sufficient to describe the functionality of the game layer software for the following products insofar as Banilla sold, distributed, or provided these products to Defendants: Banilla electronic video gaming terminals equipped with gaming (circuit) boards preloaded with any of the following games: Lightning Skill, Super Skill 1, Super Skill 2, Super Skill 3, Superior Skill:

12

Lightning Edition, Choice Skill 1, Choice Skill 2, Choice Skill 3, Choice Skill 4 and electronic video gaming terminals equipped with gaming (circuit) boards supplied by Banilla that have preloaded thereon Fusion 1, Fusion 2, and/or Fusion 3 to the extent such documents exist and can be located and produced after a reasonable search and without undue burden or expense.

9.      **All documents and communications between any government agencies or entities, including but not limited to regulatory agencies, related to the Accused Products.**

<u>RESPONSE</u>:  Banilla hereby incorporates its objections made in its General Objections. Banilla further objects to this Request as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence relevant to the claims or defenses of any party.  Banilla further objects to this Request as overly broad and unduly burdensome insofar as it uses the term "Accused Products"—a term that includes products that Banilla never sold, distributed, or provided to Defendants.  Banilla further objects to this Request insofar as it purports to make Banilla responsible for producing communications between third-party government agencies or entities.

Subject to and without waiver of the foregoing objections, Banilla responds that it does not have any non-privileged documents responsive to this Request in its possession, custody, or control which it could locate after a reasonable search without undue burden or expense.

10.     **All documents evidencing any opinions from counsel (*e.g.*, in-house counsel or outside counsel) regarding the invalidity and/or non-infringement of the 223 Patent.**

<u>RESPONSE</u>:  Banilla hereby incorporates its objections made in its General Objections. Banilla further objects to this Request as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence relevant to the claims or defenses of any party. Banilla further objects to this Request as unduly burdensome and overbroad insofar as it is not limited to non-infringement opinions pertaining to the products that Banilla sold to

13

Defendants and which have been accused of infringing the 223 Patent in the instant action. Banilla further objects to this Request to the extent that it seeks documents that are protected by the attorney-client privilege, the work product doctrine, and/or any other applicable privilege or protection.

Subject to the foregoing objections and without waiver thereof, Banilla responds that it will not produce documents in response to this Request.

**11.    All documents related to the functionality and features of the Accused Products.**

**RESPONSE**:  Banilla hereby incorporates its objections made in its General Objections. Banilla further objects to this Request as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence relevant to the claims or defenses of any party.  Banilla further objects to this Request as overly broad insofar as it seeks information regarding all functionality and features of various products, even if those features and functionalities are not alleged to infringe the 223 Patent.  Banilla further objects to this Request as overly broad and unduly burdensome insofar as it uses the term "Accused Products"—a term that includes products that Banilla never sold, distributed, or provided to Defendants.  Banilla further objects to this Request to the extent that it seeks documents that are protected by the attorney-client privilege, the work product doctrine, and/or any other applicable privilege or protection.

Subject to and without waiver of the foregoing objections, Banilla responds that after entry of an acceptable Protective Order, Banilla will produce product brochures and product information sheets for the following products insofar as Banilla sold, distributed, or provided these products to Defendants:  Banilla electronic video gaming terminals equipped with gaming (circuit) boards preloaded with any of the following games:  Lightning Skill, Super Skill 1, Super

14

Skill 2, Super Skill 3, Superior Skill:  Lightning Edition, Choice Skill 1, Choice Skill 2, Choice Skill 3, Choice Skill 4 and electronic video gaming terminals equipped with gaming (circuit) boards supplied by Banilla that have preloaded thereon Fusion 1, Fusion 2, and/or Fusion 3 to the extent such documents exist and can be located and produced after a reasonable search and without undue burden or expense.

**12.    All communications with Defendants regarding the functionality and features of the Accused Products.**

**RESPONSE**:  Banilla hereby incorporates its objections made in its General Objections. Banilla further objects to this Request as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence relevant to the claims or defenses of any party.  Banilla further objects to this Request as overly broad insofar as it seeks information regarding all functionality and features of various products, even if those features and functionalities are not alleged to infringe the 223 Patent.  Banilla further objects to this Request as overly broad and unduly burdensome insofar as it uses the term "Accused Products"—a term that includes products that Banilla never sold, distributed, or provided to Defendants.  Banilla further objects to this Request as overly broad and unduly burdensome to the extent that the Request seeks documents that could be obtained through discovery directed to the parties in the instant action.

