## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SAVVY DOG SYSTEMS, LLC, and POM OF PENNSYLVANIA, LLC, | : : : | Civil No. 3:19-CV-01470 |
| Plaintiffs | : : | |
| v. | : : | |
| PENNSYLVANIA COIN, LLC, and PA COIN HOLDINGS, LLC, | : : : | |
| Defendants. | : | Judge Jennifer P. Wilson |

## ORDER

Before the court is Defendants Pennsylvania Coin, LLC and PA Coin Holdings, LLC's ("Defendants") motion to stay this action pending final resolution of a Covered Business Method Review ("CBM") proceeding before the United States Patent and Trademark Office, Patent and Trial Appeal Board ("PTAB"). (Doc. 68.) For the reasons that follow, **IT IS ORDERED** that the motion is **HELD IN ABEYANCE** until the PTAB decides whether to institute review of the CBM petition.

### BACKGROUND

This action was initiated via complaint by Plaintiffs Savvy Dog Systems, LLC ("Savvy Dog") and POM of Pennsylvania, LLC (collectively, "Plaintiffs") on August 23, 2019, and an amended complaint was filed on November 1, 2019. (Docs. 1, 25.) The amended complaint sets forth one claim for patent infringement under 35 U.S.C. § 271 of Savvy Dog's Patent Number: US 7,736,233 ("223

1

Patent").  (Doc. 25.)  On November 15, 2019, Defendants filed a motion to dismiss arguing that the '223 Patent claimed patent-ineligible subject matter pursuant to 35 U.S.C. § 101 and that the amended complaint failed to state a plausible claim for patent infringement.  (Doc. 31.)  Following briefing and oral argument, the court denied Defendants' motion on April 1, 2020, and set a schedule for this case. (Docs. 50, 61, 62.)

To date, initial disclosures have been completed, discovery is underway, and tutorials describing the technology and subject matter at issue were provided to the court.  (*See* Docs. 50, 73, 75.)  A joint claim construction statement was submitted on July 9, 2020, and initial claim construction briefs were filed on July 16, 2020. (Docs. 71, 72, 74.)  Responsive claim construction briefs are due on August 13, 2020, and a claim construction hearing is scheduled for September 15, 2020.  (Doc. 50, ¶¶ 10–11.)  Additionally, the court anticipates that it will issue its claim construction order by November 14, 2020.  (*See* Doc. 50, ¶ 11.)

Defendants filed the instant motion to stay and brief in support thereof on June 25, 2020.  (Docs. 68, 69.)  This motion has been fully briefed by the parties. (Docs. 70, 77.)

### STANDARD OF REVIEW

Section 18(b) of the Leahy-Smith America Invents Act ("AIA") permits district courts to stay civil proceedings pending CBM review.  The AIA also

directs the district courts to consider four factors in determining whether a stay is appropriate:

> (A) whether a stay, or the denial thereof, will simplify the issues in question and streamline the trial;
>
> (B) whether discovery is complete and whether a trial date has been set;
>
> (C) whether a stay, or the denial thereof, would unduly prejudice the nonmoving party or present a clear tactical advantage for the moving party; and
>
> (D) whether a stay, or the denial thereof, will reduce the burden of litigation on the parties and the court.

*VirtualAgility Inc. v. Salesforce.com, Inc.*, 759 F.3d 1307, 1309 (Fed. Cir. 2014) (quoting AIA § 18(b)(1)).

### DISCUSSION

Defendants argue that the court should stay this action pending final resolution of non-party Banilla Games, Inc.'s ("Banilla") CBM petition of the '223 Patent before the PTAB.  (Doc. 69.)  Banilla filed the CBM petition on May 21, 2020, and the PTAB's decision regarding "whether to institute review of the '223 patent and schedule a trial to assess any of the asserted grounds for invalidity of the '223 patent is expected by November 21, 2020."  (*Id.* at 8 (citing 35 U.S.C. § 324(c).)[1]  Defendants argue that although some courts "wait to stay litigation until after the PTAB decides whether to institute a post-grant review trial,

---

[1] For ease of reference, the court utilizes the page numbers from the CM/ECF header.

3

numerous courts have stayed litigation pending CBM review prior to institution."

(*Id.* at 11.)  Conversely, Plaintiffs argue that courts are less inclined to grant stays

prior to the PTAB instituting CBM proceedings because "any expected

simplification rests on speculation that such institution will occur."  (Doc. 70, p. 11

(quoting *Universal Secure Registry, LLC v. Apple Inc.*, No. CV 17-585-CFC, 2018

WL 4486379, at *2 (D. Del. Sept. 19, 2018).)  Plaintiffs aver that courts deny

motions to stay without prejudice to renew if the PTAB institutes review of the

CBM petition.  (*Id.*)

There is a split within district courts as to whether a motion to stay is

premature if filed in the district court after the CBM petition has been filed but

before the PTAB institutes review.  Some district courts have denied motions to

stay without prejudice.  *See Nasdaq, Inc. v. Miami Int'l Holdings, Inc.*, No. 17-

6644, 2018 WL 3814280, at *2–3 (D.N.J. Aug. 8, 2018) (collecting cases and

holding that denying the motion to stay with leave to refile until the PTAB decides

whether to institute review of the CBM petition is the best course of action); *see*

*also Univ. Secure Registry, LLC v. Apple Inc.*, No. 17-585, 2018 WL 4486379 (D.

Del. Sept. 19, 2018) (denying defendant's motion to stay without prejudice to

renew if the PTAB institutes review of the CBM petition).  Other district courts

have deferred ruling on the motion to stay until a decision was made by the PTAB.

*See, e.g.*, *In re Maxim Integrated Prods., Inc.*, MDL No. 2354, 2014 WL 5823098,

at *1 (W.D. Pa. Nov. 10, 2014).  The Court of Appeals for the Federal Circuit

found no error in the deferred ruling approach, stating:

> [W]e see no error in the district court's decision to rule on the stay
> motion *after* the PTAB rendered its decision on the CBM petition.
> Furthermore, a district court is not obligated to "freeze" its proceedings
> between the date that the motion to stay is filed and the date that the
> PTAB decides on the CBM petition.

*VirtualAgility, Inc.*, 759 F.3d at 1315–16 (emphasis added).

Because the court finds that it is the more efficient and prudent approach, the

court will defer ruling on the present motion to stay pending the PTAB's

determination.  Therefore, **IT IS ORDERED** that Defendants' motion to stay,

Doc. 68, is **HELD IN ABEYANCE** until the PTAB decides whether to institute

review of Banilla's CBM petition.  **IT IS FURTHER ORDERED** that the parties

shall notify the court of the PTAB's decision within **<u>five business days</u>** of issuance

by jointly docketing a letter, and in such letter the parties shall indicate whether

they believe supplemental briefing on the motion to stay is necessary in light of the

PTAB decision.  In the interim, all case management deadlines shall remain in

effect.

s/Jennifer P. Wilson
JENNIFER P. WILSON
United States District Court Judge
Middle District of Pennsylvania

Dated:  August 4, 2020