# EXHIBIT A

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

_____ District of _____

| | )
| --- | --- |
| *Plaintiff* | ) |
| v. | ) Civil Action No. |
| | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:

_____
*(Name of person to whom this subpoena is directed)*

❒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

| Place: | Date and Time: |
| --- | --- |
| | |

❒ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
| --- | --- |
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

*CLERK OF COURT*

OR

_____        _____
*Signature of Clerk or Deputy Clerk*                    *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
_____ , who issues or requests this subpoena, are:

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## EXHIBIT A

The following instructions and definitions supplement those contained in the Federal Rules of Civil Procedure, which are incorporated herein by reference.  In addition to the definitions and instructions contained in those rules, the following instructions and definitions apply to these Requests.

## I.    INSTRUCTIONS

1.    In responding to the subpoena's request for the production of documents, you are required to provide all documents available to you or within your possession, custody, or control, including information in the possession, custody, or control of any of your attorneys, agents, employees, representatives, associates, investigators, and persons under your control, who have the best knowledge, not merely information from your personal knowledge.

2.    If you cannot fully respond to the following Requests for Production of Documents after exercising due diligence to secure and produce the documents requested thereby, specify the portion of each Request that cannot be responded to fully and completely. Additionally, please state what efforts were made to obtain the requested documents and the facts relied upon that support the contention that the Request cannot be responded to fully and completely.

3.    Documents and things produced in response to this Subpoena, as identified herein below, must be produced as such documents and things are kept in

the usual course of business or organized and labeled to correspond with the categories of requested documents.

4.    If any documents or things in your responses to this Subpoena are withheld under claim of any privilege, you should provide the following information with respect to each such claim of privilege:

(a)    description of the type and nature of the document (*e.g.*, letter, memorandum, e-mail) or information;

(b)    date of the document or information;

(c)    identification of every person to whom such documents or things have been communicated by you and from whom such documents or things were received by you;

(d)    identification of the subject matter of such documents or things described in sufficient detail that it would permit an evaluation of the legitimacy of the claim of privilege or work product; and

(e)    the basis upon which privilege or protection from disclosure is claimed.

The failure to produce such a log may be deemed a waiver of any privilege or work product.

5.    All words in the conjunctive include the disjunctive and vice versa; words in the singular include the plural and vice versa.  Such words should be

2

interpreted to bring within the scope of each Request documents which might otherwise be construed to be outside its scope.

6.      Responsive documents stored in electronic form, including e-mail, may be produced in web optimal full-text searchable .PDF format, with the accompanying load files.  Each .PDF file should consist of a single document and should be uniquely named, with a load file that will allow relation of parent files to their children (*i.e.*, e-mails to their attachments).  The load files should also contain the extracted metadata from each of the native documents, where possible.

7.      You are obligated to respond to these Requests for Production to the full extent required by the Federal Rules of Civil Procedure.

8.      These Requests are continuing in nature and as such, you are under a duty to supplement your responses as required by Rules 26, 34 and 45 of the Federal Rules of Civil Procedure.

## II.    **DEFINITIONS**

The following definitions and instructions supplement those contained in the Federal Rules of Civil Procedure, which are incorporated herein by reference. In addition to the definitions and instructions contained in those rules, the following definitions and instructions apply to these Requests.

a)      "The 223 Patent" shall mean U.S. Patent No. 7,736,223.

3

b)       "Accused Products" shall mean any Grover Games game software, including game theme software, licensed to Banilla Games or used by Banilla Games in any of its Fusion 1, Fusion 2, and/or Fusion 3 games, or any of its "Preview + Skill" games, including Lightning Skill, Super Skill 1, Superior Skill 2, Superior Skill 3, Superior Skill: Lightning Edition, Choice Skill 1, Choice Skill 2, Choice Skill 3, and/or Choice Skill 4 (collectively, the "Banilla Games Software").  Banilla Games Software includes, but is not limited to the software for Spooky's Loot, Double Shot, Lucky Striker, Major Cash, Oil Rush, Captain Calamari, Crumble Cave, Great American Buffalo, VIP Lounge, Bourbon Street Dice, Curious Case of Dr. Jekyll and Mr. Hyde, Kiss Me I'm Irish, Sparky's Firehouse, Great American Racing, Midnight Wolf, Mountain of Fire, Princess of the Nile, and Vegas Magic (collectively, the "Grover Gaming Games"). "Accused Products" shall also mean any media containing computer code for the aforesaid Grover Gaming Games and/or for the Banilla Games Software that is provided to Banilla Games or loaded into any gaming (circuit) boards, Flash memory, EEPROM, EPROM, PROM, other read only memory or random access memory, and provided to Banilla Games.

c)       As used herein, "you," your" or "Grover Gaming" means the non-party Grover Gaming, Inc., including all of its various divisions, departments, subsidiaries, affiliates,  predecessors, present  or  former  officers, directors, managing  agents, employees,  and all other persons acting or purporting to act on its behalf.

