# HILL, KERTSCHER & WHARTON, LLP

A LIMITED LIABILITY PARTNERSHIP

L A W Y E R S

3350 RIVERWOOD PARKWAY
SUITE 800
ATLANTA, GEORGIA  30339
www.hkwlaw.com
TELEPHONE: 770-953-0995
FACSIMILE:  770-953-1358

*Steven G. Hill*                                                                 *Email: sgh@hkw-law.com*

September 18, 2020

*Via CM/ECF*

The Hon. Jennifer P. Wilson
United States District Judge
United States District Court for the Middle District of Pennsylvania
Courtroom 4, Federal Building
228 Walnut Street
Harrisburg, PA 17108

Re:    *Savvy Dog Systems, LLC et al v. Pennsylvania Coin, LLC et al*,
        CA No. 3:19-cv-01470-JPW

Dear Judge Wilson:

Pursuant to the Court's Order [Dkt. 99], Plaintiffs submit this letter brief regarding *Samsung Electronics America, Inc. v. Prisua Engineering Corp.,* 948 F.3d 1342 (Fed. Cir. 2020), *Kit Check, Inc. v. Health Care Logistics, Inc.*, No. 2:17-cv-1041, 2019 WL 4142719 (S.D. Ohio Aug. 30, 2019), and *Blitzsafe Texas, LLC v. Subaru Corp.*, No. 2:17-cv-00421-JRG, 2018 WL 6504174 (E.D. Tex. Dec. 11, 2018).  These cases were not cited in the parties' pre-hearing briefs, and they relate to whether claim terms "game processor" and "program instructions" are subject to means-plus-function treatment.

## Game Processor

*Samsung Electronics America* involved a claim which recited a "digital processing unit performing" <u>six</u> different functions, including identifying a pixel in the frame of a video stream, extracting it as a second image, storing it in a memory device, receiving and extracting a first image, spatially matching an area of the first image to an area of the second image, and performing a substitution of the spatially matched first image with the spatially matched second image.  948 F.3d at 1348.

The Federal Circuit agreed with Samsung that the term "digital processing unit" is not a nonce term invoking means-plus-function law. *Id.* at 1353.  The issue "depends on whether persons skilled in the art would understand the claim language to refer to <u>structure</u>, assessed in

light of the presumption that flows from the drafter's choice not to employ the word 'means.'" *Id*. at 1354. Despite the patent owner's attempts to argue that the digital processing unit was a specialized device, the Federal Circuit held that digital processing unit serves as a "stand-in" for a general purpose computer or a central processing unit, each of which would be understood as <u>a reference to structure</u>, "not simply <u>any device </u>that can perform a particular function." *Id.* (emphasis added). <u>In short, because "digital processing unit" connoted structure, the claim was not "purely functional" and means-plus-function law did not apply.</u>

The claim at issue in *Samsung*, like the instant case, involved a processor-type structure, followed by a recitation of certain functions to be performed by it. The recitation of a structure-connoting term referring to a general purpose computer or CPU was sufficient to prevent the claim language from being treated as means-plus-function. Applying the decision in *Samsung*, earlier cases representing the minority view that processor-based claim terms are not sufficiently structural to avoid the reach of means-plus-function law (*e.g.*, *Ex parte Lakkala*, Appeal 2011-001526, 2013 WL 1341108 (P.T.A.B. Mar. 11, 2013)), are inapposite.

Because "game processor" connotes a microprocessor (CPU)-based structure, *Samsung* counsels that the term is not governed by means-plus-function law because it removes the claim from the realm of the "purely functional." Just as Claim 1 of Samsung did not cover "any structure" performing the six functions associated with the data processing unit, Claim 44 of the '223 Patent does not read on any structure that would practice the functions of the claims. To the contrary, it is limited to only accused microprocessor-based devices as the structure for performing the functions recited in the claim. Such structure in the claim removes the claim from the reach of means-plus-function law.

## Program Instructions

*Blitzsafe* construed terms including "code portion." 2018 WL 6504174, at *11-20. A representative claim recited a "microcontroller pre-programmed to execute: a first pre-programmed code portion for remotely controlling the after-market audio device … and a second pre-programmed code portion for receiving data from the after-market audio device … and a third pre-programmed code portion for switching to one or more auxiliary input sources connected to said third electrical connector [.]" *Id*. at *1-2. The Court rejected the argument that the "code portion" limitations were subject to § 112, ¶ 6, instead giving the limitations their plain and ordinary meaning. *Id.* at *16-20. The court concluded that the intrinsic evidence indicated that the "code portion" limitations recited "objectives and operation of the device and connote sufficiently definite structure[.]" *Id*. at *17.

*Kit Check* addressed claim language reciting "computer-executable instructions that when executed by one or more processors cause the one or more processors to verify …, determine …, determine …, determine …, and cause a display to display results." 2019 WL 4142719, at *11-12. The Court held that "computer executable instructions" were a reference to structure, noting that "[i]t is generally accepted that 'instructions' or 'code' recite structure. *Id*. at *12 (collecting cases). The court rejected the defendant's argument that the claims failed to provide guidance as to the structure of the computer instructions, concluding that the "structural understanding of the term 'instructions,' coupled with [defendant's] lack of evidence to rebut 'the presumption that §

112 ¶ 6 does not apply' is enough to conclude that the terms are not means plus function." *Id*. at *13 (citations omitted).

*Kit Check* stated that "[s]imilar to 'processor' claims, courts have found that 'instructions' or 'code' claims are not means plus function where the claims 'recite' the objectives and operations of the instructions. … Several cases have analogized the use of the term 'code' to use of the term 'circuit.'" *Id*. at *12 (citations omitted).  Citing the Federal Circuit decisions in *Linear Tech*. and *Apex,* the Court noted that "when the structure-connoting term 'circuit' is coupled with a description of the circuit's operation, sufficient structural meaning generally will be conveyed to persons of ordinary skill in the art, and § 112 ¶ 6 presumptively will not apply."  *Id*.

We appreciate the Court's attention to these matters.

Sincerely,

Steven G. Hill

Cc:  Counsel of Record (via ECF)