**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| SAVVY DOG SYSTEMS, LLC, and POM of PENNSYLVANIA, LLC, <br><br> Plaintiffs, <br> v. <br><br> PENNSYLVANIA COIN, LLC, and PA COIN HOLDINGS, LLC <br><br> Defendants. | CIVIL ACTION NO: 3:19-cv-01470-JPW <br><br> Honorable Jennifer P. Wilson |

**[PROPOSED] STIPULATED PROTECTIVE ORDER
GOVERNING DISCOVERY OF NON-PARTIES BANILLA GAMES, INC.,
GROVER GAMING, INC., AND PACE-O-MATIC, INC.**

WHEREAS, plaintiffs Savvy Dog Systems, LLC and POM of Pennsylvania, LLC (collectively, "Plaintiffs") brought this suit against defendants Pennsylvania Coin, LLC and PA Coin Holdings, LLC (collectively, "Defendants");

WHEREAS Plaintiffs have sought discovery of non-parties Banilla Games, Inc. ("Banilla") and Grover Gaming, Inc. ("Grover") in the above-captioned action;

WHEREAS Defendants have sought discovery from the Plaintiffs that Plaintiffs contend is in the possession of non-party Pace-o-Matic, Inc. ("Pace-o-Matic");

WHEREAS the Plaintiffs and Defendants (collectively, the "Parties") understand that information sought from Banilla, Grover, or Pace-o-Matic in discovery in this action may incorporate highly sensitive and confidential information belonging to Banilla, Grover, or Pace-o-Matic, including confidential source code, schematics, and other documents; and

WHEREAS, Banilla is engaged in proprietary activities, and Banilla's competitive standing could be jeopardized if the Banilla Confidential Information

were disclosed publicly;

WHEREAS, Grover is engaged in proprietary activities, and Grover's competitive standing could be jeopardized if the Grover Confidential Information were disclosed publicly;

WHEREAS, Pace-o-Matic is engaged in proprietary activities, and its competitive standing could be jeopardized if the Pace-o-Matic Confidential Information were disclosed publicly;

WHEREAS, under the standard set out in *Pansy v. Borough of Stroudsburg*, the privacy interest of Banilla in protecting the Banilla Confidential Information, the privacy interest of Grover in protecting the Grover Confidential Information, and the privacy interest of Pace-o-Matic in protecting the Pace-o-Matic Confidential Information, outweighs "the public's right to obtain information concerning judicial proceedings." 23 F.3d 772, 786 (3d Cir. 1994). The disclosure of Banilla Confidential Information will "work a clearly defined and serious injury" to it. *Id.* The disclosure of Grover Confidential Information will "work a clearly defined and serious injury to it." *Id.* The disclosure of Pace-o-Matic Confidential Information will "work a clearly defined and serious injury" to it. *Id.* Accordingly, good cause exists to protect the Banilla Confidential Information, the Grover Confidential Information, and the Pace-o-Matic Confidential Information;

WHEREAS, the Parties have agreed to provisions in addition to those contained in the Stipulated Protective Order entered in the above-referenced action (Dkt. 53) to protect against misuse or disclosure of such Banilla Confidential Information, such Grover Confidential Information, and such Pace-o-Matic Confidential Information;

WHEREFORE, IT IS HEREBY ORDERED that source code, schematics, or documents that incorporate Banilla Confidential Information produced in connection with the above-captioned matter that are designated as "BANILLA –

OUTSIDE ATTORNEYS' EYES ONLY" and "BANILLA – OUTSIDE ATTORNEYS' EYES ONLY – PROSECUTION BAR," that source code, schematics, or documents that incorporate Grover Confidential Information produced in connection with the above-captioned matter that are designated as "GROVER – OUTSIDE ATTORNEYS' EYES ONLY" and "GROVER – OUTSIDE ATTORNEYS' EYES ONLY – PROSECUTION BAR," and source code, schematics, or documents that incorporate Pace-o-Matic Confidential Information produced in connection with the above-captioned matter that are designated as "PACE-O-MATIC – OUTSIDE ATTORNEYS' EYES ONLY" and "PACE-O-MATIC – OUTSIDE ATTORNEYS' EYES ONLY – PROSECUTION BAR" shall be subject to the following restrictions:

## I. DEFINITIONS

1. "BANILLA MATERIAL," "GROVER MATERIAL," and "PACE-O-MATIC MATERIAL": Confidential information (regardless of how generated, stored, or maintained) or tangible things that include or incorporate Non-Party Banilla, Non-Party Grover, or Non-Party Pace-o-Matic Confidential Information, that Non-Party Banilla, Non-Party Grover, or Non-Party Pace-o-Matic (i) would not normally reveal to third parties except in confidence, or has undertaken with others to maintain in confidence, (ii) believes in good faith is significantly sensitive, or (iii) believes is protected by a right to privacy under federal or state law, or any other applicable privilege or right related to confidentiality or privacy. Banilla Material, Grover Material, and Pace-o-Matic Material includes all information, documents, source code, testimony, and things produced, served, or otherwise provided in this action by any Party, by Non-Party Banilla, by Non-Party Grover, or by Non-Party Pace-o-Matic, that include or incorporate Banilla Confidential Information, Grover Confidential Information, or Pace-o-Matic Confidential Information.

2.     "BANILLA – OUTSIDE ATTORNEYS' EYES ONLY," "GROVER – OUTSIDE ATTORNEYS' EYES ONLY," and "PACE-O-MATIC – OUTSIDE ATTORNEYS' EYES ONLY" material:  information, documents, and things that include or incorporate Banilla Material, Grover Material, or Pace-o-Matic Material, the disclosure of which would work a clear and serious defined injury to the disclosing party's competitive and business standing.

3.     "Source Code":   includes computer code, scripts, assembly code, binaries, object code, source code listings and descriptions of source code, object code listings and descriptions of object code, netlists, Hardware Description Language (HDL) or Register Transfer Level (RTL) files that describe the hardware design of any ASIC or other chip, mask data design and fabrication computer files stored in a "GDS" or related file format, process-flow documents related to the fabrication of circuit boards, and other documents that provide the same definition or detailed description of the algorithms or structures of software or hardware designs.  shall include computer code, scripts, assembly code, binaries, object code, source code listings and descriptions of source code, object code listings and descriptions of object code, netlists, Hardware Description Language (HDL) or Register Transfer Level (RTL) files that describe the hardware design of any ASIC or other chip, mask data design and fabrication computer files stored in a "GDS" or related file format, process-flow documents related to the fabrication of circuit boards, and other documents that provide the same definition or detailed description of the algorithms or structures of software or hardware designs.

5.     "BANILLA – OUTSIDE ATTORNEYS' EYES ONLY – PROSECUTION BAR," "GROVER – OUTSIDE ATTORNEYS' EYES ONLY – PROSECUTION BAR," and "PACE-O-MATIC – OUTSIDE ATTORNEYS' EYES ONLY – PROSECUTION BAR" Material:  Banilla Material, Grover Material, or Pace-o-Matic Material is Information, Documents, or things that include

proprietary technical and Source Code material that Non-Party Pace-o-Matic, Non-Party Banilla, or Non-Party Grover maintains as highly confidential in their respective businesses, the disclosure of which is likely to cause harm to the competitive position of Non-Party Banilla, Non-Party Grover, or Non-Party Pace-o-Matic.  This designation shall apply to Source Code in the Producing Party's possession, custody, or control, and made available for inspection by the Producing Party.  Information, documents, things, or Source Code that constitute or relate to electronic games or electronic gaming systems that existed prior to June 30, 2006 may not be designated as "BANILLA – OUTSIDE ATTORNEYS' EYES ONLY – PROSECUTION BAR," "GROVER – OUTSIDE ATTORNEYS' EYES ONLY – PROSECUTION BAR," or "PACE-O-MATIC – OUTSIDE ATTORNEYS' EYES ONLY – PROSECUTION BAR".

6.    "Designated Banilla Material":  material that is designated "BANILLA – OUTSIDE ATTORNEYS' EYES ONLY" or "BANILLA – OUTSIDE ATTORNEYS' EYES ONLY – PROSECUTION BAR" under this Protective Order.

7.    "Designated Grover Material":  material that is designated "GROVER – OUTSIDE ATTORNEYS' EYES ONLY" or "GROVER – OUTSIDE ATTORNEYS' EYES ONLY – PROSECUTION BAR" under this Protective Order.

