# EXHIBIT 1

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Middle District of Pennsylvania

| | |
|---|---|
| Savvy Dog Sys., LLC & POM of Pennsylvania, LLC | ) |
| *Plaintiff* | ) |
| v. | )  Civil Action No.  3:19-cv-01470-JPW |
| Pennsylvania Coin, LLC & PA Coin Holdings, LLC | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:  
Womble Bond Dickinson (US) LLP  
1 W. Fourth Street, Winston Salem, NC 27101

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Exhibit A attached hereto.

| Place: Overby Court Reporting<br>806 Green Valley Road, Suite 200<br>Greensboro, NC 27408 | Date and Time:<br><br>12/11/2020 10:00 am |
|---|---|

❑ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    11/25/2020

| *CLERK OF COURT* | OR | |
|---|---|---|
| _____ | | *amy m. Dudash* |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____  
Pennsylvania Coin, LLC and PA Coin Holdings, LLC _____ , who issues or requests this subpoena, are:  
Amy M. Dudash, Morgan, Lewis & Bockius LLP, 1701 Market Street, Philadelphia, PA 19103; amy.dudash@morganlewis.com; 215.963.4861

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  3:19-cv-01470-JPW

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
     **(i)** is a party or a party's officer; or
     **(ii)** is commanded to attend a trial and would not incur substantial expense.

 **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
     **(i)** fails to allow a reasonable time to comply;
     **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
     **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
     **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

     **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     **(i)** expressly make the claim; and
     **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## EXHIBIT A

## DEFINITIONS AND INSTRUCTIONS

1.    "You," "your," or "yours" means Womble Bond Dickinson (US) LLP f/k/a Womble Bond Dickinson, and any of its predecessor firms, including Womble Carlyle Sandridge & Rice, LLP.

2.    As used herein, the terms "Plaintiffs" means plaintiffs Savvy Dog Systems, LLC and POM of Pennsylvania, LLC (individually and collectively) and all of their corporate parents, subsidiaries, sisters, affiliates, predecessors, successors, assigns, and divisions, and any respective present and former directors, officers, shareholders, attorneys, employees, agents, servants, associates, consultants, independent contractors, advisors, and representatives, including, but not limited to Michael Pace and Pace-O-Matic, Inc. ("Pace-O-Matic").

3.    A Document, Thing, or Communication "relating to," "related to," "concerning," or "regarding" a subject shall mean all Documents, Things, or Communications that directly or indirectly constitute, contain, embody, concern, evidence, show, comprise, reflect, identify, state, refer to, deal with, comment on, respond to, describe, involve, mention, discuss, record, support, negate, or are in any way pertinent to that subject.

4.      "Documents sufficient to show" means Documents that would permit Defendants, the Court, and/or a jury to ascertain the requested information.

5.      The singular shall be construed to include the plural, and vice versa, to make the request inclusive rather than exclusive.

6.      The words "and" and "or" shall be construed conjunctively or disjunctively to make the request inclusive rather than exclusive.

7.      In accordance with Federal Rule of Civil Procedure 26(e)(1), these discovery requests are continuing in nature, and any subsequently discovered or additional information responsive to these discovery requests shall be supplied immediately upon any such matters coming to your attention.

8.      If, in answering these discovery requests you encounter any ambiguity in construing either the discovery request or a definition or instruction relevant to the inquiry contained within the discovery request, set forth the matter deemed "ambiguous" and set forth the construction chosen or used in answering the discovery request.

9.      If you object for any reason to any discovery request or any portion thereof, you are directed to respond fully to the remaining requests and portions thereof.

10.     Electronically stored information, with the exception of excel documents, is to be produced as single-page TIFF images with appropriate image pointer file and with available document-level searchable extracted text.  Excel documents shall be produced in native form.  Parent-child relationships shall be maintained in the production.  Also to be produced is a delimited load file providing a document control number for each document, and the following metadata information, to the extent it exists:  Attachments; Custodian; Application Name; File Extension; File Create Date; File Last Modified Date; Date Sent; Date Received; Author; Recipient; Copy; Blind Copy; Subject; Filename; and Source File Path. Defendants reserve their right to seek production of any electronically stored information in native format.

