IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SAVVY DOG SYSTEMS, LLC, and POM OF PENNSYLVANIA, LLC, : <br> : <br> Plaintiffs,  : <br> : <br> v.  : <br> : <br> PENNSYLVANIA COIN, LLC, and PA COIN HOLDINGS, LLC, : <br> : <br> Defendants.  : | Civil No. 3:19-CV-01470 <br><br><br><br><br><br><br><br><br> Judge Jennifer P. Wilson |

## **ORDER**

**AND NOW**, on this 21st day of December, 2020, upon consideration of the parties' claim construction contentions and in accordance with the accompanying memorandum, **IT IS ORDERED** that the terms are construed as follows:

1) The term "prior to displaying" shall be construed as "before making visible on the touch screen display."

2) The term "computer readable code" shall be construed as "code in a form that can be executed by the computer."

3) The term "winning combination" shall be construed as "array of game symbols in the game field yielding a successful outcome."

4) The term "[determining/determine/determined] at least one winning combination for each play of the game" shall be construed as "establish or ascertain at least one winning combination, properly construed, for each game to be played."

5) The term "test[ing] the game field prior to displaying the game to the player to ensure that a winning combination more valuable than the determined winning combination is not generated inadvertently in completing the field" shall be construed as "test[ing] the game field prior to displaying the actual game to be played to the player to ensure that a

winning combination more valuable than the previously determined winning combination, properly construed, is not generated inadvertently when the player completes a winning combination during play of the game."

6) The term "automatically display[ing] an actual game to be played on the touch screen game display to a player prior to initiating activation of game play" shall be construed as "automatically display[ing] an actual game to be played, properly construed, on the touch screen game display to a player prior to initiating activation of game play"

7) The term "an actual game to be played" shall be construed as "the constructed game field of the game to be played."

8) The term "game processor" shall be construed as "a CPU or microprocessor that executes program instructions to generate a game."

9) The term "program instructions" shall be construed as "conventional commands that can be executed by a computer."

        s/Jennifer P. Wilson
        JENNIFER P. WILSON
        United States District Court Judge
        Middle District of Pennsylvania