## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

SAVVY DOG SYSTEMS, LLC, a
Wyoming limited liability company, and
POM OF PENNSYLVANIA, LLC a
Wyoming limited liability company,

Plaintiff,

v.

PENNSYLVANIA COIN, LLC, a
Pennsylvania limited liability company,
and PA COIN HOLDINGS, LLC, a
Pennsylvania limited liability company,

Defendants.

Civil Action No. 3:19-cv-01470-JPW

Honorable Jennifer P. Wilson

## **ORDER**

AND NOW, this _____ day of _____, 2021, it is hereby ordered
that:

1.      This is a patent infringement action brought by Plaintiffs against
Defendants for infringement of Claims 44, 47, 49-51, 54, 56 and 57 of the 223 Patent
(the "Asserted Claims"). See Dkt. 25 (Amended Complaint). Defendants deny
Plaintiffs' allegations and assert counterclaims seeking declaratory judgment of non-
infringement and invalidity. See Dkt. 63.

2.      The Court entered its Claim Construction Order on December 21, 2020.
See Dkts. 111 and 112.  The Parties disputed, among other things, the construction

of the term "an actual game to be played", which appears in all Asserted Claims, as follows (the "Disputed Term"):

| Claim Term | Plaintiffs' Proposed Construction | Defendants' Proposed Construction |
|---|---|---|
| "an actual game to be played" | "the game to be played, including an otherwise unknown system-generated attribute of it." (Doc. 111, p. 19.) | "the constructed game field of the game to be played" (Doc. 111, p. 19.) |

3.    The Court ruled that the Disputed Term means "the constructed game field of the game to be played." Dkt. 111, at 21.

4.    Without prejudice to the right of appeal, the Plaintiffs now stipulate that, given the Court's construction of the Disputed Term, Plaintiffs cannot prove infringement of the Asserted Claims by Defendants. The Plaintiffs seek to appeal the District Court's claim construction accordingly. Without waiving their right to appeal, the Plaintiffs have filed Plaintiffs' Motion for Entry of Judgment of Non-Infringement and Designation as Final under Rule 54(b), including as part of the Motion a request that the Court dismiss the lone remaining counterclaim for declaratory judgment of patent invalidity without prejudice as moot. For the following reasons, the Motion is GRANTED.

5.    The Court hereby directs entry of final judgment in favor of Defendants on Count I of Plaintiffs' First Amended Complaint (Infringement of U.S. Patent No. 7,736,223) [Dkt. 25], and Count I of Defendants' Counterclaims (Declaratory Judgment of Non-Infringement of U.S. Patent No. 7,736,223) [Dkt. 63].

6.     The Court finds that its Order on claim construction [Dkt. 112] bears on the issue of infringement and, based on its review of the Defendants' invalidity contentions, including contentions of obviousness based on prior art (issues that necessitate a comparison of prior art with the claim language, properly construed) issues of invalidity being litigated in this case.

7.     The Courts finds that Plaintiffs' anticipated appeal of such claim construction Order, if successful, would alter the claim construction and therefore impact how the Court instructs the jury on the scope of the disputed claims for any trial of the validity of the patent-in-suit.  Thus, it is likely to impact resolution of the sole remaining counterclaim at issue in this case, Defendants' Counterclaim, Count II (Declaratory Judgment of Invalidity of U.S. Patent No. 7,736,223) [Dkt. 63];

8.     Although the Defendants seek to move forward with trial of the sole remaining counterclaim for invalidity, the Court desires to avoid the potential for multiple trials in this case.  Accordingly, the Court expressly determines that there is no just reason for delay of Plaintiffs' appeal of the Court's claim construction Order, and directs entry of a final judgment on Count I of Plaintiff's First Amended Complaint and Counterclaim Count I, pursuant to Fed.R.Civ.P. 54(b); and

9.     In light of the foregoing, Defendants' Counterclaim Count II (Declaratory Judgment of Invalidity of U.S. Patent No. 7,736,223) [Dkt. 64], is DISMISSED without prejudice as moot.

_____
Honorable Jennifer P. Wilson
U.S. District Judge