**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| SAVVY DOG SYSTEMS, LLC, a Wyoming limited liability company, and POM OF PENNSYLVANIA, LLC a Wyoming limited liability company,<br><br>    Plaintiff,<br><br>  v.<br><br>PENNSYLVANIA COIN, LLC, a Pennsylvania limited liability company, and PA COIN HOLDINGS, LLC, a Pennsylvania limited liability company,<br><br>    Defendants. | Civil Action No. 3:19-cv-01470-JPW<br><br>Honorable Jennifer P. Wilson |

**PLAINTIFFS' BRIEF IN SUPPORT OF MOTION FOR ENTRY OF JUDGMENT OF NON-INFRINGEMENT AND DESIGNATION AS FINAL UNDER RULE 54(B)**

**Table of Exhibits**

**Exhibit A**:  Defendants' June 4, 2020 Initial Invalidity Contentions

**Exhibit B**:  Defendants' June 4, 2020 Invalidity Contentions, Ex. B

**Exhibit C**:  Defendants' June 4, 2020 Invalidity Contentions, Ex. A-1

**Exhibit D**:  Defendants' June 4, 2020 Invalidity Contentions, Ex. A-2

**Exhibit E**:  Defendants' June 4, 2020 Invalidity Contentions, Ex. A-3

**Exhibit F**:  Defendants' June 4, 2020 Invalidity Contentions, Ex. A-4

**Exhibit G**:  Defendants' June 4, 2020 Invalidity Contentions, Ex. A-5

**Exhibit H**:  Defendants' June 4, 2020 Invalidity Contentions, Ex. A-6

## I.     INTRODUCTION

On December 21, 2020, this Court construed nine terms of the asserted patent (the "223 Patent"), including construing "an actual game to be played" as "the constructed game field of the game to be played." [Dkt. 112, at 2]. Under the Court's construction of "an actual game to be played", Plaintiffs cannot establish that Defendants infringe the 223 Patent because the accused products, to the best of Plaintiffs' knowledge, do not preview the entirely-constructed game field of a game to be played to a player before the player decides whether to play the game. [*See* Dkt. 116, *Plaintiffs' Final Infringement Contentions*].

Because the Plaintiffs disagree with the Court's interpretation and this interpretation is central to Plaintiffs' suit, Plaintiffs approached Defendants about a proposed stipulation of judgment of non-infringement, subject to Plaintiffs' right to appeal the claim construction ruling.  Defendants refused, claiming a desire to move forward with their invalidity counterclaim directed to <u>all</u> of the claims of the 223 Patent, even the claims that were not asserted against them in Plaintiffs' suit.  *See* **Exhibit A** (Defendants' June 4, 2020 Initial Invalidity Contentions, at 7); **Exhibit B** (Defendants' June 4, 2020 Invalidity Contentions, Exhibit B, showing invalidity contentions for all "unasserted claims"). Defendants rely on claim charts A1-A6 to document how the prior art allegedly renders the claims of the 223 Patent invalid under anticipation and/or obviousness theories.  *See* Ex. A, at 4-7.  Each claim chart

1

compares the contents of the prior art to the various elements of the claims of the 223 Patent, including the limitation of "an actual game to be played." *See* **Exhibits C-H** (Defendants' June 4, 2020 Invalidity Contentions, Exhibits A1-A6).

Plaintiffs intend to appeal the Court's construction of "an actual game to be played." By this Motion, Plaintiffs seek the Court's authorization to lodge such an appeal now, pursuant to Federal Rule of Civil Procedure 54(b). Plaintiffs contend that Defendants' sole counterclaim seeking a declaratory judgment of patent invalidity is now moot in view of the stipulation of non-infringement under the governing claim construction. As one Court recognized:

> The entry of final judgment will allow the parties to appeal the dispositive issue of non-infringement without awaiting a jury verdict on [Defendant's] counterclaims; counterclaims that are potentially moot in light of the Court's finding of non-infringement. If the Federal Circuit finds that the Court erred in determining the issue of infringement and remands the case, [Defendant] can reassert its counterclaims, and the Court will consider them at that time.

*McKesson Info. Sols. LLC v. Epic Sys. Corp.*, No. 1:06-CV-2965-JTC, 2010 WL 11493291, at *1–2 (N.D. Ga. Feb. 11, 2010).

As detailed below, certification under Rule 54(b) is likewise appropriate here, as it will preserve the Court's and parties' resources. Furthermore, Defendants will suffer no prejudice by an immediate appeal because they will possess a judgment of non-infringement in their favor, pending the outcome of an appeal.

