# EXHIBIT 1

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

SAVVY DOG SYSTEMS, LLC, and
POM of PENNSYLVANIA, LLC,

        Plaintiffs,

        v.

PENNSYLVANIA COIN, LLC, and
PA COIN HOLDINGS, LLC

        Defendants.

CIVIL ACTION NO: 3:19-cv-01470-JPW

Honorable Jennifer P. Wilson

### DEFENDANTS PENNSYLVANIA COIN, LLC AND PA COIN HOLDINGS, LLC'S FIRST SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS DIRECTED TO PLAINTIFFS SAVVY DOG SYSTEMS, LLC AND POM OF PENNSYLVANIA, LLC

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, defendants Pennsylvania Coin, LLC and PA Coin Holdings, LLC hereby propound the following Requests for Production of Documents upon plaintiffs Savvy Dog Systems, LLC and POM of Pennsylvania, LLC.

### DEFINITIONS AND INSTRUCTIONS

1.    As used herein, the terms "Plaintiffs" "you," "your," or "yours" mean plaintiffs Savvy Dog Systems, LLC and POM of Pennsylvania, LLC (individually and collectively) and all of their corporate parents, subsidiaries, sisters, affiliates, predecessors, successors, assigns, and divisions, and any respective present and former directors, officers, shareholders, attorneys, employees, agents, servants, associates, consultants, independent contractors, advisors, and representatives.

2.     As used herein, the term "Defendants" refers to defendants Pennsylvania Coin, LLC and PA Coin Holdings, LLC, including any of their divisions and any representatives, agents, employees, successors, and assigns.

3.     "Patent-In-Suit" means U.S. Patent No. 7,736,223.

4.     The term "Related Patents" shall mean (1) all United States or foreign patent or patent application related to the Patent-In-Suit by way of subject matter or claimed priority date, (2) all provisional, parent, grandparent, children, divisional, continuation, continuation-in-part, reissue, reexamination, and foreign counterpart patents and applications thereof, and/or any patent or patent application filed by one or more of the same applicant(s) or inventor(s), or an assignee of either of the foregoing, that refers to any of (1) or (2) herein.

5.     "Accused Products" means the products identified in Plaintiffs' operative Complaint as allegedly including features recited by one or more claims of the Patent-In-Suit, product(s) identified by Plaintiffs as supposedly infringing the Patent-In-Suit in any interrogatory response, and/or any product(s) identified in Plaintiffs' identification of accused products or infringement contentions and any permitted amendments or supplementations to the foregoing.

6.    "Prior Art" means to all inventions, patents, publications, products, disclosures, or events falling within any of the categories set forth in 35 U.S.C. §§ 102 and 103 with respect to the Patent-In-Suit.

7.    "Licensee" refers to any entity that has a license, assignment, covenant not to sue, or other understanding, written, oral or implied, that (a) the entity has any rights to the Patent-In-Suit or Related Patents, (b) may practice one or more claims of one or more of the Patent-In-Suit and/or (c) the Patent-In-Suit or Related Patents will not be enforced against that entity.

8.    "Person" means any natural person, individual, firm, partnership, association, joint venture, estate, trust, receiver, syndicate, enterprise or combination, corporation or other legal, business or government entity.

9.    "Communication" shall mean every manner of disclosure, transfer, or exchange of information whether Person-to-Person, in a group, orally, in writing, by telephone, by electronic transmission, or otherwise.

10.    "Document" is used in the most comprehensive and inclusive sense permitted by the Federal Rules of Civil Procedure and includes, but is not limited to, all of the following matter in Your actual or constructive possession, custody, or control:  all written, typed, printed, recorded, textual, graphic or photographic matter, software, source code, and object code, however produced or reproduced,

any notes or drafts, and all copies on which any mark, alteration, writing, or any other change from the original has been made.

11. "Thing" or "Things" is used in the most comprehensive and inclusive sense permitted by the Federal Rules of Civil Procedure and includes, but is not limited to, prototypes, models, specimens, or other devices, and commercially manufactured items.

