# EXHIBIT 2

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

SAVVY DOG SYSTEMS, LLC, and
POM of PENNSYLVANIA, LLC,

      Plaintiffs,

      v.

PENNSYLVANIA COIN, LLC, and
PA COIN HOLDINGS, LLC

      Defendants.

CIVIL ACTION NO: 3:19-cv-01470-JPW

Honorable Jennifer P. Wilson

### DEFENDANTS PENNSYLVANIA COIN, LLC AND PA COIN HOLDINGS, LLC'S FIRST SET OF INTERROGATORIES DIRECTED TO PLAINTIFFS SAVVY DOG SYSTEMS, LLC AND POM OF PENNSYLVANIA, LLC

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, defendants Pennsylvania Coin, LLC and PA Coin Holdings, LLC hereby propound the following Interrogatories upon plaintiffs Savvy Dog Systems, LLC and POM of Pennsylvania, LLC.

### DEFINITIONS AND INSTRUCTIONS

1.     As used herein, the terms "Plaintiffs" "you," "your," or "yours" mean plaintiffs Savvy Dog Systems, LLC and POM of Pennsylvania, LLC and all of their corporate parents, subsidiaries, sisters, affiliates, predecessors, successors, assigns, and divisions, and any respective present and former directors, officers, shareholders, attorneys, employees, agents, servants, associates, consultants, independent contractors, advisors, and representatives.

2. As used herein, the term "Defendants" refers to defendants Pennsylvania Coin, LLC and PA Coin Holdings, LLC, including any of their divisions and any representatives, agents, employees, successors, and assigns.

3. "Accused Products" means the products identified in Plaintiffs' operative Complaint as allegedly including features recited by one or more claims of the Patent-In-Suit, product(s) identified by Plaintiffs as infringing any of the Patent-In-Suit in an interrogatory response, and/or any product(s) identified in Plaintiffs' identification of accused products or infringement contentions and any permitted amendments or supplementations to the foregoing.

4. The singular shall be construed to include the plural, and vice versa, to make the interrogatory inclusive rather than exclusive.

5. The words "and" and "or" shall be construed conjunctively or disjunctively to make the interrogatory inclusive rather than exclusive.

6. In accordance with Federal Rule of Civil Procedure 26(e)(1), these discovery requests are continuing in nature, and any subsequently discovered or additional information responsive to these discovery requests shall be supplied immediately upon any such matters coming to your attention.

7.     If, in answering these interrogatories you encounter any ambiguity in construing either the interrogatory or a definition or instruction relevant to the inquiry contained within the interrogatory, set forth the matter deemed "ambiguous" and set forth the construction chosen or used in answering the interrogatory.

8.     If you object for any reason to any interrogatory or any portion thereof, you are directed to respond fully to the remaining interrogatories and portions thereof.

## INTERROGATORIES

### INTERROGATORY NO. 1:

Identify in detail what you contend was the level of one of ordinary skill in the art at the time the invention(s) was made pertaining to U.S. Patent No. 7,736,223.

**RESPONSE**:

### INTERROGATORY NO. 2:

Describe in detail all facts underlying any secondary consideration or other objective evidence of non-obviousness that you contend is relevant to the asserted claims of U.S. Patent No. 7,736,223.

**RESPONSE**:

**INTERROGATORY NO. 3:**

Identify with particularity the basis for all damages alleged in the instant action.

**RESPONSE**:


**INTERROGATORY NO. 4:**

Identify and describe in detail the circumstances surrounding the conception and reduction to practice of all inventions you contend are disclosed or claimed in U.S. Patent No. 7,736,223. A complete answer will include the precise date of conception; the persons involved (including, but not limited to, any person affiliated with Plaintiffs or a third-party) and their respective contribution to the alleged invention; the existence and status of actual reduction to practice whether before or after any filing date of any patent application; the identity of any corroborating witness or documents; the steps constituting diligence from conception to actual or constructive reduction to practice; and any resulting apparatuses and documents supporting these facts.

**RESPONSE:**

**INTERROGATORY NO. 5:**

Set forth in detail, through a claim chart or other means, all factual, legal and/or evidentiary bases supporting the alleged earliest priority date for each asserted claim of U.S. Patent No. 7,736,223 that you contend is entitled to an effective priority date earlier than the date the application was filed.

