# EXHIBIT 3

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| SAVVY DOG SYSTEMS, LLC, and POM of PENNSYLVANIA, LLC, | CIVIL ACTION NO: 3:19-cv-01470-JPW |
| Plaintiffs, | |
| v. | Honorable Jennifer P. Wilson |
| PENNSYLVANIA COIN, LLC, and PA COIN HOLDINGS, LLC | |
| Defendants. | |

**DEFENDANTS PENNSYLVANIA COIN, LLC AND PA COIN HOLDINGS, LLC'S SECOND SET OF INTERROGATORIES DIRECTED TO PLAINTIFFS SAVVY DOG SYSTEMS, LLC AND POM OF PENNSYLVANIA, LLC**

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, defendants Pennsylvania Coin, LLC and PA Coin Holdings, LLC hereby propound the following Interrogatories upon plaintiffs Savvy Dog Systems, LLC and POM of Pennsylvania, LLC.

**DEFINITIONS AND INSTRUCTIONS**

1.      As used herein, the terms "Plaintiffs" "you," "your," or "yours" mean plaintiffs Savvy Dog Systems, LLC and POM of Pennsylvania, LLC and all of their corporate parents, subsidiaries, sisters, affiliates, predecessors, successors, assigns, and divisions, and any respective present and former directors, officers, shareholders, attorneys, employees, agents, servants, associates, consultants, independent contractors, advisors, and representatives.

2.    "Asserted Claims" means any claims of U.S. Patent No. 7,736,223 asserted in the instant action by Plaintiffs, including in the First Amended Complaint, any permitted amended complaint, Plaintiffs' Infringement Contentions and any permitted amendments or supplementations thereto.

3.    "Person" means any natural person, individual, firm, partnership, association, joint venture, estate, trust, receiver, syndicate, enterprise or combination, corporation or other legal, business or government entity.

4.    The singular shall be construed to include the plural, and vice versa, to make the interrogatory inclusive rather than exclusive.

5.    The words "and" and "or" shall be construed conjunctively or disjunctively to make the interrogatory inclusive rather than exclusive.

6.    In accordance with Federal Rule of Civil Procedure 26(e)(1), these discovery requests are continuing in nature, and any subsequently discovered or additional information responsive to these discovery requests shall be supplied immediately upon any such matters coming to your attention.

7.    If, in answering these interrogatories you encounter any ambiguity in construing either the interrogatory or a definition or instruction relevant to the

inquiry contained within the interrogatory, set forth the matter deemed "ambiguous" and set forth the construction chosen or used in answering the interrogatory.

8.    If you object for any reason to any interrogatory or any portion thereof, you are directed to respond fully to the remaining interrogatories and portions thereof.

<strong><u>INTERROGATORIES</u></strong>

**<u>INTERROGATORY NO. 7</u>:**  Identify all products (whether offered for sale, sold, manufactured, imported, or used by You or by any other Person, including, but not limited to, Michael Pace and/or Pace-O-Matic, Inc.) that You contend fall within the scope of each Asserted Claim of U.S. Patent No. 7,736,223, and the date(s) those products were sold or offered for sale.

**<u>RESPONSE</u>:**

**<u>INTERROGATORY NO. 8</u>:**  Describe in detail all facts supporting Plaintiffs' contention that any claim, element, or combination of elements in U.S. Patent No. 7,736,223 is directed to a non-abstract idea and/or is directed to an inventive concept(s) under 35 U.S.C. § 101 and *Alice Corporation Pty. Ltd. v. CLS Bank International*, 573 U.S. 208 (2014).  Your answer should include a recitation of all factual disputes Plaintiffs contend exist with respect to whether the elements of the

asserted claims are not abstract and were not well-understood, routine, or conventional as of the priority date of U.S. Patent No. 7,**7**36,223.

**RESPONSE**:

**INTERROGATORY NO. 9:**    Identify with particularity who the "other knowledgeable gaming technologists and game developers who worked with Mr. Pace on implementation of a commercial embodiment of" U.S. Patent No. 7,**7**36,223 are that are referenced at paragraph 30 of the First Amended Complaint. A complete response will provide the person(s) full name, contact information, and title, including description of work performed on the commercial embodiment referenced.

**RESPONSE**:

**INTERROGATORY NO. 10:**  Describe in detail the circumstances under which the "new preview software"—referred to in the document produced in the instant action bearing Bates No. POM000445—was first known or used by a party other than Plaintiffs, described in a printed publication or otherwise disclosed, sold, offered for sale, or used commercially (whether publicly or not) (each such activity a "Disclosure").  A complete response will provide the date of first Disclosure and the identity and contact information of the person responsible for such Disclosure and the identity and contact information for the person to whom such Disclosure was made.

