# EXHIBIT 4

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| SAVVY DOG SYSTEMS, LLC, a Wyoming limited liability company, and POM OF PENNSYLVANIA, LLC a Wyoming limited liability company, | |
| Plaintiff, | Civil Action No. 3:19-cv-01470-JPW |
| v. | Honorable Jennifer P. Wilson |
| PENNSYLVANIA COIN, LLC, a Pennsylvania limited liability company, and PA COIN HOLDINGS, LLC, a Pennsylvania limited liability company, | **JURY TRIAL DEMANDED** |
| Defendants. | |

**PLAINTIFFS' THIRD SET OF INTERROGATORIES TO DEFENDANTS**
**PENNSYLVANIA COIN, LLC AND PA COIN HOLDINGS, LLC**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Plaintiffs Savvy Dog Systems, LLC and POM of Pennsylvania, LLC (collectively, "Plaintiffs") hereby serve their Third Set of Interrogatories upon Defendants Pennsylvania Coin, LLC and PA Coin Holdings, LLC ("Defendants"), requesting that Defendants answer fully in writing under oath within 30 days, unless the interrogatory is objected to, in which event Defendants shall state the reasons for the objection and answer to the extent the interrogatory is not objectionable.

Each interrogatory set forth below is addressed to the knowledge of Defendants, as well as to the knowledge, information, and documents in the possession, custody, or control of Defendants' attorneys, accountants, agents, employees, officers, directors, investigators, consultants, and other representatives. Thus, when an interrogatory is directed to Impact, it is also directed to each of the above-described persons.

**DEFINITIONS and INSTRUCTIONS**

1.      "Defendant,", "Defendants", "you," and "your" means Defendants Pennsylvania

Coin, LLC and PA Coin Holdings, LLC, and all predecessors, successors, subsidiaries, divisions, parents and/or affiliates thereof, past or present, and all past or present officers, directors, affiliates, agents, employees, attorneys, consultants, representatives and any other person acting or purporting to act on behalf of Defendants.

2.      "Challenged Claims" refers to any claim of U.S. Patent No. 7,736,223 which Defendants allege is ineligible for patent protection pursuant to 35 U.S.C. § 101.

3.      The term "document" or "documents" is to be interpreted in the broadest sense allowed under the Federal Rules of Civil Procedure. Electronic data shall be produced in native format and shall include all agreed meta data.

4.      "Person" means any natural person, corporation, proprietorship, partnership, joint venture, limited liability company, association, firm or entity recognized in law, and shall include the owners, officers, directors, agents, trustees, parents, subsidiaries, affiliates, assigns, predecessors and successors of such "person." The term "person" refers to one or more persons.

5.      If you object to any portion of any interrogatory, respond fully to the portions to which your objection does not apply. In addition:

    a.      If you object to an interrogatory on the ground that it is too broad, you should respond to the interrogatory by providing all information that is relevant or reasonably calculated to lead to the discovery of admissible evidence and identify all categories of information being withheld on the ground of not being relevant;

    b.      If you object to an interrogatory on the ground that to respond would constitute an undue burden, respond as fully as possible without undertaking an undue burden; and

    c.      If you object to any portion of an interrogatory on the ground that it is vague or

indefinite, then set forth your understanding of the allegedly vague or indefinite term and answer the interrogatory based upon that stated understanding.

## INTERROGATORIES:

**INTERROGATORY NO. 15.**    Please provide a chart identifying each exception to eligibility (*e.g.,* abstract idea, law of nature, and natural phenomenon) to which each Challenged Claim is directed and the factual and legal basis therefor. The chart shall also identify whether one or more of the Challenged Claims are representative of any other Challenged Claims.

**INTERROGATORY NO. 16.**    Please identify the following:

a.    A description of the industry, at the relevant time, in which the Challenged Claims are alleged to be well understood, routine, and conventional, and the factual and legal basis therefor;

b.    A description of how each element of each Challenged Claim, both individually and in combination with the other elements of that claim, was: (i) well understood; (ii) routine; and (iii) conventional, in the relevant industry at the relevant time, and the legal and factual basis therefor.

**INTERROGATORY NO. 17.**    Please provide a chart identifying any other factual or legal basis for how the Challenged Claims are otherwise ineligible for patent protection.

**INTERROGATORY NO. 18.**    Identify the documents relied upon or to be relied upon in support of Defendants' claims of subject matter ineligibility. Each patent shall be identified by its number, country of origin, and date of issue. Each publication must be identified by its title and where feasible, date of publication, author, and publisher. Evidence of public usage or sales shall be identified by specifying the item offered for sale or publicly used, or information known, the date the offer or use took place or the information became known, and the identity of the

person or entity which made the use or which made and received the offer, or the person or entity which made the information known and to whom it was made known. All other materials that are alleged to show that the invention set forth in the Challenged Claims was otherwise available to the public, shall be identified by specifying the form and nature of the materials, the manner in which the materials were made public, and the date on which the materials were made public. To the extent any of the aforementioned materials are not in English, an English translation of the portion(s) relied upon should be identified and produced.

February 10, 2021

**HILL, KERTSCHER, & WHARTON, LLP**

*/s/ Steven G. Hill*
Steven G. Hill, GA Bar No. 354658
*Admitted pro hac vice*
John L. North, GA Bar No. 545580
*Admitted pro hac vice*
Martha L. Decker, GA Bar No. 420867
*Admitted pro hac vice*
3350 Riverwood Parkway
Atlanta, Georgia 30339
Telephone: (770) 953-0995
Fax: (770) 953-1358
sgh@hkw-law.com
jln@hkw-law.com
md@hkw-law.com

-and-

**KLEINBARD LLC**

Matthew H. Haverstick (PA ID No. 85072)
Eric J. Schreiner (PA ID No. 76721)
Paul G. Gagne (PA ID No. 42009)
Shohin H. Vance (PA ID No. 323551)
Three Logan Square, 5th Floor
1717 Arch Street
Philadelphia, PA 19103
Telephone: (215) 568-2000
Fax: (215) 568-0140
mhaverstick@kleinbard.com
eschreiner@kleinbard.com
pgagne@kleinbard.com

svance@kleinbard.com

*Counsel for Plaintiffs Savvy Dog Systems, LLC and POM of Pennsylvania, LLC*

PLAINTIFFS' THIRD INTERROGATORIES TO DEFENDANTS

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on February 10, 2021, I caused a copy of the foregoing Plaintiffs'

Third Set of Interrogatories to be served via electronic mail on the following counsel of record:

John V. Gorman – <u>john.gorman@morganlewis.com</u>
Kenneth J. Davis – <u>Kenneth.davis@morganlewis.com</u>
Amy M. Dudash – <u>amy.dudash@morganlewis.com</u>

*Counsel for Defendants*

*/s/ Steven G. Hill*
Steven G. Hill