# EXHIBIT 2

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Middle District of Pennsylvania

| | |
|---|---|
| Savvy Dog Sys., LLC & POM of Pennsylvania, LLC | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No.   3:19-cv-01470-JPW |
| Pennsylvania Coin, LLC & PA Coin Holdings, LLC | ) |
| | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:           World Touch Gaming, Inc., 1420 Oak Industrial Lane, Cumming, GA 30041

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Exhibit A attached hereto.

| Place: Morgan, Lewis & Bockius LLP<br>1701 Market Street, Philadelphia, PA  19103-2921 | Date and Time:<br>05/11/2021 10:00 am |
|---|---|

❏ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:      04/27/2021

CLERK OF COURT

OR

_____          /s/ Kenneth J. Davis
*Signature of Clerk or Deputy Clerk*                              *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
Savvy Dog Sys., LLC & POM of Pennsylvania, LLC _____ , who issues or requests this subpoena, are:
Kenneth J. Davis, Morgan, Lewis & Bockius LLP, 1701 Market Street, Philadelphia, PA  19103-2921
kenneth.davis@morganlewis.com; 215.963.5392

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  3:19-cv-01470-JPW

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## EXHIBIT A

## DEFINITIONS AND INSTRUCTIONS

1. "You," "your," or "yours" means World Touch Gaming, Inc., Skill Tech Gaming LLC, and any of their affiliates, employees, agents, representatives, and entities under their control.

2. As used herein, the terms "Plaintiffs" means plaintiffs Savvy Dog Systems, LLC and POM of Pennsylvania, LLC (individually and collectively) and all of their corporate parents, subsidiaries, sisters, affiliates, predecessors, successors, assigns, and divisions, and any respective present and former directors, officers, shareholders, attorneys, employees, agents, servants, associates, consultants, independent contractors, advisors, and representatives, including, but not limited to Michael Pace and Pace-O-Matic, Inc. ("Pace-O-Matic").

3. "Nudgemaster" refers to the Nudgemaster game developed by World Touch Gaming, Inc. and/or Skill Tech Gaming LLC and any machines or devices programmed, configured, or otherwise enabled to allow a player to play said Nudgemaster game.

4. "Preview Feature" refers to any feature for a game that allows a player to see a preview of the actual game to be played before the player commits to playing the game. Such features include without limitation any preview or pre-reveal

features found in nudge or wild card games such as Nudgemaster or Tic-Tac-Fruit. For example, in a nudge game, the preview could show as a preview the positions at which the reels would stop spinning if the next game were played.  In a wild card game such as Tic-Tac-Fruit, the preview could show the constructed game field of the game to be played, such as a 3 x 3 field of fruit symbols in which the player selects one symbol to convert to a wild symbol to complete a winning combination. Such a preview could be provided when a player presses a button, such as one labeled "NEXT PUZZLE" or "PRESS HERE TO VIEW NEXT PLAY."

5.      The singular shall be construed to include the plural, and vice versa, to make the request inclusive rather than exclusive.

6.      The words "and" and "or" shall be construed conjunctively or disjunctively to make the request inclusive rather than exclusive.

7.      In accordance with Federal Rule of Civil Procedure 26(e)(1), these discovery requests are continuing in nature, and any subsequently discovered or additional information responsive to these discovery requests shall be supplied immediately upon any such matters coming to your attention.

8.      If, in answering these discovery requests you encounter any ambiguity in construing either the discovery request or a definition or instruction relevant to the inquiry contained within the discovery request, set forth the matter deemed

"ambiguous" and set forth the construction chosen or used in answering the discovery request.

9.    If you object for any reason to any discovery request or any portion thereof, you are directed to respond fully to the remaining requests and portions thereof.

## DOCUMENT REQUESTS

1.    All documents relating to each version or model of Nudgemaster having a Preview Feature that was publicly known, disclosed, used, commercialized, and/or on sale before June 30, 2006.

2.    All documents relating to the use, knowledge, sale, offer for sale, demonstration, marketing, advertising, promotion, commercialization, or display of any version or model of Nudgemaster having a Preview Feature identified in documents responsive to Request No. 1.

3.    Human-readable source code for at least one version or model of Nudgemaster having a Preview Feature identified in documents responsive to Request No. 1.

4.    A working Nudgemaster machine or device having a Preview Feature that was publicly known, disclosed, used, and/or on sale before June 30, 2006.

- 3 -

5.      All documents and communications relating to the first conception or development of the idea of a Preview Feature by You or any other person, including individuals and experts involved in various Ohio government proceedings regarding Tic-Tac-Fruit (*e.g.*, *Fraternal Order of Eagles Aerie 2171 Meigs, Inc. v. Ohio Dep't. Pub'l. Safety*, Case No. 05-CV-060 (Ct. Common Pls., Meigs Cty, OH); *In re: FOE Aerie 2171*, Proceedings Before the Liquor Control Commission of the State of Ohio, Case No. 1342-05; *State of Ohio v. Jeffrey A. Mayle*, Case No. 2005-CRB-30662).

6.      All documents and communications relating to any and all games having a Preview Feature that were publicly known, disclosed, used, commercialized, and/or on sale before June 30, 2006.

7.      All documents and communications relating to the reasons for and benefits of including a Preview Feature in Nudgemaster, Tic-Tac-Fruit, and any other games.

8.      All documents and communications relating to any intellectual property rights relating to a Preview Feature that were transferred (a) by You and (b) to Michael Pace, any members of his family, or any company he owns or is affiliated with, including Steely Dog, LLC.

9. All documents and communications relating to any and all transfers (a) by You and (b) to Plaintiffs, Pace-O-Matic, Michael Pace, any members of his family, any company he owns or is affiliated with (including Steely Dog, LLC), or any person acting at his direction, of documents, source code, or other materials relating to a Preview Feature.

10. Documents and communications sufficient to identify any and all documents, source code, or other materials relating to a Preview Feature that were transferred (a) by Plaintiffs, Michael Pace, or Pace-O-Matic (b) to any other person or entity, including members of Michael Pace's family or other companies that Michael Pace owns, controls, or is affiliated with, such as Steely Dog, LLC.

11. Any agreements relating to games with a Preview Feature between (a) You and (b) Michael Pace, any members of his family, or any company he owns or is affiliated with, including Steely Dog, LLC.

12. All documents and communications related to U.S. Patent No. 7,736,223, titled "ELECTRONIC GAMING METHOD AND SYSTEM HAVING PREVIEW SCREEN," including communications with Plaintiffs and, in particular, Michael Pace.

13.    All documents relating to communications regarding Banilla Games, Inc., Pennsylvania Coin, LLC, and/or PA Coin Holdings, LLC, including such communications with Plaintiffs and, in particular, Michael Pace.

14.    All documents relating to communications regarding a Preview Feature for any game, including Nudgemaster and Tic-Tac-Fruit, with or involving any of the following:

- Plaintiffs

- Pace-O-Matic

- Michael Pace

- Jeff Mayle

- Grant Kowell

- William Riedthaler

- Robert Sertell

- Nick Farley (including his associates)

- Kurt Gearhiser (including his law firm and associates)

- John McClain (including his law firm and associates)