# EXHIBIT B

AO 88A  (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Middle District of Pennsylvania

| | |
|---|---|
| Savvy Dog Syst, LLC  & POM of Pennsylvania, LLC | ) |
| *Plaintiff* | ) |
| v. | )    Civil Action No.    3:19-cv-01470-JPW |
| Pennsylvania Coin, LLC and PA Coin Holdings, LLC | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:                  World Touch Gaming, Inc.
                 1420 Oak Industrial Lane, Cumming, Georgia 30041
*(Name of person to whom this subpoena is directed)*

☑ Testimony:  YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters:      See Exhibit A   (attached)

| Place:   Hill, Kertscher & Wharton, LLP<br>       3625 Cumberland Boulevard, SE Suite 1050<br>       Atlanta, Georgia  30339 | Date and Time:<br><br>       05/20/2021 9:00 am |
|---|---|

The deposition will be recorded by this method:    VIA ZOOM - Remote video and/or stenographically

❐ *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:     05/05/2021

| *CLERK OF COURT* | | |
|---|---|---|
| | OR | |
| | | /s/ Steven G. Hill |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
Savvy Dog Systems, LLC  & POM of Pennsylvania, LLC _____ , who issues or requests this subpoena, are:

Steven G. Hill, 3625 Cumberland Blvd. Ste. 1050 Atlanta, GA 30339; sgh@hkw-law.com; 770-953-0995

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. 3:19-cv-01470-JPW

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A  (Rev.  12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2) *For Other Discovery.*** A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) *Command to Produce Materials or Permit Inspection.***
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) *Quashing or Modifying a Subpoena.***

  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) *Claiming Privilege or Protection.***
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## EXHIBIT A

The following instructions and definitions supplement those contained in the Federal Rules of Civil Procedure, which are incorporated herein by reference. In addition to the definitions and instructions contained in those rules, the following definitions apply to these Deposition Topics.

## I.    DEFINITIONS

a)    "The 223 Patent" shall mean U.S. Patent No. 7,736,223.

b)    "Accused Products" shall mean any Banilla Games electronic video gaming terminal equipped with gaming (circuit) boards preloaded with "Preview + Skill" games, including Lightning Skill, Super Skill 1, Superior Skill 2, Superior Skill 3, Superior Skill: Lightning Edition, Choice Skill 1, Choice Skill 2, Choice Skill 3, and/or Choice Skill 4. "Accused Products" shall also mean any Banilla Games electronic video gaming terminals equipped with gaming (circuit) boards preloaded with Fusion 1, Fusion 2, and/or Fusion 3.

c)    As used herein, "you," your" or "World Touch Gaming" means the non-party World Touch Gaming, Inc., including all of its various divisions, departments, subsidiaries, affiliates, predecessors, present or former officers, directors, managing agents, employees, and all other persons acting or purporting to act on its behalf.

d)    As used herein, "Grover Games" means the non-party Grover Games, Inc., including all of its various divisions, departments, subsidiaries, affiliates,

predecessors, present or former officers, directors, managing agents, employees, and all other persons acting or purporting to act on its behalf.

e)      As used herein, "Morgan Lewis" means the non-party law firm of Morgan, Lewis & Bockius LLP including but not limited to the partners and employees representing Defendants.

f)      As used herein, "Feichter" means the non-party Donald J. Feichter including all other persons acting or purporting to act on its behalf.

g)      As used herein, "Trust" means the non-party UW Paul Moriarty Credit Shelter Trust and its officers, trustees, agents and employees.

h)      As used herein, "VGI" means the non-party Visioneering Games, Inc. and its officers, agents and employees.

i)      As used herein, "USweeps" means the non-party USweeps, Inc. and its officers, agents and employees.

j)      As used herein, "VFW Texas" means non-party Veterans of Foreign Wars of the United States, department of Texas and its officers, agents, members and employees.

k)      As used herein, "APA" means the Asset Purchase Agreement dated February 15, 2019 between Pace-O-Matic, Inc. and World Touch Gaming, the Trust and VGI.

l)      As used herein, "Employment Agreement" means the February 15,

2

2019 Employment Agreement between Pace-O-Matic, Inc. and Don Fiechter.

m)    As used herein, "Nudgemaster" means the functions, features and functionalities referred to in Defendants' Final Invalidity Contentions as "Nudgemaster."

n)    As used herein, "Preview Function" means and refers to the preview functions and features claimed in the 223 Patent including but not limited to the following limitation of Claim 1 as set forth in Defendants' Final Invalidity Contentions: "[1.d] automatically displaying an actual game to be played on the touch screen display to a player prior to initiating activation of game play."

o)    As used herein, "Defendants" means the named Defendants in this action, Pennsylvania Coin, LLC and PA Coin Holdings, LLC, as well as all of their various divisions, departments, subsidiaries, affiliates,  predecessors, present or former officers, directors, managing agents, employees,  and all other persons acting or purporting to act on their behalf.

p)    As used herein, "Plaintiffs" means the named Plaintiffs in this action, Savvy Dog Systems, LLC and POM of Pennsylvania, LLC.

q)    As used herein, reference to any person or party means the legal entity or person,  including all of its various divisions, departments, subsidiaries, affiliates, predecessors, present or former officers, directors, agents, employees,  and all other persons acting on or purporting to act on its behalf.

