**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| SAVVY DOG SYSTEMS, LLC, and POM OF PENNSYLVANIA, LLC, | : | Civil No. 3:19-CV-01470 |
| | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | |
| PENNSYLVANIA COIN, LLC, and PA COIN HOLDINGS, LLC, | : | |
| | : | |
| Defendants. | : | Judge Jennifer P. Wilson |

## ORDER

Before the court is Plaintiffs' motion for entry of judgment of non-infringement and designation as final under Rule 54(b). (Doc. 117.) For the reasons that follow, **IT IS ORDERED THAT** the motion, Doc. 117, is **DENIED**.

### BACKGROUND[1]

Following a claim construction hearing, the court issued its claim construction opinion and order on December 21, 2020. (Docs. 111, 112.) Therein, among other constructions, the court construed the term "an actual game to be played" as "the constructed game field of the game to be played." (Doc. 111, pp. 18–21.)[2] On January 28, 2021, Plaintiffs filed a motion for entry of judgment of

---

[1] In an effort to promote efficiency in this case, to provide sufficient notice so that the parties can complete fact discovery by the upcoming August 30, 2021 deadline, and because the facts of this case are well known to the court and parties, the court resolves Plaintiffs' motion via order in lieu of a formal opinion.

[2] For ease of reference, the court utilizes the page numbers from the CM/ECF header.

non-infringement and designation as final under Rule 54(b) along with a brief in support.  (Docs. 117, 118.)  Defendants timely opposed the motion, and Plaintiffs filed a reply.  (Docs. 119, 121.)  On February 26, 2021, Defendants requested oral argument, which the court held on June 7, 2021.  (Docs. 122, 129.)

### DISCUSSION

Federal Rule of Civil Procedure 54(b) provides:

> When an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.

In patent cases, the court applies law from the Federal Circuit Court of Appeals in reviewing Rule 54(b) questions.  *Storage Tech. Corp. v. Cisco Sys., Inc.*, 329 F.3d 823, 830 (Fed. Cir. 2003).  The Federal Circuit cautions that "it must be apparent, either from the district court's order or from the record itself, that there is a sound reason to justify departure from the general rule that all issues decided by the district court should be resolved in a single appeal of a final judgment."  *iLOR, LLC v. Google, Inc.*, 550 F.3d 1067, 1072 (Fed. Cir. 2008).

In their motion, Plaintiffs request that the court enter judgment in favor of Defendants on Plaintiffs' infringement claim and certify this judgment under Rule 54(b) so that Plaintiffs can immediately appeal the court's construction of the term "an actual game to be played."  They further request that the court

2

dismiss as moot Defendants' counterclaim for patent invalidity without prejudice. During oral argument, Plaintiffs argued that certifying this matter for appeal now is efficient and appropriate given that several of Defendants' invalidity counterclaims may depend on the court's claim construction ruling, that discovery is in the early stages, and that Defendants are not prejudiced by Plaintiffs requested course of action.  Among other cases, Plaintiffs point the court to *Nystrom v. TREX Co., Inc.*, 339 F.3d 1347 (Fed. Cir. 2003), in support of their position.  In *Nystrom*, the Federal Circuit lays out four potential avenues for appealing the district court's claim construction ruling ranging from the completion of all district court litigation to moving for Rule 54(b) certification.  *Id.* at 1350–51.  In doing so, the Federal Circuit reiterated that "piecemeal litigation is as strictly precluded by the rule of finality for patent cases as it is for any other case."  *Id.* at 1350.

In their opposition brief and at oral argument, Defendants argued that their invalidity counterclaim could succeed without relying on the court's claim construction.  In addition, discovery is not in the early stages; rather, the parties have been engaging in discovery and are set to complete discovery by August 30, 2021.  As to prejudice, while Plaintiffs are correct that Defendants could issue a press release stating Plaintiffs' infringement claim resolved in Defendants' favor, Defendants submit that their invalidity claim would languish and expose Defendants "to a significant threat that Plaintiffs will assert that Defendants sale of

new products or different version of existing products infringe the '223 Patent." (Doc. 119, p. 23.)  Further, Defendants argue that if the court dismissed their invalidity counterclaim as moot, and the Federal Circuit affirmed this court's claim construction, Defendants would be left trying to find an appropriate avenue to reopen this matter for resolution of their invalidity claim.

There is no dispute that the court has the discretion to rule in Plaintiffs' favor.  However, after reviewing the standard set forth in Rule 54(b) and balancing the equities, the court declines to grant Plaintiffs' motion for several reasons.  First, the court agrees with Defendants' assertion (and the Federal Circuit) that permitting an appeal mid-litigation is an extraordinary request and results in piecemeal litigation.  As Defendants point out, permitting an appeal now guarantees two appeals in this action—one now and one at the conclusion of the district court litigation with whatever parameters are set by the Federal Circuit's ruling if this interim appeal would be permitted.  Thus, the court cannot agree that two appeals promotes judicial efficiency.

Second, the court finds it disingenuous for Plaintiffs to contend that discovery is in the early stages.  The court issued the first case management order on February 26, 2020, with a fact discovery deadline of May 31, 2021.  (Doc. 50, p. 4.)  On March 11, 2021, the court granted the parties' request to extend fact discovery, as well as all other deadlines, to August 30, 2021.  (Doc. 124.)  During

oral argument, the parties indicated that if the present motion is denied, they will enter the final push to timely complete fact discovery by August 30, 2021. Accordingly, fact discovery is in the final stages.

Third, while Plaintiffs contend that Defendants will not be prejudiced by the delay in appealing this matter now, which Defendants dispute, Plaintiffs have not articulated how *they* would be prejudiced by waiting until the completion of this case to file one appeal. Thus, Plaintiffs have not established that there is "no just reason for delay." Lastly, the court is concerned that Defendants would run into roadblocks in reinstating their invalidity counterclaim, which has been developed extensively in this litigation, if Plaintiffs were permitted to appeal now and the Federal Circuit affirmed this court's claim construction.

Accordingly, the court declines to exercise its discretion in permitting an appeal at this juncture and Plaintiffs' motion is denied.

s/Jennifer P. Wilson
JENNIFER P. WILSON
United States District Court Judge
Middle District of Pennsylvania

Dated: June 18, 2021