**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| SAVVY DOG SYSTEMS, LLC, a Wyoming limited liability company, and POM OF PENNSYLVANIA, LLC a Wyoming limited liability company,<br><br>      Plaintiff,<br><br>  v.<br><br>PENNSYLVANIA COIN, LLC, a Pennsylvania limited liability company, and PA COIN HOLDINGS, LLC, a Pennsylvania limited liability company,<br><br>      Defendants. | Civil Action No. 3:19-cv-01470-JPW<br><br>Honorable Jennifer P. Wilson |

## PLAINTIFFS' NOTICE OF INTENT TO SERVE A SUBPOENA

COME NOW, Plaintiffs Savvy Dog Systems, LLC and POM of Pennsylvania, LLC in the above-styled action, by and through their attorneys of record and pursuant to Fed. R. Civ. P. 45(b)(1), and hereby provide notice of their intent to serve the following:

- Subpoena to Testify at A Deposition and Produce Documents in a Civil Action upon **Grant F. Kowell.** A true and correct copy of the Subpoena is attached hereto as Exhibit A.

June 28, 2021

**HILL, KERTSCHER, & WHARTON, LLP**

*/s/ Steven G. Hill*
Steven G. Hill, GA Bar No. 354658
*Admitted pro hac vice*

John L. North, GA Bar No. 545580
*Admitted pro hac vice*
Martha L. Decker, GA Bar No. 420867
*Admitted pro hac vice*
3625 Cumberland Boulevard, SE, Suite 1050
Atlanta, Georgia 30339
Telephone: (770) 953-0995
Fax: (770) 953-1358
Email:  sgh@hkw-law.com
Email:  jln@hkw-law.com
Emial:  md@hkw-law.com

- **and -**

**KLEINBARD LLC**

Matthew H. Haverstick (PA ID No. 85072)
Eric J. Schreiner (PA ID No. 76721)
Paul G. Gagne (PA ID No. 42009)
Shohin H. Vance (PA ID No. 323551)
Three Logan Square, 5th Floor
1717 Arch Street
Philadelphia, PA 19103
Telephone: (215) 568-2000
Fax: (215) 568-0140
Email:  mhaverstick@kleinbard.com
Email:  eschreiner@kleinbard.com
Email:  pgagne@kleinbard.com
Email:  svance@kleinbard.com
*Counsel for Plaintiffs Savvy Dog Systems, LLC
and POM of Pennsylvania, LLC*

2

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the foregoing Plaintiffs' Notice of Intent to Serve Subpoena was filed on this 28th day of June, 2021 via the Court's CM/ECF filing system, which will send electronic notice of such filing to all counsel of record.

*/s/ Steven G. Hill*
Steven G. Hill

# EXHIBIT A

AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
Middle District of Pennsylvania

| | |
|---|---|
| Savvy Dog Syst., LLC & POM of Pennsylvania, LLC <br> *Plaintiff* <br> v. <br> Pennsylvania Coin, LLC & PA Coin Holdings, LLC <br> *Defendant* | ) <br> ) <br> )    Civil Action No.    3:19-cv-01470-JPW <br> ) <br> ) <br> ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:
Grant F. Kowell
5745 Laurel Lane Street, N.W., Canton, Ohio 44708
*(Name of person to whom this subpoena is directed)*

☑ Testimony: YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters:

| Place: Multi-platform video conferencing and/or other remote means | Date and Time: <br> 08/03/2021 9:00 am |
|---|---|

The deposition will be recorded by this method:    Remote video and/or stenographic means

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material: SEE EXHIBIT A (attached)

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    06/28/2021

*CLERK OF COURT*

OR

/s/ John L. North

_____          _____
*Signature of Clerk or Deputy Clerk*                    *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Plaintiff Savvy Dog System, LLC and POM of Pennsylvania, LLC , who issues or requests this subpoena, are:

John L. North - (770) 953-0995;Hill, Kertscher & Wharton, LLP, 3625 Cumberland Blvd, SE, Ste. 1050, Atlanta, GA 30339; jln@hkw-law.com

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.  3:19-cv-01470-JPW

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A  (Rev.  12/20) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

# Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## EXHIBIT A

The following instructions and definitions supplement those contained in the Federal Rules of Civil Procedure, which are incorporated herein by reference. In addition to the definitions and instructions contained in those rules, the following instructions and definitions apply to these Requests.

