# HILL, KERTSCHER & WHARTON, LLP

A LIMITED LIABILITY PARTNERSHIP

3625 CUMBERLAND BLVD., SE, SUITE 1050
ONE OVERTON PARK
ATLANTA, GA 30339
TELEPHONE: (770) 953-0995 · FACSIMILE: (770) 953-1358
www.hkw-law.com

*John L. North*                                                              *jln@hkw-law.com*

July 7, 2021

**<u>VIA CM/ECF</u>**

The Hon. Jennifer P. Wilson
United States District Judge
United States District Court for the Middle District of Pennsylvania
Courtroom 4, Federal Building
228 Walnut Street
Harrisburg, PA 17108

> Re:    *Savvy Dog Systems, LLC et al v. Pennsylvania Coin, LLC et al*,
>         <u>U.S.D.C. (MD) PA; Case No. 3:19-cv-01470-JPW</u>

Dear Judge Wilson:

Plaintiffs respectfully submit this letter, pursuant to the Court's July 1, 2021 Docket Order, setting forth the basis for Plaintiffs' requests to depose two of Defendants' witnesses, Albert C. Ceccoli and Christopher A. Pisano. For the reasons set forth below, these witnesses very likely have information that is relevant to Defendants' invalidity defenses. Further, the depositions would not be disproportionate to the needs of the case, *see* Fed.R.Civ.P. 26(b)(1), given that Defendants' invalidity defenses constitute the remaining issues to be tried, each deposition would be by Zoom or similar remote deposition technology and take less than a half of a day, and Plaintiffs have not noticed the depositions of any other Defendant witnesses.

Plaintiffs have conceded that they cannot establish infringement based on the Court's claim construction ruling. (Dkt. 116.) The remaining issues to be tried are Defendants' invalidity defenses and counterclaims. In this regard, Defendants' Final Invalidity Contentions (Dkt. 120, Section II) include the contention that the asserted claims of the 223 Patent are obvious in light of the prior art. In response, Plaintiffs will show that there is no support for such contention, much less the requisite clear and convincing evidence. Plaintiffs' showing will be based in part on the secondary indicia of non-obviousness.

This Court has correctly pointed out how secondary indicia of non-obviousness constitute one of four key factors that comprise the obviousness analysis. *See, e.g.*, *Minitab, Inc. v. Engineroom, LLC*, No. 4:12-CV-2170, 2014 WL 12496990, at *5 (M.D. Pa. July 16, 2014). In *Minitab* the Court stated:

> In assessing whether a patent is obvious, a district court must consider
> various, subsidiary factual issues, including: (1) the scope and content of
> the prior art; (2) any distinctions between the prior art and the claims; (3)

the level of ordinary skill in the pertinent art; and (4) secondary considerations, such as commercial success, long felt but unsolved needs, and failure of others. *See Pozen Inc. v. Par Pharma., Inc.*, 696 F.3d 1151, 1160 (Fed. Cir. 2012) (citing *Graham v. John Deere Co.*, 383 U.S. 1, 17 (1966)); *see also KRS Intern. Co. v. Teleflex Inc.*, 550 U.S. 398, 406 (2007).

*Id*. (emphasis added).

The Federal Circuit Court of Appeals, in *Apple Inc. v. Samsung Elecs. Co.*, 839 F.3d 1034 (Fed. Cir. 2016), summarized the law regarding secondary indicia of non-obviousness, emphasizing their importance, as follows:

The Supreme Court explained that various factors "may also serve to 'guard against slipping into use of hindsight,' and to resist the temptation to read into the prior art the teachings of the invention in issue." *Graham*, 383 U.S. at 36, 86 S.Ct. 684 (citation omitted). These factors are commonly known as secondary considerations or objective indicia of non-obviousness. These include: commercial success enjoyed by devices practicing the patented invention, industry praise for the patented invention, copying by others, and the existence of a long-felt but unsatisfied need for the invention. As this court held in *Stratoflex*:

Indeed, evidence of secondary considerations may often be the most probative and cogent evidence in the record. It may often establish that an invention appearing to have been obvious in light of the prior art was not. It is to be considered as part of all the evidence, not just when the decisionmaker remains in doubt after reviewing the art.

839 F.3d at 1052-53 (quoting *Stratoflex, Inc. v. Aeroquip Corp.*, 713 F.2d 1530, 1538-39 (Fed. Cir. 1983)) (emphasis added).

Mr. Ceccoli and Mr. Pisano plainly have knowledge regarding the electronic amusement games market that is pertinent to this case.  They thus very likely have discoverable information regarding the invalidity issues including the secondary indicia of non-obviousness pertaining to the innovative features of the 223 Patent (*e.g*., preview and testing functions) including, but not limited to: commercial success, industry praise, copying and/or long-felt but unsatisfied need. Finally, Mr. Ceccoli and Mr. Pisano appear to be the most knowledgeable (and perhaps only) Defendant witnesses available on invalidity issues.

Plaintiffs base this position on the following:  (1) The parties are undisputed competitors in the electronic gaming industry. (*See, e.g.,* Dkt. 45, at 8 (Defendants describing this action as "between competitors in the gaming products industry")); (2) Upon information and belief, Mr. Ceccoli is a co-owner of one or both Defendants; (3) Defendants have produced documents showing that Mr. Ceccoli and Mr. Pisano have signed license and other agreements with

July 7, 2021
Page 3

Defendants' customers; (4) Defendants' response to Plaintiffs' Interrogatory No. 5 stated that Mr. Ceccoli and Mr. Pisano are the "only two individual witnesses of both Defendants that have knowledge regarding Defendants' decision making process [regarding transactions involving the accused products].": (5) No other witnesses have been identified in Defendants' disclosures or interrogatory responses; and (6) during the meet and confer, although they lodged other objections to the depositions, Defendants never asserted that these witnesses are without knowledge regarding invalidity issues, including secondary indicia of non-obviousness, that might be applicable to the 223 Patent. These facts, when viewed together, suggest that these witnesses have knowledge regarding the electronic gaming industry that Plaintiffs are entitled to explore with respect to Defendants' invalidity defenses.

Plaintiffs expect that Defendants will argue that these depositions should not proceed because Defendants have represented that Mr. Ceccoli and Mr. Pisano will not testify. However, whether or not Defendants intend to use these gentlemen as witnesses, their deposition admissions could be admissible and probative on the invalidity issues. Defendants also may raise concerns regarding whether Plaintiffs intend to use the depositions as a fishing expedition into business information that does not relate to the invalidity issues in the case. The simple answer is that, putting aside routine background information questions, Plaintiffs intend to stick to the invalidity issues that are indisputably relevant; without knowing what information these gentlemen have on the invalidity issues, it is impossible to specify the contours of the deposition in a more particular way.

For these reasons, Plaintiffs respectfully request that they be permitted to proceed with the depositions of Mr. Ceccoli and Mr. Pisano on invalidity issues. Counsel looks forward to addressing any questions the Court might have during the teleconference on Friday, July 9, at 8:30a.m.

Sincerely,

John L. North

JLN/ep

cc: Counsel of Record (via ECF)