# Morgan Lewis

July 7, 2021

**VIA CM/ECF**

The Honorable Jennifer P. Wilson
Ronald Reagan Federal Building & U.S. Courthouse
228 Walnut Street
Harrisburg, PA 17101

Re:    *Savvy Dog Sys., LLC, et al. v. Pennsylvania Coin, LLC, et al.*, No. 3:19-cv-01470-JPW

Dear Judge Wilson:

Defendants Pennsylvania Coin, LLC and PA Coin Holdings, LLC (collectively, "Defendants") respectfully request that the Court issue a protective order pursuant to Federal Rule of Civil Procedure 26 precluding plaintiffs Savvy Dog Systems, LLC and POM of Pennsylvania, LLC (collectively, "Plaintiffs") from deposing two principals and members of Defendants: Albert C. Ceccoli and Christopher A. Pisano.

Plaintiffs' notices fail to satisfy the threshold inquiry under Rule 26: that the deposition testimony of Defendants' principals is "relevant to any party's claim or defense and proportional to the needs of the case." *See* Fed. R. Civ. P. 26(b)(1). In this case, Plaintiffs have conceded that Defendants do not infringe the patent-in-suit—U.S. Patent No. 7,736,223 ("the '223 patent"). *See* Dkt. 116. Thus, the sole remaining claim in this case is Defendants' counterclaim for invalidity of the '223 patent. As such, the only remaining issues in the case are related to invalidity, namely: (a) whether, under 35 U.S.C. § 101, the '223 patent claims are directed to patent eligible subject matter; (b) whether the '223 patent specification satisfies the requirements of 35 U.S.C. § 112 (*e.g.*, written description); (c) whether, under 35 U.S.C. § 103, the '223 patent claims would have been obvious to one of ordinary skill in the art—*i.e.*, "a person, in 2006, who had a bachelor's degree in engineering or computer science, or an equivalent thereof, and at least two years of development experience in the electronic gaming industry" (Dkt. 111 at 6)); (d) whether, under 35 U.S.C. § 102, the '223 patent was anticipated by prior art existing in or before 2006; and (e) whether the '223 patent claims were invented by someone other than the inventor listed on the face of the patent.

Messrs. Ceccoli and Pisano have no information relating to these issues. They are principals and corporate members of Defendants, with Defendants being businesses that did not even exist in 2006 when the application that would issue as the '223 patent was filed. These gentlemen are business people with no technical training or background. There is nothing to suggest that these gentlemen had anything to do with the prior art existing in 2006 that Defendants contend renders the '223 patent invalid. Nor is there anything that suggests these individuals were involved in the invention of the '223 patent claims. Defendants have not identified these gentlemen in their discovery disclosures as having any information relating to invalidity issues, and Defendants have told Plaintiff that they will not call these individuals to testify at an invalidity trial. Plaintiffs, too, have not identified these individuals in their discovery disclosures as having information relating to invalidity issues. Nor has any document been produced in the case linking these gentlemen to the invalidity issues.

As such, there is no legitimate basis for Plaintiffs to depose Messrs. Ceccoli and Pisano.  During the parties' meet and confer on this issue, Plaintiffs identified no such basis.  Instead, Plaintiffs offered two purported justifications for proceeding with the depositions, none of which have merit:

First, Plaintiffs assert the depositions are appropriate because Defendants referenced these individuals in their Rule 26 disclosures and in response to an interrogatory.  But these references were made before Plaintiffs conceded non-infringement, and then only in regard to topics involving infringement.  In particular, Defendants identified Mr. Ceccoli in their February 2020 initial disclosures as having information relating to the products then accused of infringement. (Ex. 1 at 2).  Likewise, Defendants referenced Messrs. Ceccoli and Pisano in response to an interrogatory requesting identification of "officers, employees or agent of each Defendant with the greatest knowledge regarding such Defendant's sales operations related to sales, offers for sale, licensing, distribution or marketing related to each Accused Product."  See Defendants' Apr. 15, 2020 Responses and Objections to Plaintiffs' First Set of Interrogatories (Ex. 2) at Rog. No. 6.  But information about the then-accused products—which are no longer alleged to practice the '223 patent—is not relevant to invalidity.  Defendants' previous identification of Messrs. Ceccoli and Pisano as having information relating to infringement issues is not a reason for these gentlemen to be deposed now when infringement is no longer an issue in the case.

