# EXHIBIT 2

**IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| SAVVY DOG SYSTEMS LLC, a Wyoming limited liability company, and POM OF PENNSYLVANIA, LLC, a Wyoming limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>PENNSYLVANIA COIN, LLC, a Pennsylvania limited liability company, and PA COIN HOLDINGS, LLC, a Pennsylvania limited liability company,<br><br>Defendants. | Civil Action No. 3:19-cv-01470-JPW<br><br>Honorable Jennifer P. Wilson<br><br>**JURY TRIAL DEMANDED** |

**DEFENDANTS PENNSYLVANIA COIN, LLC AND PA COIN HOLDINGS, LLC'S RESPONSES AND OBJECTIONS TO DEFENDANTS' FIRST SET OF INTERROGATORIES**

In accordance with Rules 26 and 33 of the Federal Rules of Civil Procedure, defendants Pennsylvania Coin, LLC and PA Coin Holdings, LLC (collectively, "Defendants") hereby provide their responses and objections to the First Set of Interrogatories (the "Interrogatories") propounded by plaintiffs Savvy Dog Systems, LLC and POM of Pennsylvania, LLC (collectively, "Plaintiffs").

Defendants' responses are made based on their present knowledge. Defendants continue to investigate facts relating to the Interrogatories and specifically reserve their right to amend, modify, or supplement their responses and objections.

any Preview + Skill Games or Fusion Games listed in the First Amended Complaint that either Defendant ever made, used, sold, offered to sale, or imported into the United States, and those individuals are:  Albert C. Ceccoli and Christopher A. Pisano.

**INTERROGATORY NO. 6.   Identify the three officers, employees or agent of each Defendant with the greatest knowledge regarding such Defendant's sales operations related to sales, offers for sale, licensing, distribution or marketing related to each Accused Product.**

**RESPONSE**:  Defendants hereby incorporate their objections made in the General Objections.  Defendants further object to this Interrogatory as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence relevant to the claims or defenses of any party.  Defendants further object to this Interrogatory to the extent that it seeks information that is protected by the attorney-client privilege, the work product doctrine, and/or any other applicable privilege or protection.   Defendants further object to this Interrogatory as overly broad, unduly burdensome, and disproportionate to the needs of the instant action insofar as it uses the term "Accused Products," which includes Preview + Skill Games or Fusion Games listed in the First Amended Complaint that neither Defendant ever made, used, sold, offered to sale, or imported into the United States.  Defendants further object to this Interrogatory insofar as it assumes there are individuals at Defendants with knowledge of the topics set forth in this Interrogatory.

14

Subject to and without waiver of the foregoing objections, Defendants respond that there are only two individuals at both Defendants that have knowledge regarding Defendants' sales operations with respect to any Preview + Skill Games or Fusion Games listed in the First Amended Complaint that either Defendant ever made, used, sold, offered to sale, or imported into the United States, and those individuals are:  Albert C. Ceccoli and Christopher A. Pisano.

**INTERROGATORY NO. 7.   Identify the three officers, employees or agents of each Defendant with the greatest knowledge regarding the similarities and differences of the features, functions, and operation of each Accused Product.**

**RESPONSE**:  Defendants hereby incorporate their objections made in the General Objections.  Defendants further object to this Interrogatory as overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence relevant to the claims or defenses of any party.  Defendants further object to this Interrogatory to the extent that it seeks information that is protected by the attorney-client privilege, the work product doctrine, and/or any other applicable privilege or protection.   Defendants further object to this Interrogatory as overly broad, unduly burdensome, and disproportionate to the needs of the instant action insofar as it uses the term "Accused Products," which includes Preview + Skill Games or Fusion Games listed in the First Amended Complaint that neither Defendant ever made, used, sold, offered to sale, or imported into the United

15