# EXHIBIT 3

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| SAVVY DOG SYSTEMS, LLC, and POM OF PENNSYLVANIA, LLC <br><br> Plaintiffs, <br><br> v. <br><br> PENNSYLVANIA COIN, LLC, and PA COIN HOLDINGS <br><br> Defendants. | Civil Action No. 3:19-cv-01470-JPW <br><br> Honorable Jennifer P. Wilson |

**PLAINTIFFS' SEVENTH SUPPLEMENTAL RESPONSES AND OBJECTIONS TO DEFENDANTS' FIRST SET OF INTERROGATORIES (PORTIONS DESIGNATED CONFIDENTIAL AND HIGHLY CONFIDENTIAL-ATTORNEY'S EYES ONLY PURSUANT TO PROTECTIVE ORDER)**

COME NOW, Plaintiffs Savvy Dog Systems, LLC, and POM of Pennsylvania, LLC ("Plaintiffs"), by and through undersigned counsel hereby serve their Seventh Supplemental Responses and Objections to Defendants Pennsylvania Coin, LLC's and PA Coin Holdings, LLC's ("Defendants") First Set of Interrogatories Directed to Plaintiffs Savvy Dog Systems, LLC and POM of Pennsylvania, LLC, showing as follows:

**GENERAL STATEMENTS**

A.    The Responses set forth herein constitute the best information presently available to Plaintiffs. However, Plaintiffs have not completed discovery

**ALL RESPONSES TO INTERROGATORY NO. 4 DESIGNATED HIGHLY CONFIDENTIAL-ATTORNEY'S EYES ONLY; SECOND SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 6 DESIGNATED CONFIDENTIAL**

1

respond as follows:

A person of ordinary skill in the art ("POSITA") at the time of the invention of U.S. Patent No. 7,736,223 (the "223 Patent") is someone actively creating and developing terminal-specific electronic games, while having worked in the electronic gaming industry for a minimum of five years. A POSITA would have: (1) the technical knowledge of engineering required for terminal-based electronic games (as opposed to home gaming consoles and games, e.g., PlayStation), so as to recognize the difference between skill-based games and games of chance; and (2) also have substantial familiarity with the electronic games and gaming terminals made available by manufacturers at the time of invention. A POSITA may possess a more formal educational background such as a B.S. or Masters degree in electrical engineering and/or computer science, in which case less industry experience would be needed.

## INTERROGATORY NO. 2:

Describe in detail all facts underlying any secondary consideration or other objective evidence of non-obviousness that you contend is relevant to the asserted claims of U.S. Patent No. 7,736,223.

RESPONSE: Commercial success. The game processor implementing the preview feature as per the claims is tied to the skill-requirements necessary for

ALL RESPONSES TO INTERROGATORY NO. 4 DESIGNATED HIGHLY
CONFIDENTIAL-ATTORNEY'S EYES ONLY; SECOND SUPPLEMENTAL
RESPONSE TO INTERROGATORY NO. 6 DESIGNATED CONFIDENTIAL

the commercial embodiments of the 223 Patent to be games of skill, rather than games of chance. Without this, the games would not be commercially successful in Pennsylvania and other states. Separately, Plaintiffs are producing documents showing that the commercial embodiments of the 223 Patent are commercially successful in Pennsylvania.

FIRST SUPPLEMENTAL RESPONSE: Commercial success. The game processor implementing the preview feature as per the claims is tied to the skill-requirements necessary for the commercial embodiments of the 223 Patent to be games of skill, rather than games of chance. Without this, the games would not be commercially successful in Pennsylvania and other states. Further answering, pursuant to Fed. R. Civ. P. 33(d), Plaintiffs have produced business records from which the answer to this interrogatory may be readily ascertained, including but not limited to POM including but not limited to POM000921-POM000948, POM000992-POM000999, POM002851-POM002999, POM002395, POM002363-POM002371, POM002396-POM002398, and POM000408-POM000413 (responsive to Third Set of Requests, No. 2), and various manufacturing and marketing documents relating to non-party Miele Manufacturing, Inc.

