# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SAVVY DOG SYSTEMS, LLC, and POM of PENNSYLVANIA, LLC, <br><br> Plaintiffs, <br><br> v. <br><br> PENNSYLVANIA COIN, LLC, and PA COIN HOLDINGS, LLC <br><br> Defendants. | CIVIL ACTION NO: 3:19-cv-01470-JPW <br><br> Honorable Jennifer P. Wilson <br><br>  <br><br> Unsealed Public Version Filed on February 8, 2022 |

## DEFENDANTS' STATEMENT OF MATERIAL FACTS FOR WHICH THERE IS NO ISSUE TO BE TRIED

Pursuant to Local Rule 56.1, defendants Pennsylvania Coin, LLC and PA Coin Holdings, LLC ("Defendants") hereby submit the following statement of material facts for which there is no issue to be tried in support of their Motion for Summary Judgment:

**MATERIAL FACTS FOR WHICH THERE IS NO ISSUE TO BE TRIED**

1. Plaintiffs Savvy Dog Systems, LLC and POM of Pennsylvania, LLC (collectively, "Plaintiffs") have admitted that a report by Nick Farley & Associates, dated March 7, 2005 and produced at POM000450-POM000469 is prior art to U.S. Patent No. 7,736,223 (the "'223 Patent"). *See* Ex. A, Plaintiffs' Responses and Objections to Defendants' First Set of Requests for Admissions Directed to Plaintiffs Savvy Dog Systems, LLC and POM of Pennsylvania, LLC at Response to RFA No. 1; *see also* Ex. B (POM000450-POM000469).

2. The March 7, 2005 Nick Farley & Associates Report describes that the prior art Tic-Tac-Fruit game as having a "video screen [that] presents nine symbols in a 3x3 array to the player, similar to a t[i]c-tac-toe arrangement." Ex. B at POM000451.

3. Plaintiffs' expert, Kevin Harrigan, Ph.D., testified that the prior art Tic-Tac-Fruit game disclosed the testing limitation of the '223 Patent ("testing the game field prior to displaying the game to the player to ensure that a winning combination more valuable than the determined winning combination is not

1

generated inadvertently in completing the field"). *See* Ex. C, Excerpts of Tr. of Jan. 12, 2022 Dep. of K. Harrigan, at 111:23-113:8.

4. Dr. Harrigan testified that the "processor" claimed in the '223 Patent is only "specially configured" insofar as it is carrying out the steps of the named inventor of the '223 Patent Michael Pace's game. *Id.* at 130:11-21.

5. Dr. Harrigan testified that Mr. Pace's invention of the Tic-Tac-Fruit game could be implemented using a "conventional, off-the-shelf CPU or microprocessor." *Id.* at 132:7-17; *see id.* at 131:8-18.

6. Dr. Harrigan testified that the only barrier to a person of ordinary skill in the art implementing the alleged invention supposedly claimed in the '223 Patent was the "idea of an automatic preview feature." *Id.* at 134:21-135:23.

7. Dr. Harrigan testified that the '223 Patent elevated the level of skill and eliminated chance in electronic gaming. *Id.* at 149:12-15, 21-25; 150:1-3, 5-6, 13-25.

8. Michael Pace—the named inventor of the '223 Patent—testified that the "preview" feature was created to work around legal obstacles. *See* Ex. D, Excerpts of Tr. of Aug. 4, 2021 Dep. of M. Pace at 25:9-26:17; 88:18-90:13.

9. Mr. Pace testified that he first made the Tic-Tac-Fruit game of the type described in the '223 Patent using then commercially available game boards (Pot-of-Gold and Skidmore boards) with commercially-available memory devices

(EPROMs and CompactFlash cards) and conventional processors (the Texas Instruments 34010 and AMD Geode). *See id.* at 47:22-48:21, 49:25-50:23, 55:7-56:19, 57:5-10, 156:18-20; Ex. E, Cummings Decl., at Ex. B.

10. Mr. Pace testified that an embodiment of his purported invention could have been implemented on a game board existing in the 1990s. Ex. D at 200:5-202:15.

11. Mr. Pace testified that the testing limitation of the '223 Patent was performed by prior art Tic-Tac-Fruit electronic games. *Id.* at 68:17-71:18.

12. In response to Interrogatory No. 11 served in the instant action, Plaintiffs admitted that all limitations in the independent claims of the '223 Patent were contained in the prior art except for the testing limitation and the limitation of "automatically displaying an actual game to be played . . . prior to initiating activation of game play." *See* Ex. F, Plaintiffs' Sixth Supplemental Responses and Objections to Defendants' Second Set of Interrogatories, at Second Supplemental Response to Rog. No. 11.

13. In response to Interrogatory No. 8 served in the instant action, Plaintiffs provided all facts supporting their contention that any claim, element, or combination of elements in the '223 Patent is directed to a non-abstract idea and/or is directed to an inventive concept(s) under 35 U.S.C. § 101 and *Alice Corporation Pty. Ltd. v. CLS Bank International*, 573 U.S. 208 (2014). *See* Ex. F at Response

to Rog. No. 8.

14.  In response to Interrogatory No. 8 served in the instant action, Plaintiffs stated that the '223 Patent claims contain an inventive concept because they recite "new" electronic gaming systems, game processors, etc. because two of the claimed abstract game steps—the "testing . . ." and "automatically displaying . . ." steps—were not carried out in prior art games. *See id.*

15.  A document produced in discovery in the instant action dated August 14, 2013 and entitled "Paceomatic's Patent Portfolio" states "Preview feature used to remove chance from a skill game since a player may look at the next puzzle before committing to play of the game." Ex. G at POM_ESI_00464.

Dated: January 28, 2022	Respectfully submitted,

MORGAN, LEWIS & BOCKIUS LLP

*/s/John V. Gorman*
John V. Gorman (PA 80631)
Kenneth J. Davis (PA 87944) (admitted *pro hac vice*)
Amy M. Dudash (PA 311898) (admitted *pro hac vice*)
1701 Market Street
Philadelphia, PA 19103
Telephone: 215.963.5000
Fax: 215.963.5001
john.gorman@morganlewis.com
kenneth.davis@morganlewis.com
amy.dudash@morganlewis.com

Ahren C. Hsu-Hoffman (admitted *pro hac vice)*
Austin L. Zuck (admitted *pro hac vice*)
1400 Page Mill Road
Palo Alto, CA 94304
Telephone: 650.843.4000
Fax: 650.843.4001
ahren.hsu-hoffman@morganlewis.com
austin.zuck@morganlewis.com

*Attorneys for Defendants Pennsylvania Coin, LLC and PA Coin Holdings, LLC*

# CERTIFICATE OF SERVICE

I hereby certify that Defendants' Statement of Material Facts for Which There Is No Issue to be Tried and exhibits thereto was filed on this 28th day of January, 2022 under seal.  A courtesy copy was sent via electronic mail to all counsel of record.

*/s/John V. Gorman*
John V. Gorman
