A

# EXHIBIT A

Unsealed Public Version Filed on February 8, 2022

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SAVVY DOG SYSTEMS, LLC, and POM OF PENNSYLVANIA, LLC<br><br>    Plaintiffs,<br><br>        v.<br><br>PENNSYLVANIA COIN, LLC, and PA COIN HOLDINGS<br><br>        Defendants. | Civil Action No. 3:19-cv-01470-JPW<br><br>    Honorable Jennifer P. Wilson |

## PLAINTIFFS' RESPONSES AND OBJECTIONS TO DEFENDANTS' FIRST SET OF REQUESTS FOR ADMISSIONS DIRECTED TO PLAINTIFFS SAVVY DOG SYSTEMS, LLC AND POM OF PENNSYLVANIA, LLC

Pursuant to Rules 26 and 36 of the Federal Rules of Civil Procedure, Plaintiffs Savvy Dog Systems, LLC and POM of Pennsylvania, LLC hereby serve their Responses and Objections to Defendants Pennsylvania Coin, LLC and PA Coin Holdings' ("PA Coin") First Set of Requests for Admissions.

These responses are based on the following:

1.     The applicable definition of prior art is that set forth in pre-AIA 35 U.S.C. 102(a); there must be a nexus between the alleged prior art and the points of novelty at issue; and the priority date is June 30, 2006;

2.     PA Coin has failed to identify the specific portion of the given documents that purport to contain the prior art reference that is

pertinent to the invalidity issues. Plaintiffs object on this basis and respond without waiving this objection.

3.    By responding to these requests, Plaintiffs in no way admit that the alleged prior art reference alone or in combination render the asserted claims of the 223 Patent invalid, or that any such reference: qualifies as a primary reference, represents analogous art, anticipates any claim limitation of the 223 patent, is an enabling disclosure, alone or in combination in with other references renders any claim of the 223 patent obvious, inherently discloses any claim limitation of the 223 patent, and/or was publicly available to those of ordinary skill. Further, that any response is not an admission that any inference may be drawn or argued in regard to the invalidity of the 223 patent.

## RESPONSES TO REQUESTS FOR ADMISSION

**Request For Admission 1.**    Admit that the report by Nick Farley & Associates, dated March 7, 2005 and produced at POM000450-POM000469; WBD002440-WBD002459; WBD001972-WBD001991; and WBD002502-WBD002521, is prior art to U.S. Patent No. 7,736,223.

**Response:**  Admitted.

**Request For Admission 2.**    Admit that the letter by Fawley & Associates, dated October 28, 2004 and produced at POM000444, POM000446-

POM000449; WBD002435-WBD002439; and WBD002497-WBD002501, is prior art to U.S. Patent No. 7,736,223.

**Response:** Admitted.

**Request For Admission 3.**    Admit that the report by Clay Turner, dated November 15, 2004 and produced at PA0000199-PA0000201; POM000496-POM000498; WBD002471-WBD002473; and WBD002535-WBD002537, is prior art to U.S. Patent No. 7,736,223.

**Response:** Admitted.

**Request For Admission 4.**    Admit that the article entitled "Ohio 'skill' game a cross-border lure" dated April 30, 2006, published by the Pittsburgh Post-Gazette, and produced at PA0000169-PA0000173, is prior art to U.S. Patent No. 7,736,223.

**Response:** Plaintiffs admit that the referenced article is entitled as stated and appears to have been published on April 30, 2006. Plaintiffs deny that Defendants have identified any specific portion of this article that has any nexus to the points of novelty at issue in the prosecution of the 223 Patent, and thus it is not prior art.

**Request For Admission 5.**    Admit that U.S. Patent Publication No. 2003/0060276 by Walker et al., published March 27, 2003, and produced at PA0000233-PA0000267, is prior art to U.S. Patent No. 7,736,223.

**Response:** Admitted.

3

**Request For Admission 6.**    Admit that U.S. Patent No. 7,291,069 to Michaelson et al., filed on March 6, 2003 and issued November 6, 2007, and produced at PA0000110-PA0000132, is prior art to U.S. Patent No. 7,736,223.

**Response:** Admitted.

**Request For Admission 7.**    Admit that U.S. Patent Publication No. 2004/0176167 by Michaelson et al., published September 9, 2004, and produced at PA0000133-PA0000154, is prior art to U.S. Patent No. 7,736,223.

