**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| SAVVY DOG SYSTEMS, LLC, and POM of Pennsylvania, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>PENNSYLVANIA COIN, LLC, and PA COIN HOLDINGS, LLC<br><br>Defendants. | CIVIL ACTION NO: 3:19-cv-01470-JPW<br><br>Honorable Jennifer P. Wilson |

**DEFENDANTS' MOTION TO SEAL
PURSUANT TO COURT'S  FEBRUARY 2, 2022 ORDER**

Pursuant to the Court's February 2, 2022 Order, Defendants Pennsylvania Coin, LLC and PA Coin Holdings, LLC (collectively, "Defendants") hereby move to seal portions of Exhibit B to Defendants' Motion to Exclude Certain Opinions and Testimony of Kevin Harrigan, Ph.D. (Dkt. 159-2), which were redacted in the filed public version (Dkt. 163-2).  In support of their Motion to Seal, Defendants state as follows:

Defendants filed their Brief in Support of their Motion for Summary Judgment, Statement of Material Facts for Which There Were No Issues to Be Tried with exhibits thereto, and Brief in Support of Their Motion to Exclude Certain Opinions and Testimony of Kevin Harrigan, Ph.D. and exhibits thereto under seal on January 28, 2022.  *See* Dkts. 157-159.  These filed documents were designated and/or referred to material that was designated by Plaintiff or an affiliate of

Plaintiffs, Pace-o-Matic, Inc. ("Pace-o-Matic"), as confidential or highly confidential.[1] Thus, Defendants filed these documents under seal in accordance with Section 12.3 of the Stipulated Protective Order, which provides:

> Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this Action any Protected Material. Any Protected Material that is filed with the Court shall be filed under seal. The instant Order shall provide the authority for filing under seal any material designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." A redacted public version of any document filed under seal shall be filed within seven (7) business days of the date of the filing of the sealed document.

Dkt. 53 § 12.3.

On February 8, 2022, in accordance with Section 12.3, Defendants filed public versions of the sealed documents. *See* Dkts. 161-163. Each of the filed documents has been unsealed in its entirety pursuant to agreement of counsel except for portions of Exhibit B to Defendants' Brief in Support of Their Motion to Exclude Certain Opinions and Testimony of Kevin Harrigan, Ph.D. Plaintiffs and Pace-o-Matic

---

[1] The provisions of the Stipulated Protective Order entered by the Court are applicable to confidential information produced by Pace-o-Matic. *See* Dkt. 104-1 ("WHEREAS, the Parties have agreed to provisions in addition to those contained in the Stipulated Protective Order entered in the above-referenced action (Dkt. 53) to protect against misuse or disclosure of such Banilla Confidential Information, such Grover Confidential Information, and such Pace-o-Matic Confidential Information").

contend that portions of an exhibit to Exhibit B (namely, portions of a software description document) should remain sealed from public disclosure. The information Plaintiffs and Pace-o-Matic have requested remain sealed is redacted in the filed public version of Exhibit B. *See* Dkt. 163-2.

Defendants do not believe that the redacted portions of the software description document satisfy the standard for sealing set forth in *In re Avandia Marketing, Sales Pracs. & Prods. Liab. Litig.*, 924 F.3d 662, 671 (3d Cir. 2019) because public disclosure of the redacted information from the software description document "will [not] work a clearly defined and serious injury to" Plaintiff or Pace-o-Matic. *See id.* (stating clearly defined and serious injury to party wishing to seal must be shown to justify good cause for sealing) (citing *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 786 (3d Cir. 1994)). Accordingly, Defendants do not believe there is a legal or factual basis for continuing to seal the redacted portions of Exhibit B, but submit the instant Motion in accordance with the Court's February 2, 2022 Order (Dkt. 160).

Dated:  February 9, 2022   Respectfully submitted,

MORGAN, LEWIS & BOCKIUS LLP

*/s/John V. Gorman*
John V. Gorman (PA 80631)
Kenneth J. Davis (PA 87944) (admitted *pro hac vice*)
Amy M. Dudash (PA 311898) (admitted *pro hac vice*)
1701 Market Street
Philadelphia, PA  19103
Telephone:  215.963.5000
Fax:  215.963.5001
john.gorman@morganlewis.com
kenneth.davis@morganlewis.com
amy.dudash@morganlewis.com

Ahren C. Hsu-Hoffman (admitted *pro hac vice*)
Austin L. Zuck (admitted *pro hac vice*)
1400 Page Mill Road
Palo Alto, CA  94304
Telephone:  650.843.4000
Fax:  650.843.4001
ahren.hsu-hoffman@morganlewis.com
austin.zuck@morganlewis.com

*Attorneys for Defendants Pennsylvania Coin, LLC*
*and PA Coin Holdings, LLC*