# EXHIBIT C

# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SAVVY DOG SYSTEMS, LLC, and POM OF PENNSYLVANIA, LLC<br><br>  Plaintiffs,<br><br>  v.<br><br>PENNSYLVANIA COIN, LLC, and PA COIN HOLDINGS<br><br>  Defendants. | Civil Action No. 3:19-cv-01470-JPW<br><br>Honorable Jennifer P. Wilson |

## PLAINTIFFS' FIRST SUPPLEMENTAL RESPONSES AND OBJECTIONS TO DEFENDANTS' FOURTH SET OF INTERROGATORIES

COME NOW, Plaintiffs Savvy Dog Systems, LLC, and POM of Pennsylvania, LLC ("Plaintiffs"), by and through undersigned counsel, and hereby serve their First Supplemental Responses and Objections to Defendants Pennsylvania Coin, LLC's and PA Coin Holdings, LLC's ("Defendants") Fourth Set of Interrogatories Directed to Plaintiffs Savvy Dog Systems, LLC and POM of Pennsylvania, LLC, showing as follows:

## GENERAL STATEMENTS

A.   The Responses set forth herein constitute the best information presently available to Plaintiffs. However, Plaintiffs have not completed discovery and/or investigation of the facts underlying this lawsuit, nor have they completed preparation of this case for trial.  Accordingly, these Responses are provided

without prejudice to the Plaintiffs' right to amend, supplement or change the Responses if and when additional, different, or more accurate information becomes available. Moreover, the Responses are subject to correction for inadvertent errors or omissions, if any such errors or omissions are later found to exist.

B.  By responding to Defendants' Interrogatories, Plaintiffs do not waive any objections that may be appropriate to the use, for any purpose, or any of the information or documents produced in response to Defendants' Interrogatories or to the admissibility, relevancy, or materiality of any such information or documents as to any issue in this case.

## **STANDING OBJECTIONS**

A.  Plaintiffs object to Defendants' Interrogatories to the extent that they seek information or define Plaintiffs as anything other than the current companies, *e.g.* its current employees and advisors as of the time that it is answering Defendants' Interrogatories.

B.  Plaintiffs object to Defendants' Interrogatories insofar as they seek the disclosure of Plaintiffs' attorneys' or any other of Plaintiffs' representatives' mental impressions, conclusions, opinions, computation, calculation, projections, reasoning, legal theories, or other work product, on the grounds that the Interrogatories exceed the scope of permissible discovery under the Federal Rules of Civil Procedure.

C. Plaintiffs object to Defendants' Interrogatories insofar as they are unduly burdensome or are calculated or would otherwise operate to annoy, embarrass, oppress or cause undue expense to Plaintiffs or to any individual not a party to this action on the grounds that said Interrogatories exceed the scope of the permissible discovery under the Federal Rules of Civil Procedure.

D. Plaintiffs object to Defendants' Interrogatories insofar as they would require Plaintiffs to respond by acquiring or supplying information which would be irrelevant and immaterial to the subject matter or issues of this action.

## RESPONSES TO DEFENDANTS' INDIVIDUAL INTERROGATORIES

## INTERROGATORY NO. 14:

Describe in detail any differences between the alleged invention(s) of each of the claims of U.S. Patent No. 7,736,223 and each version of Tic-Tac-Fruit that existed prior to the filing date of U.S. Patent No. 7,736,223.

**RESPONSE:** Plaintiffs object that this Interrogatory is largely duplicative of one or more interrogatories previously propounded in this case, and is therefore interposed for the purposes of harassing Plaintiffs. Plaintiffs further object to this Interrogatory as overbroad, to the extent it requires Plaintiffs to identify "any differences" between the invention of each claim and each version of Tic-Tac-Fruit prior to the filing date of the 223 Patent. Plaintiffs further object to the extent the Interrogatory seeks production of matters protected by attorney client privilege or

3

the work product doctrine. Plaintiffs further object to this Interrogatory as vague, to the extent "any differences" is subject to multiple interpretations.

