# EXHIBIT B

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| SAVVY DOG SYSTEMS, LLC, and POM of PENNSYLVANIA, LLC, <br><br> Plaintiffs, <br><br> v. <br><br> PENNSYLVANIA COIN, LLC, and PA COIN HOLDINGS, LLC <br><br> Defendants. | CIVIL ACTION NO: 3:19-cv-01470-JPW <br><br><br> Honorable Jennifer P. Wilson |

**DEFENDANTS PENNSYLVANIA COIN, LLC AND PA COIN HOLDINGS, LLC
FIRST AMENDED INITIAL DISCLOSURES PURSUANT TO
<u>FEDERAL RULE OF CIVIL PROCEDURE 26</u>**

Pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure, Defendants Pennsylvania Coin, LLC and PA Coin Holdings, LLC (collectively, "Defendants") hereby make their initial disclosures. These disclosures are based on Defendants' investigation and analysis to date and Plaintiffs' assertions to date. Defendants' investigation continues, and Defendants reserve the right to supplement these disclosures as appropriate.

**1. Fed. R. Civ. P. 26(a)(1)(A)(i) Disclosure**

Pursuant to Federal Rule of Civil Procedure 26(a)(1)(A)(i), and based on their investigation to date, Defendants believe that one or more of the individuals identified below are likely to have discoverable information relevant to Defendants' defenses and counterclaims that Defendants may use to support their defenses and counterclaims, other than those solely for impeachment. The subject areas for which these individuals are identified are preliminary and subject to change as Defendants' investigation continues. The identification of a particular subject matter is not a representation that the individual has full knowledge of that subject matter area or that the individual's knowledge is limited to that subject matter area.

The following individuals are likely to have discoverable information that Defendants may use to support their defenses and counterclaims:

|   | Individual | Subjects |
|---|---|---|
| 1 | Albert C. Ceccoli<br>Pennsylvania Coin, LLC<br>PA Coin Holdings, LLC<br>300 Olive Street<br>Scranton, Pennsylvania 18509<br><br>*Contact through Defendants' counsel* | Mr. Ceccoli is likely to have information regarding the following subjects: sales and distribution of the following products referenced in the First Amended Complaint— Preview + Skill Games as referenced in the First Amended Complaint (including, Lightning, Lightning Skill, Super Skill 1, Superior Skill 2, Superior Skill 3, Superior Skill: Lightning Edition, Choice Skill 1, Choice Skill 2, Choice Skill 3, and Choice Skill 4) and Fusion Games (including, Fusion 1, Fusion 2, and Fusion 3) (collectively, the "Accused Products"). |
| 2 | Clinton Lowe<br><br>*Current Contact Information Unknown* | Mr. Lowe is likely to have information regarding the following subjects: prior art to the patent-in-suit, including the game Nudgemaster. |
| 3 | Donald Fiechter<br><br>(404) 702-2433 | Mr. Fiechter is likely to have information regarding the following subjects: prior art to the patent-in-suit, including the game Nudgemaster. Mr. Fiechter also has knowledge regarding the matters he testified about at his deposition. |
| 4 | Grant Kowell<br>5745 Laurel Lane Street NW<br>Canton, Ohio 44708 | Mr. Kowell is likely to have information regarding the following subjects: prior art to the patent-in-suit, the invention of the patent-in-suit, and the matters he testified about at his deposition. |

In addition to the foregoing, all individuals identified in Plaintiffs' disclosures under Fed. R. Civ. P. 26(a)(1)(A), in the parties' responses to interrogatories, and in Defendants' Invalidity Contentions are likely to have discoverable information that Defendants may use to support their claims or defenses.

**2. Fed. R. Civ. P. 26(a)(1)(A)(ii) Disclosure**

Pursuant to Federal Rule of Civil Procedure 26(a)(1)(A)(ii), Defendants identify the following categories of documents, data compilations, and tangible things that they may use to support their claims or defenses:

1. U.S. Patent No. 7,736,223 and its prosecution history;
2. Prior art to 7,736,223; and
3. Documents reflecting the sales, costs, and revenues associated with the Accused Products.

The first two categories of documents are publicly available and the third is located at Defendants' office.

In addition to the foregoing, Defendants expect to use documents currently in Plaintiffs' possession, custody, or control as well as publicly available documents or documents that may be provided through third-party discovery to support its defenses.

This disclosure does not constitute an admission as to the admissibility or relevance of materials or a waiver of the attorney-client privilege, the protections of the work product doctrine, or any other applicable privilege or discovery protection.

**3. Fed. R. Civ. P. 26(a)(1)(A)(iii) Disclosure**

Defendants do not claim damages.

**4. Fed. R. Civ. P. 26(a)(1)(A)(iv) Disclosure**

Defendants are unaware at this time of the existence of any relevant insurance policy under which any person or entity carrying on an insurance business may be liable to satisfy part or all of any judgment which may be entered in this action or reimburse for payments made to satisfy any judgment.

Dated:  September 1, 2021       MORGAN, LEWIS & BOCKIUS LLP

*Amy M. Dudash*

John V. Gorman (PA 80631)
Kenneth J. Davis (PA 87944) (admitted *pro hac vice*)
Amy M. Dudash (PA 311898) (admitted *pro hac vice*)
1701 Market Street
Philadelphia, PA  19103
Telephone:  215.963.5000
Fax:  215.963.5001
john.gorman@morganlewis.com
kenneth.davis@morganlewis.com
amy.dudash@morganlewis.com

*Attorneys for Defendants Pennsylvania Coin, LLC and PA Coin Holdings, LLC*

- 4 -

## CERTIFICATE OF SERVICE

I hereby certify that on September 1, 2021, I caused a copy of the foregoing Defendants'

Initial Disclosures to be served via e-mail to the following:

Matthew H. Haverstick
Eric J. Schreiner
Shohin H. Vance
Kleinbard LLC
mhaverstick@kleinbard.com
eschreiner@kleinbard.com
pgagne@kleinbard.com
svance@kleinbard.com

Steven G. Hill
John L. North
Martha L. Decker
Hill, Kertcher & Wharton, LLP
sgh@hkw-law.com
jln@hkw-law.com
md@hkw-law.com

*Attorneys for Plaintiffs*


_____
Amy M. Dudash