# EXHIBIT C

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| SAVVY DOG SYSTEMS, LLC, a Wyoming limited liability company, and POM OF PENNSYLVANIA, LLC a Wyoming limited liability company,<br><br>        Plaintiff,<br><br>    v.<br><br>PENNSYLVANIA COIN, LLC, a Pennsylvania limited liability company, and PA COIN HOLDINGS, LLC, a Pennsylvania limited liability company,<br><br>        Defendants. | Civil Action No. 3:19-cv-01470-JPW<br><br>    Honorable Jennifer P. Wilson<br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFFS SAVVY DOG SYSTEMS, LLC AND POM OF PENNSYLVANIA, LLC'S FIFTH SUPPLEMENTAL RULE 26 DISCLOSURES**

Pursuant to Fed.R.Civ.P. 26(e), Plaintiffs Savvy Dog Systems, LLC and POM of Pennsylvania, LLC (collectively, "Plaintiffs") hereby make their fifth supplemental disclosures.

**INTRODUCTORY STATEMENT**

The following disclosures are made based on the information reasonably available to Plaintiffs as of the date hereof. By making these disclosures, Plaintiffs do not represent that they are identifying every document, tangible thing, or witness possibly relevant to this lawsuit. Rather, Plaintiffs' disclosures represent a good-faith effort to identify witnesses likely to have discoverable information that Plaintiffs' may use in connection with defending the counterclaim asserted by

Defendants Pennsylvania Coin, LLC and PA Coin Holdings, LLC ("Defendants") (unless solely for impeachment).  Plaintiffs reserve the right to supplement these disclosures. In addition, Plaintiffs do not waive their rights to object to the production of any document or tangible thing disclosed herein on the basis of any privilege, the work-product doctrine, relevancy, undue burden, or any other valid objection.

Further, Plaintiffs' disclosures are made without in any way waiving:

1. The right to object on any proper ground to the use of any disclosed information in this action or in any other proceeding;

2. The right to object on any proper ground to any discovery request or proceeding involving or relating to the subject matter of these disclosures; and

3. The right to object to the production of any document or tangible thing disclosed in these disclosures on the basis of any privilege, the work-product doctrine, relevancy, undue burden, or other valid objection.

The disclosures set forth below are made subject to the above objections and qualifications.

## DISCLOSURES

A. **Fed.R.Civ.P. 26(a)(1)(A)(i) -** the name and, if known, the address and telephone number of each individual likely to have discoverable information – along with the subjects of that information – that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment;

**Fifth Supplemental Response:** Plaintiffs identify the following persons below who may have knowledge of facts relevant to the claims or defenses of the parties, unless solely for impeachment, and also provides a brief summary of the substance of the information believed to be known by each person.

Plaintiffs' identification of the identities of potential witnesses is based solely upon such information they have been able to presently discover and shall not be deemed to be a representation that additional witnesses do not exist. Plaintiffs reserve the right to amend, change, or supplement these disclosures as its investigation of the facts of this case continues. Plaintiffs have not yet identified whom they may call as a witness at trial in this action to support its defenses. This information will be provided in a witness list pursuant to the Court's scheduling order. Further, in making these disclosures, Plaintiffs do not waive any right to object to the deposition or other testimony of the individuals listed below.

| NAME | SUBJECT OF INFORMATION |
|---|---|
| Michael Pace<br><br>*Contact through Plaintiff's counsel of record* | The named inventor of U.S. Patent No. 7,736,223 (the "223 Patent"), believed to have knowledge regarding conception and reduction to practice of inventions claimed in the 223 Patent, prosecution of the 223 Patent and prior art to the 223 Patent.<br><br>Mr. Pace also, upon information and belief, has knowledge regarding ownership and assignment, of the 223 Patent; knowledge of prior art gaming industry and related innovation;  knowledge regarding the pre-patent versions of Tic-Tac-Fruit, the market for Tic-Tac-Fruit and the importance and uniqueness of the preview feature to patented game terminals in Pennsylvania and Virginia. |

