## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

SAVVY DOG SYSTEMS, LLC, and
POM of PENNSYLVANIA, LLC,

    Plaintiffs,

    v.

PENNSYLVANIA COIN, LLC, and
PA COIN HOLDINGS, LLC

    Defendants.

CIVIL ACTION NO: 3:19-cv-01470-JPW

Honorable Jennifer P. Wilson

## STIPULATED MOTION FOR PARTIAL JUDGMENT AND REALIGN THE PARTIES FOR TRIAL

Plaintiffs and Counterclaim Defendants Savvy Dog Systems, LLC and POM of Pennsylvania, LLC (collectively "Savvy Dog") and Defendants and Counterclaim Plaintiffs Pennsylvania Coin, LLC and PA Coin Holdings, LLC (collectively, "PA Coin") stipulate to an Order: (1) entering judgment on Savvy Dog's claim of patent infringement; (2) entering judgment on PA Coin's counterclaim for patent non-infringement; and (3) realign the parties for purposes of the forthcoming trial on the sole remaining cause of action in this case - PA Coin's counterclaim seeking a declaration that the asserted patent is invalid. In support thereof, the Parties show the Court as follows:

I.    Background

In this patent infringement action, Savvy Dog asserted a claim against PA Coin of infringement of U.S. Patent No. 7,736,223 (the "223 Patent"). (Doc. 25).

PA Coin denies Savvy Dog's allegations and asserts counterclaims seeking declaratory judgment of non-infringement and invalidity. (Doc. 63).

On January 28, 2021, following this Court's construction of nine terms of the sole asserted patent, Savvy Dog filed its motion for entry of judgment of non-infringement and designation as final under Rule 54(b). (Doc. 117).  In that motion, Savvy Dog conceded that it cannot establish infringement by PA Coin, because the accused products are not believed to meet the Court's construction of the claim limitation of "an actual game to be played" (*i.e.*, "the constructed game field of the game to be played").  (*Id.*; *see also* Doc. 116 (Savvy Dog's Final Infringement Contentions)).  The Court denied Savvy Dog's motion. (Doc. 136).

The case has proceeded through discovery and summary judgment briefing on PA Coin's counterclaim of patent invalidity.

II.      The Parties Stipulate to Judgment of Savvy Dog's Infringement Claim

In view of the Court's construction of "actual game to be played", and for the reasons set forth in Savvy Dog's brief in support of its motion for entry of judgment of non-infringement (Doc. 117), Savvy Dog concedes that it cannot currently establish infringement by PA Coin of any asserted claim of the 223 Patent.  Applying the Court's claim construction, there is no dispute between the parties on this issue. Therefore, for the sake of expediency, and without prejudice to its right to appeal, the Court should enter judgment against Plaintiffs and for Defendants for Plaintiffs'

infringement claim. .

III.   The Parties Likewise Stipulate to Judgment as a Matter of Law on PA Coin's Counterclaim Seeking Declaration of Non-infringement.

In view of Savvy Dog's concession that it cannot establishment infringement by PA Coin under the Court's claim construction, and without prejudice to Savvy Dog's right of appeal, the Parties further stipulate to entry of judgment as a matter of law on PA Coin's counterclaim seeking a declaration that PA Coin does not infringe any claim of the 223 Patent. (*See* Doc. 63, Counterclaim Count I).

IV.   Realignment is Appropriate for the Lone Remaining Counterclaim.

It is the "duty" of federal courts "to look beyond the pleadings and arrange the parties according to their sides in the dispute." *Yakitori Boy, Inc. v. Starr Indem. & Liab., Co.*, No. CV 18-4094, 2019 WL 199904, at *3 (E.D. Pa. Jan. 14, 2019) (quoting *City of Indianapolis v. Chase Nat'l Bank*, 314 U.S. 63, 69 (1941)). "In deciding whether parties must be realigned, the Third Circuit requires a district court to 'first identify the primary issue in controversy and then determine whether there is a real dispute by opposing parties over that issue.'" *Id.* (quoting *Employers Ins. Of Wausau v. Crown Cork & Seal Co., Inc.*, 942 F.2d 862, 864 (3d Cir. 1991)). The realignment of parties is within the discretion of the district court. *See, e.g., Plumtree Software, Inc. v. Datamize, LLC* No. 02-cv-5693, 2003 WL 23841157, at *3 (N.D. Cal. Oct. 6, 2003).

3

The sole remaining issue in controversy is PA Coin's counterclaim for patent invalidity.  At trial, PA Coin bears the burden of proof on the primary/sole remaining contested issue of patent invalidity.  *See Berkheimer v. HP Inc.*, 881 F.3d 1360, 1368 (Fed. Cir. 2018).  In view of the foregoing stipulations, the Parties jointly move for an Order realigning the Parties for purposes of the upcoming trial on the sole remaining claim in this action – PA Coin's counterclaim seeking a declaration that the 223 Patent is invalid.  At trial, PA Coin should be allowed to proceed first and last at trial.  Savvy Dog should be realigned as a natural Defendant would.

For the foregoing reasons, the Parties respectfully ask the Court to grant this motion and enter the attached proposed order.

Dated: March 31, 2022                              Respectfully submitted,

HILL, KERTSCHER, & WHARTON, LLP

**/s/ Steven G. Hill**
Steven G. Hill (GA 354658)
(admitted *pro hac vice*)
John L. North (GA 545580)
(admitted *pro hac vice*)
Martha L. Decker (GA 420867)
(admitted *pro hac vice*)
3625 Cumberland Blvd., SE, Ste. 1050
Atlanta, GA  30339
Telephone: (770) 953-0995
Fax: (770) 953-1358
Email:  sgh@hkw-law.com
Email:  jln@hkw-law.com
Email:  md@hkw-law.com
-and-

MORGAN, LEWIS & BOCKIUS LLP

**/s/ John V. Gorman (w/ permission)**
John V. Gorman (PA 80631)
Kenneth J. Davis (PA 87944)  (admitted *pro hac vice*)
Amy M. Dudash (PA 311898) (admitted *pro hac vice*)
1701 Market Street
Philadelphia, PA 19103
Telephone:  (215) 963-5000
Fax: (215) 963-5001
Email:john.gorman@morganlewis.com
Email:kenneth.davis@morganlewis.com
Email:  amy.dudash@morganlewis.com

-and-

KLEINBARD LLC
Matthew H. Haverstick (PA 85072)
Eric J. Schreiner (PA 76721)
Shohin H. Vance (PA 323551)
Three Logan Square, 5th Floor
1717 Arch Street
Philadelphia, PA 19103
Telephone:  (215) 568-2000
Fax: (215) 568- 0140
Email:  mhaverstick@kleinbard.com
Email:  eschreiner@kleinbard.com
Email:  pgagne@kleinbard.com
Email:  svance@kleinbard.com

*Attorneys for Plaintiffs Savvy Dog
Systems, LLC and POM of
Pennsylvania, LLC*

Ahren C. Hsu-Hoffman (*pro hac vice*)
1400 Page Mill Road
Palo Alto, CA  94304
Telephone:  (650) 843-4000
Fax:  (650) 843-4001
Email:  ahren.hsu-
hoffman@morganlewis.com


*Attorneys for Defendants Pennsylvania
Coin, LLC and PA Coin Holdings, LLC*