# Morgan Lewis

August 9, 2022

**VIA CM/ECF**

The Honorable Jennifer P. Wilson
Ronald Reagan Federal Building & U.S. Courthouse
228 Walnut Street
Harrisburg, PA 17101

Re:     *Savvy Dog Sys., LLC, et al. v. Pennsylvania Coin, LLC, et al.*, No. 3:19-cv-01470-JPW

Dear Judge Wilson:

Pursuant to Your Honor's July 19 Order (Dkt. 184), Defendants submit this letter regarding whether it is procedurally appropriate for the Court to reconsider its prior holding at step 1 of the *Alice* patent subject matter eligibility analysis that U.S. Patent No. 7,736,223 (the "'223 Patent") is directed to the abstract idea of rules for playing a game.

Although the Court "has the power to revisit prior decisions," the Supreme Court has emphasized that "as a rule courts should be loathe to do so in the absence of extraordinary circumstances such as where the initial decision was 'clearly erroneous and would make a manifest injustice.'" *Christianson v. Colt Industries Operating Corp.*, 486 U.S. 800, 817 (1988). The Third Circuit has held that "extraordinary circumstances" may also encompass situations where "(1) new evidence is available[,] (2) a supervening new law has been announced," (3) if the earlier ruling was ambiguous, or (4) if the earlier ruling would "lead to an unjust result." *See In re Pharmacy Benefit Mgrs. Antitrust Litig.*, 582 F.3d 432, 439 (3d Cir. 2009) (quotations omitted). Here, there are no "extraordinary circumstances." Thus, under the law of the case doctrine, there is no reason for the Court to revisit its prior holding that the '223 Patent is direct to an abstract idea.

Indeed, Plaintiffs' effort to re-litigate *Alice* step 1 is too little too late. Plaintiffs' request in connection with summary judgment briefing and oral argument that the Court revisit its finding that the '223 Patent is directed to an abstract idea "could fairly be construed as a motion for reconsideration because it really just asks the Court to change its prior ruling." *See Dorely v. South Fayette Twp. Sch. Dist.*, Civ. A. No. 2:15-cv-00214, 2016 WL 3102227, at * 9 (W.D. Pa. June 1, 2016) (rejecting belated request for reconsideration that was not styled as formal motion for reconsideration pursuant to law of case doctrine). But the time for Plaintiffs to seek reconsideration lapsed years ago. *See* M.D. Pa. Local Rule 7.10 ("Any motion for reconsideration or reargument must be . . . filed within fourteen (14) days after the entry of the order concerned."); *see also* July 19, 2022 Oral Argument Tr. at 45:8-22 (Court discussing fact Plaintiffs failed to file a timely motion for reconsideration of the Court's motion to dismiss decision). Inexplicably, Plaintiffs waited nearly two years from the Court's initial *Alice* step 1 determination to first raise their request that the Court reconsider this holding.

Plaintiffs' failure to timely seek reconsideration of the Court's holding that the '223 Patent was directed to an abstract idea had practical consequences: the parties proceeded through fact and expert discovery, the dispositive and *Daubert* motion deadline, and approached trial relying on the

Court's prior legal ruling throughout.  To revisit this holding now would contravene the law of the case doctrine, which provides that "courts [should] refrain from re-deciding issues that were resolved earlier in the litigation."  *Pub. Interest Research Grp. of New Jersey, Inc. v. Magnesium Elektron, Inc.*, 123 F.3d 111, 116 (3d Cir. 1997); *see also Arizona v. California*, 460 U.S. 605, 618 (1983) ("[W]hen a court decides upon a rule of law, that 'decision should continue to govern the same issues in subsequent stages of the same case.'").  Indeed, as a "rule of practice," the law of the case doctrine, "promotes the finality and efficiency of the judicial process by 'protecting against the agitation of settled issues.'" *Christianson*, 486 U.S. at 816.

