# HILL, KERTSCHER & WHARTON, LLP

A LIMITED LIABILITY PARTNERSHIP

3625 CUMBERLAND BLVD., SE, SUITE 1050
ONE OVERTON PARK
ATLANTA, GA 30339
TELEPHONE: (770) 953-0995 · FACSIMILE: (770) 953-1358
www.hkw-law.com

*Steve G. Hill*                                                                                       *sgh@hkw-law.com*

August 23, 2022

<u>***VIA CM/ECF***</u>

The Hon. Jennifer P. Wilson
United States District Judge
United States District Court for the Middle District of Pennsylvania
Ronald Reagan Federal Building & U.S. Courthouse
228 Walnut Street
Harrisburg, PA 17101

    Re:    *Savvy Dog Systems, LLC et al v. Pennsylvania Coin, LLC et al*,
           <u>U.S.D.C. (MD) PA; Case No. 3:19-cv-01470-JPW</u>

Dear Judge Wilson:

    Pursuant to Your Honor's July 19 Order (Dkt. 184), Plaintiffs submit this letter addressing whether it is procedurally appropriate for the Court to reconsider its April 1, 2020 opinion holding in relevant part that U.S. Patent No. 7,736,223 (the "'223 Patent") is directed to the abstract idea of rules for playing a game. *See* Dkt. 61, at 15. A decision denying a motion to dismiss is an interlocutory order. *Bell Atlantic-Pennsylvania, Inc. v. Pennsylvania Public Utility Commission*, 273 F.3d 337, 343 (3d Cir. 2001); *Wallace Prod., Inc. v. Falco Prod., Inc.*, 242 F.2d 958 (3d Cir. 1957).

    **For the reasons that follow, if the Court is convinced that its previous interlocutory decision is incorrect on *Alice* Step One, then it has the authority to reconsider and rectify the matter.**

    As the Defendants point out, the Third Circuit has held that "extraordinary circumstances" justifying reconsideration of a prior order may encompass situations where "a supervening new law has been announced," "the earlier ruling was ambiguous," or "if the earlier ruling would 'lead to an unjust result.'" *See* Dkt. 187 at 1 (citing *In re Pharmacy Benefit Mgrs. Antitrust Litig.*, 582 F.3d 432, 439 (3d Cir. 2009)).

    Here, if the Court is of the mind to reconsider its prior decision, the avoidance of an unjust result outweighs the policy considerations underlying the law of the case doctrine. Patents are property rights finite in nature. *See* 35 U.S.C. § 154(a)(2) (20-year term for utility patents, measured from date of patent application). The cost of an erroneous determination that a patent is impermissibly abstract is the loss of the inventor's property right. Even if that right were to be restored on appeal, its term could not be extended beyond the 20-year term, and there is no other reparation to make the patentee whole for the time in which it was deprived of its property.

"[A] trial judge has the discretion to reconsider an issue and <u>should exercise that discretion</u> whenever it appears that a previous ruling, even if unambiguous, might lead to an unjust result." *Swietlowich v. County of Bucks*, 610 F.2d 1157, 1164 (3d Cir.1979) (citing *Messenger v. Anderson*, 225 U.S. 436, 32 S.Ct. 739, 56 L.Ed. 1152 (1912) (emphasis added). With respect to the Court's <u>interlocutory</u> orders, the Third Circuit has affirmed a previous district court's discretion to reconsider its own prior decision to avoid an unjust result, stating :

> Effective trial court management requires a presumption against reconsideration of interlocutory decisions. But a trial 'judge convinced that an earlier ruling was wrong has, must have, authority to reconsider and rectify the error.' 18B CHARLES ALAN WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER, FEDERAL PRACTICE AND PROCEDURE: JURISDICTION 2D § 4478.1 (2d ed. 2002).

*In re Anthanassious*, 418 F. App'x 91, 95-96 (3d Cir. 2011).

*EcoServices, LLC v. Certified Aviation Services, LLC*, 830 Fed.Appx. 634 (Fed. Cir. 2020), was decided on October 8, 2020, approximately six months after the Court's interlocutory decision, with the Court refuting the defendant's efforts to liken claims to human activity. There, defendant "CAS contended that [claims at issue] are 'directed to the abstract idea of using a generic computer to automate the conventional washing process traditionally performed by human operators" and that the claimed invention "is simply the idea of using a computer to replace human operators in a known process." 830 Fed. Appx. at 641. Rejecting the argument, the Federal Circuit acknowledged:

> Here, as the specification makes clear, human operators were washing aircraft engines before the patented invention. That the claimed system achieves automation of a task previously performed by humans, however, does not mean the claimed system is necessarily directed to an abstract idea.

*Id*. at 643.

During preparation for oral argument on the instant motion for summary judgment, Plaintiffs learned of *EcoServices* for the first time while shepardizing a case cited by Defendants.[1] To be clear, Plaintiffs are not claiming that *EcoServices* represents "supervening new law." Rather, *EcoServices* represents a further extension of the Federal Circuit's body of case law on *Alice* Step One. As shown below, it is in the interests of justice for the Court to pay attention to this evolving body of law.

The Federal Circuit itself has admonished the difficulties it has with patent eligibility. "As the nation's lone patent court, we are at a loss as to how to uniformly apply § 101." *American Axle & Manufacturing, Inc. v. Neapco Holdings* LLC, *977* F.3d 1379, 1382 (2020)

---

[1]  April 15, 2020 was the deadline for a motion for reconsideration of the Court's interlocutory decision.  *See* M.D. Pa. Local Rule 7.10. *EcoServices* was not decided until October 8, 2020.

August 23, 2022
Page 3

(Moore, J., concurring); *see also Am. Axle & Mfg., Inc. v. Neapco Holdings LLC*, 967 F.3d 1285 (Fed. Cir. 2020), *reh'g denied*, 966 F.3d 1347, 1365 (Stoll, J., dissenting) ("I grow more concerned with each passing decision that we are, piece by piece, allowing the judicial exception to patent eligibility to 'swallow all of patent law.'").  Against this backdrop, the Court has the discretion to review its prior interlocutory orders relating to patent eligibility against the evolving patent eligibility case law in the interests of justice.  In the instant case, Plaintiffs submit that *EcoServices* sound refutation of the analogy of the claimed process to prior human activity warrants reconsideration in the interests of justice because of the emphasis that the Defendants placed on the "human activity" argument in the first place.  *See* Dkt. 32, at 9-11; Dkt. 38, at 5; Dkt. 60, at 12:3-9; Dkt. 61, at 11.

In summary, should the Court be convinced that its prior decision on *Alice* Step One should be revisited, then the Court has the authority and discretion to reconsider the matter.

Respectfully submitted,

Steve G. Hill

SGH/ep

cc:  Counsel of Record (via ECF)