Subject to and without waiver of the foregoing objections, Banilla responds that it will not produce documents in response to this Request, which requests documents that—to the extent they exist—are in the possession, custody, or control of Defendants in the instant action.

15

**13.    All manuals, technical documents, advertising, and marketing materials describing the structure, operation, functionality, architecture and benefits of the Accused Products.**

**RESPONSE**:  Banilla hereby incorporates its objections made in its General Objections. Banilla further objects to this Request as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence relevant to the claims or defenses of any party.  Banilla further objects to this Request as overly broad insofar and vague insofar as it seeks documents describing "structure" and "benefits" of products.  Banilla further objects to this Request as overly broad and unduly burdensome insofar as it uses the term "Accused Products"—a term that includes products that Banilla never sold, distributed, or provided to Defendants.  Banilla further objects to this Request as overly broad and unduly burdensome to the extent that the Request seeks documents that could be obtained through discovery directed to the parties in the instant action.

Subject to and without waiver of the foregoing objections, after entry of an acceptable Protective Order, Banilla will produce product brochures and product information sheets regarding the following products insofar as Banilla sold, distributed, or provided these products to Defendants:  Banilla electronic video gaming terminals equipped with gaming (circuit) boards preloaded with any of the following games:  Lightning Skill, Super Skill 1, Super Skill 2, Super Skill 3, Superior Skill:  Lightning Edition, Choice Skill 1, Choice Skill 2, Choice Skill 3, Choice Skill 4 and electronic video gaming terminals equipped with gaming (circuit) boards supplied by Banilla that have preloaded thereon Fusion 1, Fusion 2, and/or Fusion 3 to the extent such documents exist and can be located and produced after a reasonable search and without undue burden or expense.

**14.    All documents relating to the research, design, development, testing, manufacturing, and commercialization of the Accused Products.**

**RESPONSE**:  Banilla hereby incorporates its objections made in its General Objections. Banilla further objects to this Request as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence relevant to the claims or defenses of any party.  Banilla further objects to this Request as overly broad and unduly burdensome insofar as it uses the term "Accused Products"—a term that includes products that Banilla never sold, distributed, or provided to Defendants.  Banilla further objects to this Request insofar as it seeks information which is confidential to Banilla or that is the subject of confidentiality or secrecy obligations to one or more non-parties, the disclosure of which would violate either the letter or spirit of such confidentiality or secrecy obligations.  Banilla further objects to this Request to the extent that it seeks documents that are protected by the attorney-client privilege, the work product doctrine, and/or any other applicable privilege or protection.

Subject to and without waiver of the foregoing objections, Banilla responds that it will not produce documents in response to this Request.

**15.    All documents related to any design or redesign of an Accused Product to avoid the 223 Patent.**

**RESPONSE**:  Banilla hereby incorporates its objections made in its General Objections. Banilla further objects to this Request as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence relevant to the claims or defenses of any party.  Banilla further objects to this Request as overly broad and unduly burdensome insofar as it uses the term "Accused Products"—a term that includes products that Banilla never sold, distributed, or provided to Defendants.  Banilla further objects to this Request as vague, ambiguous, and incomprehensible to the extent it uses the term "avoid."  Banilla further objects

17

to this Request insofar as it seeks information which is confidential to Banilla or that is the subject of confidentiality or secrecy obligations to one or more non-parties, the disclosure of which would violate either the letter or spirit of such confidentiality or secrecy obligations. Banilla further objects to this Request to the extent that it seeks documents that are protected by the attorney-client privilege, the work product doctrine, and/or any other applicable privilege or protection.

Subject to and without waiver of the foregoing objections, Banilla responds that it will not produce documents in response to this Request.

**16.    All documents relating to Plaintiffs' allegations that Defendants infringe the 223 Patent or a patent in the same family of the 223 Patent, including any analysis and/or conclusions.**

**RESPONSE**:  Banilla hereby incorporates its objections made in its General Objections. Banilla further objects to this Request as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence relevant to the claims or defenses of any party.  Banilla further objects to this Request as overly broad and unduly burdensome insofar as it requests documents relating to "a patent in the same family of the 223 Patent."  Banilla further objects to this Request to the extent that it seeks documents that are protected by the attorney-client privilege, the work product doctrine, and/or any other applicable privilege or protection.

Subject to and without waiver of the foregoing objections, Banilla responds that it will not produce documents in response to this Request.