4

d)　　As used herein, "Defendants" means the named Defendants in this action, Pennsylvania Coin, LLC and PA Coin Holdings, LLC, as well as all of their various divisions, departments, subsidiaries, affiliates, predecessors, present or former officers, directors, managing agents, employees, and all other persons acting or purporting to act on their behalf.

e)　　As used herein, "Plaintiffs" means the named Plaintiffs in this action, Savvy Dog Systems, LLC and POM of Pennsylvania, LLC.

f)　　As used herein, reference to any person or party means the legal entity or person, including all of its various divisions, departments, subsidiaries, affiliates, predecessors, present or former officers, directors, agents, employees, and all other persons acting on or purporting to act on its behalf.

g)　　As used herein, "communication" shall mean any transmission of information, the information transmitted, and any process by which information is transmitted, and shall include written communications, electronic communications, and oral communications.

h)　　As used herein, "disseminate" shall mean to share, publish, or communicate, information.

i)　　As used herein, the word "document" or "documents" shall refer to all original (or, if the original is not available, then a copy) materials and copies or drafts thereof, of tangible objects conveying or carrying spoken, visual, or literal substance

5

whether in graphic form suitable for visual inspection or in machine- readable form, and shall include, but shall not be limited to, the original and any non-identical and identical copy, regardless of origin or location, however produced or reproduced, now or formerly within your actual or constructive possession, custody or control, or for which you have knowledge, of the following: correspondence, records, tables, charts, analyzes, graphs, maps, schedules, reports, memoranda, journals, notes, logs, diaries, calendars, appointment books, letters, telegrams, telex messages, messages (including, but not limited to, reports of telephone conversations and conferences), studies, directives, books, periodicals, magazines, newspapers, booklets, circulars, advertisements, brochures, bulletins, instructions, minutes, other communications (including, but not limited to, inter and intra-office communications), press releases, photographs, newspaper clippings, and bills or written advertisements, contracts or agreements, books of account, orders, invoices, statements, checks, bills, files, vouchers, ledgers, journals and other financial statements, annual reports, state and federal tax returns, checkbooks, canceled checks, personal files, payroll records, billings, invoices or statements, price lists, price quotations, credit memoranda, purchase orders, receipts, notebooks, scrapbooks, data sheets, data files, data bases, data processing cards, computer tapes, computer disks, computer printouts, photographs, photographic negatives, phone records, tape recordings, wire recordings, forms, catalogs, manuals, blueprints, tracings, tabulations, and any other

6

matter of any kind, regardless of the manner in which produced or reproduced, whether handwritten, typed, printed or produced by any process whatsoever. The term "document" also includes voice records, films, tapes, and other data compilations from which information can be obtained. Without limitation of the word "control," as used in the preceding sentences, a document is deemed to be in your control if you have the right to secure the document or a copy thereof from another person or public or private entity having actual physical possession thereof. As used herein, "communication" shall refer to telephonic conversations, oral conversations other than telephonic conversations, writings, and electronic mail.

j)     As used herein, "relating to" means consisting of, referring to, describing, discussing, constituting, evidencing, containing, reflecting, mentioning, concerning, pertaining to, citing, summarizing, analyzing or bearing any logical or factual connection with the matter discussed modifying, contradicting, criticizing, discussing, mentioning , or which was prepared in connection with, arises from, or is or has been collected, recorded, examined or considered by, for or on behalf of any present or former agent, representative, officer, director, employee, attorney or other person acting or purporting to act on your behalf in relation to the subject matter specified.

k)     As used herein, "any" shall also mean "all" and vice versa.

l)     As used herein, "and" shall mean "or" and "or" shall mean "and" as

7

necessary to call for the broadest possible response.

## III.   <u>DOCUMENTS REQUESTED TO BE PRODUCED</u>

1.     All documents, including communications, relating to any skill or skill + preview game or video gaming terminal supplied by Plaintiffs or Pace-O-Matic, Inc.

2.     All documents, including communications, relating to the research, design, development, testing, manufacturing, and commercialization of any individual game or game theme included in the Accused Products, including but not limited to the Grover Gaming Games.

3.     All correspondence with Defendants and/or or Banilla Games, Inc. regarding any of the Accused Products and/or Grover Gaming Games.

4.     All correspondence with Banilla Games, Inc. regarding any of the Accused Products and/or Grover Gaming Games.

5.     Any reports or testimony prepared by or on behalf of Nick Farley relating to any of the Grover Gaming Games and/or Accused Products.

6.     Any analysis or comparison between (a) any Pace-O-Matic, Inc., Savvy Dog Systems, LLC, POM of Pennsylvania, LLC, or Miele Manufacturing game and (b) any of the Banilla Games Software and/or any of the Grover Gaming Games.

7.     Documents sufficient to identify your supply of any Grover Gaming

8

Game to Defendants or Banilla Games as early as August 1, 2013, including documents sufficient to identify: (a) date of sale, license or other permitted use for each Grover Gaming Game; (b) the identity of the specific Grover Gaming Game subject of said sale, license or other permitted use; (c) any media which contained software for each Grover Gaming Game that was transmitted to or on behalf of Banilla Games in connection with said sale, license or other permitted use; and (d) the sales price charged to, license fee paid by or other charge made against Banilla Games for each sale, license or other permitted use of each Grover Gaming Game.

8.    All contracts, purchase orders, sales agreements, license agreements, permitted use agreements, and other documents relating to the sale, transfer, distribution, lease, license, possession, advertisement, use or any other payment associated with the acquisition of any Grover Gaming Game by (a) Defendants; (b) Banilla Games; and (c) any third parties.

9.    All documents and correspondence with Defendants or Banilla Games regarding this action.

10.    All documents and correspondence referring to the 223 Patent.

11.    All source code used, implemented or operating the Grover Gaming Games, including all documentation or software versions dating back to August 1, 2013, along with version control files, software updates and/or bug fixes for each of the Grover Gaming Games.

9

12. All documents and communications between any government agencies or entities, including but not limited to regulatory agencies, related to the function, features and/or design of any of the Grover Gaming Games.

13. All documents related to the functionality and features of one or more of the Grover Gaming Games.

14. All communications with Defendants or Banilla Games since August 1, 2013 regarding the functionality and features of the Grover Gaming Games.

15. All manuals, technical documents, advertising, and marketing materials describing the structure, operation, functionality, architecture and benefits of the Grover Gaming Games dated on or after August 1, 2013.