8.    "Designated Pace-o-Matic Material":  material that is designated "PACE-O-MATIC – OUTSIDE ATTORNEYS' EYES ONLY" or "PACE-O-MATIC – OUTSIDE ATTORNEYS' EYES ONLY – PROSECUTION BAR" under this Protective Order.

9.    "Designated Source Code Material":  material that is designated "BANILLA – OUTSIDE ATTORNEYS' EYES ONLY – PROSECUTION BAR," "GROVER – OUTSIDE ATTORNEYS' EYES ONLY – PROSECUTION BAR,"

or "PACE-O-MATIC – OUTSIDE ATTORNEYS' EYES ONLY – PROSECUTION BAR" (or, for Source Code dated before June 30, 2006 and designated "BANILLA – OUTSIDE ATTORNEYS' EYES ONLY" or "PACE-O-MATIC – OUTSIDE ATTORNEYS' EYES ONLY") under this Protective Order.

10.    "Personnel Retained by a Receiving Party in this Action" means any consultants, experts, or outside counsel (including their support staff) that have been and continue to be retained by a Receiving Party in this action.  For the sake of clarity, any person who was retained by a Receiving Party in this action will no longer fall under this definition if that person ceases to be retained by a Receiving Party in this action.

11.    "Party" means any Party to the above-captioned action, including all of its officers, directors, employees, consultants, retained experts, and all support staff thereof.

12.    "Producing Party" and/or "Designating Party" means a party or non-party that discloses or produces Designated Banilla Material, Designated Grover Material, or Designated Pace-o-Matic Material in the above-captioned actions.

13.    "Receiving Party" a Party that receives Designated Banilla Material, Designated Grover Material, or Designated Pace-o-Matic Material from a Producing Party in the above-captioned actions.

14.    "Authorized Reviewer(s)" shall mean persons authorized to review "BANILLA – OUTSIDE ATTORNEYS' EYES ONLY" and "BANILLA – OUTSIDE ATTORNEYS' EYES ONLY – PROSECUTION BAR" "GROVER – OUTSIDE ATTORNEYS' EYES ONLY" and "GROVER – OUTSIDE ATTORNEYS' EYES ONLY – PROSECUTION BAR" "PACE-O-MATIC – OUTSIDE ATTORNEYS' EYES ONLY" and "PACE-O-MATIC – OUTSIDE ATTORNEYS' EYES ONLY – PROSECUTION BAR" material in accordance with this Protective Order and the Stipulated Protective Order.

15.    "Counsel of Record":  (i) Outside Counsel who appears on the pleadings, or has entered an appearance in this action as counsel for a Party, and (ii) partners, principals, counsel, associates, employees, and contract attorneys of such Outside Counsel to whom it is reasonably necessary to disclose the information for this litigation, including supporting personnel employed by the attorneys' firms, such as paralegals, legal translators, legal secretaries, legal clerks, and shorthand reporters.

16.    "Outside Consultant":  a person with specialized knowledge or experience in a matter pertinent to the litigation (i) who has been retained by Counsel of Record to serve as an expert witness or a litigation consultant in this action (including any necessary support personnel of such person to whom disclosure is reasonably necessary for this litigation), and (ii) who is not a current employee of a Party, of a competitor of a Party, or of Non-Party Banilla, Non-Party Grover, or Non-Party Pace-o-Matic, and who, at the time of retention, is not anticipated to become an employee of, or a non-litigation consultant of:  1) a Party, 2) a competitor of a Party, 3) a competitor of Non-Party Banilla, Non-Party Grover, or Non-Party Pace-o-Matic, or 4) Non-Party Banilla, Non-Party Grover, or Non-Party Pace-o-Matic.

17.    "Professional Vendors":  persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; designing and preparing exhibits, graphics, or demonstrations; organizing, storing, or retrieving data in any form or medium; etc.) and their employees and subcontractors (i) who have been retained by or are directed by Counsel of Record in this action, and (ii) who are not current employees of a Party, a competitor of a Party, or of Non-Party Banilla, Non-Party Grover, or of Non-Party Pace-o-Matic, and who, at the time of retention, are not anticipated to become employees of: 1) a Party, 2) a competitor of a Party, 3) a competitor of Non-Party Banilla, Non-Party Grover, or of Non-Party Pace-o-Matic, or 4) Non-Party Banilla, Non-Party Grover, or Non-Party Pace-o-

Matic. This definition includes ESI vendors, and professional jury or trial consultants retained in connection with this litigation to assist a Party, Counsel of Record, or any Outside Consultant in their work. Professional vendors do not include consultants who fall within the definition of Outside Consultant.

## II.    RELATIONSHIP TO STIPULATED PROTECTIVE ORDER

18.    This Protective Order shall not diminish any existing restriction with respect to Designated Banilla Material, Designated Grover Material, and Designated Pace-o-Matic Material. The Parties, Banilla, Grover, and Pace-o-Matic acknowledge and agree that this Protective Order is a supplement to the Stipulated Protective Order entered in this action on February 26, 2020. The Protective Order applies to all material designated pursuant to this Protective Order. To the extent that there is any confusion or conflict between protective orders with respect to Designated Banilla Material, Designated Grover Material, and Designated Pace-o-Matic Material, then this Protective Order governs.

## III.    SCOPE

19.    The protections conferred by this Protective Order cover Designated Banilla Material, Designated Grover Material, and Designated Pace-o-Matic Material (as defined above) and any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof. Nothing herein shall alter or change in any way the discovery provisions of the Federal Rules of Civil Procedure or any applicable local rules or General Orders. Identification of any individual pursuant to this Protective Order does not make that individual available for deposition, or any other form of discovery outside of the restrictions and procedures of the Federal Rules of Civil Procedure or any applicable rules or General Orders.

20.    As to Banilla Designated Material, this Protective Order shall not prevent a disclosure to which Non-Party Banilla consents in writing before that

disclosure takes place. As to Grover Designated Material, this Protective Order shall not prevent a disclosure to which Non-Party Grover consents in writing before that disclosure takes place. As to Pace-o-Matic Designated Material, this Protective Order shall not prevent a disclosure to which Non-Party Pace-o-Matic consents in writing before that disclosure takes place.

21. This Protective Order shall apply to all material designated as Designated Banilla Material, Designated Grover Material, and Designated Pace-o-Matic Material that is produced or provided for inspection in this action, including all Designated Banilla Material, Designated Grover Material, and Designated Pace-o-Matic Material that is in the possession, custody, or control of Banilla, Grover, Pace-o-Matic, or any Party in these actions, or that is otherwise relevant to these actions.

## IV. ACCESS TO DESIGNATED BANILLA MATERIAL

22. Access to "BANILLA – OUTSIDE ATTORNEYS' EYES ONLY" Material, "GROVER – OUTSIDE ATTORNEYS' EYES ONLY," and "PACE-O-MATIC – OUTSIDE ATTORNEYS' EYES ONLY" Material: Unless otherwise ordered by the Court or permitted in writing by Non-Party Banilla (for Designated Banilla Material), Non-Party Grover (for Designated Grover Material), or Non-Party Pace-o-Matic (for Designated Pace-o-Matic Material), a Receiving Party may disclose any information, document, or thing designated "BANILLA – OUTSIDE ATTORNEYS' EYES ONLY," "GROVER – OUTSIDE ATTORNEYS' EYES ONLY," or "PACE-O-MATIC – OUTSIDE ATTORNEYS' EYES ONLY" only to:

a. Persons who appear on the face of Designated Banilla Material, Designated Grover Material, or Designated Pace-o-Matic Material as an author, addressee, or recipient thereof, or persons who have been designated under FRCP 30(b)(6) to provide testimony on behalf of a Producing Party or Non-Party Banilla

(for Designated Banilla Material), Non-Party Grover (for Designated Grover Material), or Non-Party Pace-o-Matic (for Designated Pace-o-Matic Material);

b.    Counsel of Record;

c.    Outside Consultants to whom disclosure is reasonably necessary for this litigation, and who have, after the date of this Protective Order, signed the "Acknowledgement And Agreement To Be Bound By Protective Order Governing Confidential Information of Non-Parties In This Case" attached hereto as Exhibit A;

d.    Any designated arbitrator or mediator who is assigned to hear this matter, or who has been selected by the Parties, and his or her staff; who have, after the date of this Protective Order, signed the "Acknowledgement And Agreement To Be Bound By Protective Order Governing Confidential Information of Non-Parties" attached hereto as Exhibit A, as well as any arbitrator's or mediator's staff who have also signed Exhibit A;

e.    Court reporters and videographers employed in connection with this action; and

f.    Professional Vendors to whom disclosure is reasonably necessary for this action, and a representative of which has signed the "Acknowledgement And Agreement To Be Bound By Protective Order Governing Confidential Information of Non-Parties In This Case" attached hereto as Exhibit A, subject to the following exception:  Designated Banilla Material, Designated Grover Material, and Designated Pace-o-Matic Material shall not be disclosed to mock jurors without Non-Party Banilla's express written consent (for Designated Banilla Material), Non-Party

10

Grover's express written consent (for Designated Grover Material), or Non-Party Pace-o-Matic's express written consent (for Designated Pace-o-Matic Material);

g.    The Court, its personnel, and the jury.