## **DOCUMENT REQUESTS**

1.     Documents sufficient to show the current contact information (including current address, phone number and e-mail) of John Timar.

2.     All Documents and Things relating to the preparation of United States Provisional Application No. 60/788,363 filed on March 31, 2006.

3.     All Documents and Things relating to the prosecution of United States Provisional Application No. 60/788,363 filed on March 31, 2006.

4.      All Documents and Things relating to the preparation of United States Utility Application No. 11/430,770, filed May 9, 2006.

5.      All Documents and Things relating to the prosecution of United States Utility Application No. 11/430,770, filed May 9, 2006.

6.      All Documents and Things relating to the preparation of United States Utility Application No. 11/428,026 filed June 30, 2006.

7.      All Documents and Things relating to the prosecution of United States Utility Application No. 11/428,026 filed June 30, 2006.

8.      All Documents and Things relating to modification of the Pace-O-Matic Tic-Tac Fruit game, including but not limited to, Documents constituting or reflecting Communications between Michael Pace, Mackenzie Perry, Nick Farley and/or John Timar.

9.      All Documents constituting or reflecting Communications regarding the subject matter, including any purported inventions, disclosed in United States Provisional Application No. 60/788,363, United States Utility Application No. 11/430,770, United States Utility Application No. 11/428,026 and/or U.S. Patent No. 7,736,223., including, but not limited to, Communications between Michael Pace, Mackenzie Perry, Nick Farley and/or John Timar.

- 4 -

10.    The memorandum received by John Timar from Mackenzie Perry on or about June 2, 2006 relating to a game preview feature.

11.    The draft flowchart sent by John Timar to Mackenzie Perry and/or Michael Pace on or about June 7, 2006.

12.    All Documents regarding the purported conception and/or reduction to practice of the subject matter, including any purported inventions, disclosed in United States Provisional Application No. 60/788,363, United States Utility Application No. 11/430,770, United States Utility Application No. 11/428,026 and/or U.S. Patent No. 7,736,223.

13.    All invoices for work performed by Your personnel in connection with the preparation and prosecution of United States Provisional Application No. 60/788,363, United States Utility Application No. 11/430,770, United States Utility Application No. 11/428,026 and/or U.S. Patent No. 7,736,223.

14.    All Documents and Things regarding United States Patent Application No. 11/696,185 and/or U.S. Patent No. 8,491,369, including Documents regarding any purported "inventorship conflict" created by United States Patent Application No. 11/696,185, as referenced in the enclosed March 14, 2011 letter of John Timar to Fred Zollinger III.



**WOMBLE
CARLYLE
SANDRIDGE
& RICE**
A PROFESSIONAL LIMITED
LIABILITY COMPANY

271 17th Street, NW
Suite 2400
Atlanta, GA 30363-1017

Telephone: (404) 872-7000
Fax: (404) 888-7490
www.wcsr.com

John J. Timar
Direct Dial: (404) 888-7412
Direct Fax: (404) 870-2405
E-mail: jtimar@wcsr.com

March 14, 2011

## VIA CERTIFIED MAIL RETURN RECEIPT
## AND FEDERAL EXPRESS

Mr. Fred Zollinger III
Zollinger & Burleson Ltd.
6370 Mount Pleasant Street NW
North Canton, OH 44720-5310

Dear Mr. Zollinger:

Womble Carlyle Sandridge & Rice represents Michael Pace and his company Pace-O-Matic in patent matters. It has recently been brought to our attention that you have prepared and prosecuted patent application No. 11/696,185 on behalf of Grant F. Kowell. We have reviewed the file history for this application and are very concerned by the addition of new claims 18 – 20 in the amendment after final rejection filed with the Request for Continued Examination on December 27, 2010. Claim 18, in particular, is directed to allowing "the player to preview the next game play event before the player pays money to play the game."