Accordingly, in the interests of practical adjudication, Plaintiffs request judgment that Defendants do not infringe the 223 Patent, as construed by the Court, and request that the Court exercise its discretion to certify such judgment under Rule 54(b), so that Plaintiffs may proceed with their appeal of the claim construction. Additionally, Plaintiffs request that the Court dismiss Defendants' lone remaining counterclaim for patent invalidity without prejudice as moot, a measure supported by precedent.

## II.    ARGUMENT

### A.    <u>Rule 54(b) Certification</u>

Rule 54(b) authorizes a district court to "direct entry of a final judgment as to one or more, but fewer than all, claims . . . only if the court expressly determines that there is no just reason for delay." In patent cases, Federal Circuit law applies to issues "involving Rule 54(b) certification." *Storage Tech. Corp. v. Cisco Sys., Inc.*, 329 F.3d 823, 830 (Fed. Cir. 2003). "Rule 54(b) was implemented to specifically 'avoid the possible injustice of delay[ing] judgment on a distinctly separate claim [pending] adjudication of the entire case.'" *Alfred E. Mann Found. for Sci. Research v. Cochlear Corp.*, 841 F.3d 1334, 1347 (Fed. Cir. 2016) (quoting *Gelboim v. Bank of Am. Corp.* 574 U.S. 405, 135 S.Ct. 897, 902, 190 L.Ed.2d 789 (2015)).

> There are three prerequisites for invoking Rule 54(b): (1) multiple claims for relief or multiple parties must be involved; (2) at least one claim or the rights and liabilities of at least one party must be finally

3

decided; and (3) the district court must find that there is no just reason for delaying an appeal.

*Id.* (citation omitted).  To certify under Rule 54(b), "it must be apparent, either from the district court's order or from the record itself, that there is a sound reason to justify departure from the general rule that all issues decided by the district court should be resolved in a single appeal of a final judgment." *iLOR, LLC v. Google, Inc.*, 550 F.3d 1067, 1072 (Fed. Cir. 2008) (citation omitted). "[A] court 'must take into account judicial administrative interests . . . the equities involved . . . [and] the historic federal policy against piecemeal appeals.'"[1] *Osage Tribe of Indians of Oklahoma v. U.S.*, 263 Fed. Appx. 43, 44 (Fed. Cir. 2008) (quotation omitted). "In a patent case, the district court must 'consider such factors as whether the claims under review [are] separable from the others remaining to be adjudicated and whether the nature of the claims already determined [is] such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals.'" *Wi-LAN Inc. v. Sharp Elecs. Corp.*, 15-cv-379-LPS, 2019 WL 4344158, at *3 (D. Del. Sept. 12, 2019) (quoting *W.L. Gore & Assocs., Inc. v. Int'l Med. Prosthetics Research Assocs., Inc.*, 975 F.2d 858, 862 (Fed. Cir. 1992)).

---

[1] The Federal Circuit has held that a district court should "set forth the justification for" the determination that there is "no just reason for delay."  *iLOR,* 550 F.3d at 1072 (quoting 10 James Wm. Moore et al., Moore's Federal Practice § 54.23[2] (3d ed. 2008)).

### B.      The Federal Circuit has Endorsed Rule 54(b) Certification as a Means to Seek Review of a Claim Construction Order

Rule 54(b) certification is appropriate in the instant case, where judgment of non-infringement is undisputed, and only a claim seeking declaratory judgment of patent invalidity remains. In *Nystrom v. TREX Co.*, 339 F.3d 1347 (Fed. Cir. 2003), the Federal Circuit recognized that judges "often find one of the infringement and validity sides of the case resolved and the other either moot or unresolved," and opined:

> [T]he district court could have dismissed the counterclaim without prejudice (either with or without a finding that the counterclaim was moot) following the grant of summary judgment of non-infringement. [T]he district court could have considered whether there was a proper basis to make "an express determination that there is no just reason for delay" and then to expressly direct the entry of final judgment on fewer than all of the claims under Federal Rule of Civil Procedure 54(b).

339 F.3d at 1350-51 (footnote and citations omitted). *See also In re Cyclobenzaprine Hydrochloride Extended-Release Capsule Patent Litig.*, 676 F.3d 1063, 1088 (Fed. Cir. 2012) (finding that Rule 54(b) certification produced final judgment despite pendency of other counterclaims); *Exigent Tech., Inc. v. Atrana Solutions, Inc.*, 442 F.3d 1301, 1305 n.2 (Fed. Cir. 2006) (Rule 54(b) certification created final judgment despite counterclaims for invalidity and unenforceability, which the district court dismissed without prejudice); *Storage Tech.,* 329 F.3d at 830 2003) (reinstating

appeal after district court entered Rule 54(b) certification to account for lingering invalidity counterclaim).