12. A Document, Thing, or Communication "relating to," "related to," "concerning," or "regarding" a subject shall mean all Documents, Things, or Communications that directly or indirectly constitute, contain, embody, concern, evidence, show, comprise, reflect, identify, state, refer to, deal with, comment on, respond to, describe, involve, mention, discuss, record, support, negate, or are in any way pertinent to that subject.

13. "Documents sufficient to show" means Documents that would permit Defendants, the Court, and/or a jury to ascertain the requested information.

14. As used herein, the term "copies" means electronic or material objects in which a work is fixed by any method and from which the work can be perceived, reproduced, or otherwise communicated.

15.     The singular shall be construed to include the plural, and vice versa, to make the request inclusive rather than exclusive.

16.     The words "and" and "or" shall be construed conjunctively or disjunctively to make the request inclusive rather than exclusive.

17.     In accordance with Federal Rule of Civil Procedure 26(e)(1), these discovery requests are continuing in nature, and any subsequently discovered or additional information responsive to these discovery requests shall be supplied immediately upon any such matters coming to your attention.

18.     If, in answering these discovery requests you encounter any ambiguity in construing either the discovery request or a definition or instruction relevant to the inquiry contained within the discovery request, set forth the matter deemed "ambiguous" and set forth the construction chosen or used in answering the discovery request.

19.     If you object for any reason to any discovery request or any portion thereof, you are directed to respond fully to the remaining requests and portions thereof.

20. Unless otherwise agreed to by the parties, Plaintiffs are to produce requested Documents and Things at the offices of Defendants' counsel of record within 30 days of the date of service of these Requests.

21. Electronically stored information, with the exception of excel documents, is to be produced as single-page TIFF images with appropriate image pointer file and with available document-level searchable extracted text. Excel documents shall be produced in native form. Parent-child relationships shall be maintained in the production. Also to be produced is a delimited load file providing a document control number for each document, and the following metadata information, to the extent it exists: Attachments; Custodian; Application Name; File Extension; File Create Date; File Last Modified Date; Date Sent; Date Received; Author; Recipient; Copy; Blind Copy; Subject; Filename; and Source File Path. Defendants reserve their right to seek production of any electronically stored information in native format.

## **DOCUMENT REQUESTS**

1. All Documents identified in Plaintiffs' Initial Disclosures, including any and all supplements and amendments thereto.

2. All Documents identified or referenced in any of your responses to interrogatories served on you in this action.

3.     All Documents and Things requested to be identified in interrogatories served upon you in this action.

4.     All Documents that you intend to rely upon at a trial or hearing in this action.

5.     All Documents referring or relating to any expert you intend to call as a witness at trial or at a hearing in this matter, including but not limited to:

(a)     Documents relating to compensation;

(b)     Documents authored by such expert;

(c)     Documents relating to any assumptions that the expert relied upon in forming the opinions which he or she is expected to testify; and

(d)     Documents relating to meetings, conferences or Communications between any representative of Plaintiffs, excluding Plaintiffs' counsel, and each such expert.

6.     All Documents relating to Plaintiffs' Communications referring to either Defendant or both Defendants and the Patent-In-Suit.

7.     All Communications referring to or relating to the Accused Products, including the Preview + Skill Games as referenced in the First Amended Complaint (including, Lightning, Lightning Skill, Super Skill 1, Superior Skill 2, Superior Skill 3, Superior Skill: Lightning Edition, Choice Skill 1, Choice Skill 2, Choice Skill 3, and Choice Skill 4) and Fusion Games as referenced in the First Amended Complaint (including, Fusion 1, Fusion 2, and Fusion 3).

8.   All Documents concerning any inspection, testing, evaluation, or analysis of any product by any Person for any purpose that is related to the Patent-In-Suit, including, without limitation, any Accused Product.

9.   All Documents that support or refute any contention by Plaintiffs that any Accused Product or use thereof and/or any of Defendants' product(s) or products offered for sale by either Defendant infringes any claim of the Patent-In-Suit.

10.   All Documents that support or refute any contention by Plaintiffs regarding Defendants' alleged infringement of the Patent-In-Suit.