**RESPONSE:**

**INTERROGATORY NO. 5:**

Describe in detail any relationship, affiliation, and/or business arrangement between any of Savvy Dog Systems, LLC, POM of Pennsylvania, LLC, and/or Pace-O-Matic, Inc.

**RESPONSE:**

Dated:  January 27, 2020            MORGAN, LEWIS & BOCKIUS LLP


*[signature: amy m. Dudash]*
_____
John V. Gorman (PA 80631)
Kenneth J. Davis (PA 87944) (admitted *pro hac vice*)
Amy M. Dudash (PA 311898) (admitted *pro hac vice*)
1701 Market Street
Philadelphia, PA  19103
Telephone:  215.963.5000
Fax:  215.963.5001
john.gorman@morganlewis.com
kenneth.davis@morganlewis.com
amy.dudash@morganlewis.com

*Attorneys for Defendants Pennsylvania Coin, LLC and PA Coin Holdings, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on January 27, 2020, I caused a copy of the foregoing

Defendants' First Set of Interrogatories Directed to Plaintiffs to be served via e-mail

to the following:

Matthew H. Haverstick
Eric J. Schreiner
Shohin H. Vance
Kleinbard LLC
mhaverstick@kleinbard.com
eschreiner@kleinbard.com
pgagne@kleinbard.com
svance@kleinbard.com

Steven G. Hill
John L. North
Martha L. Decker
Hill, Kertcher & Wharton, LLP
sgh@hkw-law.com
jln@hkw-law.com
md@hkw-law.com

*Attorneys for Plaintiffs*

_____
Amy M. Dudash

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

SAVVY DOG SYSTEMS, LLC, and
POM of PENNSYLVANIA, LLC,

        Plaintiffs,

        v.

PENNSYLVANIA COIN, LLC, and
PA COIN HOLDINGS, LLC

        Defendants.

CIVIL ACTION NO: 3:19-cv-01470-
JPW

Honorable Jennifer P. Wilson

**DEFENDANTS PENNSYLVANIA COIN, LLC AND PA COIN HOLDINGS,
LLC'S FIRST SET OF INTERROGATORIES DIRECTED TO
PLAINTIFFS SAVVY DOG SYSTEMS, LLC AND
POM OF PENNSYLVANIA, LLC**

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, defendants

Pennsylvania Coin, LLC and PA Coin Holdings, LLC hereby propound the

following Interrogatories upon plaintiffs Savvy Dog Systems, LLC and POM of

Pennsylvania, LLC.

**DEFINITIONS AND INSTRUCTIONS**

1.     As used herein, the terms "Plaintiffs" "you," "your," or "yours" mean

plaintiffs Savvy Dog Systems, LLC and POM of Pennsylvania, LLC and all of their

corporate parents, subsidiaries, sisters, affiliates, predecessors, successors, assigns,

and divisions, and any respective present and former directors, officers,

shareholders, attorneys, employees, agents, servants, associates, consultants,

independent contractors, advisors, and representatives.

2.      As used herein, the term "Defendants" refers to defendants Pennsylvania Coin, LLC and PA Coin Holdings, LLC, including any of their divisions and any representatives, agents, employees, successors, and assigns.

3.      "Accused Products" means the products identified in Plaintiffs' operative Complaint as allegedly including features recited by one or more claims of the Patent-In-Suit, product(s) identified by Plaintiffs as infringing any of the Patent-In-Suit in an interrogatory response, and/or any product(s) identified in Plaintiffs' identification of accused products or infringement contentions and any permitted amendments or supplementations to the foregoing.

4.      The singular shall be construed to include the plural, and vice versa, to make the interrogatory inclusive rather than exclusive.

5.      The words "and" and "or" shall be construed conjunctively or disjunctively to make the interrogatory inclusive rather than exclusive.

6.      In accordance with Federal Rule of Civil Procedure 26(e)(1), these discovery requests are continuing in nature, and any subsequently discovered or additional information responsive to these discovery requests shall be supplied immediately upon any such matters coming to your attention.

7.     If, in answering these interrogatories you encounter any ambiguity in construing either the interrogatory or a definition or instruction relevant to the inquiry contained within the interrogatory, set forth the matter deemed "ambiguous" and set forth the construction chosen or used in answering the interrogatory.

8.     If you object for any reason to any interrogatory or any portion thereof, you are directed to respond fully to the remaining interrogatories and portions thereof.