 **RESPONSE:**

**INTERROGATORY NO. 11:**  Describe in detail any differences between the alleged invention(s) of each Asserted Claim of U.S. Patent No. 7,736,223 and each version of Tic-Tac-Fruit that existed prior to the filing of date of U.S. Patent No. 7,736,223.

 **RESPONSE:**

Dated:  April 22, 2020

MORGAN, LEWIS & BOCKIUS LLP

_____
John V. Gorman (PA 80631)
Kenneth J. Davis (PA 87944) (admitted *pro hac vice*)
Amy M. Dudash (PA 311898) (admitted *pro hac vice*)
1701 Market Street
Philadelphia, PA  19103
Telephone:  215.963.5000
Fax:  215.963.5001
john.gorman@morganlewis.com
kenneth.davis@morganlewis.com
amy.dudash@morganlewis.com

*Attorneys for Defendants Pennsylvania Coin, LLC and PA Coin Holdings, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on April 22, 2020, I caused a copy of the foregoing Defendants' Second Set of Interrogatories Directed to Plaintiffs to be served via e-mail to the following:

Matthew H. Haverstick
Eric J. Schreiner
Shohin H. Vance
Kleinbard LLC
mhaverstick@kleinbard.com
eschreiner@kleinbard.com
pgagne@kleinbard.com
svance@kleinbard.com

Steven G. Hill
John L. North
Martha L. Decker
Hill, Kertcher & Wharton, LLP
sgh@hkw-law.com
jln@hkw-law.com
md@hkw-law.com

*Attorneys for Plaintiffs*

Amy M. Dudash

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

|  |  |
|---|---|
| SAVVY DOG SYSTEMS, LLC, and POM of PENNSYLVANIA, LLC, <br><br> Plaintiffs, <br><br> v. <br><br> PENNSYLVANIA COIN, LLC, and PA COIN HOLDINGS, LLC <br><br> Defendants. | CIVIL ACTION NO: 3:19-cv-01470-JPW <br><br> Honorable Jennifer P. Wilson |

**DEFENDANTS PENNSYLVANIA COIN, LLC AND PA COIN HOLDINGS, LLC'S SECOND SET OF INTERROGATORIES DIRECTED TO PLAINTIFFS SAVVY DOG SYSTEMS, LLC AND POM OF PENNSYLVANIA, LLC**

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, defendants Pennsylvania Coin, LLC and PA Coin Holdings, LLC hereby propound the following Interrogatories upon plaintiffs Savvy Dog Systems, LLC and POM of Pennsylvania, LLC.

**DEFINITIONS AND INSTRUCTIONS**

1. As used herein, the terms "Plaintiffs" "you," "your," or "yours" mean plaintiffs Savvy Dog Systems, LLC and POM of Pennsylvania, LLC and all of their corporate parents, subsidiaries, sisters, affiliates, predecessors, successors, assigns, and divisions, and any respective present and former directors, officers, shareholders, attorneys, employees, agents, servants, associates, consultants, independent contractors, advisors, and representatives.

2.    "Asserted Claims" means any claims of U.S. Patent No. 7,736,223 asserted in the instant action by Plaintiffs, including in the First Amended Complaint, any permitted amended complaint, Plaintiffs' Infringement Contentions and any permitted amendments or supplementations thereto.

3.    "Person" means any natural person, individual, firm, partnership, association, joint venture, estate, trust, receiver, syndicate, enterprise or combination, corporation or other legal, business or government entity.

4.    The singular shall be construed to include the plural, and vice versa, to make the interrogatory inclusive rather than exclusive.

5.    The words "and" and "or" shall be construed conjunctively or disjunctively to make the interrogatory inclusive rather than exclusive.

6.    In accordance with Federal Rule of Civil Procedure 26(e)(1), these discovery requests are continuing in nature, and any subsequently discovered or additional information responsive to these discovery requests shall be supplied immediately upon any such matters coming to your attention.

7.    If, in answering these interrogatories you encounter any ambiguity in construing either the interrogatory or a definition or instruction relevant to the

- 2 -

inquiry contained within the interrogatory, set forth the matter deemed "ambiguous" and set forth the construction chosen or used in answering the interrogatory.

8.      If you object for any reason to any interrogatory or any portion thereof, you are directed to respond fully to the remaining interrogatories and portions thereof.

**INTERROGATORIES**

**INTERROGATORY NO. 7:**  Identify all products (whether offered for sale, sold, manufactured, imported, or used by You or by any other Person, including, but not limited to, Michael Pace and/or Pace-O-Matic, Inc.) that You contend fall within the scope of each Asserted Claim of U.S. Patent No. 7,736,223, and the date(s) those products were sold or offered for sale.