3

r)      As used herein, "communication" shall mean any transmission of information, the information transmitted, and any process by which information is transmitted, and shall include written communications, electronic communications, and oral communications.

s)      As used herein, "disseminate" shall mean to share, publish, or communicate, information.

t)      As used herein, the word "document" or "documents" shall refer to all original (or, if the original is not available, then a copy) materials and copies or drafts thereof, of tangible objects conveying or carrying spoken, visual, or literal substance whether in graphic form suitable for visual inspection or in machine- readable form, and shall include, but shall not be limited to, the original and any non-identical and identical copy, regardless of origin or location, however produced or reproduced, now or formerly within your actual or constructive possession, custody or control, or for which you have knowledge, of the following: correspondence, records, tables, charts, analyzes, graphs, maps, schedules, reports, memoranda, journals, notes, logs, diaries, calendars, appointment books, letters, telegrams, telex messages, messages (including, but not limited to, reports of telephone conversations and conferences), studies, directives, books, periodicals, magazines, newspapers, booklets, circulars, advertisements, brochures, bulletins, instructions, minutes, other communications (including, but not limited to, inter and intra-office communications), press releases,

4

photographs, newspaper clippings, and bills or written advertisements, contracts or agreements, books of account, orders, invoices, statements, checks, bills, files, vouchers, ledgers, journals and other financial statements, annual reports, state and federal tax returns, checkbooks, canceled checks, personal files, payroll records, billings, invoices or statements, price lists, price quotations, credit memoranda, purchase orders, receipts, notebooks, scrapbooks, data sheets, data files, data bases, data processing cards, computer tapes, computer disks, computer printouts, photographs, photographic negatives, phone records, tape recordings, wire recordings, forms, catalogs, manuals, blueprints, tracings, tabulations, and any other matter of any kind, regardless of the manner in which produced or reproduced, whether handwritten, typed, printed or produced by any process whatsoever. The term "document" also includes voice records, films, tapes, and other data compilations from which information can be obtained. Without limitation of the word "control," as used in the preceding sentences, a document is deemed to be in your control if you have the right to secure the document or a copy thereof from another person or public or private entity having actual physical possession thereof. As used herein, "communication" shall refer to telephonic conversations, oral conversations other than telephonic conversations, writings, and electronic mail.

u)    As used herein, "relating to" means consisting of, referring to, describing, discussing, constituting, evidencing, containing, reflecting, mentioning,

5

concerning, pertaining to, citing, summarizing, analyzing or bearing any logical or factual connection with the matter discussed modifying, contradicting, criticizing, discussing, mentioning , or which was prepared in connection with, arises from, or is or has been collected, recorded, examined or considered by, for or on behalf of any present or former agent, representative, officer, director, employee, attorney or other person acting or purporting to act on your behalf in relation to the subject matter specified.

v)      As used herein, "any" shall also mean "all" and vice versa.

w)      As used herein, "and" shall mean "or" and "or" shall mean "and" as necessary to call for the broadest possible response.

## II.    DEPOSITION TOPICS

1.    Communications in 2020 or 2021 with Morgan Lewis, Defendants, Banilla Games and/or Grover Games.

2.    Communications in 2020 or 2021with Morgan Lewis, Defendants, Banilla Games and/or Grover Games regarding Nudgemaster.

3.    Communications in 2020 or 2021 with Morgan Lewis, Defendants, Banilla Games and/or Grover Games regarding a Preview Function.

4.    Communications in 2020 or 2021with Morgan Lewis, Defendants, Banilla Games and/or Grover Games regarding Chris Cummings.

5.    Communications in 2020 or 2021with Morgan Lewis, Defendants, Banilla

Games and/or Grover Games regarding the Earn Out provision of Section 2.9 of the APA.

6.     Communications in 2020 or 2021with Morgan Lewis, Defendants, Banilla Games and/or Grover Games regarding the Employment Agreement.

7.     Communications with VGI and/or the Trust regarding the Earn Out provision of Section 2.9 of the APA.

8.     Communications in 2020 or 2021with VSweeps.

9.     Communications in 2020 or 2021with VFW Texas.

10.    Communications in 2021 with Michael Pace, Karmin Pace and/or Pace-O-Matic.

11.    Communications in 2021 with Michael Pace, Karmin Pace and/or Pace-O-Matic regarding the APA and/or the Employment Agreement.

12.    Communications, development work or other tangible regarding or illustrating any of the features of any version of Nudgemaster as it existed on or before June 30, 2006.