## I.    INSTRUCTIONS

1.    In responding to the subpoena's request for the production of documents, you are required to provide all documents available to you or within your possession, custody, or control, including information in the possession, custody, or control of any of your attorneys, agents, employees, representatives, associates, investigators, and persons under your control, who have the best knowledge, not merely information from your personal knowledge.

2.    If you cannot fully respond to the following Requests for Production of Documents after exercising due diligence to secure and produce the documents requested thereby, specify the portion of each Request that cannot be responded to fully and completely. Additionally, please state what efforts were made to obtain the requested documents and the facts relied upon that support the contention that the Request cannot be responded to fully and completely.

3.    Documents and things produced in response to this Subpoena, as identified herein below, must be produced as such documents and things are kept

in the usual course of business or organized and labeled to correspond with the categories of requested documents.

4.     If any documents or things in your responses to this Subpoena are withheld under claim of any privilege, you should provide the following information with respect to each such claim of privilege:

    (a)     description of the type and nature of the document (*e.g.*, letter, memorandum, e-mail) or information;

    (b)     date of the document or information;

    (c)     identification of every person to whom such documents or things have been communicated by you and from whom such documents or things were received by you;

    (d)     identification of the subject matter of such documents or things described in sufficient detail that it would permit an evaluation of the legitimacy of the claim of privilege or work product; and

    (e)     the basis upon which privilege or protection from disclosure is claimed.

The failure to produce such a log may be deemed a waiver of any privilege or work product.

5.     All words in the conjunctive include the disjunctive and vice versa; words in the singular include the plural and vice versa.  Such words should be

2

interpreted to bring within the scope of each Request documents which might otherwise be construed to be outside its scope.

6. Responsive documents stored in electronic form, including e-mail, may be produced in web optimal full-text searchable .PDF format, with the accompanying load files. Each .PDF file should consist of a single document and should be uniquely named, with a load file that will allow relation of parent files to their children (*i.e.*, e-mails to their attachments). The load files should also contain the extracted metadata from each of the native documents, where possible.

7. You are obligated to respond to these Requests for Production to the full extent required by the Federal Rules of Civil Procedure.

8. These Requests are continuing in nature and as such, you are under a duty to supplement your responses as required by Rules 26, 34 and 45 of the Federal Rules of Civil Procedure.

## II. DEFINITIONS

The following definitions and instructions supplement those contained in the Federal Rules of Civil Procedure, which are incorporated herein by reference. In addition to the definitions and instructions contained in those rules, the following definitions and instructions apply to these Requests.

a) "The 223 Patent" shall mean U.S. Patent No. 7,736,223.

b) "The Preview Display Feature" shall mean a feature of an electronic

3

amusement game that automatically displays an actual game to be played on the touch screen display to a player prior to initiating activation of game play.

c)    "The Testing Feature" shall mean a feature of an electronic amusement game that provides for testing of the game field prior to displaying the game to the player to ensure that a winning combination more valuable than the determined winning combination is not generated inadvertently in completing the field.

d)    As used herein, "you" and your" means the non-party Grant "Fuzzy" Kowell.

e)    As used herein, "Banilla Games" means the non-party Banilla Games, Inc., including all of its various divisions, departments, subsidiaries, affiliates, predecessors, present or former officers, directors, managing agents, employees, and all other persons acting or purporting to act on its behalf.

f)    As used herein, "Morgan Lewis" means the non-party law firm of Morgan, Lewis & Bockius LLP including but not limited to the partners and employees representing Defendants.

g)    As used herein, "Defendants" means the named Defendants in this action, Pennsylvania Coin, LLC and PA Coin Holdings, LLC, as well as all of their various divisions, departments, subsidiaries, affiliates,  predecessors, present or former officers, directors, managing agents, employees,  and all other persons acting