Second, Plaintiffs stated they want to depose Messrs. Ceccoli and Pisano to explore if they have knowledge regarding secondary considerations of non-obviousness.   These secondary considerations are factors that may circumstantially support that a claimed invention is not obvious under the prior art, and include evidence of (1) unexpected results, (2) commercial success of a product embodying the claimed invention, (3) long-felt but unresolved needs, (4) failure of others, (5) skepticism of experts, and (6) copying by competitors.  See Graham v. John Deere Co., 383 U.S. 1, 17-18 (1966).  But, as Plaintiffs have acknowledged in their interrogatory responses, the only secondary consideration Plaintiffs contend is relevant in this case is "commercial success," and then, only with respect to the commercial success of products associated with Plaintiffs, not of products sold by Defendants.  See Plaintiffs' Sixth Supplemental Responses and Objections to Defendants' First Set of Interrogatories (Ex. 3) at Third Supplemental Response to Rog. No. 2. Any evidence of supposed commercial success of Plaintiffs' products purportedly embodying the claimed invention would come from Plaintiffs' witnesses, not two corporate members of an entity unaffiliated with Plaintiffs.

Given Plaintiffs' interrogatory response, Plaintiffs' contention that they must take the depositions of these business people to explore non-asserted secondary considerations reveals what these depositions would be—fishing expeditions.  That Messrs. Ceccoli and Pisano are principals of an entity that distributes products Plaintiffs have now conceded do not practice the '223 patent does not open them up for discovery regarding any praise for Plaintiffs' products or any supposedly long-felt need for the purported inventive features of Plaintiffs' products.  Indeed, the relevant time frame for considering any supposed long-felt need is 2006—years before Defendant companies even existed.

Plaintiffs' complaints that Defendants have not identified other individuals with knowledge about patent invalidity is not a reason to permit deposition of these two principals.  Defendants are small companies that distribute products manufactured by third parties.  Messrs. Ceccoli and Pisano are not inventors of prior art or proffered industry experts.  They do not design or manufacture the

2

gaming products they sell.  Their sale of products that Plaintiffs admit do not infringe is not sufficient reason to subject them to speculative interrogation over what is happening elsewhere in the marketplace.  To force these gentlemen to endure depositions merely because they own a company that competes with Plaintiffs means that every business person in the gaming industry could be subject to deposition merely because products their company distributes compete in the marketplace.    The Federal Rules of Civil Procedure preclude such burdensome and disproportionate discovery.

In truth, Plaintiffs' articulated reasons for seeking deposition of Defendants' principals are mere pretexts.  If allowed to proceed, the depositions of these gentlemen would not serve a legitimate discovery purpose.    Rather, these depositions would be a means for Plaintiffs to cause inconvenience to a litigation opponent and to engage in inappropriate fishing expeditions of a competitor's sensitive business activities.  In fact, during the meet and confer, Plaintiffs' counsel admitted counsel may inquire into the business activities of Defendants and reserved the right to inquire into other unidentified topics.  But, Defendants' business activities have nothing to do with the validity of Plaintiffs' patent.   Such inquiries regarding Defendants' activities—or into unidentified topics—are pure harassment and improper.  *See generally Berning v. UAW Local 2209*, 242 F.R.D. 510, 514 (N.D. Ind. Apr. 9, 2007) (precluding deposition as harassing where party noticing deposition "remains rather evasive about exactly what information she hopes to gain through deposing [corporate officer]" and officer had no unique knowledge pertaining to issues in case); *Carpenter Tech. Corp. v. Armco, Inc.*, Civ. A. No. 90-0740, 1990 WL 61180, at *4 (E.D. Pa. May 8, 1990) (granting motion for protective order where notice of corporate deposition sought testimony on business practices of company that did "not affect the ultimate issue to be resolved by this litigation" and were not "relevant or reasonably calculated to lead to admissible evidence").

***

Permitting Plaintiffs' counsel to depose Plaintiffs' competitor's principals about their business and activities—in the absence of anything tying these individuals to the invalidity issues that remain in the case—would amount to Court-endorsement of Plaintiffs' counsel's harassment and "roam[ing] in shadow zones of relevancy . . . to explore matter which does not presently appear germane." *Kontonotas v. Hygrosol Pharma. Corp.*, Civil Action No. 07-4989, 2009 WL 1764831, at *2 (E.D. Pa. June 18, 2009).  This is precisely what Rule 26 was designed to avoid.  Accordingly, the Court should issue a protective order precluding Plaintiffs from deposing Messrs. Ceccoli and Pisano.

Respectfully submitted,

*/s/ John V. Gorman*

John V. Gorman

*Counsel for Defendants*

cc: All Counsel of Record (via CM/ECF)

3