Plaintiffs anticipate producing additional documentation to update

ALL RESPONSES TO INTERROGATORY NO. 4 DESIGNATED HIGHLY
CONFIDENTIAL-ATTORNEY'S EYES ONLY; SECOND SUPPLEMENTAL
RESPONSE TO INTERROGATORY NO. 6 DESIGNATED CONFIDENTIAL

5

Plaintiffs' revenues attributable to Plaintiffs' patented products, as well as documents reflecting the number of game terminals in Pennsylvania and Virginia. Otherwise, Plaintiffs' production of non-privileged documents responsive to these Requests is complete.

**SECOND SUPPLEMENTAL RESPONSE: Commercial success and copying by others.** The game processor implementing the preview feature as per the claims is tied to the skill-requirements necessary for the commercial embodiments of the 223 Patent to be games of skill, rather than games of chance. Without this, the Queen of Skill and Pennsylvania Skill terminals comprising the game processors and game-layer software would not be commercially successful in Pennsylvania and Virginia, the states in which they are offered. In support, Plaintiffs intend to rely on the following documents: POM000921-POM000948, POM000992-POM000999, POM002851-POM002999, POM002395, POM002363-POM002371, POM002396-POM002398, POM000408-POM000413 (responsive to Third Set of Requests, No. 2) and POM013575-POM014065, POM017674-POM017838.

Answering further, Banilla Games and Upstate Amusement have copied the preview feature as per the claims in order to advance the argument they make that their games are games of skill, rather than games of chance.

**ALL RESPONSES TO INTERROGATORY NO. 4 DESIGNATED HIGHLY CONFIDENTIAL-ATTORNEY'S EYES ONLY; SECOND SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 6 DESIGNATED CONFIDENTIAL**

6

Answering further, without the preview feature as per the claims, Miele Manufacturing would not have been interested in a distribution agreement relating to the placement of PA Skill terminals having the games identified in response to Interrogatory No. #7, below.

Plaintiffs anticipate producing additional documentation as it becomes available, solely to update Plaintiffs' ongoing revenues attributable to Plaintiffs' patented game processors and game-layer software. Otherwise, Plaintiffs' production of non-privileged documents responsive to these Requests is complete.

THIRD SUPPLEMENTAL RESPONSE: In light of Court's December 21, 2020 claim construction order, Plaintiffs contend that commercial success is relevant to the asserted claims of the 223 Patent. Specifically, Plaintiffs intend to rely on the commercial success of embodiments of the 223 Patent commercialized in Virginia and Pennsylvania (as opposed to other states). The game processor implementing the preview feature as per the claims is tied to the skill-requirements necessary for the commercial embodiments of the 223 Patent to be games of skill, rather than games of chance. Without this, the Queen of Virginia Skill and Pennsylvania Skill terminals comprising the game processors and game-layer software would not be commercially successful in

ALL RESPONSES TO INTERROGATORY NO. 4 DESIGNATED HIGHLY CONFIDENTIAL-ATTORNEY'S EYES ONLY; SECOND SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 6 DESIGNATED CONFIDENTIAL

Pennsylvania and Virginia, the states in which they are offered. In support, Plaintiffs also intend to rely on the following documents: POM000921-POM000948, POM000992-POM000999, POM002395, POM002363-POM002371, POM002396-POM002398, POM000408-POM000413 (responsive to Third Set of Requests, No. 2) and POM013575-POM014065, POM017674-POM017838.

Answering further, without the preview feature as per the claims, Miele Manufacturing would not have been interested in a distribution agreement relating to the placement of PA Skill terminals having the games identified in response to Interrogatory No. #7, below.

Answering further, in light of the Court's December 21, 2020 claim construction, Plaintiff withdraw their reliance on copying by others, including reliance on POM002851-POM002999.

Plaintiffs anticipate producing additional documentation as it becomes available, solely to update Plaintiffs' ongoing revenues attributable to Plaintiffs' patented game processors and game-layer software in Pennsylvania and Virginia. Otherwise, Plaintiffs' production of non-privileged documents responsive to this Interrogatory is complete.

ALL RESPONSES TO INTERROGATORY NO. 4 DESIGNATED HIGHLY
CONFIDENTIAL-ATTORNEY'S EYES ONLY; SECOND SUPPLEMENTAL
RESPONSE TO INTERROGATORY NO. 6 DESIGNATED CONFIDENTIAL