**Response:**  Admitted.

**Request For Admission 8.**    Admit that U.S. Patent No. 7,040,985 to Vancura, filed on January 15, 2002 and issued May 9, 2006, and produced at PA0000207-PA0000222, is prior art to U.S. Patent No. 7,736,223.

**Response:** Admitted.

**Request For Admission 9.**    Admit that U.S. Patent Publication No. 2003/0153382 by Vancura, published August 14, 2003, and produced at PA0000223-PA0000232, is prior art to U.S. Patent No. 7,736,223.

**Response:**  Admitted.

**Request For Admission 10.**    Admit that U.S. Patent No. 8,491,369 to Kowell, produced at PA0000082-PA0000089, is prior art to U.S. Patent No. 7,736,223.

**Response:** Denied.

4

**Request For Admission 11.**    Admit that U.S. Provisional Application No. 60/815,352 by Kowell, produced at PA0000090-PA0000097, is prior art to U.S. Patent No. 7,736,223.

**Response:** Denied.

**Request For Admission 12.**    Admit that U.S. Patent No. 5,482,289 to Weingardt, issued January 9, 1996 and produced at PA0000268-PA0000279, is prior art to U.S. Patent No. 7,736,223.

**Response:** Admitted.

**Request For Admission 13.**    Admit that U.S. Patent No. 7,108,602 to Daly, filed on March 24, 2005 and issued September 19, 2006, and produced at PA0000034-PA0000052, is prior art to U.S. Patent No. 7,736,223.

**Response:** Admitted.

**Request For Admission 14.**    Admit that G.B. Patent Publication No. 2,251,112 by Marchini et al., published June 24, 1992, and produced at PA0000098-PA0000109, is prior art to U.S. Patent No. 7,736,223.

**Response:** Admitted.

**Request For Admission 15.**    Admit that G.B. Patent Publication No. 2,382,911 by Chambers, published June 11, 2003, and produced at PA0000010-PA0000031, is prior art to U.S. Patent No. 7,736,223.

**Response:** Admitted.

**Request For Admission 16.**    Admit that E.P. Patent Publication No. 0,449,433 by Farrell et al., published October 2, 1991 and produced at PA0000053-PA0000061, is prior art to U.S. Patent No. 7,736,223.

**Response:**  Admitted.

**Request For Admission 17.**    Admit that *Commonwealth v. McClintock*, 257 Mass. 431, 154 N.E. 264 (1926), dated November 29, 1926 and produced at PA0000032-PA0000033, is prior art to U.S. Patent No. 7,736,223.

**Response:**  Admitted that the referenced decision appears to have issued on the date as indicated. Plaintiffs lack knowledge sufficient to admit or deny any date of first publication, whether and to what extent there was any publication of the referenced decision prior to the invention of the 223 Patent.  Plaintiffs deny that Defendants have identified any specific portion of this article such that there is any nexus between any technical points discussed in the opinion and the points at issue in the prosecution of the 223 Application, and thus it is not prior art.

**Request For Admission 18.**    Admit that *State v. Ellis*, 200 Iowa 1228, 206 N.W. 105 (1925), dated December 15, 1925 and produced at PA0000196-PA0000198, is prior art to U.S. Patent No. 7,736,223.

**Response:**  Admitted that the referenced decision appears to have issued on the date as indicated. Plaintiffs lack knowledge sufficient to admit or deny any date of first publication, whether and to what extent there was any publication of the

referenced decision prior to the invention of the 223 Patent.  Otherwise, see response to RFA 17, which is incorporated herein by reference.

**Request For Admission 19.**   Admit that "Gambling in America: An Encyclopedia of History, Issues, and Society" by William N. Thompson, copyrighted in 2001 and produced at PA0000062-PA0000065, is prior art to U.S. Patent No. 7,736,223.

**Response:**   Admitted that the referenced article appears to have been copyrighted as indicated. Plaintiffs lack knowledge sufficient to admit or deny any date of first publication, whether and to what extent there was any publication of the referenced work prior to the invention of the 223 Patent.  Plaintiffs deny that Defendants have identified any specific portion of this article such that there is any nexus between any technical points discussed at issue in the article and the points at issue in the prosecution of the 223 Application, and thus it is not prior art.

**Request For Admission 20.**   Admit   that   the   Legislative   Service Commission's Bill Analysis of Ohio S.B. 220, 126th General Assembly, produced at PA0000174-PA0000181, is prior art to U.S. Patent No. 7,736,223.