Subject to and without waiving these objections, Plaintiff hereby incorporates its answer to Interrogatory 11.

**FIRST SUPPLEMENTAL RESPONSE:** Plaintiffs object to this Interrogatory as overbroad, to the extent it requires Plaintiffs to identify "any differences" between the invention of each claim and each version of Tic-Tac-Fruit prior to the filing date of the 223 Patent. Plaintiffs further object to the extent the Interrogatory seeks production of matters protected by attorney client privilege or the work product doctrine. Plaintiffs further object to this Interrogatory as vague, to the extent "any differences" is subject to multiple interpretations.

Subject to and without waiving these objections, Plaintiff refer Defendants to the chart attached hereto as Exhibit A.

Dated: August 13, 2021

**HILL, KERTSCHER, & WHARTON, LLP**

*/s/ Steven G. Hill*
Steven G. Hill, GA Bar No. 354658
*Admitted pro hac vice*
John L. North, GA Bar No. 545580
*Admitted pro hac vice*
Martha L. Decker, GA Bar No. 420867
*Admitted pro hac vice*
3625 Cumberland Blvd., SE, Suite 1050
Atlanta, Georgia 30339
Telephone: (770) 953-0995

Fax: (770) 953-1358
Email: sgh@hkw-law.com
Email: jln@hkw-law.com
Email: md@hkw-law.com

**-and-**

**KLEINBARD LLC**

Matthew H. Haverstick (PA ID No. 85072)
Eric J. Schreiner (PA ID No. 76721)
Paul G. Gagne (PA ID No. 42009)
Shohin H. Vance (PA ID No. 323551)
Three Logan Square, 5th Floor
1717 Arch Street
Philadelphia, PA 19103
Telephone: (215) 568-2000
Fax: (215) 568-0140
Email: mhaverstick@kleinbard.com
Email: eschreiner@kleinbard.com
Email: pgagne@kleinbard.com
Email: svance@kleinbard.com

*Counsel for Plaintiffs Savvy Dog Systems LLC and POM of Pennsylvania, LLC*

5

## **CERTIFICATE OF SERVICE**

I hereby certify that the foregoing was served on this 13th day of August, 2021 via electronic mail on the following counsel for Defendants.

John V. Gorman
Kenneth J. Davis
Amy M. Dudash
Morgan, Lewis & Bockius LLP
1701 Market Street
Philadelphia, PA 19103
Email:  john.gorman@morganlewis.com
Email:  kenneth.davis@morganlewis.com
Email:  amy.dudash@morganlewis.com