| One or more representatives of Defendant Pennsylvania Coin, LLC<br><br>*Contact through Defendant's counsel of record* | Defendant Pennsylvania Coin, LLC is believed to be familiar with the accused products, Defendant Pennsylvania Coin, LLC's relationship with Banilla Games; Pennsylvania Skill Games and the Pennsylvania market; and pre-suit communications between the parties. |
|---|---|
| One or more representatives of Defendant PA Coin Holdings, LLC<br><br>*Contact through Defendant's counsel of record* | Defendant PA Coin Holdings, LLC is believed to be familiar with the accused products, Defendant PA Coin Holdings, LLC's relationship with Banilla Games; and pre-suit communications between the parties. |
| Clay Turner | Non-party Clay Turner is a former consultant and employee of Pace-O-Matic, Inc., and believed to have knowledge regarding the gaming industry, the conception and reduction to practice of the inventions claimed in the 223 Patent, as well as pre-patent versions of Tic-Tac-Fruit, the market for Tic-Tac-Fruit and the importance and uniqueness of the preview feature. |
| Brock Smith<br><br>*Contact through Plaintiffs' counsel of record* | Non-party Brock Smith is an employee of Pace-O-Matic, Inc., and is believed to have knowledge regarding the gaming industry, the conception and reduction to practice of the inventions claimed in the 223 Patent, as well as pre-patent versions of Tic-Tac-Fruit, the market for Tic-Tac-Fruit and the importance and uniqueness of the preview feature. |
| Ron Carrara | Non-party Ron Carrara is a former Vice President of Sales and Marketing of Pace-O-Matic, Inc., and is believed to have knowledge regarding the gaming industry, the conception and reduction to practice of the inventions claimed in the 223 Patent, as well as pre-patent versions of Tic-Tac-Fruit, the market for Tic-Tac-Fruit and the importance and uniqueness of the preview feature. |

| | |
|---|---|
| Danny Warren<br><br>*Contact through Plaintiffs' counsel of record* | Danny Warren is the Vice President of Finance at Pace-O-Matic with primary responsibility overseeing the accounting department and providing financial guidance and support to all areas of the company and its affiliates. He is familiar with the sales, expenses, and profitability of the Pennsylvania Skill and Queen of Virginia skill games. |
| Chris O'Bier<br><br>*Contact through Plaintiffs' counsel of record* | Chris O'Bier is a Director of Customer Support for Pace-O-Matic, Inc., and is believed to have knowledge regarding various computer files (e.g., source code) which bear on the date of conception and reduction to practice of the inventions claimed which cover the asserted claims of the 223 Patent. |
| Scott Sudderth<br><br>*Contact through Plaintiffs' counsel of record* | Scott Sudderth is a patent attorney at Womble Carlyle who is knowledgeable regarding the 223 Patent subject matter, including the disclosure and the claims.  He is also knowledgeable regarding Banilla Games' efforts to obtain electronic gaming patents, including arguments advanced by Banilla Games in an effort to prove patentability |
| Lou Miele<br><br>c/o Miele Manufacturing, Inc.<br>535 E. Third St., Williamsport, PA 17701<br><br>(570) 244-3123 | Mr. Miele is knowledgeable about the market for preview+skill games in Pennsylvania and Virginia, including the demand of Pennsylvania Skill and Queen of Virginia Skill games, their commercial success, the ability to meet additional manufacturing and marketing demand for Pennsylvania Skill games, and competing games being offered, marketed and promoted by the Defendants. |
| John Timar<br><br>2730 Wood Hollow Drive Atlanta, GA 30360<br><br>(404) 376-8089 | Mr. Timar is a retired patent attorney, knowledgeable regarding the meetings, preparation and prosecution of the application leading to the issuance of the '223 patent and a June 2006 meeting with Mr.Pace to discuss the preview feature of the '223 Patent, as well as communications relating to U.S. Pat. 8,491369. |
| Stephen Heubeck, Ph.D<br><br>*Contact through non-party* | Dr. Heubeck is knowledgeable relating to the functionality of the Tic-Tac-Fruit game in the 2004-2007 time frame. |

PLAINTIFFS' FIFTH SUPPLEMENTAL RULE 26 DISCLOSURES

| *Heubeck's counsel of record* | |
|---|---|
| Kurt Gearhiser | Mr. Gearhiser is knowledgeable relating to the functionality of the Pace-O-Matic Tic-Tac-Fruit game in the 2004-2007 time frame, as well as the operations of Ohio Skill Games and the circumstances associated with the Ohio gaming marketplace in the same general time frame. |
| Nick Farley | Mr. Farley is knowledgeable relating to the features, functionality, operation and design of Tic-Tac-Fruit games. |
| Jeff Mayle | Mr. Mayle is knowledgeable relating to the functionality of the Pace-O-Matic Tic-Tac-Fruit game in the 2004-2007 time frame, as well as the operations of Ohio Skill Games and the circumstances associated with the Ohio gaming marketplace in the same general time frame. |
| Greg Cline<br><br>*Contact through Plaintiffs' counsel of record* | Greg Cline is knowledgeable regarding to the topics specified in the Defendants' August 20, 2021 Amended Notice of Fed. R. Civ. P. Rule 30(b)(6) Deposition of Plaintiff Savvy Dog Systems, LLC, and has appeared as the corporate representative in such deposition. |
| Any individual or entity identified on Defendants' initial or supplemental disclosures | |

Plaintiffs' initial disclosure identifies individuals who are believed to have discoverable information that Plaintiffs may use to support their claims, and is based solely upon such information that Plaintiffs have been able to discover thus far in the amount of time available, as well as Plaintiffs' present analysis of the case, and shall not in any way be deemed to be a representation that additional witnesses do not exist.  Plaintiffs reserve the right to name additional individuals likely to have discoverable information as discovery progresses and Plaintiffs' investigation of this matter continues.