Disregarding the current law of the case (the Court's *Alice* step 1 holding) would be inappropriate where, as here, none of the requisite "extraordinary circumstances" for doing so are present.  First, the record is devoid of evidence this Court's prior holding was "clearly erroneous" or would work a "manifest injustice."  Instead, at the summary judgment phase, Plaintiffs recycled *Alice* step 1 arguments they previously made and expressed disagreement with the Court's prior holding.  This is insufficient to justify the extraordinary remedy of disregarding the law of the case.  *See DeJesus v. Knight Indus. & Assocs., Inc.*, Civil Action No. 10-07434, 2016 WL 1555793, at *7 (E.D. Pa. Apr. 18, 2016) ("That Plaintiffs disagree with the decision does not render it "clearly erroneous" or subject them to a manifest injustice."); *In re Foreman*, 271 B.R. 483, 487 (W.D. Pa. Bankr. 2002) (recognizing that even if "reasonable minds well might disagree with the earlier decision" such disagreement does not constitute manifest injustice or demonstrate the initial decision was clearly erroneous); *see also Smith Int'l, Inc. v. Hughes Tool Co.*, 759 F.2d 1572, 1578-79 (Fed. Cir. 1985) (holding that district court acted properly in applying law of case doctrine and declining to consider evidence and arguments that could have been presented when issue was originally pending).

Second, there is no "new evidence" impacting this Court's prior legal determination at *Alice* step 1—a determination that begins and ends with the '223 Patent itself.  *See CardioNet, LLC v. InfoBionic, Inc.*, 955 F.3d 1358, 1372-73 (Fed. Cir. 2020) ("*Alice* step one presents a legal question that can be answered based on the intrinsic evidence"—*i.e.*, an analysis that "beg[ins] and end[s] with the patent itself.").[1]  The only thing that has occurred with respect to the '223 Patent since the Court's earlier determination the '223 Patent is directed to an abstract idea is the patentee's statutory disclaimer and abandonment of certain claims of the '223 Patent.  *See* Dkt. 119-5.  None of the disclaimed claims played any role in the Court's determination of *Alice* step 1 at the motion to dismiss phase.  *See* Dkt. 61 at 9-15.  And representative claim 44 of the '223 Patent remains unchanged.

---

[1] Because of the unique inquiry on a motion to dismiss under § 101, that the prior legal standard was a motion to dismiss and the instant motion is a motion for summary judgment is of no moment; in both instances, the Court is confined to making a legal determination based on the contents of the '223 Patent itself.  *See CardioNet*, 955 F.3d at 1372-73.

Third, there is no new supervening law that has been announced which alters the Court's prior legal holding.  The sole supposedly "new" law that Plaintiffs have pointed to is the Federal Circuit's nonprecedential decision in *EcoServices, LLC v. Certified Aviation Services, LLC*, 830 F. App'x 634 (Fed. Cir. 2020).  But *EcoServices* does not qualify as supervening law; it simply applied the well-established *Alice* framework to evaluate the patent-at-issue.  For the reasons set forth in Defendants' August 2, 2022 Letter Brief (Dkt. 186), *EcoServices* is inapposite to the Court's *Alice* step 1 determination with respect to the '223 Patent.

Fourth, there is nothing ambiguous about the Court's holding that the '223 Patent is directed to the to the abstract idea of rules for playing a game.  Had there been, Plaintiffs could have timely sought clarification over two years ago.  That Plaintiffs failed to do so is telling.

Finally, the Court's holding the '223 Patent is directed to an abstract idea does not lead to an unjust result.  What would be unjust is to have the Court revisit this holding at this late stage of the litigation after the parties have litigated the case relying on this holding throughout.

***

None of the extraordinary circumstances warranting  this Court revisiting its prior *Alice* step 1 ruling are present here.  Accordingly, the Court should decline to revisit and overturn the law of the case and should continue to hold that the '223 Patent is directed to the abstract idea of rules for playing a game.

Respectfully submitted,

*/s/ John V. Gorman*

John V. Gorman