18

17.     **Any patent licenses Banilla Games has entered into which involve subject matter used by the Accused Products, and/or which involve subject matter similar to or related to the subject matter of the 223 Patent.**

**RESPONSE**:  Banilla hereby incorporates its objections made in its General Objections. Banilla further objects to this Request as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence relevant to the claims or defenses of any party.  Banilla further objects to this Request as overly broad and unduly burdensome insofar as it uses the term "Accused Products"—a term that includes products that Banilla never sold, distributed, or provided to Defendants.  Banilla further objects to this Request as vague, ambiguous, and overly broad insofar as it requests information regarding "subject matter similar to or related to the subject matter of the 223 Patent."  Banilla further objects to this Request insofar as it seeks information which is confidential to Banilla or that is the subject of confidentiality or secrecy obligations to one or more non-parties, the disclosure of which would violate either the letter or spirit of such confidentiality or secrecy obligations.

Subject to and without waiver of the foregoing objections, Banilla responds that it will not produce documents in response to this Request.

18.     **All documents reflecting any investigation regarding Plaintiffs' allegations that Defendants have infringed the 223 Patent.**

**RESPONSE**:  Banilla hereby incorporates its objections made in its General Objections. Banilla further objects to this Request as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence relevant to the claims or defenses of any party.  Banilla further objects to this Request to the extent that it seeks documents that are protected by the attorney-client privilege, the work product doctrine, and/or any other applicable privilege or protection.  Banilla further objects to this Request insofar as it calls for a legal conclusion regarding "infringement."

19

Subject to and without waiver of the foregoing objections, Banilla responds that it will not produce documents in response to this Request.

**19.     All documents related to any investigations performed related to the infringing or potentially infringing nature of the Accused Products, whether in whole or in part.**

<u>**RESPONSE:**</u>   Banilla hereby incorporates its objections made in its General Objections. Banilla further objects to this Request as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence relevant to the claims or defenses of any party.  Banilla further objects to this Request as overly broad and unduly burdensome insofar as it uses the term "Accused Products"—a term that includes products that Banilla never sold, distributed, or provided to Defendants.  Banilla further objects to this Request to the extent that it seeks documents that are protected by the attorney-client privilege, the work product doctrine, and/or any other applicable privilege or protection.  Banilla further objects to this Request insofar as it seeks information which is confidential to Banilla or that is the subject of confidentiality or secrecy obligations to one or more non-parties, the disclosure of which would violate either the letter or spirit of such confidentiality or secrecy obligations.  Banilla further objects to this Request insofar as it calls for a legal conclusion regarding infringement.

Subject to and without waiver of the foregoing objections, Banilla responds that it will not produce documents in response to this Request.

**20.     All documents referring to the Accused Products as they relate to Plaintiffs or Pace-O-Matic, including any product offered by Plaintiffs or Pace-O-Matic.**

<u>**RESPONSE**</u>:   Banilla hereby incorporates its objections made in its General Objections. Banilla further objects to this Request as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence relevant to the claims or defenses of any party.  Banilla further objects to this Request as overly broad and unduly burdensome insofar

as it uses the term "Accused Products"—a term that includes products that Banilla never sold, distributed, or provided to Defendants.  Banilla further objects to this Request to the extent that it seeks documents that are protected by the attorney-client privilege, the work product doctrine, and/or any other applicable privilege or protection.  Banilla further objects to this Request as vague and ambiguous insofar as it uses the vague phrase "as they relate to."  Banilla further objects to this Request as overly broad and unduly burdensome insofar as it seeks information regarding products not at issue in the instant action.

Subject to and without waiver of the foregoing objections, Banilla responds that it will not produce documents in response to this Request.

Dated:  April 13, 2020                    MORGAN, LEWIS & BOCKIUS LLP


_____
John V. Gorman
Kenneth J. Davis
Amy M. Dudash
1701 Market Street
Philadelphia, PA  19103
Telephone:  215.963.5000
Fax:  215.963.5001
john.gorman@morganlewis.com
kenneth.davis@morganlewis.com
amy.dudash@morganlewis.com

*Attorneys for Banilla Games, Inc.*

21

# CERTIFICATE OF SERVICE

I hereby certify that on April 13, 2020, I caused a copy of the foregoing Non-Party Banilla Games, Inc.'s Responses and Objections to Subpoena for Production of Documents to be served via e-mail to the following:

Matthew H. Haverstick
Eric J. Schreiner
Shohin H. Vance
Kleinbard LLC
mhaverstick@kleinbard.com
eschreiner@kleinbard.com
pgagne@kleinbard.com
svance@kleinbard.com

Steven G. Hill
John L. North
Martha L. Decker
Hill, Kertcher & Wharton, LLP
sgh@hkw-law.com
jln@hkw-law.com
md@hkw-law.com

*Attorneys for Plaintiffs*

Amy M. Dudash

22