23.    Access to "BANILLA – OUTSIDE ATTORNEYS' EYES ONLY – PROSECUTION BAR," "GROVER – OUTSIDE ATTORNEYS' EYES ONLY – PROSECUTION BAR," and "PACE-O-MATIC – OUTSIDE ATTORNEYS' EYES ONLY – PROSECUTION BAR" Material:  Unless otherwise ordered by the Court or permitted in writing by Non-Party Banilla (for Designated Banilla Material), Non-Party Grover (for Designated Grover Material), or Non-Party Pace-o-Matic (for Designated Pace-o-Matic Material), a Receiving Party may disclose any information, document, or thing designated "BANILLA – OUTSIDE ATTORNEYS' EYES ONLY – PROSECUTION BAR," "GROVER – OUTSIDE ATTORNEYS' EYES ONLY – PROSECUTION BAR," or "PACE-O-MATIC – OUTSIDE ATTORNEYS' EYES ONLY – PROSECUTION BAR" only to:

a.    Persons who appear on the face of Designated Banilla Material, Designated Grover Material, or Designated Pace-o-Matic Material as an author, addressee, or recipient thereof, or persons who have been designated under FRCP 30(b)(6) to provide testimony of behalf of a Producing Party or Non-Party Banilla (for Designated Banilla Material) or Non-Party Grover (for Designated Grover Material) or Non-Party Pace-o-Matic (for Designated Pace-o-Matic Material) regarding the same;

b.    Counsel of Record;

c.    Outside Consultants to whom disclosure is reasonably necessary for this litigation, and who have, after the date of this Protective Order, signed the "Acknowledgement And Agreement To Be

Bound By Protective Order Governing Confidential Information of Non-Parties In This Case" attached hereto as Exhibit A;

d.    Any designated arbitrator or mediator who is assigned to hear this matter, or who has been selected by the Parties, and his or her staff; who have, after the date of this Protective Order, signed the "Acknowledgement And Agreement To Be Bound By Protective Order Governing Confidential Information of Non-Parties In This Case" attached hereto as Exhibit A, as well as any arbitrator's or mediator's staff who have also signed Exhibit A, provided, however, that before such disclosure, Banilla (for Banilla Designated Material), Grover (for Grover Designated Material), and Pace-o-Matic (for Pace-o-Matic Designated Material) is provided notice including: (a) the individual's name and business title; (b) business address; (c) business or professions; and (d) the individual's CV.  Banilla, Grover, and Pace-o-Matic shall have five (5) business days from receipt of the notice to object in writing to such disclosure (plus three (3) extra days if notice is given other than by hand delivery, e-mail delivery, or facsimile transmission).  After the expiration of the 5 business days (plus 3 days, if appropriate) period, if no objection has been asserted by Banilla, then "BANILLA – OUTSIDE ATTORNEYS' EYES ONLY – PROSECUTION BAR" materials may be disclosed pursuant to the terms of this Protective Order.  After the expiration of the 5 business days (plus 3 days, if appropriate) period, if no objection has been asserted by Grover, then "GROVER – OUTSIDE ATTORNEYS' EYES ONLY – PROSECUTION BAR"

materials may be disclosed pursuant to the terms of this Protective Order.  After the expiration of the 5 business days (plus 3 days, if appropriate) period, if no objection has been asserted by Pace-o-Matic, then "PACE-O-MATIC – OUTSIDE ATTORNEYS' EYES ONLY – PROSECUTION BAR" materials may be disclosed pursuant to the terms of this Protective Order;

e.  Court reporters and videographers employed in connection with this action, subject to the provisions provided in subparagraph 32(i) herein;

f.  Professional Vendors to whom disclosure is reasonably necessary for this action, and a representative of which has signed the "Acknowledgement And Agreement To Be Bound By Protective Order Governing Confidential Information of Non-Parties In This Case" attached hereto as Exhibit A, subject to the following exception: Designated Banilla Material, Designated Grover Material, and Designated Pace-o-Matic Material shall not be disclosed to mock jurors without Non-Party Banilla's, Non-Party Grover's, and Non-Party Pace-o-Matic's express written consent; and

g.  The Court, its personnel, and the jury.

24.  Notwithstanding the Stipulated Protective Order, unless otherwise ordered or agreed in writing by Non-Party Banilla, Designated Banilla Material may not be disclosed to employees of a Receiving Party, including its in-house attorneys and support staff.  Notwithstanding the Stipulated Protective Order, unless otherwise ordered or agreed in writing by Non-Party Grover, Designated Grover Material may not be disclosed to employees of a Receiving Party, including its in-house attorneys

and support staff.  Notwithstanding the Stipulated Protective Order, unless otherwise ordered or agreed in writing by Non-Party Pace-o-Matic, Designated Pace-o-Matic Material may not be disclosed to employees of a Receiving Party, including its in-house attorneys and support staff.

25.    Notwithstanding the Stipulated Protective Order, unless otherwise ordered or agreed in writing by Non-Party Banilla, Designated Banilla Material may not be disclosed to mock jurors.  Notwithstanding the Stipulated Protective Order, unless otherwise ordered or agreed in writing by Non-Party Grover, Designated Grover Material may not be disclosed to mock jurors.  Notwithstanding the Stipulated Protective Order, unless otherwise ordered or agreed in writing by Non-Party Pace-o-Matic, Designated Pace-o-Matic Material may not be disclosed to mock jurors.

26.    The Parties acknowledge that Designated Banilla Material, Designated Grover Material, and Designated Pace-o-Matic Material also may be subject to the US government export control and economic sanctions laws, including the Export Administration Regulations ("EAR", 15 CFR 730 et seq., http://www.bis.doc.gov/ ) administered by the Department of Commerce, Bureau of Industry and Security, and the Foreign Asset Control Regulations (31 CFR 500 et seq., http://www.treas.gov/offices/enforcement/ofac/) administered by the Department of Treasury, Office of Foreign Assets Control ("OFAC").  Receiving Parties may not directly or indirectly export, re-export, transfer or release (collectively, "Export") any Designated Banilla Material, Designated Grover Material, or Designated Pace-o-Matic Material to any destination, person, entity or end use prohibited or restricted under US law without prior US government authorization to the extent required by regulation.  The US government maintains embargoes and sanctions against the countries listed in Country Groups E:1/2 of the EAR (Supplement 1 to part 740),

currently Cuba, Iran, Libya, North Korea, North Sudan and Syria but any amendments to these lists shall apply.