Since you disclosed Michael Pace's patent US 7,736,223 on a Supplemental Information Disclosure Statement filed with the RCE, you are aware that Mr. Kowell did not invent previewing the next game to be played without paying any money, and is not entitled to a patent including such a claim. Since you are clearly aware of Mr. Pace's patent, you are aware of the file history for US 7,736,223. The original claims of Mr. Pace's application read directly on claim 18 of Mr. Kowell's application as shown in Attachment A. The Examiner rejected the original claims of Mr. Pace's application by applying US 7,040,985 (Vancura) and US 2005/0202385 (Muir et al.). Mr. Pace accepted an Examiner's amendment to the independent claims of his application in order to have the application pass to issue. You have not disclosed either reference applied by the Examiner and you have not disclosed the office actions and Examiner's amendment in Application No. 11/428,026, all of which would be considered material to patentability of claim 18.

GEORGIA / SOUTH CAROLINA / NORTH CAROLINA / VIRGINIA / WASHINGTON D.C. / MARYLAND / DELAWARE



WOMBLE
CARLYLE
SANDRIDGE
& RICE
PLLC

Mr. Fred Zollinger III
March 14, 2011
Page 2

Furthermore, by adding claim 18 to Mr. Kowell's application, you have created an inventorship conflict which you are required to disclose to the Patent Office. As a representative of Mr. Kowell, you have an obligation under 37 C.F.R. §§ 1.56(b) and (c) to disclose the inventorship dispute to the U.S. Patent and Trademark Office. The Manual of Patent Examining Procedure §2001.04 states in part:

> 37 CFR 1.56 states that each individual associated with the filing and prosecution of a patent application has a duty to disclose all information known to that individual to be material to patentability as defined in the section. Thus, the duty applies to contemporaneously or presently known information. The fact that information was known years ago does not mean that it was recognized that the information is material to the present application.

> The term "information" as used in 37 CFR 1.56 means all of the kinds of information required to be disclosed and includes any information which is "material to patentability." Materiality is defined in 37 CFR 1.56(b) and discussed herein at MPEP § 2001.05. In addition to prior art such as patents and publications, 37 CFR 1.56 includes, for example, information on >enablement,< possible prior public uses, sales, offers to sell, derived knowledge, prior invention by another, inventorship conflicts, and the like. > "Materiality is not limited to prior art but embraces *any* information that a reasonable examiner would be substantially likely to consider important in deciding whether to allow an application to issue as a patent." *Bristol-Myers Squibb Co. v. Rhone-Poulenc Rorer, Inc.*, 326 F.3d 1226, 1234, 66 USPQ2d 1481, 1486 (Fed. Cir. 2003) (emphasis in original) (finding article which was not prior art to be material to enablement issue).<

Thus, under the above quoted provision, the inventorship conflict that you have created is required to be disclosed to the United States Patent Office. We have seen no evidence of this disclosure having been entered into the file wrapper. We are certain that you and Mr. Kowell will recognize the seriousness of any failure to disclose the inventorship conflict in connection with the pending patent application and will remedy any oversight by making the appropriate disclosures to enable fair consideration of these facts by the Patent Office or abandoning the pending application.

With regard to the allowed independent claims 8 and 13, you are again claiming subject matter that Mr. Kowell did not invent. Mr. Pace's provisional patent application US 60/788363 filed on March 31, 2006 discloses all limitations of claims 8 and 13 as shown in Attachment B. The provisional patent application can be accessed in Public Pair as a priority application for US 7,736,223. The identical disclosure is found at cols. 3, 4, and 6 of US 7,736,223. Therefore, the contents of provisional application 60/788363 as well as US 7,736,223 are material to the patentability of claims 8 and 13.



WOMBLE
CARLYLE
SANDRIDGE
& RICE
PLLC

Mr. Fred Zollinger III
March 14, 2011
Page 3

Please confirm receipt of this letter by signing the duplicate copy of this letter and returning it to us via electronic mail or facsimile.

Very truly yours,

**WOMBLE CARLYLE SANDRIDGE & RICE**
*A Professional Limited Liability Company*

John J. Timar

JJT:fh

cc:   Michael Pace
      Mark Jefferson
      David G. Burleson

**Receipt Acknowledged:**

_____                    _____
Fred Zollinger III                                          Date

WCSR 4572245v1