### C.    The Court's and Parties' Interests are Best Served by Certification under Rule 54(b)

As previously noted, Rule 54(b) certification is permitted where: (1) there are multiple claims for relief; (2) at least one claim is finally decided; and (3) there is no just reason for delaying an appeal.  *Alfred E. Mann Found.*, 841 F.3d at 1347.  This case presented multiple claims of relief.  And if the Court grants the Plaintiffs' request, the infringement claim sought will be finally decided.  Judgment of non-infringement is in order at this time because Plaintiffs cannot prevail given the Court's construction of "an actual game to be played." The stipulated judgment of non-infringement likewise resolves Defendants' counterclaim for declaratory judgment of non-infringement. [*See* Dkt. 63 at 18 (Counterclaim Count I, seeking declaration of non-infringement), Dkt. 116 (withdrawing infringement contentions)].

As to the third requirement, there is no "just reason to delay" adjudication of Plaintiffs' appeal, as the "judicial administrative interests" and "equities involved" support immediate certification. *See Osage Tribe*, 263 Fed. Appx. at 44; *see also Schering Corp. v. Amgen, Inc.*, 35 F.Supp.2d 375, 378 (D. Del. 1999) (proceeding with invalidity claims would be "unnecessary and wasteful", where remand from Federal Circuit carried with it the potential for a trial that would "necessarily

6

encompass the revised claim construction, as well as the validity and enforceability of the [asserted patent].").  Whether there is "no just reason for delay" is reviewed "more deferentially under an abuse of discretion standard[.]" *Tyco Healthcare Grp. LP v. Mut. Pharm. Co.*, 407 Fed. Appx. 481, 482 (Fed. Cir. 2011).

An appeal now will conserve both the Court's and parties' time and resources. If the Federal Circuit affirms the Court's claim construction order, further litigation between the parties will be unnecessary, as Defendants will not infringe the 223 Patent. However, if the Federal Circuit reverses the claim construction on appeal, the parties and Court can proceed to summary judgment and trial, adjudicating Plaintiffs' infringement case and Defendants' invalidity case at the same time, using "what would then be the correct, rather than erroneous, constructions." *Wi-LAN Inc.*, 2019 WL 4344158 at *3.  As the Federal Circuit has noted, "[a] claim must be construed before determining its validity just as it is first construed before deciding infringement." *Amazon.com, Inc. v. Barnesandnoble.com, Inc.*, 239 F.3d 1343, 1351 (Fed. Cir. 2001) (quoting *Markman v. Westview Instruments, Inc.*, 52 F.3d 967, 996 n. 7 (Fed. Cir. 1995)). As claims must be "given the same meaning for purposes of both validity and infringement analyses[,]" *id.*, the most efficient path here is to enter judgment of non-infringement, and dismiss Defendants' invalidity counterclaim without prejudice. If the Court's claim construction order is reversed, infringement and invalidity can both be addressed under the correct claim construction.  For this

7

reason, certification under Rule 54(b) will streamline resolution of this case regardless of whether the appeal results in affirmation or reversal. *See Amgen, Inc. v. Ariad Pharms, Inc.*, 06-cv-259-MPT, 2008 WL 4487910, \*3 (D. Del. Oct. 3, 2008) ("If the court were to conduct a trial on Amgen's claims based on the court's current claim construction, modification of that claim construction on subsequent appeal could result in a second trial of the same issues based on that modification.") (citations omitted).

Whether the prior art identified by Defendants invalidates the 223 Patent depends, in part, on what the prior art teaches in comparison to the Court's construction of "an actual game to be played," as properly construed. Thus, the claim construction at issue is intertwined with, and indeed central to, the remaining invalidity case. For instance, the Defendants' invalidity claim charts depend, at least in part, on their ability to favorably compare the contents of their alleged prior art with the limitations of the claims – including "an actual game to be played" – properly construed. *See* Ex. C at 17-31; Ex. D, at 24-38; Ex. E, at 24-41; Ex. F, at 29-42; Ex. G, at 23-38; Ex. H, at 21-34. As one illustrative example of the overlap, various of Defendants' prior art-based invalidity contentions are based on the assumption that the preview of "an actual game to be played," as construed by the Plaintiffs, is broad enough to match up to prior art "prize viewers." Ex. C at 17; Ex.

8

D at 24; Ex. E at 24; Ex. F at 29; Ex. G at 23; Ex. H, at 21.  Here is an example of a

prize viewer that the Defendants contend renders the claims obvious:



Ex. C, at 29; Ex. D, at 36; Ex. E, at 39; Ex. F, at 40; Ex. G, at 36; Ex. H, at 32.

Again, this is only one of numerous examples of allegedly invalidating prior art set

forth by the Invalidity Contentions directed to the limitation of "an actual game to

be played."  Hence, the proper construction of "an actual game to be played"

determines just how relevant any of the Defendants' prior art, including prior art

showing upcoming prizes (but not the fully-constructed game board) to the player,

actually is.