11.   All Documents that support Plaintiffs' contention that Defendants had knowledge of the Patent-In-Suit prior to the filing of this lawsuit.

12.   All Documents concerning the basis and foundation for Plaintiffs' request for enhanced damages and request for attorneys' fees.

13.   All Documents concerning the basis and foundation for Plaintiffs' request for an injunction.

14.   All Documents concerning the circumstances under which Plaintiffs first became aware of the existence of any Accused Product and/or use thereof, including, without limitation, Documents concerning Plaintiffs' initial discovery that Defendants were allegedly infringing the Patent-In-Suit.

15. All Documents concerning any Communications between Plaintiffs and any other party, including Defendants or any third-party, concerning the Patent-In-Suit prior to the filing of the original Complaint, including but not limited to any negotiations or offers to license the Patent-In-Suit, and/or cease and desist demands.

16. All Documents concerning any past or present decisions concerning whether or not to assert against any third party any patents allegedly owned by Plaintiffs, including, without limitation, any evaluation of value or risk to Plaintiffs of such assertion, and any likelihood of success of such assertion.

17. Documents sufficient to show any policy and/or practice of patent marking for the Patent-In-Suit.

18. For each asserted claim of the Patent-In-Suit, all Documents concerning whether Defendants had actual or constructive notice of any alleged infringement of the Patent-In-Suit in compliance with 35 U.S.C. § 287 including, but not limited to, any patent marking(s) by Plaintiffs, any Licensee, or any other third party.

19. Any and all Documents relating to marking of the patent numbers for the Patent-In-Suit.

20. Any and all Documents regarding whether or not a product should be marked with a patent number for the Patent-In-Suit.

21. Documents sufficient to show the identity of any Licensee of the Patent-In-Suit.

22. Documents sufficient to show identification of all products licensed under the Patent-In-Suit and/or a Related Patent.

23. All Documents relating to or referring to the construction or interpretation of any terms in the claims of the Patent-In-Suit.

24. Documents sufficient to show each Plaintiff's organizational structure since January 1, 2019.

25. All Documents concerning or relating to an appraisal or valuation of any patents, license, royalty, technology transfer, or authorization-to-use agreement that relates to the Patent-In-Suit, including appraisals or valuations performed for tax purposes.

26. All license agreements concerning or covering the Patent-In-Suit and/or a Related Patent.

27. All Documents concerning any proposed or actual settlement of any litigation, prospective litigation, or disputes involving the Patent-In-Suit and/or Related Patent.

28.    All Documents supporting Plaintiffs' contentions as to the applicable priority date(s) for the claims of the Patent-In-Suit.

29.    All Documents (including all Prior Art) evidencing the state of the art and the level of ordinary skill in the art(s) to which the subject matter of the Patent-In-Suit pertains at the time of filing of the application that resulted in the Patent-In-Suit.

30.    To extent You were aware of Prior Art related to the invention of the Patent-In-Suit prior to issuance of the Patent-In-Suit, produce documents sufficient to show when you first became aware of each piece of Prior Art.

31.    To the extent anyone under a duty to disclose art pursuant to 37 C.F.R. 1.56 (a) & (c) during the prosecution of U.S. Patent No. 7,736,223 became aware of Prior Art prior to the issuance of the Patent-In-Suit, documents sufficient to show when those individuals became aware of each piece of Prior Art.

32.    All Documents pertaining to any analysis or review of Prior Art.

33.    All Documents referring or relating to the educational background, experience, and other necessary capabilities of one of ordinary skill in the art as of the asserted date of invention for the Patent-In-Suit.

34.    All Documents evidencing any secondary considerations or objective evidence of non-obviousness as described in *Graham v. John Deere Co.*, 383 U.S. 1, 17 (1966), with respect to any asserted claim of the Patent-In-Suit, including, without limitation, any commercial success, long-felt need, failure of others, unexpected results, or industry acclaim.

35.    Documents concerning the inventorship of the alleged inventions claimed in the Patent-In-Suit, including without limitation what each inventor allegedly contributed to the Patent-In-Suit.