## INTERROGATORIES

### INTERROGATORY NO. 1:

Identify in detail what you contend was the level of one of ordinary skill in the art at the time the invention(s) was made pertaining to U.S. Patent No. 7,736,223.

**RESPONSE**:

### INTERROGATORY NO. 2:

Describe in detail all facts underlying any secondary consideration or other objective evidence of non-obviousness that you contend is relevant to the asserted claims of U.S. Patent No. 7,736,223.

**RESPONSE**:

**INTERROGATORY NO. 3:**

Identify with particularity the basis for all damages alleged in the instant action.

**RESPONSE**:

**INTERROGATORY NO. 4:**

Identify and describe in detail the circumstances surrounding the conception and reduction to practice of all inventions you contend are disclosed or claimed in U.S. Patent No. 7,736,223. A complete answer will include the precise date of conception; the persons involved (including, but not limited to, any person affiliated with Plaintiffs or a third-party) and their respective contribution to the alleged invention; the existence and status of actual reduction to practice whether before or after any filing date of any patent application; the identity of any corroborating witness or documents; the steps constituting diligence from conception to actual or constructive reduction to practice; and any resulting apparatuses and documents supporting these facts.

**RESPONSE:**

**INTERROGATORY NO. 5:**

Set forth in detail, through a claim chart or other means, all factual, legal and/or evidentiary bases supporting the alleged earliest priority date for each asserted claim of U.S. Patent No. 7,736,223 that you contend is entitled to an effective priority date earlier than the date the application was filed.

**RESPONSE:**

**INTERROGATORY NO. 5:**

Describe in detail any relationship, affiliation, and/or business arrangement between any of Savvy Dog Systems, LLC, POM of Pennsylvania, LLC, and/or Pace-O-Matic, Inc.

**RESPONSE:**

Dated:  January 27, 2020       MORGAN, LEWIS & BOCKIUS LLP


_amy M. Dudash_
John V. Gorman (PA 80631)
Kenneth J. Davis (PA 87944) (admitted *pro hac vice*)
Amy M. Dudash (PA 311898) (admitted *pro hac vice*)
1701 Market Street
Philadelphia, PA  19103
Telephone:  215.963.5000
Fax:  215.963.5001
john.gorman@morganlewis.com
kenneth.davis@morganlewis.com
amy.dudash@morganlewis.com

*Attorneys for Defendants Pennsylvania Coin, LLC and PA Coin Holdings, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on January 27, 2020, I caused a copy of the foregoing Defendants' First Set of Interrogatories Directed to Plaintiffs to be served via e-mail to the following:

Matthew H. Haverstick
Eric J. Schreiner
Shohin H. Vance
Kleinbard LLC
mhaverstick@kleinbard.com
eschreiner@kleinbard.com
pgagne@kleinbard.com
svance@kleinbard.com

Steven G. Hill
John L. North
Martha L. Decker
Hill, Kertcher & Wharton, LLP
sgh@hkw-law.com
jln@hkw-law.com
md@hkw-law.com

*Attorneys for Plaintiffs*

Amy M. Dudash

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

SAVVY DOG SYSTEMS, LLC, and
POM of PENNSYLVANIA, LLC,

        Plaintiffs,

        v.

PENNSYLVANIA COIN, LLC, and
PA COIN HOLDINGS, LLC

        Defendants.

CIVIL ACTION NO: 3:19-cv-01470-JPW

Honorable Jennifer P. Wilson

## DEFENDANTS PENNSYLVANIA COIN, LLC AND PA COIN HOLDINGS, LLC'S FIRST SET OF INTERROGATORIES DIRECTED TO PLAINTIFFS SAVVY DOG SYSTEMS, LLC AND POM OF PENNSYLVANIA, LLC

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, defendants Pennsylvania Coin, LLC and PA Coin Holdings, LLC hereby propound the following Interrogatories upon plaintiffs Savvy Dog Systems, LLC and POM of Pennsylvania, LLC.

## DEFINITIONS AND INSTRUCTIONS

1.     As used herein, the terms "Plaintiffs" "you," "your," or "yours" mean plaintiffs Savvy Dog Systems, LLC and POM of Pennsylvania, LLC and all of their corporate parents, subsidiaries, sisters, affiliates, predecessors, successors, assigns, and divisions, and any respective present and former directors, officers, shareholders, attorneys, employees, agents, servants, associates, consultants, independent contractors, advisors, and representatives.