   **RESPONSE**:



**INTERROGATORY NO. 8**:  Describe in detail all facts supporting Plaintiffs' contention that any claim, element, or combination of elements in U.S. Patent No. 7,736,223 is directed to a non-abstract idea and/or is directed to an inventive concept(s) under 35 U.S.C. § 101 and *Alice Corporation Pty. Ltd. v. CLS Bank International*, 573 U.S. 208 (2014).  Your answer should include a recitation of all factual disputes Plaintiffs contend exist with respect to whether the elements of the

asserted claims are not abstract and were not well-understood, routine, or conventional as of the priority date of U.S. Patent No. 7,**7**36,223.

**RESPONSE**:

**INTERROGATORY NO. 9:**    Identify with particularity who the "other knowledgeable gaming technologists and game developers who worked with Mr. Pace on implementation of a commercial embodiment of" U.S. Patent No. 7,**7**36,223 are that are referenced at paragraph 30 of the First Amended Complaint. A complete response will provide the person(s) full name, contact information, and title, including description of work performed on the commercial embodiment referenced.

**RESPONSE**:

**INTERROGATORY NO. 10:**  Describe in detail the circumstances under which the "new preview software"—referred to in the document produced in the instant action bearing Bates No. POM000445—was first known or used by a party other than Plaintiffs, described in a printed publication or otherwise disclosed, sold, offered for sale, or used commercially (whether publicly or not) (each such activity a "Disclosure").  A complete response will provide the date of first Disclosure and the identity and contact information of the person responsible for such Disclosure and the identity and contact information for the person to whom such Disclosure was made.

**RESPONSE:**

**INTERROGATORY NO. 11:** Describe in detail any differences between the alleged invention(s) of each Asserted Claim of U.S. Patent No. 7,736,223 and each version of Tic-Tac-Fruit that existed prior to the filing of date of U.S. Patent No. 7,736,223.

**RESPONSE:**

Dated:  April 22, 2020

MORGAN, LEWIS & BOCKIUS LLP

John V. Gorman (PA 80631)
Kenneth J. Davis (PA 87944) (admitted *pro hac vice*)
Amy M. Dudash (PA 311898) (admitted *pro hac vice*)
1701 Market Street
Philadelphia, PA  19103
Telephone:  215.963.5000
Fax:  215.963.5001
john.gorman@morganlewis.com
kenneth.davis@morganlewis.com
amy.dudash@morganlewis.com

*Attorneys for Defendants Pennsylvania Coin, LLC and PA Coin Holdings, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on April 22, 2020, I caused a copy of the foregoing

Defendants' Second Set of Interrogatories Directed to Plaintiffs to be served via e-

mail to the following:

Matthew H. Haverstick
Eric J. Schreiner
Shohin H. Vance
Kleinbard LLC
mhaverstick@kleinbard.com
eschreiner@kleinbard.com
pgagne@kleinbard.com
svance@kleinbard.com

Steven G. Hill
John L. North
Martha L. Decker
Hill, Kertcher & Wharton, LLP
sgh@hkw-law.com
jln@hkw-law.com
md@hkw-law.com

*Attorneys for Plaintiffs*

Amy M. Dudash

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

SAVVY DOG SYSTEMS, LLC, and
POM of PENNSYLVANIA, LLC,

      Plaintiffs,

      v.

PENNSYLVANIA COIN, LLC, and
PA COIN HOLDINGS, LLC

      Defendants.

CIVIL ACTION NO: 3:19-cv-01470-JPW

Honorable Jennifer P. Wilson

## DEFENDANTS PENNSYLVANIA COIN, LLC AND PA COIN HOLDINGS, LLC'S SECOND SET OF INTERROGATORIES DIRECTED TO PLAINTIFFS SAVVY DOG SYSTEMS, LLC AND POM OF PENNSYLVANIA, LLC

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, defendants Pennsylvania Coin, LLC and PA Coin Holdings, LLC hereby propound the following Interrogatories upon plaintiffs Savvy Dog Systems, LLC and POM of Pennsylvania, LLC.

## DEFINITIONS AND INSTRUCTIONS

1. As used herein, the terms "Plaintiffs" "you," "your," or "yours" mean plaintiffs Savvy Dog Systems, LLC and POM of Pennsylvania, LLC and all of their corporate parents, subsidiaries, sisters, affiliates, predecessors, successors, assigns, and divisions, and any respective present and former directors, officers, shareholders, attorneys, employees, agents, servants, associates, consultants, independent contractors, advisors, and representatives.

2.      "Asserted Claims" means any claims of U.S. Patent No. 7,736,223 asserted in the instant action by Plaintiffs, including in the First Amended Complaint, any permitted amended complaint, Plaintiffs' Infringement Contentions and any permitted amendments or supplementations thereto.