4

or purporting to act on their behalf including litigation counsel (Morgan Lewis).

h)      As used herein, "Plaintiffs" means the named Plaintiffs in this action, Savvy Dog Systems, LLC and POM of Pennsylvania, LLC.

i)      As used herein, reference to any person or party means the legal entity or person, including all of its various divisions, departments, subsidiaries, affiliates, predecessors, present or former officers, directors, agents, employees, and all other persons acting on or purporting to act on its behalf.

j)      As used herein, "communication" shall mean any transmission of information, the information transmitted, and any process by which information is transmitted, and shall include, but is not limited to, written communications, electronic communications (e-mail), text messages, and oral communications.

k)      As used herein, the word "document" or "documents" shall use the most comprehensive and inclusive sense allowed by the Federal Rules of Civil Procedure and includes, but is not limited to, all the following matter in your custody, possession or control: all written, typed, printed, recorded, textual, graphic or photographic matter, communications, software, source code, and object code, any notes or drafts, and all copies on which any mark, alteration, writing, or any other change from the original has been made. Without limitation of the word "control," as used in the preceding sentence, a document is deemed to be in your control if you have the right to secure the document or a copy thereof

from another person or public or private entity having actual physical possession thereof.

l)        As used herein, "relating to" means consisting of, referring to, describing, discussing, constituting, evidencing, containing, reflecting, mentioning, concerning, pertaining to, citing, summarizing, analyzing or bearing any logical or factual connection with the matter discussed modifying, contradicting, criticizing, discussing, mentioning , or which was prepared in connection with, arises from, or is or has been collected, recorded, examined or considered by, for or on behalf of any present or former agent, representative, officer, director, employee, attorney or other person acting or purporting to act on your behalf in relation to the subject matter specified.

m)        As used herein, "any" shall also mean "all" and vice versa.

n)        As used herein, "and" shall mean "or" and "or" shall mean "and" as necessary to call for the broadest possible response.

## III.    DOCUMENTS REQUESTED TO BE PRODUCED

1.        All Documents provided to Defendants, Banilla Games and/or their counsel including Morgan Lewis.

2.        All Documents relating to your communications with Defendants and/or Banilla Games (including their counsel, Morgan Lewis) regarding the above-styled litigation.

6

3.    All Documents relating to your communications with Defendants and/or Banilla Games (including their counsel, Morgan Lewis) regarding the 223 Patent, Plaintiffs, Pace-O-Matic, Inc., Michael Pace, or any Pace-O-Matic, Inc. product

4.    All Documents relating to your communications with Defendants and/or Banilla Games (including their counsel, Morgan Lewis) regarding the validity or alleged invalidity of the 223 Patent.

5.    All Documents relating to your communications with Defendants and/or Banilla Games (including their counsel, Morgan Lewis) regarding who if anyone other than Michael Pace contributed to the invention of one or more claims of the 223 Patent.

6.    All Documents relating to who if anyone other than Michael Pace contributed to the invention of one or more claims of the 223 Patent.

7.    All Documents relating to the circumstances regarding the conception, reduction to practice or constructive reduction to practice of any claim of U.S. Patent No. 8,491,369 (to G. Kowell), including documents relating to communications with Defendants and/or Banilla Games (including their counsel, Morgan Lewis) regarding such system.

8.    All Documents relating to any electronic amusement game system that included a Preview Display Feature prior to July 1, 2006, including documents

7

relating to communications with Defendants and/or Banilla Games (including their counsel, Morgan Lewis) regarding such system.

9.      All Documents relating to any electronic amusement game system that included a Testing Feature prior to July 1, 2006, including documents relating to communications with Defendants and/or Morgan Lewis (including their counsel, Morgan Lewis) regarding such system.

10.      All Documents relating to the features or functions of Nudgemaster prior to July 1, 2006, including documents relating to communications with Defendants and/or Morgan Lewis (including their counsel, Morgan Lewis) regarding such system.

11.      All Documents relating to all criminal and civil charges and/or judgments that have been made against you or entered against you, including any charges or judgments made against or entered against any company that you have been affiliated with in any way.

8