**Response:**   Admitted that the referenced analysis appears at the bates-stamped pages as indicated. Plaintiffs lack knowledge sufficient to admit or deny any date of first publication, whether and to what extent there was any publication of the referenced analysis prior to the invention of the 223 Patent.  Plaintiffs deny

7

that Defendants have identified any specific portion of this analysis such that there is any nexus between any technical points discussed in the analysis and the points at issue in the prosecution of the 223 Application, and thus it is not prior art.

**Request For Admission 21.**    Admit that the transcript of the proceedings in the matter of FOE Aerie 2171, before the Liquor Control Commission of the State of Ohio, Case No. 1342-05, dated October 19, 2005 and produced at PA0000182-PA0000193, is prior art to U.S. Patent No. 7,736,223.

**Response:**  Admitted.

**Request For Admission 22.**    Admit    that    the    Washington    Attorney General Opinion 1969 No. 9, dated April 30, 1969, and produced at PA0000066-PA0000081, is prior art to U.S. Patent No. 7,736,223.

**Response:**    Admitted that the referenced opinion appears to be dated as indicated. Plaintiffs lack knowledge sufficient to admit or deny any date of first publication, whether and to what extent there was any publication of the referenced opinion prior to the invention of the 223 Patent.  Plaintiffs deny that Defendants have identified any specific portion of this opinion such that there is any nexus between any technical points discussed in the opinion and the points at issue in the prosecution of the 223 Application, and thus it is not prior art.

**Request For Admission 23.**    Admit that U.S. Patent Publication No. 2004/0224745 by Bregenzer, published November 11, 2004 and produced at PA0000001-PA0000009, is prior art to U.S. Patent No. 7,736,223.

**Response:**  Admitted.

**Request For Admission 24.**    Admit that U.S. Patent Publication No. 2005/0003883 by Muir et al., published January 6, 2005 and produced at PA0000155-PA0000168;  POM000305-POM000318;  WBD001957-WBD001970; and WBD001992-WBD002005, is prior art to U.S. Patent No. 7,736,223.

**Response:** Admitted.

**Request For Admission 25.**    Admit that U.S. Patent No. 6,602,133 to Chan, issued August 5, 2003 and produced at PA0000358-372, is prior art to U.S. Patent No. 7,736,223.

**Response:**  Admitted.

**Request For Admission 26.**    Admit that "Slot Machines: An Illustrated History of America's Most Popular Coin-Operated Gaming Device" by Marshall Fey, copyrighted in 1983 and produced at PA0000300-PA0000326, is prior art to U.S. Patent No. 7,736,223.

**Response:**    Admitted that the referenced article appears to have been copyrighted as indicated. Plaintiffs lack knowledge sufficient to admit or deny any date of first publication, whether and to what extent there was any publication of

the referenced work prior to the invention of the 223 Patent.  Plaintiffs deny that Defendants have identified any specific portion of this article such that there is any nexus between any technical points discussed in the article and the points at issue in the prosecution of the 223 Application, and thus it is not prior art.

**Request For Admission 27.**    Admit that "Slot Machines: A Pictorial History of the First 100 Years" by Marshall Fey, published in 1989 and produced at PA0000327-PA0000357, is prior art to U.S. Patent No. 7,736,223.

**Response:**    Admitted that the referenced article appears to have been published as indicated. Plaintiffs lack knowledge sufficient to admit or deny any date of first publication, whether and to what extent there was any publication of the referenced work prior to the invention of the 223 Patent.  Plaintiffs deny that Defendants have identified any specific portion of this article such that there is any nexus between any technical points discussed in the article and the points at issue in the prosecution of the 223 Application, and thus it is not prior art.

**Request For Admission 28.**    Admit that S.B. 220, 126th General Assembly, Regular Session (Ohio 2005), produced at PA0000280-PA0000299, is prior art to U.S. Patent No. 7,736,223.

**Response:**  Admitted that the referenced legislative materials appears in the year as indicated. Plaintiffs deny that Defendants have identified any specific portion of these materials such that there is any nexus between any technical points

10

discussed in the legislative materials and the points at issue in the prosecution of the 223 Application, and thus it is not prior art.