*/s/ Steven G. Hill*
Steven G. Hill

**EXHIBIT A** TO PLAINTIFFS' FIRST SUPPLEMENTAL RESPONSES AND OBJECTIONS TO DEFENDANTS' FOURTH INTERROGATORIES

| 223 Patent Claims | Differences between any version of Tic-Tac-Fruit that existed prior to the filing of date of U.S. Patent No. 7,736,223 |
|---|---|
| **[1P]** An electronic gaming method comprising the steps of: | Plaintiffs do not contend any difference exists with respect to this limitation, except as noted in [1.2] and [1.3] below. |
| **[1.1]** constructing a game field having a plurality of elements for an interactive touch screen game display on an electronic game terminal wherein each element is filled by a game symbol from a plurality of predetermined game symbols, wherein the game symbols for each element are automatically determined such that there is at least one winning combination for each play of the game but there is no winning combination without player interaction with the game display; | Plaintiffs do not contend any difference exists with respect to this limitation. |
| **[1.2]** testing the game field prior to displaying the game to the player to ensure that a winning combination more valuable than the determined winning combination is not generated inadvertently in completing the field; | Prior to the testing files starting in May 2006 and the versions of Tic-Tac-Fruit released in May-June 2006 (see Answer to Interrogatory No. 4), no prior version of Tic-Tac-Fruit included this limitation. |
| **[1.3]** automatically displaying an actual game to be played on the touch screen display to a player prior to initiating activation of game play; | Prior to the testing files starting in May 2006 and the versions of Tic-Tac-Fruit released in May-June 2006 (see Answer to Interrogatory No. 4), no prior version of Tic-Tac-Fruit included this limitation. |
| **[1.4]** receiving the player's selection of a field element as a location for a wild symbol and determining each winning combination of symbols that is formed by such selection; and | Plaintiffs do not contend any difference exists with respect to this limitation. |
| **[1.5]** displaying each winning combination of symbols on the touch screen display. | Plaintiffs do not contend any difference exists with respect to this limitation. |
| **[3]** The electronic gaming method of claim 1 further comprising the step of determining if the player has decided to play the game field displayed on the game display. | Prior to the testing files starting in May 2006 and the versions of Tic-Tac-Fruit released in May-June 2006 (see Answer to Interrogatory No. 4), no prior version of Tic-Tac-Fruit included this limitation. |
| **[5]** The electronic gaming method of claim 1 wherein the constructed field is a two-dimensional array having a plurality of rows and columns. | Except as noted in Claim 1, Plaintiffs do not contend any difference exists with respect to this limitation. |
| **[6P]** The electronic gaming method of claim 1 wherein the step of constructing the field comprises: | Except as noted in Claim 1, Plaintiffs do not contend any difference exists with respect to this limitation. |
| **[6.1]** determining an orientation of each winning combination for the play of the game; | Plaintiffs do not contend any difference exists with respect to this limitation. |
| **[6.2]** determining the symbols for each of the winning combinations; and | Plaintiffs do not contend any difference exists with respect to this limitation. |

**EXHIBIT A** TO PLAINTIFFS' FIRST SUPPLEMENTAL RESPONSES AND OBJECTIONS TO DEFENDANTS' FOURTH INTERROGATORIES

| 223 Patent Claims | Differences between any version of Tic-Tac-Fruit that existed prior to the filing of date of U.S. Patent No. 7,736,223 |
|---|---|
| **[6.3]** randomly determining symbols for the remaining elements of the field. | Plaintiffs do not contend any difference exists with respect to this limitation. |
| **[7]** The electronic gaming method of claim 6 wherein the orientation of each winning combination is horizontal, vertical or diagonal. | Except as noted in Claim 1, Plaintiffs do not contend any difference exists with respect to this limitation. |
| **[11]** The electronic gaming method of claim 1 wherein each winning combination of symbols has a predetermined probability of occurrence for a play of the game. | No version of Tic-Tac-Fruit had this limitation. |
| **[13P]** An electronic gaming system comprising: an electronic game terminal including a touch screen display; | Plaintiffs do not contend any difference exists with respect to this limitation except as noted in [13.3] and [13.4] below. |
| **[13.1]** a game processor for generating an interactive electronic game on the game terminal with a plurality of options selectable by a player, the game processor configured for: | Plaintiffs do not contend any difference exists with respect to this limitation except as noted in [13.3] and [13.4] below. |
| **[13.2]** constructing a game field having a plurality of elements for the interactive game display wherein each element includes a game symbol from a plurality of predetermined game symbols, wherein the game symbols for each element are automatically determined such that there is at least one winning combination for each play of the game but there is no winning combination without player interaction with the game display; | Plaintiffs do not contend any difference exists with respect to this limitation. |
| **[13.3]** testing the game field prior to displaying the game to the player to ensure that a winning combination more valuable than the determined winning combination is not generated inadvertently in completing the field; | Prior to the testing files starting in May 2006 and the versions of Tic-Tac-Fruit released in May-June 2006 (see Answer to Interrogatory No. 4), no prior version of Tic-Tac-Fruit included this limitation. |
| **[13.4]** automatically displaying an actual game to be played on the touch screen game display prior to initiating activation of game play; | Prior to the testing files starting in May 2006 and the versions of Tic-Tac-Fruit released in May-June 2006 (see Answer to Interrogatory No. 4), no prior version of Tic-Tac-Fruit included this limitation. |
| **[13.5]** receiving the player's selection of a field element as a location for a wild symbol and determining each winning combination of symbols that is formed by such selection; and | Plaintiffs do not contend any difference exists with respect to this limitation. |
| **[13.6]** displaying each winning combination of symbols on the touch screen display. | Plaintiffs do not contend any difference exists with respect to this limitation. |
| **[15]** The electronic gaming system of claim 13 wherein the game processor is further configured for determining if the player has decided to play the game field displayed on the game display. | Plaintiffs do not contend any difference exists with respect to this limitation. |