**B.     Fed.R.Civ.P. 26(a)(1)(A)(ii)** - a copy – or a description by category and location – of all documents, electronically stored information, and tangible

things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment.

**Second Supplemental Response**: Pursuant to Fed. R. Civ. P. 26(a)(1)(A)(ii), Plaintiffs identify below the description by category of documents and things in their possession, custody and control that are relevant to the claims or defenses of the parties to this action.  These documents are located at the offices of Plaintiffs' counsel and/or are in possession of Plaintiffs.

Plaintiffs' identification of categories of relevant documents and things is based solely upon such information that they have been able to presently discover and shall not be deemed a representation that additional documents do not exist. Further, Plaintiffs' identification does not constitute an admission as to the admissibility or relevance of the identified documents and things, nor is it a waiver or any applicable privilege (including attorney-client privilege and protections afforded by the work product doctrine).

1.      Documents relating to offers to license or settle patent demands involving the 223 Patent, if any, settlements or license agreements relating to the 223 Patent, if any, and ownership of the 223 Patent (Plaintiffs' counsel).

2.      Documents related to commercial success of Plaintiffs' gaming terminals, to the extent the '223 Patent is practiced therein (Plaintiffs).

3.      Documents related to the 223 Patent and prosecution history (publicly available).

Plaintiffs reserve the right to supplement these disclosures as their investigation of the facts of this case continues.

4.      Documents previously produced by any of the parties and third parties in this case.

5.      Pace-O-Matic has in its possession documents, games/terminals and computer code files which have been produced and/or made available for inspection.

**3.      Fed.R.Civ.P. 26(a)(1)(A)(iii) -** a computation of each category of damages claimed by the disclosing party – who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered.

**First Supplemental Response:** In light of the Court's claim construction and Plaintiffs' subsequent withdrawal of infringement contentions [Dkt. 116], Plaintiffs are not seeking damages in this action.

**4.      Fed.R.Civ.P. 26(a)(1)(A)(iv) -** for inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.

**Response**: At this time, Plaintiffs are not aware of any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible

judgment in the action or to indemnify or reimburse for payments made to satisfy

the judgment.

August 27, 2021

*/s/ Steven G. Hill*
Steven G. Hill
GA Bar No. 354658
*Admitted pro hac vice*
John L. North, GA Bar No. 545580
*Admitted pro hac vice*
Martha L. Decker, GA Bar No. 420867
*Admitted pro hac vice*
**HILL, KERTSCHER, & WHARTON, LLP**
3625 Cumberland Blvd SE, Suite 1050
Atlanta, Georgia 30339
Telephone: (770) 953-0995
Fax: (770) 953-1358
Email: sgh@hkw-law.com
Email: jln@hkw-law.com
Email: md@hkw-law.com

-and-

**KLEINBARD LLC**

Matthew H. Haverstick (PA ID No. 85072)
Eric J. Schreiner (PA ID No. 76721)
Paul G. Gagne (PA ID No. 42009)
Shohin H. Vance (PA ID No. 323551)
Three Logan Square, 5th Floor
1717 Arch Street
Philadelphia, PA 19103
Telephone: (215) 568-2000
Fax: (215) 568-0140
Email: mhaverstick@kleinbard.com
Email: eschreiner@kleinbard.com
Email: pgagne@kleinbard.com
Email: svance@kleinbard.com

*Counsel for Plaintiffs Savvy Dog Systems, LLC
and POM of Pennsylvania, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on August 27, 2021, I caused a copy of the foregoing

Plaintiffs' Fifth Supplemental Rule 26 Disclosures to be served via electronic mail

on the following counsel of record:

> John V. Gorman – john.gorman@morganlewis.com
> Kenneth J. Davis – Kenneth.davis@morganlewis.com
> Amy M. Dudash – amy.dudash@morganlewis.com
>
> *Counsel for Defendants*

> */s/Steven G. Hill*
> Steven G. Hill