27.    Receiving Party may host "BANILLA – OUTSIDE ATTORNEYS' EYES ONLY" Material, "GROVER – OUTSIDE ATTORNEYS' EYES ONLY," or "PACE-O-MATIC – OUTSIDE ATTORNEYS' EYES ONLY" Material only on either 1) any system inside the firewall of a law firm representing the Receiving Party, or 2) inside the system of a professional ESI Vendor retained by Counsel of Record of the Receiving Party.  "BANILLA – OUTSIDE ATTORNEYS' EYES ONLY," "GROVER – OUTSIDE ATTORNEYS' EYES ONLY," and "PACE-O-MATIC – OUTSIDE ATTORNEYS' EYES ONLY" Material also cannot be sent or transmitted to any person, location, or vendor outside of the United States except to Counsel of Record and Outside Consultants designated pursuant to subparagraphs 22(c) and 23(c) above.  To the extent that any "BANILLA – OUTSIDE ATTORNEYS' EYES ONLY," "GROVER – OUTSIDE ATTORNEYS' EYES ONLY," or "PACE-O-MATIC – OUTSIDE ATTORNEYS' EYES ONLY" Material is transmitted from or to authorized recipients outside of the Receiving Party's Outside Counsel's office, or outside of the ESI Vendor's system, the transmission shall be by hand (and encrypted if in electronic format), by a secure transport carrier (e.g., Federal Express), or by secure electronic means, such as email using an encrypted password protected container (other than Trucrypt), or download via secure FTP.  "BANILLA – OUTSIDE ATTORNEYS' EYES ONLY – PROSECUTION BAR," "GROVER – OUTSIDE ATTORNEYS' EYES ONLY – PROSECUTION BAR," and "PACE-O-MATIC – OUTSIDE ATTORNEYS' EYES ONLY – PROSECUTION BAR" may not be transmitted from or to authorized recipients outside of the Receiving Party's Outside Counsel's office or outside of the ESI Vendor's system by electronic means; however, this should not be understood to prohibit the electronic transmittal of testifying experts' expert

reports or drafts, court filings, and trial exhibits or demonstratives thereof that may refer to BANILLA – OUTSIDE ATTORNEYS' EYES ONLY – PROSECUTION BAR, GROVER – OUTSIDE ATTORNEYS' EYES ONLY – PROSECUTION BAR, or PACE-O-MATIC – OUTSIDE ATTORNEYS' EYES ONLY – PROSECUTION BAR, subject to the limitations set forth in Section 32(i) herein, and as long as such electronic transmittal is by secure electronic means, such as email using an encrypted password protected container (other than Trucrypt), or download via secure FTP.  Court filings containing BANILLA – OUTSIDE ATTORNEYS' EYES ONLY and BANILLA – OUTSIDE ATTORNEYS' EYES ONLY – PROSECUTION BAR, GROVER – OUTSIDE ATTORNEYS' EYES ONLY and GROVER – OUTSIDE ATTORNEYS' EYES ONLY – PROSECUTION BAR, and PACE-O-MATIC – OUTSIDE ATTORNEYS' EYES ONLY and PACE-O-MATIC – OUTSIDE ATTORNEYS' EYES ONLY – PROSECUTION BAR may be submitted via the Court's ECF filing system subject to the limitations set forth in Section 32(i) herein.

28.    Each person to whom Designated Banilla Material, Designated Grover Material, or Designated Pace-o-Matic Material may be disclosed, and who is required to sign the "Acknowledgement And Agreement To Be Bound By Protective Order Governing Confidential Information of Non-Parties In This Case" attached hereto as Exhibit A, shall do so, prior to the time such Designated Banilla Material, Designated Grover Material, and/or Designated Pace-o-Matic Material is disclosed to him or her.  Counsel for the Receiving Party who makes any disclosure of Designated Banilla Material, Designated Grover Material, or Designated Pace-o-Matic Material shall retain each original executed certificate and, upon written request, shall provide copies to counsel for Non-Party Banilla, Non-Party Grover, and counsel for Non-Party Pace-o-Matic at the termination of this action.

29.    Absent written permission from Non-Party Banilla, persons not permitted access to Designated Banilla Material under the terms of this Protective Order shall not be present at depositions while Designated Banilla Material is discussed or otherwise disclosed.    Absent written permission from Non-Party Grover, persons not permitted access to Designated Grover Material under the terms of this Protective Order shall not be present at depositions while Designated Grover Material is discussed or otherwise disclosed.    Absent written permission from Non-Party Pace-o-Matic, persons not permitted access to Designated Pace-o-Matic Material under the terms of this Protective Order shall not be present at depositions while Designated Pace-o-Matic Material is discussed or otherwise disclosed.    Pre-trial and trial proceedings shall be conducted in a manner, subject to the supervision of the Court, to protect Designated Banilla Material, Designated Grover Material, and Designated Pace-o-Matic Material from disclosure to persons not authorized to have access to such Designated Banilla Material, Designated Grover Material, and/or such Designated Pace-o-Matic Material.    Any Party intending to disclose or discuss Designated Banilla Material, Designated Grover Material, or Designated Pace-o-Matic Material at pretrial or trial proceedings must give advance notice to the Producing Party to assure the implementation of the terms of this Protective Order.

## V.    ACCESS BY OUTSIDE CONSULTANTS

30.    **Notice.**    If a Receiving Party wishes to disclose Designated Banilla Material, Designated Grover Material, or Designated Pace-o-Matic Material to any Outside Consultant, the Receiving Party must first make a written request to Non-Party Banilla (in the case of Designated Banilla Material), Non-Party Grover (in the case of Designated Grover Material), or Non-Party Pace-o-Matic (for Designated Pace-o-Matic Material) that (1) sets forth the full name of the Outside Consultant and the city and state of his or her primary residence, (2) attaches a copy of the

Outside Consultant's current resume, (3) identifies the Outside Consultant's current employer (s), (4) identifies each person or entity from whom the Outside Consultant has received compensation or funding for work in his or her areas of expertise or to whom the Outside Consultant has provided professional services, including in connection with a litigation, at any time during the preceding five years and the party to the litigation for whom such work was done, (5) identifies (by name and number of the case, filing date, and location of court) any litigation in connection with which the Outside Consultant has offered expert testimony, including through a declaration, report, or testimony at a deposition or trial, during the preceding five years, and (6) identifies any patents or patent applications in which the Outside Consultant is identified as an inventor or applicant, is involved in prosecuting or maintaining, or has any pecuniary interest.  With regard to the information sought through part (4) of this disclosure, if the Outside Consultant believes any of this information is subject to a confidentiality obligation to a third party, then the Outside Consultant should provide whatever information the Outside Consultant believes can be disclosed without violating any confidentiality agreements, and the Receiving Party seeking to disclose to the Outside Consultant shall be available to meet and confer with Banilla (for Designated Banilla Material), Grover (for Designated Grover Material), and Pace-o-Matic (for  Designated Pace-o-Matic Material) regarding any such engagement.  The Outside Consultant must execute copies of the "Acknowledgement and Agreement To Be Bound By Protective Order Governing Confidential Information of Non-Parties In This Case," attached as Exhibit A, and the Receiving Party shall provide a copy of this executed document to Banilla's counsel, to Grover's counsel, and to Pace-o-Matic's counsel.

31.    **Objections.**  A Receiving Party that makes a request and provides the information specified in the preceding respective paragraph may disclose the subject Designated Banilla Material, the subject of Designated Grover Material, or the

subject Designated Pace-o-Matic Material to the identified Outside Consultant unless, within fourteen (14) days of delivering the request, the Party receives a written objection from Banilla (as to Designated Pace-Banilla Material), from Grover (as to Designated Grover Material), or from Pace-o-Matic (as to Designated Pace-o-Matic Material). Any such objection must set forth in detail the grounds on which it is based. A Receiving Party that receives a timely written objection must meet and confer with Banilla, Grover, and/or Pace-o-Matic as necessary (through direct voice to voice dialogue) to try to resolve the matter by agreement within 10 days of the written objection. If no agreement is reached, the Party may seek relief. In any such proceeding for relief, Non-Party Banilla, Non-Party Grover, or Non-Party Pace-o-Matic shall have the burden of proof by a preponderance of the evidence on the issue of the sufficiency of the objection(s). Pending a ruling by the appropriate court upon any such objection(s), or the subsequent resolution of the objection by Receiving Party and Non-Party Banilla, the Receiving Party and Non-Party Grover, and the Receiving Party and Non-Party Pace-o-Matic, the discovery material shall not be disclosed to the person objected to by Non-Party Banilla, Non-Party Grover, and/or Non-Party Pace-o-Matic.