9

As such, delaying the appeal now to proceed solely with the Defendants' invalidity counterclaim risks an unnecessary duplication of effort.  If this Court upholds the validity of the challenged claims applying its claim construction, and the Federal Circuit subsequently reverses the claim construction, the decision on validity would likely need to be vacated.  This consideration is a driving factor in the numerous decisions which grant the relief now sought by the Plaintiffs.

Ultimately, certification under Rule 54(b) will result in the expeditious resolution of the case by allowing the entire case to proceed to trial if an immediate appeal results in reversal (or in affirmation of final judgment for Defendants if the appeal results in affirmance). *See, e.g., Superior Indus., LLC v. Masaba, Inc.*, 10-cv-764-DWF, 2013 WL 461541, at *1-2 (D. Minn. Feb. 7, 2013), *vacated and remanded on other grounds sub nom. Superior Indus., Inc. v. Masaba, Inc.*, 553 Fed. Appx. 986 (Fed. Cir. 2014) (certifying non-infringement judgment under Rule 54(b) and dismissing counterclaims over defendant's objections as moot, following summary judgment of non-infringement).

As "[c]onducting further proceedings at this point on [Defendants'] invalidity counterclaims would unnecessarily consume both the parties' and the Court's resources without clarifying or settling the legal issues between the parties[,]" *id.*, at *2, and the mechanism requested by Plaintiffs is authorized by the Federal Circuit in *Nystrom*, Plaintiffs request certification of non-infringement under Rule 54(b).

**D.**    **This Court has Discretion to Dismiss Defendants' Remaining Invalidity Counterclaim.**

Part and parcel with certification of final judgment, the Court should dismiss without prejudice the Defendants' remaining invalidity counterclaim as moot. This approach was endorsed by the Federal Circuit in *Nystrom*: "We have previously held that a district court has discretion to dismiss a counterclaim alleging that a patent is invalid as moot where it finds no infringement." 339 F.3d at 1351, fn. * (citing *Phonometrics, Inc. v. N. Telecom Inc.,* 133 F.3d 1459, 1468 (Fed. Cir. 1998)); *Liquid Dynamics Corp. v. Vaughan Co.*, 355 F.3d 1361, 1371 (Fed. Cir. 2004) ("A district court judge faced with an invalidity counterclaim challenging a patent that it concludes was not infringed may either hear the claim or dismiss it without prejudice, subject to review only for abuse of discretion.") (citing *Nystrom*); *see also E–Pass Techs., Inc. v. 3Com Corp.,* 343 F.3d 1364, 1367 (Fed. Cir. 2003) (reinstating appeal after district court dismissed invalidity counterclaims without prejudice).

## III.    CONCLUSION

Subject to Plaintiffs' right to appeal the claim construction, Plaintiffs respectfully request that the Court enter judgment in favor of Defendants on Plaintiffs' claim of infringement and grant judgment in favor of Defendants on Defendants' counterclaim seeking declaratory judgment on non-infringement, and certify such judgment for appeal under the Court's discretion pursuant to Rule 54(b).

11

Plaintiffs further request an Order dismissing Defendants' lone remaining counterclaim for invalidity without prejudice, as moot.

January 28, 2021.                    Respectfully submitted,

                                     */s/ Steven G. Hill*
                                     Steven G. Hill, GA Bar No. 354658
                                     *Admitted pro hac vice*
                                     John L. North, GA Bar No. 545580
                                     *Admitted pro hac vice*
                                     Martha L. Decker, GA Bar No. 420867
                                     *Admitted pro hac vice*
                                     Hill, Kertscher & Wharton,LLP
                                     3350 Riverwood Parkway
                                     Atlanta, Georgia 30339
                                     Telephone: (770) 953-0995
                                     Fax: (770) 953-1358
                                     sgh@hkw-law.com
                                     jln@hkw-law.com
                                     md@hkw-law.com

                                     -   and -

                                     Matthew H. Haverstick (PA ID No. 85072)
                                     Eric J. Schreiner (PA ID No. 76721)
                                     Paul G. Gagne (PA ID No. 42009)
                                     Shohin H. Vance (PA ID No. 323551)
                                     KLEINBARD LLC
                                     Three Logan Square, 5th Floor
                                     1717 Arch Street
                                     Philadelphia, PA 19103
                                     Telephone: (215) 568-2000
                                     Fax: (215) 568-0140
                                     mhaverstick@kleinbard.com
                                     eschreiner@kleinbard.com
                                     pgagne@kleinbard.com
                                     svance@kleinbard.com

12

*Counsel for Plaintiffs Savvy Dog Systems, LLC and POM of Pennsylvania, LLC*