36.    All Documents relating to the work that the named inventor performed for either Plaintiff prior to issuance of the Patent-In-Suit and/or Related Patent.

37.    All Documents concerning each attempt by either or both Plaintiffs or any Licensee(s) of either or both Plaintiffs—whether successful or unsuccessful— to assign, license, or enforce the Patent-In-Suit and/or Related Patents, including, without limitation, Communications with or claims against third parties concerning the possible assignment, ownership, licensing (exclusive or nonexclusive, express or implied, written, or oral), or infringement thereof.

38.    All documents regarding licenses and/or potential licenses, whether consummated or not, regarding the Patent-In-Suit, including, but not limited to, all Communications regarding any licenses or potential licenses.

39. All Documents concerning previous experience of Plaintiffs or any Licensee in, and policies for, licensing the Patent-In-Suit to or from any Person, including, without limitation, Documents concerning licensing-in, licensing-out, and cross-licensing policies.

40. All Documents supporting, contradicting, or otherwise relating to your contention that you are entitled to recover any damages from Defendants, including without limitation, damages claimed on the basis of lost profits, established royalties, reasonable royalties, price erosion, or any other basis; and method(s) used by you to compute the amount of damages and the figures used in the computation.

41. All Documents supporting, contradicting, or otherwise relating to your contention that you are entitled to recover an ongoing royalty from Defendants, including, but not limited to, documents concerning the method(s) used by you to compute the amount of an ongoing royalty.

42. All Documents that support or refute any contention that any of the alleged inventions claimed in the Patent-In-Suit is the basis for the customer demand for any Accused Product.

43. All Documents referring or relating to any allegation, statement, or contention that either Defendant is liable for direct infringement and/or indirect infringement of the Patent-In-Suit and/or a Related Patent.

44. All Documents, including without limitation, Prior Art, ever known or identified by or to Plaintiffs, the named inventor of the Patent-In-Suit, or any Person substantively involved in the prosecution of the Patent-In-Suit (including any attorney or Patents agent having such involvement), as being relevant to or evidence of the validity, invalidity, enforceability, or unenforceability of the Patent-In-Suit, any Related Patents, or any other Patents listing the named inventor of the Patent-In-Suit on the cover as an inventor, including English language translations thereof.

45. All Documents referring or relating to the activities of a Person, other than Defendants, that has been alleged, or that you contend, fall within the scope of any claim of the Patent-In-Suit.

46. All Documents relating to the validity or invalidity of the Patent-In-Suit, including any invalidity contentions served on Plaintiffs and/or summary judgment motions, briefs, and related exhibits and expert reports, filed in any other actions or proceedings involving the Patent-In-Suit.

47. All Documents concerning the subject matter disclosed in the Patent-In-Suit and which was ever known or identified by or to Plaintiffs, the named inventor of the Patent-In-Suit, any Person substantively involved in the prosecution of the Patent-In-Suit (including any attorney or patent agent having such

involvement), or any third party, whether or not the Documents technically qualify as Prior Art to the Patent-In-Suit.

48.    Documents sufficient to show each individual associated with the filing or prosecution of the patent application leading to the Patent-In-Suit and/or any Related Patents.

49.    All published or unpublished articles, papers, manuscripts, technical reports, conference papers, presentations, grant requests, or other publications authored, co-authored, written, or co-written by the named inventor, or by any other employee, agent, or representative of Plaintiffs, relating to the subject matter of the Patent-In-Suit, Related Patents, or this action.

50.    All Documents relating to demonstrations of the subject matter claimed in the Patent-In-Suit.

51.    All prosecution file histories—both published and unpublished—for the Patent-In-Suit and Related Patents.

52.    All Communications between Plaintiffs, the named inventor of the Patent-In-Suit, and any Person substantively involved in the prosecution of the Patent-In-Suit and/or Related Patents (including any attorney or patent agent having

such involvement) regarding the application that resulted in the Patent-In-Suit or Related Patents, and/or the Patent-In-Suit or Related Patents themselves.