2.     As used herein, the term "Defendants" refers to defendants Pennsylvania Coin, LLC and PA Coin Holdings, LLC, including any of their divisions and any representatives, agents, employees, successors, and assigns.

3.     "Accused Products" means the products identified in Plaintiffs' operative Complaint as allegedly including features recited by one or more claims of the Patent-In-Suit, product(s) identified by Plaintiffs as infringing any of the Patent-In-Suit in an interrogatory response, and/or any product(s) identified in Plaintiffs' identification of accused products or infringement contentions and any permitted amendments or supplementations to the foregoing.

4.     The singular shall be construed to include the plural, and vice versa, to make the interrogatory inclusive rather than exclusive.

5.     The words "and" and "or" shall be construed conjunctively or disjunctively to make the interrogatory inclusive rather than exclusive.

6.     In accordance with Federal Rule of Civil Procedure 26(e)(1), these discovery requests are continuing in nature, and any subsequently discovered or additional information responsive to these discovery requests shall be supplied immediately upon any such matters coming to your attention.

7.     If, in answering these interrogatories you encounter any ambiguity in construing either the interrogatory or a definition or instruction relevant to the inquiry contained within the interrogatory, set forth the matter deemed "ambiguous" and set forth the construction chosen or used in answering the interrogatory.

8.     If you object for any reason to any interrogatory or any portion thereof, you are directed to respond fully to the remaining interrogatories and portions thereof.

## INTERROGATORIES

### INTERROGATORY NO. 1:

Identify in detail what you contend was the level of one of ordinary skill in the art at the time the invention(s) was made pertaining to U.S. Patent No. 7,736,223.

**RESPONSE**:


### INTERROGATORY NO. 2:

Describe in detail all facts underlying any secondary consideration or other objective evidence of non-obviousness that you contend is relevant to the asserted claims of U.S. Patent No. 7,736,223.

**RESPONSE**:

- 3 -

**INTERROGATORY NO. 3:**

Identify with particularity the basis for all damages alleged in the instant action.

**RESPONSE**:

**INTERROGATORY NO. 4:**

Identify and describe in detail the circumstances surrounding the conception and reduction to practice of all inventions you contend are disclosed or claimed in U.S. Patent No. 7,736,223. A complete answer will include the precise date of conception; the persons involved (including, but not limited to, any person affiliated with Plaintiffs or a third-party) and their respective contribution to the alleged invention; the existence and status of actual reduction to practice whether before or after any filing date of any patent application; the identity of any corroborating witness or documents; the steps constituting diligence from conception to actual or constructive reduction to practice; and any resulting apparatuses and documents supporting these facts.

**RESPONSE:**

**INTERROGATORY NO. 5:**

Set forth in detail, through a claim chart or other means, all factual, legal and/or evidentiary bases supporting the alleged earliest priority date for each asserted claim of U.S. Patent No. 7,736,223 that you contend is entitled to an effective priority date earlier than the date the application was filed.

**RESPONSE:**

**INTERROGATORY NO. 5:**

Describe in detail any relationship, affiliation, and/or business arrangement between any of Savvy Dog Systems, LLC, POM of Pennsylvania, LLC, and/or Pace-O-Matic, Inc.

**RESPONSE:**

Dated:  January 27, 2020          MORGAN, LEWIS & BOCKIUS LLP


John V. Gorman (PA 80631)
Kenneth J. Davis (PA 87944) (admitted *pro
hac vice*)
Amy M. Dudash (PA 311898) (admitted *pro
hac vice*)
1701 Market Street
Philadelphia, PA  19103
Telephone:  215.963.5000
Fax:  215.963.5001
john.gorman@morganlewis.com
kenneth.davis@morganlewis.com
amy.dudash@morganlewis.com

*Attorneys for Defendants Pennsylvania Coin,
LLC and PA Coin Holdings, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on January 27, 2020, I caused a copy of the foregoing Defendants' First Set of Interrogatories Directed to Plaintiffs to be served via e-mail to the following:

Matthew H. Haverstick
Eric J. Schreiner
Shohin H. Vance
Kleinbard LLC
mhaverstick@kleinbard.com
eschreiner@kleinbard.com
pgagne@kleinbard.com
svance@kleinbard.com

Steven G. Hill
John L. North
Martha L. Decker
Hill, Kertcher & Wharton, LLP
sgh@hkw-law.com
jln@hkw-law.com
md@hkw-law.com

*Attorneys for Plaintiffs*

_____
Amy M. Dudash