3.      "Person" means any natural person, individual, firm, partnership, association, joint venture, estate, trust, receiver, syndicate, enterprise or combination, corporation or other legal, business or government entity.

4.      The singular shall be construed to include the plural, and vice versa, to make the interrogatory inclusive rather than exclusive.

5.      The words "and" and "or" shall be construed conjunctively or disjunctively to make the interrogatory inclusive rather than exclusive.

6.      In accordance with Federal Rule of Civil Procedure 26(e)(1), these discovery requests are continuing in nature, and any subsequently discovered or additional information responsive to these discovery requests shall be supplied immediately upon any such matters coming to your attention.

7.      If, in answering these interrogatories you encounter any ambiguity in construing either the interrogatory or a definition or instruction relevant to the

inquiry contained within the interrogatory, set forth the matter deemed "ambiguous" and set forth the construction chosen or used in answering the interrogatory.

8.    If you object for any reason to any interrogatory or any portion thereof, you are directed to respond fully to the remaining interrogatories and portions thereof.

## INTERROGATORIES

**INTERROGATORY NO. 7:**  Identify all products (whether offered for sale, sold, manufactured, imported, or used by You or by any other Person, including, but not limited to, Michael Pace and/or Pace-O-Matic, Inc.) that You contend fall within the scope of each Asserted Claim of U.S. Patent No. 7,736,223, and the date(s) those products were sold or offered for sale.

**RESPONSE**:


**INTERROGATORY NO. 8**:  Describe in detail all facts supporting Plaintiffs' contention that any claim, element, or combination of elements in U.S. Patent No. 7,736,223 is directed to a non-abstract idea and/or is directed to an inventive concept(s) under 35 U.S.C. § 101 and *Alice Corporation Pty. Ltd. v. CLS Bank International*, 573 U.S. 208 (2014).  Your answer should include a recitation of all factual disputes Plaintiffs contend exist with respect to whether the elements of the

- 3 -

asserted claims are not abstract and were not well-understood, routine, or conventional as of the priority date of U.S. Patent No. 7,**7**36,223.

**RESPONSE**:

**INTERROGATORY NO. 9:**   Identify with particularity who the "other knowledgeable gaming technologists and game developers who worked with Mr. Pace on implementation of a commercial embodiment of" U.S. Patent No. 7,**7**36,223 are that are referenced at paragraph 30 of the First Amended Complaint. A complete response will provide the person(s) full name, contact information, and title, including description of work performed on the commercial embodiment referenced.

**RESPONSE**:

**INTERROGATORY NO. 10:** Describe in detail the circumstances under which the "new preview software"—referred to in the document produced in the instant action bearing Bates No. POM000445—was first known or used by a party other than Plaintiffs, described in a printed publication or otherwise disclosed, sold, offered for sale, or used commercially (whether publicly or not) (each such activity a "Disclosure"). A complete response will provide the date of first Disclosure and the identity and contact information of the person responsible for such Disclosure and the identity and contact information for the person to whom such Disclosure was made.

 **RESPONSE:**

**INTERROGATORY NO. 11:** Describe in detail any differences between the alleged invention(s) of each Asserted Claim of U.S. Patent No. 7,736,223 and each version of Tic-Tac-Fruit that existed prior to the filing of date of U.S. Patent No. 7,736,223.

 **RESPONSE:**

Dated:  April 22, 2020

MORGAN, LEWIS & BOCKIUS LLP


_____
John V. Gorman (PA 80631)
Kenneth J. Davis (PA 87944) (admitted *pro hac vice*)
Amy M. Dudash (PA 311898) (admitted *pro hac vice*)
1701 Market Street
Philadelphia, PA  19103
Telephone:  215.963.5000
Fax:  215.963.5001
john.gorman@morganlewis.com
kenneth.davis@morganlewis.com
amy.dudash@morganlewis.com

*Attorneys for Defendants Pennsylvania Coin,
LLC and PA Coin Holdings, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on April 22, 2020, I caused a copy of the foregoing Defendants' Second Set of Interrogatories Directed to Plaintiffs to be served via e-mail to the following:

Matthew H. Haverstick
Eric J. Schreiner
Shohin H. Vance
Kleinbard LLC
mhaverstick@kleinbard.com
eschreiner@kleinbard.com
pgagne@kleinbard.com
svance@kleinbard.com

Steven G. Hill
John L. North
Martha L. Decker
Hill, Kertcher & Wharton, LLP
sgh@hkw-law.com
jln@hkw-law.com
md@hkw-law.com

*Attorneys for Plaintiffs*

Amy M. Dudash