**Request For Admission 29.**    Admit that U.S. Patent No. 6,964,416 to McClintic et al., filed on December 21, 2001 and issued November 15, 2005, and produced at PA0000409-PA0000423, is prior art to U.S. Patent No. 7,736,223.

**Response:**  Admitted.

**Request For Admission 30.**    Admit that *State v. 26 Gaming Machines*, 356 Ark. 47 (2004), dated February 5, 2004, and produced at PA0000424-PA0000431, is prior art to U.S. Patent No. 7,736,223.

**Response:**   Admitted that the referenced opinion appears to be dated as indicated. Plaintiffs lack knowledge sufficient to admit or deny any date of first publication, whether and to what extent there was any publication of the referenced decision prior to the invention of the 223 Patent.  Plaintiffs deny that Defendants have identified any specific portion of this opinion such that there is any nexus between any technical points discussed in the opinion and the points at issue in the prosecution of the 223 Application, and thus it is not prior art.

**Request For Admission 31.**    Admit that the expert report of D. Robert Sertell dated May 4, 2006, and produced at POM017914-POM017932, is prior art to U.S. Patent No. 7,736,223.

**Response:**    Admitted that the referenced report appears to be dated as indicated. Plaintiffs deny that Defendants have identified any specific portion of this report such that there is any nexus between any technical points discussed in the report and the points at issue in the prosecution of the 223 Application, and thus it is not prior art.

**Request For Admission 32.**    Admit that U.S. Patent No. 6,860,810 to Cannon et al., filed on November 24, 2003 and issued March 1, 2005, and produced at PA0000377-PA0000408, is prior art to U.S. Patent No. 7,736,223.

**Response:** Admitted.

**Request For Admission 33.**    Admit that *R. v. Bailey*, [1938] 2 D.L.R. 762 (Can. Ont. C.A.)., produced at PA0000373, is prior art to U.S. Patent No. 7,736,223.

**Response:** Admitted that the referenced opinion appears at the bates-stamped pages as indicated. Plaintiffs lack knowledge sufficient to admit or deny any date of first publication, whether and to what extent there was any publication of the referenced decision prior to the invention of the 223 Patent.  Plaintiffs deny that Defendants have identified any specific portion of this opinion such that there is any nexus between any technical points discussed in the opinion and the points at issue in the prosecution of the 223 Application, and thus it is not prior art.

**Request For Admission 34.**   Admit that *Bailey v. R.,* [1938] S.C.R. 427 (Can)., produced at PA0000374-PA0000376, is prior art to U.S. Patent No. 7,736,223.

**Response:** Denied.  See response to RFA 33, which is incorporated herein by reference.

Dated: August 2, 2021

HILL, KERTSCHER, & WHARTON, LLP

*/s/ Steven G. Hill*
Steven G. Hill, GA Bar No. 354658
*Admitted pro hac vice*
John L. North, GA Bar No. 545580
*Admitted pro hac vice*
Martha L. Decker, GA Bar No. 420867
*Admitted pro hac vice*
3625 Cumberland Blvd., SE, Suite 1050
Atlanta, Georgia 30339
Telephone: (770) 953-0995
Fax: (770) 953-1358
Email:  sgh@hkw-law.com
Email:  jln@hkw-law.com
Email:  md@hkw-law.com

-and-

KLEINBARD LLC

Matthew H. Haverstick (PA ID No. 85072)
Eric J. Schreiner (PA ID No. 76721)
Paul G. Gagne (PA ID No. 42009)
Shohin H. Vance (PA ID No. 323551)
Three Logan Square, 5th Floor
1717 Arch Street
Philadelphia, PA 19103
Telephone: (215) 568-2000
Fax: (215) 568-0140

13

Email:  mhaverstick@kleinbard.com
Email:  eschreiner@kleinbard.com
Email:  pgagne@kleinbard.com
Email:  svance@kleinbard.com

*Counsel for Plaintiffs Savvy Dog Systems, LLC
and POM of Pennsylvania, LLC*

14

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was served on this 2nd day of August, 2021 via electronic mail on the following counsel for Defendants.

John V. Gorman
Kenneth J. Davis
Amy M. Dudash
Morgan, Lewis & Bockius LLP
1701 Market Street
Philadelphia, PA 19103
Email: john.gorman@morganlewis.com
Email:  kenneth.davis@morganlewis.com
Email:  amy.dudash@morganlewis.com


*/s/ Steven G. Hill*
Steven G. Hill

15