**EXHIBIT A** TO PLAINTIFFS' FIRST SUPPLEMENTAL RESPONSES AND OBJECTIONS TO
DEFENDANTS' FOURTH INTERROGATORIES

| 223 Patent Claims | Differences between any version of Tic-Tac-Fruit that existed prior to the filing of date of U.S. Patent No. 7,736,223 |
|---|---|
| **[18]** The electronic gaming system of claim 13 wherein the game processor is further configured for constructing the field as a two-dimensional array having a plurality of rows and columns. | Except as noted in Claim 13, Plaintiffs do not contend any difference exists with respect to this limitation. |
| **[19P]** The electronic gaming system of claim 13 wherein the game processor is further configured for: | Except as noted in Claim 13, Plaintiffs do not contend any difference exists with respect to this limitation. |
| **[19.1]** determining an orientation of each winning combination for the play of the game; | Plaintiffs do not contend any difference exists with respect to this limitation. |
| **[19.2]** determining the symbols for each of the winning combinations; and | Plaintiffs do not contend any difference exists with respect to this limitation. |
| **[19.3]** randomly determining symbols for the remaining elements of the field. | Plaintiffs do not contend any difference exists with respect to this limitation. |
| **[20]** The electronic gaming system of claim 19 wherein the orientation of each winning combination is horizontal, vertical or diagonal. | Plaintiffs do not contend any difference exists with respect to this limitation. |
| **[22]** The electronic gaming system of claim 13 wherein each winning combination of symbols has a predetermined probability of occurrence for a play of the game. | No version of Tic-Tac-Fruit had this limitation. |
| **[25P]** A computer program product for electronic gaming when executed on a game processor, the computer program product comprising a computer readable storage medium having computer readable code embedded therein, the computer readable storage medium comprising: | Plaintiffs do not contend any difference exists with respect to this limitation except as noted in [25.2] and [25.3] below. |
| **[25.1]** program instructions that construct a game field having a plurality of elements for an interactive touch screen game display on an electronic game terminal wherein each element is filled by a game symbol from a plurality of predetermined game symbols, wherein the game symbols for each element are automatically determined such that there is at least one winning combination for each play of the game but there is no winning combination without player interaction with the game display; | Plaintiffs do not contend any difference exists with respect to this limitation. |
| **[25.2]** program instructions that test the game field prior to displaying the game to the player to ensure that a winning combination more valuable than the determined winning combination is not generated inadvertently in completing the field; | Prior to the testing files starting in May 2006 and the versions of Tic-Tac-Fruit released in May-June 2006 (see Answer to Interrogatory No. 4), no prior version of Tic-Tac-Fruit included this limitation. |
| **[25.3]** program instructions that automatically display an actual game to be played on the touch screen game display to a player prior to initiating activation of game play; | Prior to the testing files starting in May 2006 and the versions of Tic-Tac-Fruit released in May-June 2006 (see Answer to Interrogatory No. 4), |