## VI.   PRODUCTION OF NON-PARTY – OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE:

32. Non-Party Source Code:

   a. Any Source Code that is produced pursuant to this Order shall be made available for inspection in electronic format at an established office of Banilla Games (for Banilla Source Code), Banilla's Counsel (for Banilla Source Code), an established office of Grover (for Grover Source Code), Grover's Counsel (for Grover Source Code), an established office of Pace-o-Matic (for Pace-o-Matic Source Code) or

Pace-o-Matic's Counsel (for Pace-o-Matic Source Code), or any other location mutually agreed by the Parties in electronic format on stand-alone computer(s). Source Code will be made available for inspection between the hours of 9 a.m. and 5:30 p.m. on business days (*i.e.*, weekdays that are not Federal holidays) where Banilla's office, Banilla's counsel's office, Grover's office, Grover's counsel's office, Pace-o-Matic's office, Pace-o-Matic's counsel's office, or other agreed upon location is open for business and permitted to have outside visitors.

b. All Source Code shall be made available in a secure room on a secured computer without Internet access or network access to other computers and on which all access ports have been disabled, as necessary and appropriate to prevent and protect against any unauthorized copying, transmission, removal, or other transfer of any Source Code outside or away from the computer on which the Source Code is provided for inspection (the "Source Code Computer" in the "Source Code Review Room"). The Source Code Computer shall be password protected and shall have the Source Code stored on a hard drive contained inside the computer. The supplier shall produce Source Code in computer searchable format on the Source Code Computer and in the file format in which the Source Code is kept in the ordinary course of the Producing Party's business. The Producing Party shall provide the Receiving Party with information explaining how to start, log on to, and operate the stand-alone computer(s) in order to access the produced Source Code. No later than seven (7) days before the first inspection of the Source Code (and promptly upon any supplemental production of Source Code), the Producing Party shall serve on the recipient a listing of the operating system of the Source Code Computer, an

identification of the source code language(s) of the Source Code, and the source code review tools on the Source Code Computer. If the Receiving Party believes any additional, reasonably necessary, licensed software tools should be installed on the Source Code Computer(s), the Receiving Party shall provide the CD, DVD or website link(s) containing such tools, to the Producing Party at least ten (10) days before the Producing Party must install and make these software tools available for use on the stand-alone computer.

c.  The Producing Party will produce Source Code Material in computer searchable format, including the ability to perform key word searches across the Source Code Material and within any given source code file, on the Source Code Computer(s).

d.  The Producing Party may visually monitor the activities of the Receiving Party's representatives during any Source Code review, but only to ensure that no unauthorized electronic records of the Source Code and no information concerning the Source Code are being created or transmitted in any way. Any observer used by the Producing Party may monitor the Receiving Party's representatives during the Source Code review so as to refrain from overhearing a conversation (in order that the Receiving Party's representatives can discuss the Source Code in the course of their review). During the Receiving Party's review of the Source Code, the Producing Party shall not otherwise interfere with the Receiving Party's review of the Source Code and shall not be permitted access to the Receiving Party's notes, work product, search history, or discussions inside the review room or following each day's inspection of the Source Code. No copies of all or any portion of the Source Code may leave the Source Code Review Room except as

otherwise provided herein. Further, no other written or electronic record of the Source Code is permitted except as otherwise provided herein.

e. The Receiving Party may request a reasonable number of pages of Source Code to be printed by the Producing Party, but no more than 50 consecutive pages, or an aggregate total of more than 2,500 pages. To the extent Receiving Party requires an aggregate total of more than 2,500 pages of source code, the Receiving Party shall make such request in writing, including the basis of such a request, and then Banilla (for Banilla Source Code), Grover (for Grover Source Code), or Pace-o-Matic (for Pace-o-Matic Source Code) and the Receiving Party shall meet and confer to determine whether good cause exists to produce a limited number of additional pages. The Receiving Party shall not request printing of Source Code in order to review blocks of Source Code elsewhere in the first instance, i.e., as an alternative to reviewing that Source Code electronically on the Source Code Computer, as the Parties acknowledge and agree that the purpose of the protections herein would be frustrated by printing portions of code for review and analysis elsewhere, and printing is permitted only when necessary to prepare Court filings or pleadings or other papers (including a testifying expert's expert report). The Producing Party shall Bates number, copy, and label in accordance with the designations in the instant Order any pages requested by the Receiving Party. Within five (5) business days, the Producing Party shall either (i) provide one copy set of such pages to the Receiving Party, or (ii) inform the Requesting Party that it objects that the printed portions are excessive and/or not done for a permitted purpose. If, after meeting and

conferring within two (2) days of any objections, the Producing Party and the Receiving Party cannot resolve the objection, the Receiving Party shall be able to seek relief from the Court. If the Court compels production, the Producing Party shall provide one copy set of the requested pages to the Receiving Party within five (5) business days. The printed pages shall constitute part of the Source Code produced by the Producing Party.

f. Authorized Reviewer(s) in this action shall not print Source Code which has not been reviewed on the Source Code Computer(s), or in order to review the Source Code elsewhere in the first instance, i.e., as an alternative to reviewing that Source Code electronically on the Source Code Computer(s), as the Parties and Non-Parties Banilla, Grover, and Pace-o-Matic acknowledge and agree that the purpose of the protections herein would be frustrated by such actions.

g. Authorized Reviewer(s) are prohibited from bringing outside electronic devices, including but not limited to laptops, floppy drives, zip drives, or other hardware into the secure room. Nor shall any cellular telephones, personal digital assistants (PDAs), Blackberries, cameras, voice recorders, Dictaphones, external or portable telephone jacks or other outside electronic devices be permitted inside the secure room, except for medical devices, implants, or equipment reasonably necessary for any legitimate medical reason.

h. If any Authorized Reviewer(s) reviewing a Non-Party's Source Code seeks to take notes, that person may not copy source code into such notes but may make reference to words, phrases, and passages that appear in Designated Source Code Material. Notes taken during such review pertaining to Source Code dated on or after June 30, 2006 need

not be produced but shall be designated as "BANILLA – OUTSIDE ATTORNEYS' EYES ONLY – PROSECUTION BAR," "GROVER – OUTSIDE ATTORNEYS' EYES ONLY – PROSECUTION BAR," or "PACE-O-MATIC – OUTSIDE ATTORNEYS' EYES ONLY – PROSECUTION BAR" and treated accordingly. Notes taken during such review pertaining to Source Code dated before June 30, 2006 need not be produced but shall be designated as "BANILLA – OUTSIDE ATTORNEYS' EYES ONLY," "GROVER – OUTSIDE ATTORNEYS' EYES ONLY," or "PACE-O-MATIC – OUTSIDE ATTORNEYS' EYES ONLY" and treated accordingly.

i. A Receiving Party may make copies of excerpts of no more than 5 continuous lines of Designated Source Code Material for the sole purpose of providing these excerpts in a pleading, exhibit, demonstrative, expert report, discovery document, or other Court document filed with the Court under seal in accordance with the Court's rules, procedures, and orders (or drafts thereof) and, for Source Code dated on or after June 30, 2006, should designate each such document BANILLA – OUTSIDE ATTORNEYS' EYES ONLY – PROSECUTION BAR, GROVER – OUTSIDE ATTORNEYS' EYES ONLY – PROSECUTION BAR, or PACE-O-MATIC – OUTSIDE ATTORNEYS' EYES ONLY – PROSECUTION BAR , as applicable, and, for Source code dated before June 30, 2006, should designate each such document BANILLA – OUTSIDE ATTORNEYS' EYES ONLY, GROVER – OUTSIDE ATTORNEYS' EYES ONLY, or PACE-O-MATIC – OUTSIDE ATTORNEYS' EYES ONLY, as applicable, except that the Receiving Party may request to make copies of excerpts of more than 10 continuous lines of Designated Source Code Material

for such purpose, which request shall not be unreasonably denied by Banilla, Grover, or Pace-o-Matic. Except as approved by Banilla (for Designated Banilla Source Code), Grover (for Designated Grover Source Code), or Pace-o-Matic (for Designated Pace-o-Matic Source Code), longer excerpts shall not be copied for use in court documents but shall be referred to by citation to production page numbers and lines. A Receiving Party shall provide notice to Banilla (for Designated Banilla Source Code), Grover (for Designated Grover Source Code), or Pace-o-Matic (for Designated Pace-o-Matic Source Code), via its counsel for each occasion on which it submits portions of Designated Source Code Material in a pleading or other Court document. In the event copies of Source Code printouts are used as exhibits in a deposition, printouts shall not be provided to the court reporter except by Court order, and the further copies of the original Source Code printouts made for the deposition shall be destroyed at the conclusion of the deposition. The original copies of deposition exhibits designated "BANILLA – OUTSIDE ATTORNEYS' EYES ONLY – PROSECUTION BAR," "GROVER – OUTSIDE ATTORNEYS' EYES ONLY – PROSECUTION BAR," and "PACE-O-MATIC – OUTSIDE ATTORNEYS' EYES ONLY – PROSECUTION BAR" for Source Code dated on or after June 30, 2006, and, for Source code dated before June 30, 2006, designated BANILLA – OUTSIDE ATTORNEYS' EYES ONLY, GROVER – OUTSIDE ATTORNEYS' EYES ONLY, or PACE-O-MATIC – OUTSIDE ATTORNEYS' EYES ONLY, as applicable, will be maintained by the deposing party under the terms set forth in this Protective Order.

j.  The Receiving Party's Counsel of Record shall keep log(s) recording the identity of each individual to whom each hard copy of each Producing Party's Source Code is provided and when it was provided to that person in the first instance, and within thirty (30) days after the issuance of a final, non-appealable decision resolving all issues in this action, the Receiving Party must serve upon Non-Party Banilla (for Banilla Source Code), Non-Party Grover (for Grover Source Code), and Non-Party Pace-o-Matic (for Pace-o-Matic Source Code) the log. Such logs shall not be disclosed by Non-Party Banilla, Non-Party Grover, or Non-Party Pace-o-Matic to any other Party or Non-Party. Further, for the avoidance of doubt, pursuant to Federal Rule of Civil Procedure 502, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any such privilege, doctrine, or immunity in this or any other federal or state proceeding.

k.  In addition, any Outside Consultants of the Receiving Party to whom the paper copies of Source Code were provided must certify in writing that all copies of the Source Code were destroyed or returned to the counsel who provided them the information and that they will make no use of such Source Code, or of any knowledge gained from the source code in any future endeavor.