53. All Documents relating to the decision of the named inventor, or any other employee, agent, or representative of Plaintiffs, to submit any Prior Art during the prosecution of the Patent-In-Suit and Related Patents.

54. All Documents regarding any current or prior ownership of the Patent-In-Suit, including Documents sufficient to show the identity of each Person involved in the transfer of ownership and to describe each Person's involvement, and all agreements reflecting or otherwise relating to such transfer.

55. All Documents relating to any assignment of the Patent-In-Suit, including Documents sufficient to show the identity of each Person involved in such assignment and to describe each Person's involvement, and all agreements reflecting or otherwise relating to such assignment.

56. All Documents relating to grants or other transfers of any rights, obligations or financial interest, including the right to grant licenses to others, in or to the Patent-In-Suit (collectively, "transactions"), including Documents sufficient to show the identity of each Person involved in such transactions and to describe each Person's involvement, and all agreements reflecting or otherwise relating to such transactions.

57.     All Documents relating to any financial interest in or to the Patent-In-Suit by any Person, including Documents sufficient to identify all Persons with such a financial interest and the nature of such financial interest.

58.     All Documents relating to any financial interest in or to this litigation by any Person, including Documents sufficient to identify all Persons with such a financial interest and the nature of such financial interest.

59.     Documents sufficient to identify each and every entity or Person that has the ability to grant any license relating to the Patent-In-Suit.

60.     All Documents produced or provided by any non-party to Plaintiffs in connection with this lawsuit.

61.     All agreements by, between, or among Plaintiffs and any other Person related to or regarding the Patent-In-Suit.

62.     All Communications between You and any other Person related to or regarding the Patent-In-Suit.

63.     All Documents concerning or used in the filing and prosecution of the Patent-In-Suit and/or any Related Patents, including, without limitation, Documents concerning any decision to file such patents applications, and all notes (including interview notes), presentations, draft and final versions of such applications, draft

and final versions of responses to office actions, Communications with or among the named inventor, concerning the filing and prosecution of the Patent-In-Suit and/or Related Patents, and all Documents submitted to or received from any Patent Office.

64.    All Documents relating or referring to any Communication, meeting, or contact with the U.S. Patent and Trademark Office or any foreign patent office concerning the Patent-In-Suit or any Related Patent.

65.    All Documents that identify or suggest, in whole or in part, any defect, misstatement, error, or omission of any kind in the Patent-In-Suit, or any Related Patent, and/or during the prosecution thereof.

66.    All Documents and Things related to your investigation, analysis, testing, studying, or reverse engineering of any of Defendants' products or Banilla Games' products with regard to the Patent-In-Suit, including your pre-filing investigation into any Accused Product and/or use thereof.

67.    All Documents and Things related to the "extensive[ ] testing" referenced in paragraph 71 of the First Amended Complaint.

68.    Make available any commercial embodiment of the claimed patented invention.

69.     All documents pertaining to any embodiment of the claimed patented invention, including, any commercial embodiments made, sold, or used by either or both Plaintiffs.

70.     Any and all prototypes or embodiments of any purported invention disclosed in the Patent-In-Suit and/or Related Patent.

71.     All documents pertaining to the design, development, and creation of the Tic-Tac-Fruit game referenced in the Patent-In-Suit.

72.     For all claims of the Patent-In-Suit and Related Patents, all Documents concerning the conception, reduction to practice (constructive or actual), first public use, first public disclosure, first publication, first offer for sale, first sale, first written description of each alleged invention, diligence used in reducing the invention(s) to practice, and equipment used (and ownership and location thereof) in the conception, diligence, and reduction to practice.

73.     Documents relating to Plaintiffs' allegation in paragraph 32 of the First Amended Complaint that anyone sought to copy the approach taken by the POM games.

74.    The license agreement referenced in paragraph 13 of the First Amended Complaint, all versions of the license transmitted between the licensor and Licensee, and all communications between the Licensee and licensor relating to that license.

75.    Documents sufficient to describe the design, operation, and use of each version of any product sold, licensed, distributed, or otherwise commercialized by either Plaintiff, the manufacture or use of which is within the scope of any claim of the Patent-In-Suit.