3

**EXHIBIT A** TO PLAINTIFFS' FIRST SUPPLEMENTAL RESPONSES AND OBJECTIONS TO DEFENDANTS' FOURTH INTERROGATORIES

| 223 Patent Claims | Differences between any version of Tic-Tac-Fruit that existed prior to the filing of date of U.S. Patent No. 7,736,223 |
|---|---|
|  | no prior version of Tic-Tac-Fruit included this limitation. |
| **[25.4]** program instructions that receive the player's selection of a field element as a location for a wild symbol and determine each winning combination of symbols that is formed by such selection; and | Plaintiffs do not contend any difference exists with respect to this limitation. |
| **[25.5]** program instructions that display each winning combination of symbols on the touch screen display. | Plaintiffs do not contend any difference exists with respect to this limitation. |
| **[27]** The computer program product for electronic gaming of claim 25 further comprising program instructions that determine if the player has decided to play the game field displayed on the game display. | Except as noted in Claim 25, Plaintiffs do not contend any difference exists with respect to this limitation. |
| **[29]** The computer program product for electronic gaming of claim 25 wherein the field is a two-dimensional array having a plurality of rows and columns. | Except as noted in Claim 25, Plaintiffs do not contend any difference exists with respect to this limitation. |
| **[30P]** The computer program product for electronic gaming of claim 25 wherein the program instructions that construct the field comprise: | Except as noted in Claim 25, Plaintiffs do not contend any difference exists with respect to this limitation. |
| **[30.1]** program instructions that determine an orientation of each winning combination for the play of the game; | Plaintiffs do not contend any difference exists with respect to this limitation. |
| **[30.2]** program instructions that determine the symbols for each of the winning combinations; and | Plaintiffs do not contend any difference exists with respect to this limitation. |
| **[30.3]** program instructions that randomly determine symbols for the remaining elements of the field. | Plaintiffs do not contend any difference exists with respect to this limitation. |
| **[31]** The computer program product for electronic gaming of claim 30 wherein the orientation of each winning combination is horizontal, vertical or diagonal. | Plaintiffs do not contend any difference exists with respect to this limitation. |
| **[33]** The computer program product for electronic gaming of claim 25 wherein each winning combination of symbols has a predetermined probability of occurrence for a play of the game. | No version of Tic-Tac-Fruit had this limitation. |
| **[37P]** An electronic gaming method comprising the steps of: | Plaintiffs do not contend any difference exists with respect to this limitation except as noted in [37.3] and [37.4] below. |
| **[37.1]** constructing a game field having a plurality of elements for an interactive touch screen game display on an electronic game terminal wherein each element is filled by a game symbol from a plurality of predetermined game symbols; | Plaintiffs do not contend any difference exists with respect to this limitation. |
| **[37.2]** determining at least one winning combination for each play of the game; | Plaintiffs do not contend any difference exists with respect to this limitation. |
| **[37.3]** testing the game field prior to displaying the game to the player to ensure that a winning combination more | Prior to the testing files starting in May 2006 and the versions of Tic-Tac-Fruit released in May- |