## VII.   PROCEDURE FOR DESIGNATING MATERIALS

33.    Subject to the limitations set forth in the Protective Order and in this Protective Order, any Party, or Non-Party Banilla, Non-Party Grover, or Non-Party Pace-o-Matic may:  designate as "BANILLA – OUTSIDE ATTORNEYS' EYES ONLY" "GROVER – OUTSIDE ATTORNEYS' EYES ONLY," "PACE-O-MATIC – OUTSIDE ATTORNEYS' EYES ONLY" or information that it believes, in good faith, meets the definition set forth in paragraph 2 above; and designate as

"BANILLA – OUTSIDE ATTORNEYS' EYES ONLY – PROSECUTION BAR," "GROVER – OUTSIDE ATTORNEYS' EYES ONLY – PROSECUTION BAR," or "PACE-O-MATIC – OUTSIDE ATTORNEYS' EYES ONLY – PROSECUTION BAR" information that it believes, in good faith, meets the definition set forth in paragraph 5 above.

34.    Except as provided above in paragraph 32 with respect to "BANILLA – OUTSIDE ATTORNEYS' EYES ONLY – PROSECUTION BAR," "GROVER – OUTSIDE ATTORNEYS' EYES ONLY – PROSECUTION BAR," and "PACE-O-MATIC – OUTSIDE ATTORNEYS' EYES ONLY – PROSECUTION BAR" Material, any material, including (including physical objects) made available by Non-Party Banilla, Non-Party Grover, or Non-Party Pace-o-Matic for initial inspection by counsel for the Receiving Party prior to producing copies of selected items shall initially be considered, as a whole, to constitute "BANILLA – OUTSIDE ATTORNEYS' EYES ONLY" information (for Banilla Material), "GROVER – OUTSIDE ATTORNEYS' EYES ONLY" information (for Grover Material), "PACE-O-MATIC – OUTSIDE ATTORNEYS' EYES ONLY" information (for Pace-o-Matic Material), and shall be subject to this Order.  Thereafter, Non-Party Banilla, Non-Party Grover, or Non-Party Pace-o-Matic, as applicable, shall have seven (7) calendar days from the inspection to review and designate the appropriate documents as "BANILLA – OUTSIDE ATTORNEYS' EYES ONLY," "GROVER – OUTSIDE ATTORNEYS' EYES ONLY," or "PACE-O-MATIC – OUTSIDE ATTORNEYS' EYES ONLY", as applicable, prior to furnishing copies to the Receiving Party.

35.    Designation in conformity with the Protective Order and this Protective Order shall be made as follows:

        a.    For information in documentary (including "electronically stored information") form (apart from transcripts of depositions or other

pretrial or trial proceedings): the Designating Party shall affix the legend "BANILLA – OUTSIDE ATTORNEYS' EYES ONLY" or "BANILLA – OUTSIDE ATTORNEYS' EYES ONLY – PROSECUTION BAR" or "GROVER – OUTSIDE ATTORNEYS' EYES ONLY" or "GROVER – OUTSIDE ATTORNEYS' EYES ONLY – PROSECUTION BAR" or "PACE-O-MATIC – OUTSIDE ATTORNEYS' EYES ONLY" or "PACE-O-MATIC – OUTSIDE ATTORNEYS' EYES ONLY – PROSECUTION BAR" conspicuously on each page that contains Protected Material.

A Party or non-party that makes original documents or materials available for inspection need not designate them for protection until after the Receiving Party has indicated which material it would like copied or produced. Before and during the inspection, all material made available for inspection shall be deemed "BANILLA – OUTSIDE ATTORNEYS' EYES ONLY" (for Banilla Material), "GROVER – OUTSIDE ATTORNEYS' EYES ONLY" (for Grover Material), or "PACE-O-MATIC – OUTSIDE ATTORNEYS' EYES ONLY" (for Pace-o-Matic Material). After the Receiving Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order and, before producing the specified documents, the Producing Party must affix the appropriate legend to each page that contains Designated Banilla Material, Designated Grover Material, or Designated Pace-o-Matic Material.

b.    <u>For Testimony Given in Deposition:</u>  For deposition transcripts, the Designating Party shall specify any portions of the testimony that it wishes to designate, by line and page number, no later than 20 business days after the final transcript of the deposition has been received.  For the avoidance of doubt, it shall be the Producing Party's obligation to provide Non-Party Banilla, Non-Party Grover, and Non-Party Pace-o-Matic with such transcript within three (3) business days of receipt.  The Designating Party, Non-Party Banilla, Non-Party Grover, and Non-Party Pace-o-Matic may identify the entirety of the transcript as "BANILLA – OUTSIDE ATTORNEYS' EYES ONLY" or "BANILLA – OUTSIDE ATTORNEYS' EYES ONLY – PROSECUTION BAR," or "GROVER – OUTSIDE ATTORNEYS' EYES ONLY," "GROVER – OUTSIDE ATTORNEYS' EYES ONLY – PROSECUTION BAR" or "PACE-O-MATIC – OUTSIDE ATTORNEYS' EYES ONLY" or "PACE-O-MATIC – OUTSIDE ATTORNEYS' EYES ONLY – PROSECUTION BAR," but all deposition transcripts not designated during the deposition will nonetheless be treated as "BANILLA – OUTSIDE ATTORNEYS' EYES ONLY" or "BANILLA – OUTSIDE ATTORNEYS' EYES ONLY – PROSECUTION BAR," or "GROVER – OUTSIDE ATTORNEYS' EYES ONLY" or "GROVER – OUTSIDE ATTORNEYS' EYES ONLY – PROSECUTION BAR," or "PACE-O-MATIC – OUTSIDE ATTORNEYS' EYES ONLY" or "PACE-O-MATIC – OUTSIDE ATTORNEYS' EYES ONLY – PROSECUTION BAR," until the time within which it may be appropriately

designated as provided for herein has passed. Any Protected Material that is used in the taking of a deposition shall remain subject to the provisions of this Protective Order and the Protective Order in these actions, along with the transcript pages of the deposition testimony dealing with such Protected Material. In such cases the court reporter shall be informed of this Protective Order and shall be required to operate in a manner consistent with this Protective Order. Transcript pages containing Designated Material must be separately bound by the court reporter, who must affix to the top of each such page the legend "BANILLA – OUTSIDE ATTORNEYS' EYES ONLY" and/or "BANILLA – OUTSIDE ATTORNEYS' EYES ONLY – PROSECUTION BAR" and/or "GROVER – OUTSIDE ATTORNEYS' EYES ONLY" and/or "GROVER – OUTSIDE ATTORNEYS' EYES ONLY – PROSECUTION BAR," and/or "PACE-O-MATIC – OUTSIDE ATTORNEYS' EYES ONLY" or "PACE-O-MATIC – OUTSIDE ATTORNEYS' EYES ONLY – PROSECUTION BAR." A password protected copy of deposition transcripts containing Designated Banilla Material, Designated Grover Material, or Designated Pace-o-Matic Material, as applicable, made pursuant to this paragraph may be hosted electronically by the Receiving Party on any system inside the firewall of a law firm representing the Receiving Party, however, all other restrictions in this Protective Order pertaining to Designated Source Code Material apply. In the event the deposition is videotaped, the original and all copies of the videotape shall be marked by the video technician to indicate that

the contents of the videotape are subject to this Protective Order and the Protective Order, substantially along the lines of "This videotape contains confidential or outside counsel eyes only confidential testimony used in this case and is not to be viewed or the contents thereof to be displayed or revealed except pursuant to the terms of the operative protective orders in this matter or pursuant to written stipulation of the parties." Counsel for any Designating Party shall have the right to exclude from oral depositions, other than the deponent, deponent's counsel, and the reporter and videographer (if any), any person who is not authorized by the Protective Orders in this action to receive or access Protected Material based on the designation of such Protected Material.

c.    For information produced in some form other than documentary, and for any other tangible items, the Designating Party shall affix, in a prominent place on the exterior of the medium, container, or containers in which the information or item is stored, the appropriate legend.

d.    The provisions of subparagraphs 35(a-c) do not apply to documents produced in native format. For documents produced in native format, the Designating Party shall provide written notice to the Receiving Party of any confidentiality designations at the time of production, including by providing an appropriately designated slip sheet.