76.    Documents sufficient to describe the game processor used by any of any product sold, licensed, distributed, or otherwise commercialized by either Plaintiff, within the scope of the claims of the Patent-In-Suit and its features, including, but not limited to, documents reflecting how any such game processor was supposedly enhanced over known game processors.

77.    Documents relating to your allegation in paragraph 20 of the Amended Complaint that the "processor" purportedly described in the Patent-In-Suit is "enhanced over the known game processors of the prior art."

78.    Documents sufficient to describe the design, operation, and use of any gaming terminal, such as electronic slot machines and video poker machines in existence prior to March 31, 2006, that included a testing element, a preview

element, or both a testing element and a preview element as those terms are used in Paragraph 22 of the Amended Complaint

79.    Documents sufficient to describe any product made, sold, licensed, used, imported into the United States, or public use of any product that is within the scope of any invention claimed in the Patent-In-Suit.

80.    Documents sufficient to describe the design, operation, and use of each version of Tic-Tac-Fruit electronic skill-based amusement game developed and licensed by Pace-O-Matic, Inc. prior to March 31, 2006.

81.    Documents (including, but not limited to filings, submissions, and transcripts) relating to any state or administrative proceeding, hearing, trial, or action involving the Tic-Tac-Fruit Game, including, but not limited to, documents relating to proceedings before the Ohio Liquor Control Board and/or Ohio Liquor Control Commission involving the Tic-Tac-Fruit Game.

82.    Documents (including, but not limited to filings, submissions, and transcripts) relating to the following actions involving Tic-Tac-Fruit and/or Tic-Tac-Fruit operators:

- City of Akron v. Georgekopoulos – Akron Municipal Court – 05CRB15037

- City of Akron v. Trammell – Akron Municipal Court – 05CRB14754

- State v. Dorn – Clinton County Municipal Court – CRB0700914 and CRB0700915

- State v. Reed – Clinton County Municipal Court – CRB070013

- State v. Mayle – Franklin County Municipal Court – 2005CRB30662

- State v. Adams – Franklin County Municipal Court – 2005CRB30713

- City of Columbus v. Ndreu – Franklin County Municipal Court – 2006CRB507

- City of Columbus v. Curatti – Franklin County Municipal Court – 2006 CRB1297

83.    Documents sufficient to show any relationship (corporate, financial, or otherwise) between any Plaintiff and Michael Pace.

84.    Documents sufficient to show any relationship (corporate, financial, or otherwise) between any Plaintiff and Pace-O-Matic, Inc.

85.    Documents sufficient to show any relationship (corporate, financial, or otherwise) between Plaintiffs.

86.    Documents sufficient to show any document retention and/or destruction policy of Plaintiffs.

Dated:  January 27, 2020        MORGAN, LEWIS & BOCKIUS LLP


_____
John V. Gorman (PA 80631)
Kenneth J. Davis (PA 87944) (admitted *pro hac vice*)
Amy M. Dudash (PA 311898) (admitted *pro hac vice*)
1701 Market Street
Philadelphia, PA  19103
Telephone:  215.963.5000
Fax:  215.963.5001
john.gorman@morganlewis.com
kenneth.davis@morganlewis.com
amy.dudash@morganlewis.com

*Attorneys for Defendants Pennsylvania Coin, LLC and PA Coin Holdings, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on January 27, 2020, I caused a copy of the foregoing Defendants' First Set of Requests for Production of Documents Directed to Plaintiffs to be served via e-mail to the following:

Matthew H. Haverstick
Eric J. Schreiner
Shohin H. Vance
Kleinbard LLC
mhaverstick@kleinbard.com
eschreiner@kleinbard.com
pgagne@kleinbard.com
svance@kleinbard.com

Steven G. Hill
John L. North
Martha L. Decker
Hill, Kertcher & Wharton, LLP
sgh@hkw-law.com
jln@hkw-law.com
md@hkw-law.com

*Attorneys for Plaintiffs*

Amy M. Dudash