**EXHIBIT A** TO PLAINTIFFS' FIRST SUPPLEMENTAL RESPONSES AND OBJECTIONS TO DEFENDANTS' FOURTH INTERROGATORIES

| 223 Patent Claims | Differences between any version of Tic-Tac-Fruit that existed prior to the filing of date of U.S. Patent No. 7,736,223 |
|---|---|
| valuable than the determined winning combination is not generated inadvertently in completing the field; | June 2006 (see Answer to Interrogatory No. 4), no prior version of Tic-Tac-Fruit included this limitation. |
| **[37.4]** automatically displaying an actual game to be played on the touch screen game display to a player prior to initiating activation of game play; | Prior to the testing files starting in May 2006 and the versions of Tic-Tac-Fruit released in May-June 2006 (see Answer to Interrogatory No. 4), no prior version of Tic-Tac-Fruit included this limitation. |
| **[37.5]** determining if the player has decided to play the displayed game; and | Plaintiffs do not contend any difference exists with respect to this limitation. |
| **[37.6]** displaying an outcome resulting from play of the displayed game. | Plaintiffs do not contend any difference exists with respect to this limitation. |
| **[38]** The electronic gaming method of claim 37 further comprising generating and displaying an additional game field simultaneously on the game display in proximity to the displayed game. | No version of Tic-Tac-Fruit had this limitation. |
| **[39]** The electronic gaming method of claim 38 wherein the additional game field is for a next game to be played. | No version of Tic-Tac-Fruit had this limitation. |
| **[40]** The electronic gaming method of claim 37 wherein the displayed game comprises a two-dimensional array of game symbols. | Except as otherwise noted in Claim 37, Plaintiffs do not contend any difference exists with respect to this limitation. |
| **[41]** The electronic gaming method of claim 37 wherein the displayed game comprises a one-dimensional array of game symbols. | No version of Tic-Tac-Fruit had this limitation. |
| **[42]** The electronic gaming method of claim 37 wherein the displayed game comprises a plurality of vertically-oriented reels, each having a plurality of game symbols. | Except as otherwise noted in Claim 37, Plaintiffs do not contend any difference exists with respect to this limitation. |
| **[44P]** An electronic gaming system comprising: | Plaintiffs do not contend any difference exists with respect to this limitation except as noted in [44.5] and [44.6] below. |
| **[44.1]** an electronic game terminal including a touch screen display; | Plaintiffs do not contend any difference exists with respect to this limitation. |
| **[44.2]** a game processor for generating an interactive electronic game on the game terminal, the game processor configured for: | See responses to [44.3]-[44.8] below. |
| **[44.3]** constructing a field having a plurality of elements for the interactive game display wherein each element includes a game symbol from a plurality of predetermined game symbols; | Plaintiffs do not contend any difference exists with respect to this limitation. |
| **[44.4]** determining at least one winning combination for each play of the game; | Plaintiffs do not contend any difference exists with respect to this limitation. |
| **[44.5]** testing the game field prior to displaying the game to the player to ensure that a winning combination more | Versions prior to the versions of Tic-Tac-Fruit released in May-June 2006 (see Answer to |

**EXHIBIT A** TO PLAINTIFFS' FIRST SUPPLEMENTAL RESPONSES AND OBJECTIONS TO DEFENDANTS' FOURTH INTERROGATORIES

| 223 Patent Claims | Differences between any version of Tic-Tac-Fruit that existed prior to the filing of date of U.S. Patent No. 7,736,223 |
|---|---|
| valuable than the determined winning combination is not generated inadvertently in completing the field; | Interrogatory No. 4) included the testing as part of the field construction algorithm, but not prior to displaying the game to the player. Starting in May 2006, the versions of Tic-Tac-Fruit released utilized a comparable field construction algorithm, including the testing limitation, prior to displaying the game to the player. |
| [44.6] automatically displaying an actual game to be played on the touch screen game display to a player prior to initiating activation of game play; | Prior to the testing files starting in May 2006 and the versions of Tic-Tac-Fruit released in May-June 2006 (see Answer to Interrogatory No. 4), no prior version of Tic-Tac-Fruit included this limitation. |
| [44.7] determining if the player has decided to play the displayed game; and | Plaintiffs do not contend any difference exists with respect to this limitation. |
| [44.8] displaying an outcome resulting from play of the displayed game. | Plaintiffs do not contend any difference exists with respect to this limitation. |
| [45] The electronic gaming system of claim 44 further comprising a component for generating and displaying an additional game field simultaneously on the game display in proximity to the displayed game. | No version of Tic-Tac-Fruit had this limitation. |
| [46] The electronic gaming system of claim 45 wherein the additional game field is for a next game to be played. | No version of Tic-Tac-Fruit had this limitation. |
| [47] The electronic gaming system of claim 44 wherein the displayed game comprises a two-dimensional array of game symbols. | Except as otherwise noted in Claim 44, Plaintiffs do not contend any difference exists with respect to this limitation. |
| [48] The electronic gaming system of claim 44 wherein the displayed game comprises a one-dimensional array of game symbols. | No version of Tic-Tac-Fruit had this limitation. |
| [49] The electronic gaming system of claim 44 wherein the displayed game comprises a plurality of vertically-oriented reels, each having a plurality of game symbols. | Except as otherwise noted in Claim 44, Plaintiffs do not contend any difference exists with respect to this limitation. |
| [50] The electronic gaming system of claim 49 wherein an outcome of the displayed game can be changed by moving a reel up or down at least one position in order to replace a current symbol on a pay line. | No version of Tic-Tac-Fruit had this limitation. |
| [51P] A computer program product for electronic gaming when executed on a game processor, | Plaintiffs do not contend any difference exists with respect to this limitation except as noted in [51.4] below. |
| the computer program product comprising a computer readable storage medium having computer readable code embedded herein, the computer readable storage medium comprising: | See [51.1-51-6] below. |