## VIII.  USE OF DESIGNATED NON-PARTY MATERIAL

36.    Use of Designated Banilla Material, Designated Grover Material, or Designated Pace-o-Matic Material By Receiving Party:  Unless otherwise ordered

by the Court, or agreed to in writing by Non-Party Banilla (for Designated Banilla Material), Non-Party Grover (for Designated Grover Material), or Non-Party Pace-o-Matic (for Designated Pace-o-Matic Material), all Designated Banilla Material, Designated Grover Material, and Designated Pace-o-Matic Material, and all information derived therefrom, shall be used by the Receiving Party only for purposes of this action, and shall not be used in any other way, or for any other purpose, including the acquisition, preparation, or prosecution before the Patent Office of any patent, patent application, the drafting or revising patent claims, or in connection with patent licensing or product development work directly or indirectly intended for commercial purposes related to the particular technologies or information disclosed in the Designated Banilla Material, Designated Grover Material, and Designated Pace-o-Matic Material. Information contained or reflected in Designated Banilla Material, Designated Grover Material, and Designated Pace-o-Matic Material shall not be disclosed in conversations, presentations by parties or counsel, in court or in other settings that might reveal Designated Banilla Material, Designated Grover Material, or Designated Pace-o-Matic Material, except in accordance with the terms of the Protective Order or this Protective Order.

37.    Use of Designated Banilla Material by Non-Party Banilla, Designated Grover Material by Non-Party Grover, and Designated Pace-o-Matic Material by Non-Party Pace-o-Matic:  Nothing in this Protective Order shall limit Non-Party Banilla's, Non-Party Grover's, or Non-Party Pace-o-Matic's use of its own documents and information, nor shall it prevent Non-Party Banilla, Non-Party Grover, or Non-Party Pace-o-Matic from disclosing its own confidential information, documents, or things to any person.  Such disclosure shall not affect any designations made pursuant to the terms of this Protective Order, so long as the disclosure is made in a manner that is reasonably calculated to maintain the confidentiality of the information.

38.    Use of Designated Banilla Material, Grover Material, and Pace-o-Matic Material at Deposition:  Non-Party Banilla, Non-Party Grover, and/or Non-Party Pace-o-Matic, as applicable, shall, on request prior to the deposition, make a searchable electronic copy of the Banilla Source Code, Grover Source Code, or Pace-o-Matic Source Code available on a stand-alone computer connected to a printer during depositions of Banilla personnel (for Banilla Source Code), Grover personnel (for Grover Source Code), or Pace-o-Matic personnel (for Pace-o-Matic Source Code) otherwise permitted access to such Source Code.  To the extent required, the party conducting the deposition may print additional pages of Source Code printouts to be marked as exhibits at such depositions consistent with other provisions and limitations of the Protective Order and this Protective Order.  Except as may be otherwise ordered by the Court, any person may be examined as a witness at depositions and trial, and may testify concerning all Designated Banilla Material, Designated Grover Material, or Designated Pace-o-Matic Material of which such person has prior knowledge and/or is authorized to review.

39.    Use of Designated Banilla Material, Designated Grover Material, and Designated Pace-o-Matic Material at Hearing or Trial:  The parties will give Non-Party Banilla (as to Designated Banilla Material), Non-Party Grover (as to Designated Grover Material), and Non-Party Pace-o-Matic (as to Designated Pace-o-Matic Material) prior notice of, and an opportunity to object to, any intended use of the Designated Banilla Material, Designated Grover Material, or Designated Pace-o-Matic Material, as applicable, at any hearing or trial in this case.  Said notice shall (a) be served by email on counsel for Non-Party Banilla, Non-Party Grover, and Non-Party Pace-o-Matic, as applicable, at least five (5) business days prior to the hearing or first day of trial, (2) identify the Designated Banilla Material, Designated Grover Material, or Designated Pace-o-Matic Material with specificity while redacting any other Party's confidential information and (3) identify the

measures the party intends to rely upon to protect the Designated Banilla Material, Designated Grover Material, or Designated Pace-o-Matic Material, as applicable, when used at any hearing or trial consistent with this Protective Order. This section shall not limit in any way the use of Designated Banilla Material, Designated Grover Material, or Designated Pace-o-Matic Material, as applicable, during the cross-examination of any witness otherwise permitted access to such Designated Banilla Material, to such Designated Grover Material, and such Designated Pace-o-Matic Material, as applicable, as long as the parties take all necessary steps under this Protective Order to protect and maintain the confidentiality of any such Designated Banilla Material, such Designated Grover Material, and such Designated Pace-o-Matic Material, as may be applicable.

## IX.    PROSECUTION BAR

40.    Any individual who personally receives and reviews any material designated "BANILLA – OUTSIDE ATTORNEYS' EYES ONLY – PROSECUTION BAR" shall not participate in prosecution, amendment, or drafting of patent specifications or claims before a Patent Office of any patent or patent application related to electronic gaming, from the time of receipt and review of such material through two years from the date of conclusion of the instant action, including any appeals. Likewise, any individual who personally receives and reviews any material designated "GROVER – OUTSIDE ATTORNEYS' EYES ONLY – PROSECUTION BAR" shall not participate in prosecution, amendment, or drafting of patent specifications or claims before a Patent Office of any patent or patent application related to electronic gaming, from the time of receipt and review of such material through two years from the date of conclusion of the instant action, including any appeals. Likewise, any individual who personally receives and reviews any material designated "PACE-O-MATIC – OUTSIDE ATTORNEYS' EYES ONLY – PROSECUTION BAR" shall not participate in prosecution,

amendment, or drafting of patent specifications or claims before a Patent Office of any patent or patent application related to electronic gaming, from the time of receipt and review of such material through two years from the date of conclusion of the instant action, including any appeals.  For purposes of this paragraph, "prosecution" includes directly or indirectly drafting, amending, advising, or otherwise affecting the scope or maintenance of patent claims.  Prosecution includes, for example, original prosecution, reissue, reexamination proceedings, and seeking amendment of claims in post-grant review proceedings.  Notwithstanding the foregoing, a person who has personally received "BANILLA – OUTSIDE ATTORNEYS' EYES ONLY – PROSECUTION BAR," "GROVER – OUTSIDE ATTORNEYS' EYES ONLY – PROSECUTION BAR," or "PACE-O-MATIC – OUTSIDE ATTORNEYS' EYES ONLY – PROSECUTION BAR" may participate in post grant proceedings in the field of electronic gaming (including *inter partes* review, covered business method review, or ex parte reexamination) before the Patent and Trademark Appeal Board so long as such participation does not involve the person directly or indirectly drafting or amending patent claims or consulting with any person regarding any such proposed amendments.