**EXHIBIT A TO PLAINTIFFS' FIRST SUPPLEMENTAL RESPONSES AND OBJECTIONS TO DEFENDANTS' FOURTH INTERROGATORIES**

| 223 Patent Claims | Differences between any version of Tic-Tac-Fruit that existed prior to the filing of date of U.S. Patent No. 7,736,223 |
|---|---|
| **[51.1]** program instructions that construct a game field having a plurality of elements for an interactive touch screen game display on an electronic game terminal wherein each element is filled by a game symbol from a plurality of predetermined game symbols; | Plaintiffs do not contend any difference exists with respect to this limitation. |
| **[51.2]** program instructions that determine at least one winning combination for each play of the game; | Plaintiffs do not contend any difference exists with respect to this limitation. |
| **[51.3]** program instructions that test the game field prior to displaying the game to the player to ensure that a winning combination more valuable than the determined winning combination is not generated inadvertently in completing the field; | Versions prior to the versions of Tic-Tac-Fruit released in May-June 2006 (see Answer to Interrogatory No. 4) included the testing as part of the field construction algorithm, but not prior to displaying the game to the player. Starting in May 2006, the versions of Tic-Tac-Fruit released utilized a comparable field construction algorithm, including the testing limitation, prior to displaying the game to the player. |
| **[51.4]** program instructions that automatically display an actual game to be played on the touch screen game display to a player prior to initiating activation of game play; | Prior to the testing files starting in May 2006 and the versions of Tic-Tac-Fruit released in May-June 2006 (see Answer to Interrogatory No. 4), no prior version of Tic-Tac-Fruit included this limitation. |
| **[51.5]** program instructions that determine if the player has decided to play the displayed game; and | Plaintiffs do not contend any difference exists with respect to this limitation. |
| **[51.6]** program instructions that display an outcome resulting from play of the displayed game. | Plaintiffs do not contend any difference exists with respect to this limitation. |
| **[52]** The computer program product for electronic gaming of claim 51 further comprising program instructions that generate and display an additional game field simultaneously on the game display in proximity to the displayed game. | No version of Tic-Tac-Fruit had this limitation. |
| **[53]** The computer program product for electronic gaming of claim 52 wherein the additional game field is for a next game to be played. | No version of Tic-Tac-Fruit had this limitation. |
| **[54]** The computer program product for electronic gaming of claim 51 wherein the displayed game comprises a two-dimensional array of game symbols. | Except as otherwise noted in Claim 51, Plaintiffs do not contend any difference exists with respect to this limitation. |
| **[55]** The computer program product for electronic gaming of claim 51 wherein the displayed game comprises a one-dimensional array of game symbols. | No version of Tic-Tac-Fruit had this limitation. |
| **[56]** The computer program product for electronic gaming of claim 51 wherein the displayed game comprises a plurality of vertically-oriented reels, each having a plurality of game symbols. | Except as otherwise noted in Claim 51, Plaintiffs do not contend any difference exists with respect to this limitation. |

**EXHIBIT A** TO PLAINTIFFS' FIRST SUPPLEMENTAL RESPONSES AND OBJECTIONS TO DEFENDANTS' FOURTH INTERROGATORIES

**EXHIBIT A** TO PLAINTIFFS' FIRST SUPPLEMENTAL RESPONSES AND OBJECTIONS TO DEFENDANTS' FOURTH INTERROGATORIES