## X.    DESIGNATED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

42.    If a Receiving Party is served with a subpoena or a court order that would compel disclosure of any information, documents or things designated in this action as "BANILLA – OUTSIDE ATTORNEYS' EYES ONLY" or "BANILLA – OUTSIDE ATTORNEYS' EYES ONLY – PROSECUTION BAR" or "GROVER – OUTSIDE ATTORNEYS' EYES ONLY," or "GROVER – OUTSIDE ATTORNEYS' EYES ONLY – PROSECUTION

BAR," "PACE-O-MATIC – OUTSIDE ATTORNEYS' EYES ONLY" or "PACE-O-MATIC – OUTSIDE ATTORNEYS' EYES ONLY – PROSECUTION BAR," the Receiving Party must notify the Producing Party and Non-Party Banilla (for Designated Banilla Material), Non-Party Grover (for Designated Grover Material), or Non-Party Pace-o-Matic (for Designated Pace-o-Matic Material) of such information, documents or things, in writing (by email) promptly, and promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Protective Order; and cooperate with respect to all reasonable procedures sought to be pursued by the Non-Party Banilla (for Designated Banilla Material), Non-Party Grover (for Designated Grover Material), or Non-Party Pace-o-Matic (for Designated Pace-o-Matic Material) whose confidential material may be affected. If Non-Party Banilla (for Designated Banilla Material), Non-Party Grover (for Designated Grover Material), or Non-Party Pace-o-Matic (for Designated Pace-o-Matic Material) (or anyone else) timely seeks a protective order, the entity served with the subpoena or court order shall not reproduce any information designated pursuant to this Protective Order unless the entity has obtained Banilla's permission (for Designated Banilla Material), or Grover's permission (for Designated Grover Material), or Non-Party Pace-o-Matic's permission (for Designated Pace-o-Matic Material). Non-Party Banilla (for Designated Banilla Material), Non-Party Grover (for Designated Grover Material), or Non-Party Pace-o-Matic (for Designated Pace-o-Matic Material) shall bear the burden and expense of seeking protection in that court of its confidential material, and nothing in these provisions should be construed as authorizing or encouraging any entity to disobey a lawful directive from any court. The

provisions set forth herein are not intended to, and do not, restrict in any way the procedures set forth in Federal Rule of Civil Procedure 45(d)(3) or (f).

## XI.    UNAUTHORIZED DISCLOSURE OF DESIGNATED MATERIAL

42.    If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Designated Banilla Material, Designated Grover Material, or Designated Pace-o-Matic Material to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately (a) notify in writing the Producing Party and Non-Party Banilla (for Designated Banilla Material), Non-Party Grover (for Designated Grover Material), or Non-Party Pace-o-Matic (for Designated Pace-o-Matic Material) of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Designated Banilla Material, Designated Grover Material, and Designated Pace-o-Matic Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound By Protective Order Governing Confidential Information of Non-Parties In This Case" that is attached hereto as Exhibit A.  Nothing in these provisions should be construed as limiting any Producing Party's rights to seek remedies for a violation of this Protective Order.

## XII.  DURATION

43.    Even after the termination of this action, the confidentiality obligations imposed by this Protective Order shall remain in effect following the termination of this action, or until Non-Party Banilla (for Designated Banilla Material), Non-Party Grover (for Designated Grover Material), or Non-Party Pace-o-Matic (for Designated Pace-o-Matic Material) agrees otherwise in writing or a court order otherwise directs.

## XIII.  FINAL DISPOSITION

4.    Unless otherwise ordered, required by law, or agreed in writing by the Producing Party or Producing Non-Party, within sixty (60) days of the termination of all of this action, whether through settlement or final judgment (including any and all appeals therefrom), each Receiving Party, including Outside Counsel for each Receiving Party, will destroy all Designated Banilla Material, Designated Grover Material, and all Designated Pace-o-Matic Material in this action,  and will destroy or redact any such Designated Banilla Material, Designated Grover Material, and Designated Pace-o-Matic Material included in work product, pleadings, motion papers, legal memoranda, correspondence, trial transcripts and trial exhibits admitted into evidence ("derivations") and all copies thereof, with the exception of copies stored on back-up tapes or other disaster recovery media.  Within sixty (60) days of the date of settlement or final judgment, each Receiving Party shall serve Non-Party Banilla, Non-Party Grover, and Non-Party Pace-o-Matic with a certification stating that it, including its Outside Counsel, has complied with its obligations under this paragraph. With respect to any copy of Designated Banilla Material, Designated Grover Material, or Designated Pace-o-Matic Material or derivation thereof that remains on back-up tapes and other disaster storage media of an Authorized Reviewer(s), neither the Authorized Reviewer(s) nor its consultants, experts, counsel, or other party acting on its behalf shall make copies of any such information available to any person for any purpose other than backup or disaster recovery unless compelled by law and, in that event, only after thirty (30) days prior notice to Non-Party Banilla, Non-Party Grover, and Non-Party Pace-o-Matic or such shorter period as required by court order, subpoena, or applicable law.  If a Receiving Party intends to retain possession of any Banilla Material, Grover Material, or Pace-o-Matic Material at the termination of this action due to a requirement of law, the Receiving Party will immediately notify Banilla (for Banilla Material), Grover (for

Grover Material), and Pace-o-Matic (for Pace-o-Matic Material) and provide the legal grounds for such retention.  As soon as such legal requirement abates, the Receiving Party shall destroy or redact the Banilla Material, the Grover Material, and the Pace-o-Matic Material and provide Banilla, Grover, and Pace-o-Matic with certification that it has done so as set forth herein.

## XIV.  COVID-19 SAVINGS CLAUSE

45.    In light of the current and potential future health risks associated with the novel coronavirus (COVID-19), the Parties agree to work in good faith to design suitable arrangements for remote review of Non-Party Source Code in order to avoid out of state travel and lodging, if necessary, during the COVID-19 pandemic or due to COVID-19-related circumstances, including health-related warnings, advisories, and travel restrictions.  By entering into this Protective Order, no Party or Outside Counsel waives its right to seek a modification of this Protective Order in the event that the Parties and Non-Parties cannot agree as to how to effectuate such a remote review.

Dated:  November 2, 2020                    Respectfully submitted,

HILL, KERTSCHER, & WHARTON, LLP                          MORGAN, LEWIS & BOCKIUS LLP

*/s/ Steven G. Hill*                          */s/ Amy M. Dudash*
Steven G. Hill (GA 354658)                  John V. Gorman (PA 80631)
(admitted *pro hac vice*)                      Kenneth J. Davis (PA 87944)
John L. North (GA 545580)                   (admitted *pro hac vice*)
(admitted *pro hac vice*)                      Amy M. Dudash (PA 311898)
Martha L. Decker (GA 420867)                (admitted *pro hac vice*)
(admitted *pro hac vice*)                      1701 Market Street
3350 Riverwood Parkway                      Philadelphia, PA 19103
Atlanta, GA  30339                          Telephone: 215.963.5000
                                            Fax: 215.963.5001

Telephone: 770.953.0995
Fax: 770.953.1358
sgh@hkw-law.com
jln@hkw-law.com
md@hkw-law.com

KLEINBARD LLC
Matthew H. Haverstick (PA 85072)
Eric J. Schreiner (PA 76721)
Shohin H. Vance (PA 323551)
Three Logan Square, 5th Floor
1717 Arch Street
Philadelphia, PA 19103
Telephone: 215.568.2000
Fax: 215.568.0140
mhaverstick@kleinbard.com
eschreiner@kleinbard.com
pgagne@kleinbard.com
svance@kleinbard.com

*Attorneys for Plaintiffs Savvy Dog
Systems, LLC and POM of Pennsylvania,
LLC*

john.gorman@morganlewis.com
kenneth.davis@morganlewis.com
amy.dudash@morganlewis.com

*Attorneys for Defendants Pennsylvania
Coin, LLC and PA Coin Holdings, LLC*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

SAVVY DOG SYSTEMS, LLC, and
POM of PENNSYLVANIA, LLC,

                 Plaintiffs,

    v.

PENNSYLVANIA COIN, LLC, and
PA COIN HOLDINGS, LLC

                 Defendants.

CIVIL ACTION NO: 3:19-cv-01470-JPW

Honorable Jennifer P. Wilson

## EXHIBIT A

### ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND BY PROTECTIVE ORDER GOVERNING CONFIDENTIAL INFORMATION OF NON-PARTIES IN THIS CASE

I, _____ [print or type full name],

state:  My business address is

_____;

1.    My present employer is

_____;

2.    My present occupation or job description is

_____;

3.    I have been informed of and have reviewed the Protective Order Governing Discovery from Non-Parties in this case (the "Protective Order") entered in this case, and understand and agree to abide by its terms.  I agree to keep

confidential all Designated Banilla Material, Designated Grover Material, and Designated Pace-o-Matic Material provided to me in relation to the above identified matters in accordance with the restrictions in the Protective Order, and to be subject to the authority of that Court in the event of any violation or dispute related to the Protective Order.

4.    I state under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

_____
[Signature]

Executed On_____    _____
[Printed Name]